# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY AND CA

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN NY AND NJ

June 10, 2018

BY HAND and ECF
Honorable Nicholas G. Garaufis
United States District Judge
Easter District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    United States v. Keith Raniere, Crim. No. 18-204 (NGG)

Dear Judge Garaufis:

We submit this brief letter in response to the Government's letter in opposition to Keith Raniere's motion for bail (see Dkt. No. 44, Government's Letter dated June 8, 2018 ("Gov't Ltr")) and in further support of Raniere's application for bail (see Dkt. No. 43 ("Raniere Bail Motion")). In opposition to Raniere's Bail Motion, the Government argues that there is no combination of conditions that would adequately protect the community, mitigate the risk that the defendant will obstruct justice or assure his continued appearance. (See Gov't Ltr at 1.)

As set forth below and in Raniere's Bail Motion, Raniere's proposed set of conditions to the Court alleviate these concerns. The proposed combination of conditions including (i) 24-hour armed guards securing his presence, (ii) attorneys present at any meeting with potential witnesses or alleged co-conspirators, (iii) access to a telephone with the ability to only call pre-approved numbers, and (iv) no internet access will assure Raniere's presence in court and will protect the community.

1. Raniere's Participation in DOS

To highlight the stated strength of their case, the Government cherry-picked communications between Raniere and someone very close to him. (See Gov't Ltr at 3-6.) These are (i) out of context and (ii) relate specifically to the long-term relationship between Raniere and this person at that particular time. As will be shown at trial, these communications are not evidence of sex trafficking or any other crime. Additionally, these communications do not negate representations in Raniere's Bail Motion that Government faces weaknesses in their evidence.

Indeed, the Government's discovery supports Raniere's claim that DOS is a group by and for women, dedicated to female empowerment.

The Government also points to Raniere's "participation in the psychological torture of a young woman" as apparently relevant to the charges at issue. (Gov't Ltr at 6.)[1] The Government has apparently been severely misinformed about the "imprisonment" of this woman. The adult woman was living in a townhouse near Albany <u>with her family</u> (her mother, brother, and one sister). When it was discovered that the woman may have stolen other people's property, she faced a choice: (i) return to her home in Mexico, (ii) make amends for the theft or (iii) remain in an unlocked bedroom of her family's residence with her family until she made such amends. She chose to stay with her family. Eventually, she voluntarily chose to return to Mexico and was driven there <u>by her father</u> and another person. <u>Her father</u> arranged for her to safely enter Mexico, where she is now living.

2. <u>Raniere's Ties to Mexico</u>

Without acknowledging their misstatements regarding Raniere's trips to Mexico in three public filings over the course of months, the Government still resorts to Raniere's "deep ties" to Mexico as a basis for the Court to determine that Raniere is a risk of flight. (Gov't Ltr at 8.) However, this argument is faulty. Mexico is clearly not a place of refuge as the Mexican Government was willing to seize Raniere as a deportable person and hand him to the United States so he could be arrested upon his appearance in Texas in a matter of a few hours.

Additionally, Raniere was not "hiding on a luxury beach resort that was essentially a fortress." (<u>Id.</u>) This housing complex, a common destination for North American tourists, is a gated community, which Raniere often left to have meals in the village. As further support of Raniere's open and conspicuous whereabouts while living in Mexico, he sat for a multi-day interview with <u>New York Times Magazine</u> reporter Vanessa Grigoriadis in late December 2017 and then later sat for a <u>New York Times</u> photograph shoot on March 6, 2018. All of these factors, in addition to the unrebutted documentary evidence set forth in Raniere's Bail Motion at pages 10-15, contradict the Government's contention that Raniere hid in Mexico to evade the Government's investigation.

3. <u>Raniere's Proposed Bond Conditions</u>

<u>First</u>, while the Government states that Raniere does not specify who will bear the costs of TorchStone (Gov't Ltr at 1), counsel informed the Government in a phone call before filing its Bail Motion that the proposed private security guards are paid by an irrevocable trust funded by third-party contributors. The purpose of the trust is to pay for reasonable defense costs in connection with the instant prosecution.

---

[1] The Government has stated they are in possession of footage but has not turned it over to the defense or even described it.

Second, the bond proposal was crafted specifically <u>because</u> Raniere lacks meaningful assets of his own. (<u>See</u> Gov't Ltr at Attachment 2.) If Raniere had a house with substantial equity, for instance, counsel would not be putting forward a package with armed guards. We believe that this case is unlike those where armed guards were proposed. However, because of the defendant's lack of meaningful assets, we have proposed armed guards in lieu of equity.

<u>Third</u>, Raniere has <u>not</u> participated in choosing the residence where he would be supervised if released. (<u>See</u> Gov't Ltr at 8.) Mr. Mark Sullivan and Mr. Joe Funk of TorchStone have spearheaded this process, without input by Raniere. Moreover, any secure living arrangement is subject to Your Honor's approval.

<u>Fourth</u>, the Government has repeatedly stated that the proposed conditions will not "mitigate the risk that the defendant will obstruct justice" (Gov't Ltr at 1) by "intimidat[ing] witnesses against him" (Gov't Ltr at 8). The Government's position is that Raniere would be able to threaten the safety of witnesses with "momentary access to a cell phone." (Gov't Ltr at 11.) The proposed conditions do not allow for Raniere to have access to a cell phone while on bail. Raniere proposed access to one landline telephone with pre-approved phone numbers. The Government's basis for their obstruction of justice concern is apparently that Raniere has demonstrated "willingness and ability" to obstruct justice in the past because he has filed lawsuits against people. Counsel is not aware of any precedent for the Government's novel legal theory that using lawful judicial process is a basis for Obstruction of Justice charges under either 18 U.S.C. §§ 1510, 1512 or 1513.

Furthermore, the proposed bail conditions require that Mr. Raniere is <u>present with counsel</u> if he associates with any of his "co-defendants, alleged co-conspirators, or any individual currently or formerly employed by or associated with Nxivm or any affiliated or constituent entity." (<u>See</u> Raniere Bail Motion at 4.) This condition is in fact more restrictive than Raniere's current conditions at the MDC—where he can meet with any approved visitors without the presence of counsel.[2] This bail condition ameliorates any concern that Raniere will threaten the ability of the Government to properly investigate their case. Raniere's attorneys are all in good standing in this court.

Therefore, Raniere's proposed bail conditions are more than sufficient to ensure Raniere's appearance during the pendency of this case and adequately address any of the concerns the Government raised. We thank the Court for its attention to these matters.

Respectfully submitted,
/s/

| Marc Agnifilo | Paul DerOhannesian II |
| Jacob Kaplan | Danielle Smith |
| Teny Geragos | **DerOhannesian &** |
| **Brafman & Associates** | **DerOhannesian** |

cc: All Counsel (via ECF)

---

[2] In fact, Raniere has not met with any visitors at the MDC except for the counsel of record.