FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 23 2018   ★

BROOKLYN OFFICE

MKM:MKP/TH/KKO
F. #2017R01840

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

KEITH RANIERE,
      also known as "Vanguard,"
CLARE BRONFMAN,
ALLISON MACK,
KATHY RUSSELL,
LAUREN SALZMAN and
NANCY SALZMAN,
      also known as "Prefect,"

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 18-204 (NGG) (S-1)
(T. 18, U.S.C., §§ 981(a)(1)(C),
982(a)(2)(B), 982(b)(1), 1028(b)(5),
1028(f), 1349, 1591(a)(1), 1591(a)(2),
1591(b)(1), 1594(a), 1594(c), 1594(d),
1962(d), 1963, 2 and 3551 et seq.; T.
21, U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

      At all times relevant to this Superseding Indictment (the "Indictment"), unless otherwise indicated:

### The Enterprise

      1.     The defendant KEITH RANIERE, also known as "Vanguard," was the founder of several pyramid-structured organizations ("the Pyramid Organizations"), including, but not limited to, (1) Nxivm, Executive Success Programs, Inc., Ultima and other related entities (collectively, "Nxivm"); and (2) an organization referred to as "DOS," the "Vow" and "the sorority" (collectively, "DOS").   In leading the Pyramid Organizations, RANIERE relied on certain individuals, sometimes referred to as his "inner circle," who

were accorded special positions of trust and privilege with RANIERE and who carried out his directives.

2.      Members of RANIERE's inner circle also held high positions in one or more of the Pyramid Organizations, including serving as executives, directors and officers of Nxivm.   Members of RANIERE's inner circle also, at times, served as "first-line masters" directly under RANIERE, meaning that they comprised the second-highest level within the DOS "pyramid" and that, other than RANIERE, they wielded the most power within DOS.

3.      RANIERE and his inner circle, including the defendants CLARE BRONFMAN, ALLISON MACK, KATHY RUSSELL, LAUREN SALZMAN and NANCY SALZMAN, also known as "Prefect," and others known and unknown, comprised an organized criminal enterprise (the "Enterprise").   The Enterprise, including its leadership, membership and associates, constituted an "enterprise" as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.   The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

<u>Purposes, Methods and Means of the Enterprise</u>

4.      The principal purpose of the Enterprise was to obtain financial and personal benefits for the members of the Enterprise by promoting the defendant KEITH RANIERE, also known as "Vanguard," and by recruiting new members into the Pyramid Organizations.   By promoting RANIERE and recruiting others into the Pyramid Organizations, the members of the Enterprise expected to receive financial opportunities and increased power and status within the Enterprise.

5.     The Enterprise operated within the Eastern District of New York, the Northern District of New York and elsewhere, including overseas.

6.     Among the means and methods by which the defendants and their associates participated in the conduct of the affairs of the Enterprise were the following:

(a)     Promoting, enhancing and protecting the Enterprise by committing, attempting and conspiring to commit crimes, including but not limited to identity theft, harboring of aliens for financial gain, extortion, forced labor, sex trafficking, money laundering, wire fraud and obstruction of justice;

(b)     Demanding absolute commitment to RANIERE, including by exalting RANIERE's teachings and ideology, and not tolerating dissent;

(c)     Inducing shame and guilt in order to influence and control members and associates of the Enterprise;

(d)     Obtaining sensitive information about members and associates of the Enterprise in order to maintain control over them;

(e)     Recruiting and grooming sexual partners for RANIERE;

(f)     Using harassment, coercion and abusive litigation to intimidate and attack perceived enemies and critics of RANIERE; and

(g)     Encouraging associates and others to take expensive Nxivm courses, and incur debt to do so, as a means of exerting control over them and to obtain financial benefits for the members of the Enterprise.

## The Defendants and Their Co-Conspirators

7.     The defendant KEITH RANIERE, also known as "Vanguard," founded and was the leader of Nxivm and DOS.   RANIERE was also the head of the Enterprise.

8.     The defendant CLARE BRONFMAN was a member of the Enterprise and a high-ranking member of Nxivm.   From at least in or about 2009 to 2018, BRONFMAN served on Nxivm's Executive Board.

9.     The defendant ALLISON MACK was a member of the Enterprise and a high-ranking member of Nxivm.   At various times relevant to the Indictment, MACK was also a first-line master in DOS.

