# EXHIBIT 1

1

```
STATE OF NEW YORK
COUNTY OF ALBANY         COUNTY COURT
------------------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

        -against-                             SCI NO.
                                              14-495
JOHN TIGHE,

                        Defendant.

------------------------------------------------------
```

**P L E A**

BEFORE:              HON. PETER A. LYNCH,
                     Albany County Court Judge


APPEARANCES:

For the People:      HOLLY TREXLER, ESQ.
                     90 State Street
                     Suite 1400
                     Albany, NY 12207
                     Special Prosecutor


For the Defendant:   LEE C. KINDLON, ESQ.
                     74 Chapel Street
                     Albany, NY 12207

                     JOHN TIGHE, in person.


TRANSCRIPT OF PROCEEDINGS in the above-entitled matter held in Albany County Court, Albany County Judicial Center, 6 Lodge Street, Albany, New York, on Wednesday, November 5, 2014.

(Amy E. MacKenzie, Senior Court Reporter)

```
 1                    (Proceedings commenced at approximately
 2      9:05 a.m. as follows:)
 3                    THE COURT:  John Tighe.  This is the matter of
 4      People of the State of New York against John Tighe.  Are
 5      you John Tighe, sir?
 6                    THE DEFENDANT:  Yes I am.
 7                    THE COURT:  Counsel, would you put your
 8      appearances on the record please.
 9                    MR. KINDLON:  Lee Kindlon, 74 Chapel Street,
10      Albany, New York, on behalf of John Tighe.
11                    MS. TREXLER:  Holly Trexler for the People.
12                    THE COURT:  Before we get going on this matter
13      I've had a conference with counsel and it appears that the
14      alleged victim in this matter is the NXIVM organization,
15      that's N-X-I-V-M, and I disclosed to counsel that
16      approximately ten years or so ago I did do some legal
17      research for that group for a brief period of time of
18      maybe a month or two and as a result of having previously
19      represented that entity, which is the alleged victim in
20      this case, I've advised counsel that I'm going to
21      disqualify myself from this case subject to remittal,
22      which I have discussed with counsel and asked counsel to
23      speak with Mr. Tighe outside of my presence.  Mr. Kindlon.
24                    MR. KINDLON:  Thank you, Your Honor.  I had the
25      opportunity to speak to my client about a potential
```

```
 1   conflict.  We would waive any conflict and ask that Your
 2   Honor sit over this case.
 3           THE COURT:  Is that correct, sir?
 4           THE DEFENDANT:  Yes.
 5           THE COURT:  Ms. Trexler, do you also waive any
 6   potential conflict?
 7           MS. TREXLER:  Absolutely.
 8           THE COURT:  Then I'll entertain the case and
 9   counsel put the proposal on the record.
10           MS. TREXLER:  Your Honor, the People are
11   prepared to offer a plea to computer trespass in violation
12   of Section 156.10(2) of the Penal Law of the State of New
13   York, a class E felony.  Should Mr. Tighe enter a plea of
14   guilty to said charge, we would recommend, with the
15   Court's consent, a sentence of one year in the Albany
16   County Correctional Facility, waiver of his right to
17   appeal and cooperation against others in the investigation
18   as well as a conditional discharge to stay away from the
19   members of this organization.
20           THE COURT:  A conditional discharge or order of
21   protection?
22           MS. TREXLER:  Well, the organization is vast,
23   Your Honor, so maybe just the officers of the
24   organization.
25           THE COURT:  Well, I suggest that you create an
```

```
 1        order of protection specific to what your request is.
 2                 MS. TREXLER:  Okay.  Fair enough.
 3                 THE COURT:  Mr. Kindlon.
 4                 MR. KINDLON:  Your Honor, that is the offer as
 5     we understand it.  I've had a lot of time to talk to
 6     Mr. Tighe about the case, the facts against him, any
 7     potential defenses, the sentence, and any cooperation.
 8     And given all that, Your Honor, he is willing to waive all
 9     of his rights and proceed forward with the plea today.
10                 THE COURT:  Is that correct, sir?
11                 THE DEFENDANT:  Yes.
12                 THE COURT:  Before I can accept your guilty plea
13     I do have to ask you a series of questions so the clerk of
14     the court will swear you in.
15                 (The defendant was sworn.)
16                 THE COURT:  Okay.  Can you tell me your full
17     name for the record please?
18                 THE DEFENDANT:  John Joseph Tighe.
19                 THE COURT:  How old are you?
20                 THE DEFENDANT:  57.
21                 THE COURT:  What is your date of birth?
22                 THE DEFENDANT:  7/20/57.
23                 THE COURT:  And your address?
24                 THE DEFENDANT:  496 Rowland Street, Building 6,
25     Apartment 4, Ballston Spa, New York 12020.
```

