# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY AND CA

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN NY AND NJ

September 6, 2018

**BY HAND AND ECF**

Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

    Re:    United States v. Keith Raniere, 18 Cr. 204 (NGG)

Dear Judge Garaufis:

    We submit this brief letter in reply to the government's response. (See Dkt. No. 118, Gov't 8/30/18 Response.) The government opposes the defendant's request for an extremely limited sealing order in which only the names of the potential co-signers would be sealed, while the full balance of the bond hearing would be open to the public in the normal course. The government relies primarily on two cases – United States v. Alcantra, 396 F.3d 189 (2d Cir. 2005) and United States v. John Doe, 63 F.3d 121 (2d Cir. 1995), both involving the closure of entire proceedings – to support the position that the requested limited sealing in this case is inappropriate. However, a closer reading of these decisions shows they are distinct from the present matter on two grounds: first, because the sealing sought here is limited to the identities of potential bond co-signers, and second, because our initial submission sets forth the basis on which these co-signers are reasonably afraid of serious repercussions from participating in this court process through the signing of a bond on behalf of the defendant Keith Raniere.

    Alcantra, 396 F.3d at 189, involved conducting a sentencing hearing of one defendant (Goiry) and the guilty plea hearing of a second defendant (Munoz) in the robing room rather than in court. The court provided no notice of its intent to close the proceedings. Additionally, the court made no factual findings and provided no reason for a wholesale courtroom closure.

BRAFMAN & ASSOCIATES, P.C.

In Doe, 63 F.3d 121, the defendant, who unsuccessfully cooperated against a criminal group, moved to completely seal the pre-trial proceedings and trial. The court denied the wholesale closure of the pre-trial proceedings and the trial, but did agree to seal a great amount of material that would otherwise be public. For instance, the "full opinion in this case was filed under seal." Id. at 122. Additionally, "any references which would serve to identify the defendant have been expunged from this published version of the opinion." Id.

On that point, while the government claims that Doe supports its position, the very fact that the court sealed the true name of the defendant, thus the case name United States v. John Doe, supports the precise relief we seek here: that the names and identifying information of the co-signers do not appear in the record. Doe supports the requested relief because there the trial court agreed to the limited sealing of certain materials, such as the defendant's name and references which would identify the defendant. We ask for the same relief here as to the potential co-signers.

Doe also provides a four-step process for courts to follow in deciding a motion for closure. First, "the district court must determine, in specific findings made on the record, if there is a substantial probability of prejudice to a compelling interest of the defendant, government or a third party." Doe, 63 F.3d at 128. Second, "if a substantial probability of prejudice is found, the district court must consider whether 'reasonable alternatives to closure cannot adequately protect' the compelling interest that would be prejudiced by public access." Id. Third, if such alternatives are found wanting, the district court should determine whether, under the circumstances of the case, the prejudice to the compelling interest "'override(s) the qualified First Amendment right of access.'" Id. (quoting Press-Enterprise II, 106 S.Ct. 2735, 2741 (1986)). Fourth, if the court finds that closure is warranted, it should devise a closure order that, while not necessarily the least restrictive means available to protect the endangered interest,…is narrowly tailored to that purpose." Id. As set forth below, these four factors each favor the defendant and the limited closure sought here.

First, the defendant's constitutional and statutory right to present a bail package and to seek release on appropriate bail conditions is plainly a "compelling interest of the defendant." This fundamental and well-recognized constitutional and statutory right is prejudiced by the fact that people who ordinarily would be willing to co-sign a bond for Raniere's release are not willing to do so for fear of reprisal if their names are made public. The bases for these people to fear reprisal have been amply set forth:

- There has been wide-spread hacking and misappropriation of NXIVM's database by individuals and at least one news organization, including within the past sixteen months. This means that the hackers may be in possession of the potential co-signer's basic personal information such as their name, address, dates of birth and other identity data. (See Dkt. No. 116, Raniere Letter to Seal ("Raniere Ltr.") at pp. 5-10.)

2

BRAFMAN & ASSOCIATES, P.C.

- There have been several instances where the home addresses of NXIVM supporters have been published or posted on the internet solely as a means of harassment and intimidation.
- There have been numerous instances where a "journalist" states that a certain person is about to be indicted, or is being investigated, based on purported inside law enforcement sources. (See Raniere Ltr. at 10-12.) Such a defamatory publication would be devastating to a business-person, and no reasonable person would put him or herself in that position.

Second, given this substantial probability of prejudice to the defendant seeking bail as well as the co-signers, the court must then ask whether this prejudice can be avoided by reasonable alternatives to the partial closure. The court may not dictate what may be reported, nor can the court order the computer hackers to return the stolen personal and identity data they currently possess. The only option available is the highly limited sealing we have requested.

Third, in comparing the prejudice to the defendant and the potential co-signers on the one hand to the press and public right to courtroom access on the other hand, the dispositive feature is the extent of the requested closure. To repeat, the bail motion will be filed publicly, as was the instant motion for partial sealing. Moreover, the bail hearing will be held in open court in the normal course. The only portion of the proceedings that will be in any way different from the norm are (1) the co-signers will not be referred to by name in the bail application, in court or on the bond, and (2) the co-signers will be questioned by the Court outside the presence of the public. (See Raniere Ltr. at pp. 1, 2-3.) Aside from these two relatively minimal changes, the typical procedures will apply. This is a highly limited, focused closure that does not impact meaningfully on the First Amendment right of access. After all, what interest does the public have in the actual names of bond co-signers? This is the province of the Court, and secondarily of the government. It bears repeating that the government questions the co-signers out of the presence of the press and public anyway. So, there is truly almost no impact to the press or the public from the highly limited closure requested here.

Finally, the fourth of the so-called Doe factors is the tailoring of the closure. The Doe decision is clear that the Court need not construct the least restrictive means available to protect the endangered interest. Rather, the closure need only be "narrowly tailored." The proposal advanced by the defense certainly meets this standard insofar as the only portion of the proceedings conducted out of the public view relates to the identities of the co-signers.

BRAFMAN & ASSOCIATES, P.C.

   For these reasons, as well as those set forth in our original submission, we ask for the highly limited closure we outlined in our motion.

                    Respectfully,

                    **Brafman & Associates, PC**
               By: Marc Agnifilo
                    Teny Geragos
                    Jacob Kaplan

                    **DerOhannesian & DerOhannesian**
               By: Paul DerOhannesian II
                    Danielle R. Smith

cc:  All Counsel (via ECF)