# EXHIBIT 7

# HAFETZ & NECHELES LLP
ATTORNEYS AT LAW

10 EAST 40TH STREET, 48TH FLOOR
NEW YORK, N.Y. 10016
TELEPHONE: (212) 997-7400
TELECOPIER. (212) 997-7646

September 3, 2018

**VIA EMAIL**
AUSA Moira Penza
AUSA Tanya Hajjar
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Raniere, et al.*, 18-cr-204 (NGG)

Dear AUSAs Penza and Hajjar:

      We write in response to your letter dated August 30, 2018 stating that the discovery you had made available to us by letter dated August 28, and that we had asked Dupe Coop to produce, is being held from production due to an objection by another defendant's counsel.  Based on your letter, it is apparent that you were planning to provide us with numerous electronic storage media seized from 3 Oregon Trail, without having first searched that media for material responsive to the warrant.

      We are concerned by and object to your statement in the August 30 letter that "such objections [as made by counsel related to the 3 Oregon Trail materials] to the disclosure of discovery copies of materials to all defendants may delay the production of discovery" because (1) it demonstrates a fundamental misunderstanding of the government's obligations with respect to materials seized pursuant to search warrants, and (2) it suggests that there are likely to be significant delays in producing discovery to defendants.

      The warrant application for the premises of 3 Oregon Trail anticipated that as in most cases involving seizure of electronic storage media, the search would "require[] the seizure of the physical storage media and *later off-site review consistent with the warrant*."  Search Warrant Affidavit, p. 22 (NXIVM00002042) (emphasis added).  The agent seeking the magistrate's permission to search 3 Oregon Trail specifically noted that the warrant he was seeking would "permit seizing, imaging, or otherwise copying storage media that reasonably appear to contain some or all of the evidence described in the warrant, and would authorize a later review of the media [f]or information consistent with the warrant." Search Warrant Affidavit, p. 23 (NXIVM00002043).

HAFETZ & NECHELES LLP

The search of 3 Oregon Trail was conducted on March 27, 2018, more than five months ago. It was the government's decision to indict defendants before completing the required later off-site review of these materials – the suggestion that it is *defendants* who are delaying the discovery production in this case is perverse.

The government has no legal right to material outside the scope of a lawful search warrant's terms. It is not incumbent upon defendants to "object" to the disclosure to co-defendants of material the government had no right to seize in the first place; nor is it proper to suggest that defendants delay the production of discovery by insisting that the government follow the law rather than indiscriminately releasing to others their private, irrelevant, and constitutionally protected materials without any legal authority to do so.

In addition, the fact that five months after the search the government is still not in a position to produce to defendants a set of materials responsive to this warrant raises concerns about the government's progress on discovery more broadly. We thus reiterate our request for information, whether in the form of a meet-and-confer or an index and schedule, about what Rule 16 discovery the government will be producing and when. In order to understand the anticipated timetable for the progress of this case and to plan for logistics such as discovery vendors and reviewers[1], we need prompt answers to at least the following questions:

- Is any discovery ready to be produced? If so, what does it consist of and what is the size of the production? When will it be produced?

- For which seized materials (from any warrants executed in the course of the investigation) has the government not completed the review process to identify items responsive to search warrants? What is the timetable for finishing that review process? What is the anticipated volume of that data?

- For which seized materials (from any warrants executed in the course of the investigation) is the government undertaking a privilege review process? How long do you anticipate that process will take? What is the anticipated volume of that data?

Please let us know when you can provide the requested information, as we would like to make progress on these issues before the status conference on September 13th.

Sincerely,

/s/

Kathleen E. Cassidy

---

[1] In part, we need this information in order to be able to get price quotes and select a discovery vendor who can handle the volume and type of data that is expected to be produced in this case. We also need to assess how many staff we need to devote to reviewing the volume of material and when we will need to devote those resources.

2