

U.S. Department of Justice

United States Attorney
Eastern District of New York

MKM:MKP/TH    271 Cadman Plaza East
F. #2017R01840    Brooklyn, New York 11201

September 17, 2018

By Hand and ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Bronfman, et al.
                 Criminal Docket No. 18-204 (NGG) (S-1)

Dear Judge Garaufis:

      The government writes in opposition to the defendant Clare Bronfman's September 7, 2018 letter in further support of her motion to remove the limited prohibition on association currently in place as to her and the other defendants on pretrial release, and the defendant Kathy Russell's letter in support of that motion. For the reasons set forth below, in the government's previous submissions, and on the record during the August 21, 2018 hearing before the Court, the government respectfully requests that the Court deny the request.

      At the August 21, 2018 hearing before the Court, the Court entered, among others, the following condition of pretrial release as to defendant Bronfman:

> [Bronfman] may not directly or indirectly associate or have contact with—except in the presence of her attorneys—current or former employees of, or independent contractors for, NXIVM (including any and all affiliated entities), any individual that she knows to be a current or former member of DOS, or any individual who is currently, or was formerly, on the Stripe Path, subject to reasonable exceptions agreed upon by the parties.

(See 8/21/2018 Minute Entry.) The Court invited counsel for Bronfman to submit additional authority in support of her objection to the non-association provision. However, Bronfman's September 7, 2018 letter simply reiterates the arguments the Court has already considered

and rejected.[1]  The defendant's letter provides no additional support, in the form of case law or otherwise, that the narrowly-tailored non-association condition the Court has already imposed is overbroad.  Such conditions are routinely imposed by courts in this District in similar cases.  See, e.g., United States v. Webb, 15-CR-252 (PKC) (prohibiting defendants from "directly or indirectly associat[ing] or hav[ing] contact with any individual employed by or associated with the following entities: (i) any sports marketing company identified in the indictment . . . ; (ii) CONCACAF and any affiliated or constituent entity; (iii) CONMEBOL and any affiliated or constituent entity; and (iv) FIFA and any affiliated or constituent entity").

The defendants in this case are alleged to have committed criminal acts spanning fifteen years as members of a sophisticated criminal enterprise that is deeply entwined with Nxivm's leadership.  The Enterprise is alleged in the Superseding Indictment to have operated through coercive means and methods including, among other things "[o]btaining sensitive information about members and associates of the Enterprise in order to maintain control over them," "[u]sing harassment, coercion and abusive litigation to intimidate and attack perceived enemies and critics" and "[e]ncouraging associates and others to take expensive Nxivm courses, and incur debt to do so, as a means of exerting control over them."  Superseding Indictment at 3-4.  The risk to victims is supported by the letter submitted on behalf of several of them by their attorney, which was provided to the Court under the Crime Victims' Rights Act.  See 18 U.S.C. § 3771(a)(4) (crime victims have the right to be "reasonably heard at any public proceeding in the district court involving release").

---

[1]  Because there is no specific rule governing motions of reconsideration in criminal matters, district courts have applied Local Civil Rule 6.3.  See, e.g., United States v. James, 2007 WL 914242, at *3 (E.D.N.Y. Mar. 21, 2007).  Under Local Civil Rule 6.3, a motion for reconsideration "should inform the court of the matters or controlling decisions which counsel believes the court has overlooked."  A Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved, nor may a party on a motion for reconsideration advance new facts, issues or arguments not previously presented to the court."  James, 2007 WL 914242, at *3 (internal quotation marks and citations omitted).  As the Second Circuit has explained, the standard governing a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Additionally, as alleged in the Superseding Indictment, "[t]he defendants . . . acted in concert with other co-conspirators, both known and unknown, who were members and associates of the Enterprise, some of whose identities" were presented to the Grand Jury. Because there are members of the Enterprise who are still at liberty, and the government has a compelling interest in ensuring that the defendants do not collude with unindicted co-conspirators or interfere with witnesses—concerns which are addressed by the narrowly-tailored condition that the Court has already imposed—the government respectfully submits that the condition should not be lifted or modified.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney

By:   /s/
        Moira Kim Penza
        Tanya Hajjar
        Assistant U.S. Attorneys
        (718) 254-7000

cc: Counsel of Record (by ECF)