10.    The defendant KATHY RUSSELL was a member of the Enterprise and a high-ranking member of Nxivm.   From at least in or about July 2002 to 2014, RUSSELL served as Nxivm's bookkeeper.

11.    The defendant LAUREN SALZMAN was a member of the Enterprise and a high-ranking member of Nxivm.   From at least in or about 2009 to 2018, LAUREN SALZMAN served on Nxivm's Executive Board.   At various times relevant to the Indictment, LAUREN SALZMAN was also a first-line master in DOS.

12.    The defendant NANCY SALZMAN, also known as "Prefect," was a member of the Enterprise and the President of Nxivm.   NANCY SALZMAN is LAUREN SALZMAN's mother.

13.    The defendants also acted in concert with other co-conspirators, both known and unknown, who were members and associates of the Enterprise, some of whose identities are known to the Grand Jury.

## COUNT ONE
(Racketeering Conspiracy)

14.     The allegations contained in paragraphs one through 13 are realleged and incorporated as if fully set forth in this paragraph.

15.     In or about and between 2003 and March 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE, also known as "Vanguard," CLARE BRONFMAN, ALLISON MACK, KATHY RUSSELL, LAUREN SALZMAN and NANCY SALZMAN, also known as "Prefect," together with others, being persons employed by and associated with the Enterprise, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of such enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

16.     The pattern of racketeering activity through which the defendants KEITH RANIERE, CLARE BRONFMAN, ALLISON MACK, KATHY RUSSELL, LAUREN SALZMAN and NANCY SALZMAN, together with others, agreed to conduct the affairs of the Enterprise consisted of the racketeering acts set forth in paragraphs 17 to 34 below, as Racketeering Acts One through Ten.  Each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Enterprise.

## RACKETEERING ACT ONE
(Conspiracy to Commit Identity Theft and to
Unlawfully Possess Identification of Jane Doe 1)

A.     Conspiracy to Commit Identity Theft

17.     In or about 2004, within the Northern District of New York and elsewhere, the defendants KEITH RANIERE and KATHY RUSSELL, together with others, did knowingly and intentionally conspire to transfer, possess and use, without lawful authority and in and affecting interstate and foreign commerce, one or more means of identification of another person, to wit: Jane Doe 1, an individual whose identity is known to the Grand Jury, with the intent to commit, and to aid and abet, and in connection with, unlawful activity that constituted one or more violations of federal law, to wit: bringing in, transporting and harboring an alien, in violation of Title 8, United States Code, Section 1324(a)(1)(A), contrary to Title 18, United States Code, Section 1028(a)(7), all in violation of Title 18, United States Code, Section 1028(f).

B.     Conspiracy to Unlawfully Possess Identification Document

18.     In or about December 2004, within the Northern District of New York and elsewhere, the defendants KEITH RANIERE and KATHY RUSSELL, together with others, did knowingly and intentionally conspire to possess a false identification document, to wit: a sheriff's identification card with the last name and date of birth of Jane Doe 1, with the intent that such document be used to defraud the United States, contrary to Title 18, United States Code, Section 1028(a)(4), in violation of Title 18, United States Code, Section 1028(f).

## RACKETEERING ACT TWO
### (Conspiracy to Commit Identity Theft)

A.    Conspiracy to Commit Identity Theft

19.    In or about and between August 2005 and November 2008, both dates being approximate and inclusive, within the Northern District of New York and elsewhere, the defendants KEITH RANIERE, CLARE BRONFMAN, KATHY RUSSELL and NANCY SALZMAN, together with others, did knowingly and intentionally conspire to transfer, possess and use, without lawful authority and in and affecting interstate and foreign commerce, one or more means of identification of one or more other persons, with the intent to commit, and to aid and abet, and in connection with, unlawful activity that constituted one or more violations of federal law, to wit: (1) intercepting wire and electronic communications, in violation of Title 18, United States Code, Section 2511; and (2) unlawfully accessing wire and electronic communications, in violation of Title 18, United States Code, Section 2701, contrary to Title 18, United States Code, Section 1028(a)(7), all in violation of Title 18, United States Code, Section 1028(f).