(People v Tighe)                                                    5

1      THE COURT:  What is the highest grade that you
2  completed in school?
3      THE DEFENDANT:  High school.  I graduated.
4      THE COURT:  Do you have any problem
5  understanding or reading the English language?
6      THE DEFENDANT:  As long as I have my reading
7  glasses I can read it.
8      THE COURT:  Do you understand the proposed plea
9  agreement that counsel just put on the record a moment
10 ago?
11     THE DEFENDANT:  Yes, I do.
12     THE COURT:  Is that what you'd like to do?
13     THE DEFENDANT:  Yes.
14     THE COURT:  Are you a citizen of the United
15 States?
16     THE DEFENDANT:  Yes, I am.
17     THE COURT:  Okay.  Do you understand that you do
18 have the right to have your case presented to a grand jury
19 and the further right to be prosecuted by means of an
20 indictment filed by a grand jury?
21     THE DEFENDANT:  Yes.  I waive those rights.
22     MR. KINDLON:  He understands he has those
23 rights.  He's willing to waive them, Judge.
24     THE COURT:  Here's how this is going to work.
25 All I want you to do is listen to one question at a time,

(Amy E. MacKenzie, Senior Court Reporter)

answer the question and then I'll move on to the next question. There's a whole series of questions that I'm going to ask you. Can we agree on that?

THE DEFENDANT: Yes.

THE COURT: And do you understand that you have the right to testify before that grand jury and the further right to ask the grand jury to listen to witnesses that you identify?

THE DEFENDANT: Yes.

THE COURT: It is my understanding that you are desirous of giving up those grand jury rights and that you consent to be prosecuted by means of a superior court information which is a charge drawn up by the special prosecutor.

THE DEFENDANT: Yes.

THE COURT: Is that what you would like to do?

THE DEFENDANT: Yes.

THE COURT: And do you understand that this superior court information has the same legal effect as if it were an indictment charging you with computer trespass as a class E felony?

THE DEFENDANT: Yes.

THE COURT: I'm going it provide to you and your attorney a written waiver of indictment. If you understand it and agree to be bound by it, I'd ask that

```
 1         you sign it.
 2                  (Short suspension of proceedings.)
 3                  THE COURT:  Sir, is that your signature on the
 4         waiver of indictment?
 5                  THE DEFENDANT:  Yes, it is.
 6                  THE COURT:  You understand it and agree to be
 7         bound by it?
 8                  THE DEFENDANT:  Yes.
 9                  THE COURT:  Let the record reflect I've signed
10         the order approving the waiver of indictment.  And,
11         Mr. Kindlon, do you acknowledge receipt and waive a formal
12         reading of the superior court information?
13                  MR. KINDLON:  Yes, Your Honor, I do.
14                  THE COURT:  Sir, do you understand that with
15         respect to the charges against you, that you do have a
16         constitutional and an absolute right to remain silent?
17                  THE DEFENDANT:  Yes.
18                  THE COURT:  Clearly by speaking with me and
19         entering a guilty plea you are giving up your right to
20         remain silent and you are incriminating yourself.  Do you
21         understand that?
22                  THE DEFENDANT:  Yes.
23                  THE COURT:  In the last two days have you
24         consumed any alcohol or medication?
25                  THE DEFENDANT:  I take eight medications a day
```

```
 1        under a doctor's prescription.
 2                  THE COURT:  Does that medication affect your
 3        ability to think clearly?
 4                  THE DEFENDANT:  No.
 5                  THE COURT:  Are you thinking clearly here today?
 6                  THE DEFENDANT:  Yes.
 7                  THE COURT:  Do you believe that this plea
 8        agreement is in your best interest?
 9                  THE DEFENDANT:  Yes.
10                  THE COURT:  Now, have you had a full opportunity
11        to speak with your attorney about all of the relevant
12        issues in your case, about the evidence that the
13        prosecution has against you and about any possible
14        defenses that you may have?
15                  THE DEFENDANT:  Yes.
16                  THE COURT:  Are you satisfied with the legal
17        representation that Mr. Kindlon has provided to you?
18                  THE DEFENDANT:  Yes.
19                  THE COURT:  Do you understand that you do have
20        an absolute right to go to trial on these charges either
21        before a jury or a non-jury trial before the Court?
22                  THE DEFENDANT:  Yes.
23                  THE COURT:  Now, at a trial the burden of proof
24        is on the prosecution to prove your guilt beyond a
25        reasonable doubt and you are not required to prove or
```

```
 1    disprove anything.  Do you understand that?
 2              THE DEFENDANT:  Yes.
 3              THE COURT:  At trial you have the right to
 4    confront, that is through your attorney the right to
 5    cross-examine, all witnesses.  Do you understand that?
 6              THE DEFENDANT:  Yes.
 7              THE COURT:  And although you're not required to
 8    do so, you do have the right to testify at trial if you
 9    wish and the further right to call witnesses to testify on
10    your behalf.  Do you understand that?
11              THE DEFENDANT:  Yes.
12              THE COURT:  Clearly if you plead guilty there's
13    not going to be a trial and you waive, that is you give
14    up, your right to any pretrial hearings, you give up all
15    trial-related rights and you give up any defenses that you
16    may have.  Do you understand that?
17              THE DEFENDANT:  Yes.
18              THE COURT:  Now, has anyone threatened, coerced
19    or forced you in any way to enter this plea?
20              THE DEFENDANT:  No.
21              THE COURT:  And are you pleading guilty of your
22    own free will?
23              THE DEFENDANT:  Yes.
24              THE COURT:  Are you pleading guilty because you
25    are in fact guilty of criminal trespass as charged?
```