B.    Identity Theft of John Doe 1

20.    In or about and between January 2006 and November 2008, both dates being approximate and inclusive, within the Northern District of New York and elsewhere, the defendants KEITH RANIERE and KATHY RUSSELL, together with others, did knowingly and intentionally transfer, possess and use, without lawful authority and in and affecting interstate commerce, one or more means of identification of another person, to wit: John Doe 1, an individual whose identity is known to the Grand Jury, with the intent to commit, and to aid and abet, and in connection with, unlawful activity that constituted one or

more violations of federal law, to wit: (1) intercepting wire and electronic communications, in violation of Title 18, United States Code, Section 2511; and (2) unlawfully accessing wire and electronic communications, in violation of Title 18, United States Code, Section 2701, all in violation of Title 18, United States Code, Sections 1028(a)(7) and 2.

    C.    <u>Identity Theft of John Doe 2</u>

    21.    In or about and between January 2006 and November 2008, both dates being approximate and inclusive, within the Northern District of New York and elsewhere, the defendants KEITH RANIERE and CLARE BRONFMAN, together with others, did knowingly and intentionally transfer, possess and use, without lawful authority and in and affecting interstate commerce, one or more means of identification of another person, to wit: John Doe 2, an individual whose identity is known to the Grand Jury, with the intent to commit, and to aid and abet, and in connection with, unlawful activity that constituted one or more violations of federal law, to wit: (1) intercepting wire and electronic communications, in violation of Title 18, United States Code, Section 2511; and (2) unlawfully accessing wire and electronic communications, in violation of Title 18, United States Code, Section 2701, all in violation of Title 18, United States Code, Sections 1028(a)(7) and 2.

<u>RACKETEERING ACT THREE</u>
(Conspiracy to Alter Records for Use in an Official Proceeding)

    22.    In or about and between February 2008 and March 2018, both dates being approximate and inclusive, within the District of New Jersey and elsewhere, the defendants KEITH RANIERE and NANCY SALZMAN, together with others, did knowingly and intentionally conspire to corruptly alter, destroy, mutilate and conceal one or more records, documents and other objects, to wit: video recordings of NANCY SALZMAN,

with the intent to impair such objects' integrity and availability for use in an official

proceeding, to wit: NXIVM Corp., et al. v. Ross Institute, et al., 06 CV 1051 (D.N.J.),

contrary to Title 18, United States Code, Section 1512(c)(1), all in violation of Title 18,

United States Code, Section 1512(k).

## RACKETEERING ACT FOUR
(Conspiracy to Commit Identity Theft – Jane Doe 2)

23.     In or about November 2008, within the Northern District of New York

and elsewhere, the defendant KEITH RANIERE, together with others, did knowingly and

intentionally conspire to transfer, possess and use, without lawful authority and in and

affecting interstate commerce, one or more means of identification of another person, to wit:

Jane Doe 2, an individual whose identity is known to the Grand Jury, with the intent to

commit, and to aid and abet, and in connection with, unlawful activity that constituted one or

more violations of federal law, to wit: (1) intercepting wire and electronic communications,

in violation of Title 18, United States Code, Section 2511; and (2) unlawfully accessing wire

and electronic communications, in violation of Title 18, United States Code, Section 2701,

contrary to Title 18, United States Code, Section 1028(a)(7), all in violation of Title 18,

United States Code, Section 1028(f).

## RACKETEERING ACT FIVE
(Encouraging and Inducing Illegal Entry and Money Laundering – Jane Doe 3)

A.     Encouraging and Inducing Illegal Entry

24.     In or about March 2009, within the Northern District of New York and

elsewhere, the defendant CLARE BRONFMAN, together with others, did knowingly and

intentionally encourage and induce an alien, to wit: Jane Doe 3, an individual whose identity

is known to the Grand Jury, to come to, enter and reside in the United States, knowing and in

reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

B.     <u>Money Laundering</u>

25.     In or about March 2009, within the Northern District of New York and elsewhere, the defendant CLARE BRONFMAN, together with others, did knowingly and intentionally transport, transmit and transfer monetary instruments and funds, to wit: wire transfers, from one or more places in the United States to and through one or more places outside the United States and to one or more places in the United States from and through one or more places outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit: bringing in and harboring an alien for financial gain, in violation of Title 8, United States Code, Section 1324, all in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

<u>RACKETEERING ACT SIX</u>
(Trafficking and Document Servitude – Jane Doe 4)

A.     <u>Trafficking of Jane Doe 4 for Labor and Services</u>

26.     In or about and between March 2010 and April 2012, within the Northern District of New York and elsewhere, the defendants KEITH RANIERE and LAUREN SALZMAN, together with others, did knowingly and intentionally recruit, harbor, transport, provide and obtain a person, to wit: Jane Doe 4, an individual whose identity is known to the Grand Jury, for labor and services in violation of Title 18, United States Code, Chapter 77, to wit: (1) document servitude, in violation of Title 18, United States Code,

Section 1592; and (2) forced labor, in violation of Title 18, United States Code, Section

1589, all in violation of Title 18, United States Code, Sections 1590 and 2.