1   THE DEFENDANT: Yes.

2   MS. TREXLER: Computer trespass.

3   THE COURT: Excuse me. Computer trespass as

4   charged. Do you understand?

5   THE DEFENDANT: Uh-huh.

6   THE COURT: Now, do you understand you're

7   pleading guilty to a class E felony for which the maximum

8   sentence is one and a third to four years in state prison?

9   THE DEFENDANT: Yes.

10  THE COURT: Now, as we've already discussed,

11  when you do plead guilty you automatically forfeit the

12  right to remain silent, the right to confront your

13  accusers and the right to trial by jury. Do you

14  understand that?

15  THE DEFENDANT: Yes.

16  THE COURT: Not withstanding the automatic

17  forfeiture of those rights upon a guilty plea, in the

18  ordinary course you would still have the right to appeal

19  your case to a higher court. Do you understand that?

20  THE DEFENDANT: Yes.

21  THE COURT: Here, however, the plea agreement

22  requires, in addition to the waiver of your trial rights,

23  that you also waive your right to appeal with respect to

24  both the conviction and the sentence to be imposed as long

25  as the sentence is in accord with the plea agreement. Do

```
 1    you understand that?
 2            THE DEFENDANT:  Yes.
 3            THE COURT:  And do you agree with that?
 4            THE DEFENDANT:  Yes.
 5            THE COURT:  In a moment I'm going to give you a
 6    written waiver of the right to appeal.  Please review it
 7    with Mr. Kindlon.  If you understand it and agree to be
 8    bound by it, I'd ask that you sign it.
 9            (Short suspension of proceedings.)
10            THE COURT:  Sir, is that your signature on the
11    waiver of right to appeal?
12            THE DEFENDANT:  Yes, it is.
13            THE COURT:  Do you understand it and agree to be
14    bound by it?
15            THE DEFENDANT:  Yes.
16            THE COURT:  I'm going to make that a part of the
17    record of this proceeding.  Now, subject to a presentence
18    report, it is my current intent to abide by the plea
19    agreement.  So all things being equal at the time of
20    sentencing, you'll receive a definite sentence of one year
21    in the Albany County jail.  Is that your understanding of
22    the plea agreement?
23            THE DEFENDANT:  Yes.
24            THE COURT:  Now, the conditions on that sentence
25    are, one, that you timely meet with probation in the
```