   B.      Document Servitude of Jane Doe 4

            27.      In and about and between March 2010 and April 2012, both dates being

approximate and inclusive, within the Northern District of New York and elsewhere, the

defendants KEITH RANIERE and LAUREN SALZMAN, together with others, did

knowingly and intentionally conceal, remove, confiscate and possess one or more

immigration documents and actual government identification documents of a person, to wit:

Jane Doe 4, in the course of, and with intent to commit, one or more violations of Title 18,

United States Code, Sections 1589 and 1590, all in violation of Title 18, United States Code,

Sections 1592 and 2.

                          RACKETEERING ACT SEVEN
                             (State Law Extortion)

            28.      In or about and between September 2015 and June 2017, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants KEITH RANIERE, ALLISON MACK and LAUREN SALZMAN, together with

others, did knowingly and intentionally steal property by extortion, in that RANIERE,

MACK, LAUREN SALZMAN and others obtained property, to wit: personal property and

other things of value, by compelling and inducing one or more persons, to wit: lower-ranking

DOS members, to deliver such property by instilling in them a fear that, if the property were

not so delivered, RANIERE, MACK, LAUREN SALZMAN and others would (1) expose a

secret and publicize an asserted fact, whether true or false, tending to subject one or more

persons to hatred, contempt and ridicule; and (2) perform an act which would not in itself

materially benefit RANIERE, MACK, LAUREN SALZMAN and others, but which was calculated to harm one or more persons materially with respect to their health, safety, business, calling, career, financial condition, reputation and personal relationships, in violation of New York Penal Law Sections 155.30(6), 155.05(2)(e)(v), 155.05(2)(e)(ix) and 20.00.

### RACKETEERING ACT EIGHT
(Sex Trafficking, Forced Labor and State Law Extortion – Jane Doe 5)

A.   Sex Trafficking of Jane Doe 5

29.   In or about and between February 2016 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE and ALLISON MACK, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain, maintain, patronize and solicit a person, to wit: Jane Doe 5, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture that engaged in such acts, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion, and a combination of such means, would be used to cause Jane Doe 5 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.   Forced Labor of Jane Doe 5

30.   In or about and between February 2016 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE and ALLISON MACK, together with others, did knowingly

and intentionally provide and obtain the labor and services of a person, to wit: Jane Doe 5, by

means of (a) force, physical restraint and threats of physical restraint to her and one or more

other persons, (b) serious harm and threats of serious harm to her and one or more other

persons, (c) one or more schemes, plans and patterns intended to cause her to believe that, if

she did not perform such labor and services, she and one or more other persons would suffer

serious harm, and a combination of such means, in violation of Title 18, United States Code,

Sections 1589(a) and 2.

C.    State Law Extortion of Jane Doe 5

31.    In or about and between February 2016 and June 2017, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant ALLISON MACK, together with others, did knowingly and intentionally steal

property by extortion, in that MACK and others obtained property, to wit: credit card

authorizations, jewelry and sexually explicit photographs and videos, by compelling and

inducing Jane Doe 5 to deliver such property by instilling in her a fear that, if the property

were not so delivered, MACK and others would (1) expose a secret and publicize an asserted

fact, whether true or false, tending to subject one or more persons to hatred, contempt and

ridicule; and (2) perform an act which would not in itself materially benefit MACK, but

which was calculated to harm one or more persons materially with respect to their health,

safety, business, calling, career, financial condition, reputation and personal relationships, in

violation of New York Penal Law Sections 155.30(6), 155.05(2)(e)(v), 155.05(2)(e)(ix) and

20.00.