1    preparation of a presentence report and provide answers to
2    their questions consistent with your guilty plea here
3    today; two, that you not commit any further crime between
4    now and the time of sentencing; three, that you comply
5    with your cooperation agreement with the prosecutor; and,
6    four, that you show up for sentencing.
7              If you comply with those conditions, all things
8    being equal, you'll get the benefit of your plea agreement
9    and the one year definite sentence.  What you have to
10   understand is if you violate one or more of those
11   conditions, your plea of guilty would remain in full force
12   and effect but the sentencing agreement would not and you
13   could receive a sentence of up to one and a third to four
14   years in state prison.  Do you understand that?
15             THE DEFENDANT:  Yes.
16             THE COURT:  So other than my intent on
17   sentencing that I've just described to you, has anyone
18   made any other promise or representation to you in order
19   to get you to plead guilty?
20             THE DEFENDANT:  No.
21             THE COURT:  Mr. Kindlon, are you satisfied that
22   your client's desire to plead guilty and the waiver of his
23   trial and appellate rights have all been knowingly,
24   intelligently and voluntarily made?
25             MR. KINDLON:  Yes, I am, Your Honor.

```
 1              THE COURT:  Now, directing your attention to the
 2       superior court information, Mr. Tighe, do you admit that
 3       on the 4th day of November of 2010 at approximately
 4       9:35 p.m. at 80 State Street, 7th floor, in the City and
 5       County of Albany, State of New York, that you did
 6       knowingly access the computer network of NXIVM using a
 7       user name and a password of a former student without her
 8       permission or authorization and thereby you gained access
 9       to "1contact.php." which contained a list of active
10       participants and clients of NXIVM including contact
11       information of those individuals?
12              THE DEFENDANT:  Yes.
13              THE COURT:  Did you do that?
14              THE DEFENDANT:  Yes.
15              THE COURT:  Do you understand everything that
16       we've done here today?
17              THE DEFENDANT:  Uh-huh.
18              MR. KINDLON:  Yes?
19              THE DEFENDANT:  Yes.
20              THE COURT:  How do you plea to the charge of
21       computer trespass in violation of Penal Law
22       Section 156.10(2), a class E felony, guilty or not guilty?
23              THE DEFENDANT:  Guilty.
24              THE COURT:  The Court will accept your plea.
25       Mr. Kindlon, is January 7, 2015, convenient for
```

```
 1    sentencing?
 2              MR. KINDLON:  Yes.
 3              MS. TREXLER:  Your Honor, may I ask a couple
 4    questions?
 5              MR. KINDLON:  We need further allocution I
 6    believe.
 7              THE COURT:  Do you want to make a further
 8    allocution?
 9              MS. TREXLER:  Just a couple of questions,
10    Mr. Tighe, if I could.  Approximately, if you know, how
11    many times did you access these servers with that user
12    name and password?
13              THE DEFENDANT:  Roughly 50 to 60.
14              MS. TREXLER:  What user name and password were
15    you using, sir?
16              THE DEFENDANT:  I don't recall.
17              MS. TREXLER:  Was it a password of ████████
18    ████?
19              THE DEFENDANT:  Yes.
20              MS. TREXLER:  And a user name of hers as well?
21              THE DEFENDANT:  Yes.
22              MS. TREXLER:  Did you have her permission to do
23    so?
24              THE DEFENDANT:  I was told I did but not from
25    her.
```

(Amy E. MacKenzie, Senior Court Reporter)

1      MS. TREXLER:  You did not have it from ▇▇▇
2  ▇▇; right?
3      THE DEFENDANT:  No, I did not.
4      MS. TREXLER:  Who else did you know was
5  accessing the NXIVM servers using that user name and
6  password?
7      THE DEFENDANT:  I know Joe O'Hara told me
8  firsthand that he was.  I was told through Joe O'Hara that
9  Toni Folet or Natale had access to it and I was told
10 vaguely by Joe O'Hara that others did without being named,
11 but when I asked him about Jim Odato he said he had access
12 to the same information I did without specifically saying
13 he had access to the passwords.
14     MS. TREXLER:  And you had no contact with
15 Suzanna Andrews of Vanity Fair?
16     THE DEFENDANT:  To the best of my knowledge, no.
17     MS. TREXLER:  Thank you, Your Honor.
18     THE COURT:  Okay.  Sentencing is January 7,
19 2015, at 9 a.m.  What is your client's status?
20     MR. KINDLON:  Your Honor, he has been released
21 from Albany City Court on his own recog.
22     MS. TREXLER:  He was.
23     THE COURT:  He was released in his own
24 recognizance?
25     MR. KINDLON:  Your Honor, he's also on federal

1  probationary pretrial release supervision.
2          THE COURT:  I'll continue that status subject to
3  a Parker.
4          MR. KINDLON:  Thank you.
5          (Short suspension of proceedings.)
6          THE COURT:  Sir, is that your signature on the
7  Parker admonishment?
8          THE DEFENDANT:  Yes, it is.
9          THE COURT:  You understand it and agree to be
10 bound by it?
11         THE DEFENDANT:  Yes.
12         THE COURT:  I'll make that part of the record.
13 Your release is subject to the Parker.  I'm going to give
14 you the instructions to go down to probation.  I want you
15 to go down there this morning and give them your contact
16 information.  Make sure you cooperate with probation so
17 you can get the benefit of your plea.  That's it.
18         MR. KINDLON:  Thanks, Judge.  Have a good day.
19         (Proceedings concluded at approximately
20 9:22 a.m.)

(Amy E. MacKenzie, Senior Court Reporter)

C E R T I F I C A T I O N

I, AMY E. MACKENZIE, a Court Reporter and Notary Public in and for the State of New York, do hereby certify that the foregoing transcript in the above-entitled matter is a true and accurate transcript to the best of my knowledge and belief.

*Amy E. MacKenzie*

DATED: *November 6, 2014*

(Amy E. MacKenzie, Senior Court Reporter)