## RACKETEERING ACT NINE
(Forced Labor and State Law Extortion – Jane Doe 6)

A.      Forced Labor of Jane Doe 6

32.      In or about and between February 2017 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LAUREN SALZMAN, together with others, did knowingly and intentionally obtain the labor and services of a person, to wit: Jane Doe 6, an individual whose identity is known to the Grand Jury, by means of (a) force, physical restraint and threats of physical restraint to her and one or more other persons, (b) serious harm and threats of serious harm to her and one or more other persons, (c) one or more schemes, plans and patterns intended to cause her to believe that, if she did not perform such labor and services, she and one or more other persons would suffer serious harm, and a combination of such means, in violation of Title 18, United States Code, Sections 1589(a) and 2.

B.      State Law Extortion of Jane Doe 6

33.      In or about and between February 2017 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LAUREN SALZMAN, together with others, did knowingly and intentionally steal property by extortion, in that LAUREN SALZMAN and others obtained property, to wit: bank account authorizations and sexually explicit photographs and videos, by compelling and inducing Jane Doe 6 to deliver such property by instilling in her a fear that, if the property were not so delivered, LAUREN SALZMAN and others would (1) expose a secret and publicize an asserted fact, whether true or false, tending to subject one or more persons to hatred, contempt and ridicule; and (2) perform an act which would not in itself materially

benefit LAUREN SALZMAN, but which was calculated to harm one or more persons

materially with respect to their health, safety, business, calling, career, financial condition,

reputation and personal relationships, in violation of New York Penal Law Sections

155.30(6), 155.05(2)(e)(v), 155.05(2)(e)(ix) and 20.00.

RACKETEERING ACT TEN
(Conspiracy to Commit Identity Theft – Jane Doe 7)

34.     In or about and between November 2016 and March 2018, both dates

being approximate and inclusive, within the Northern District of New York and elsewhere,

the defendants KEITH RANIERE and CLARE BRONFMAN, together with others, did

knowingly and intentionally conspire to transfer, possess and use, without lawful authority

and in and affecting interstate and foreign commerce, one or more means of identification of

another person, to wit: Jane Doe 7, an individual whose identity is known to the Grand Jury,

with the intent to commit, and to aid and abet, and in connection with, unlawful activity that

constituted one or more violations of federal law, to wit: tax evasion, in violation of Title 26,

United States Code, Section 7201, contrary to Title 18, United States Code, Section

1028(a)(7), all in violation of Title 18, United States Code, Section 1028(f).

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

COUNT TWO
(Forced Labor Conspiracy)

35.     In or about and between September 2015 and June 2017, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants KEITH RANIERE, also known as "Vanguard," ALLISON MACK and LAUREN

SALZMAN, together with others, did knowingly and intentionally conspire to provide and

obtain the labor and services of one or more persons, to wit: lower-ranking DOS members,

by means of (a) force, physical restraint and threats of physical restraint to them and one or more other persons, (b) serious harm and threats of serious harm to them and one or more other persons, (c) one or more schemes, plans and patterns intended to cause them to believe that, if they did not perform such labor and services, they and one or more other persons would suffer serious harm, and a combination of such means, contrary to Title 18, United States Code, Section 1589(a).

(Title 18, United States Code, Sections 1594(c) and 3551 et seq.)

### COUNT THREE
(Wire Fraud Conspiracy)

36.     In or about and between September 2015 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE, also known as "Vanguard," ALLISON MACK and LAUREN SALZMAN, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud one or more persons, to wit: lower-ranking DOS members, and to obtain money and property, including rights to assets, credit card authorizations and sexually explicit photographs and videos, from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, to wit: electronic messages, telephone text messages and Telegram messages, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT FOUR
### (Sex Trafficking Conspiracy)

37.     In or about and between February 2016 and June 2017, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants KEITH RANIERE, also known as "Vanguard," and ALLISON MACK, together

with others, did knowingly and intentionally conspire to recruit, entice, harbor, transport,

provide, obtain, maintain, patronize and solicit one or more persons, to wit: one or more

lower-ranking DOS members, in and affecting interstate and foreign commerce, and to

benefit, financially and by receiving anything of value, from participation in a venture that

engaged in such acts, knowing and in reckless disregard of the fact that means of force,

threats of force, fraud and coercion, and a combination of such means, would be used to

cause such persons to engage in one or more commercial sex acts, which offense was

effected by force, fraud, coercion and a combination of such means, contrary to Title 18,

United States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(c), 1591(b)(1) and 3551 et seq.)

## COUNT FIVE
### (Sex Trafficking – Jane Doe 5)

38.     In or about and between February 2016 and June 2017, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants KEITH RANIERE, also known as "Vanguard," and ALLISON MACK, together

with others, did knowingly and intentionally recruit, entice, harbor, transport, provide,

obtain, maintain, patronize and solicit a person, to wit: Jane Doe 5, in and affecting interstate

and foreign commerce, and did benefit, financially and by receiving anything of value, from

participation in a venture that engaged in such acts, knowing and in reckless disregard of the

fact that means of force, threats of force, fraud and coercion, and a combination of such means, would be used to cause Jane Doe 5 to engage in one or more commercial sex acts, which offense was effected by force, fraud, coercion and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT SIX
### (Attempted Sex Trafficking – Jane Doe 8)

39.     In or about and between February 2016 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE, also known as "Vanguard," and ALLISON MACK, together with others, did knowingly and intentionally attempt to recruit, entice, harbor, transport, provide, obtain, maintain, patronize and solicit one or more persons, to wit: Jane Doe 8, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and to benefit, financially and by receiving anything of value, from participation in a venture that engaged in such acts, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion, and a combination of such means, would be used to cause such person to engage in one or more commercial sex acts, which offense was effected by force, fraud, coercion and a combination of such means, in violation of Title 18, United States Code, Section 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(a), 1591(b)(1), 2 and 3551 et seq.)

<u>COUNT SEVEN</u>
(Conspiracy to Commit Identity Theft – Jane Doe 7)

40.     In or about and between November 2016 and March 2018, both dates being approximate and inclusive, within the Northern District of New York, the defendants KEITH RANIERE, also known as "Vanguard," and CLARE BRONFMAN, together with others, did knowingly and intentionally conspire to transfer, possess and use, without lawful authority and in and affecting interstate and foreign commerce, one or more means of identification of another person, to wit: Jane Doe 7, with the intent to commit, and to aid and abet, and in connection with, unlawful activity that constituted one or more violations of federal law, to wit: tax evasion, in violation of Title 26, United States Code, Section 7201, contrary to Title 18, United States Code, Section 1028(a)(7).

(Title 18, United States Code, Sections 1028(f) and 3551 <u>et seq.</u>)

CRIMINAL FORFEITURE ALLEGATION
<u>AS TO COUNT ONE</u>

41.     The United States hereby gives notice to the defendants charged in Count One that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963(a), which requires any person convicted of such offense to forfeit: (a) any interest the person acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which the person has established, operated, controlled, conducted or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds which the person obtained, directly or

indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

42.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1963)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS TWO, FOUR, FIVE AND SIX

43.     The United States hereby gives notice to the defendants charged in Counts Two, Four, Five and Six that, upon their conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d), of (a) any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such offenses, and any property traceable to such property; and (b) any property, real or personal, constituting, or derived from,

proceeds obtained directly or indirectly as a result of such offenses, or any property traceable to such property.

44.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1594(d); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT THREE

45.     The United States hereby gives notice to the defendants charged in Count Three that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

46.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT SEVEN

47.     The United States hereby gives notice to the defendants charged in Count Seven that, upon their conviction of such offense, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(2)(B), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section 1028(b)(5), which requires any person convicted of such offense to forfeit any personal property used or intended to be used to commit the offense.

48. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        (a)    cannot be located upon the exercise of due diligence;

        (b)    has been transferred or sold to, or deposited with, a third party;

        (c)    has been placed beyond the jurisdiction of the court;

        (d)    has been substantially diminished in value; or

        (e)    has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(B), 982(b)(1) and 1028(b)(5); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. # 2017R01840
FORM DBD-34
JUN. 85

No.  18-CR-204 (NGG) (S-1)

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

*KEITH RANIERE, also known as "Vanguard," et al.,*

Defendants.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(2)(B), 982(b)(1), 1028(b)(5), 1028(f), 1349, 1591(a)(1), 1591(a)(2), 1591(b)(1), 1594(a), 1594(c), 1594(d), 1962(d), 1963, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____ *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____ *Clerk*

*Bail, $* _____ _____

*Moira Kim Penza/Tanya Hajjar, Assistant U.S. Attorneys (718) 254-7000*