```
 1                         UNITED STATES DISTRICT COURT
                           EASTERN DISTRICT OF NEW YORK
 2

 3     ------------------------------------X
                                           :
 4     UNITED STATES OF AMERICA,           :
                                           :    18-CR-00204 (NGG)
 5                                         :
                       v.                  :    225 Cadman Plaza East
 6                                         :    Brooklyn, New York
                                           :
 7     RANIERE, et al.,                    :    October 3, 2018
                                           :
 8                       Defendants.       :
       ------------------------------------X
 9

10          TRANSCRIPT OF CRIMINAL CAUSE FOR TELEPHONE CONFERENCE
                   BEFORE THE HONORABLE VERA M. SCANLON
11                    UNITED STATES MAGISTRATE JUDGE

12
       APPEARANCES:
13
       For the Government:          TANYA HAJJAR, ESQ.
14                                  MOIRA KIM PENZA, ESQ.
                                    United States Attorney's Office
15                                  Eastern District of New York
                                    271 Cadman Plaza East
16                                  Brooklyn, New York 11201

17     For Defendant Raniere:       TENY ROSE GERAGOS, ESQ.
                                    Brafman & Associates
18                                  767 Third Avenue
                                    New York, New York 10017
19
                                    PAUL DerOHANNESIAN, II, ESQ.
20                                  DANIELLE RENEE SMITH, ESQ.
                                    DerOhannesian & DerOhannesian
21                                  677 Broadway, Suite 707
                                    Albany, New York 12207
22

23
                                    (Appearances continue on next page.)
24

25


       Proceedings recorded by electronic sound recording,
       transcript produced by transcription service
```

```
 1                                                                    2

 2

 3     APPEARANCES CONTINUED:

 4
       For Defendant Mack:        SEAN BUCKLEY, ESQ.
 5                                WILLIAM F. McGOVERN, ESQ.
                                  Kobre & Kim LLP
 6                                800 Third Avenue, Floor 6
                                  New York, New York 10022
 7
       For Defendant Russell:     JUSTINE A. HARRIS, ESQ.
 8                                AMANDA RAVICH, ESQ.
                                  Sher Tremonte LLP
 9                                90 Broad Street, 23rd Floor
                                  New York, New York 10004
10

11     For Defendant Nancy        ROBERT SOLOWAY, ESQ.
          Salzman:                DAVID STERN, ESQ.
12                                Rothman, Schneider, Soloway &
                                     Stern, P.C.
13                                100 Lafayette Street, Suite 501
                                  New York, New York 10013
14
       For Defendant Bronfman:    KATHLEEN ELIZABETH CASSIDY, ESQ.
15                                Hafetz & Necheles LLP
                                  10 E 40th Street, 48th Floor
16                                New York, New York 10016

17
       For Defendant Lauren       HECTOR DIAZ, ESQ.
18        Salzman:                Quarles & Brady, LLP
                                  Two North Central Avenue
19                                Phoenix, Arizona 85004

20

21     Court Transcriber:         SHARI RIEMER, CET-805
                                  TypeWrite Word Processing Service
22                                211 N. Milton Road
                                  Saratoga Springs, New York 12866
23

24

25
```

3

1   (Proceedings began 5:11 p.m.)
2              THE COURT:  This is Judge Scanlon.  So we're on the
3   line in a telephone conference in United States v. Raniere.
4   It's 18-CR-204.
5              So if we could get counsel's appearance and also
6   that your client -- assuming that this is correct, that your
7   client waives your appearance -- their appearance here.  So
8   for the Government first.
9              MS. HAJJAR:  Good afternoon, Your Honor.  Tanya
10  Hajjar and Moira Penza for the Government.
11             THE COURT:  Okay.  And for the various defendants.
12  So you say your client's name, your name, and the waiver
13  issue.
14             MR. STERN:  David Stern and Robert Soloway for Nancy
15  Salzman, and she waives her presence.
16             MS. GERAGOS:  This is Teny Geragos for Keith
17  Raniere, and he waives his presence.  I believe we have Paul
18  DerOhannesian and Danielle Smith on the line as well.
19             MR. DerOHANNESIAN:  That's correct.  Paul
20  DerOhannesian and Danielle Smith are also on the line for
21  Keith Raniere.
22             MR. BUCKLEY:  On behalf of Allison Mack, you have
23  Sean Buckley and William McGovern of Kobre & Kim, and Ms. Mack
24  waives her appearance.
25             MR. DIAZ:  On behalf of --

4

1          MS. HARRIS:  This is Justine -- go ahead.
2          MR. DIAZ:  I'm sorry.  On behalf of Lawrence
3  Salzman, Hector Diaz.  We waive Laurence Salzman's appearance.
4          MS. CASSIDY:  And on behalf of Claire Bronfman, Kate
5  Cassidy, and we waive Ms. Bronfman's appearance.
6          MS. HARRIS:  And on behalf of Kathy Russell, Justine
7  Harris, and my colleague Amanda may still be on the phone but
8  she may have dropped off.  Amanda is on.
9          THE COURT:  Okay.  So we have your October 3rd
10 letter showing various significant progress in your
11 discussions with regard to motion practice and trial
12 preparation.  So I appreciate the cooperation.
13         Let me first ask if anyone wants to say anything in
14 particular about the letter and then I have a couple of
15 questions and we'll see where we are at that point.  So
16 comments?  Nobody?  All right.
17         So a couple of questions on my end.  So you have the
18 Footnote 1 which says that you're making progress about
19 privilege issues.  What's your -- what time line do you think
20 you'll be on for making that proposal with regard to the
21 privilege if there are motions related to privilege?  You're
22 meeting on the 22nd of October?
23         MS. HAJJAR:  Yes, Your Honor.  The letter
24 anticipates that the firewall team and counsel for defendants
25 for whom there is a claim of privilege, that's three

                                                                 5

1   defendants, will meet on or before October 22nd and we should
2   be able to propose some kind of joint schedule.  That may be
3   defendant specific depending on how those discussions go.
4              THE COURT:  All right.  Anybody else want to say
5   anything about that?  No?  Okay.
6              A couple of other questions.  So you obviously have
7   this schedule which assumes there will be a very significant
8   production by December 7th but is there a schedule or when
9   will there be a schedule with regard to the device production?
10  We have -- we touched on it in the last conferences about in a
11  couple of -- hang on a second.  Let me finish because we're
12  making a recording and if two people speak at the same time we
13  won't be able to hear it.
14             So I would like to know at least for my information
15  when there will be a schedule with regard to the device
16  production, production of the information on the devices.
17  That's recognizing that as you had laid out -- the Government
18  had laid out in a chart that was Exhibit A attached to earlier
19  letters different devices have different dates, some of which
20  you know the dates, some of which it's in process but you
21  weren't sure, and some of which were as I understood it in the
22  FBI cue for which there was even greater uncertainty with
23  regard to the timing.
24             So it's really mostly a question for the Government.
25             MS. HAJJAR:  Your Honor, we've notified counsel for

6

1  Nancy Salzman about this issue.  We've resolved the small
2  question that was raised at the last conference regarding
3  whether an assertion of privacy was asserted as to the
4  detailed devices.
5           As to the remainder, as we've notified counsel for
6  Nancy Salzman, we intend to file a motion regarding disclosure
7  of those devices.  It should be filed tonight or tomorrow.
8  We're seeking to disclose -- Your Honor, I'm happy to go
9  further into it if you'd like, but we're seeking to disclose
10 full forensic copies of those devices to all defendants.
11          THE COURT:  All right.  So you're going to file
12 that.  I would urge you to file it as soon as possible so that
13 Judge Garaufis is aware of it when -- you're meeting with him
14 tomorrow; correct?
15          MS. HAJJAR:  Yes, Your Honor.  We will -- we
16 hopefully will file it tonight.
17          THE COURT:  Well, tonight or the early hours so that
18 defense counsel can see it.  I don't know if it's something
19 that I'll address or he'll address but at least he'd be aware
20 of it as an immediate issue.
21          So that effects the Nancy Salzman devices.  How
22 about any of the others?  Do you have any update on the
23 production?
24          MS. HAJJAR:  I think there -- with respect to the HL
25 devices, Your Honor, the ones that are not the Nancy Salzman


7

devices, I just -- those will all be produced in full by the end of the week or early next.

THE COURT: Okay. Then any update on those that you had to send out to the FBI?

MS. HAJJAR: No, Your Honor.

THE COURT: When are they going to tell you where you are in the cue?

MS. HAJJAR: Your Honor, I think as the inner letter -- unfortunately the FBI can't give us that deadline. We have asked. At present we don't have access to that inf -- we don't have access to the material on the device and we may not get an update.

THE COURT: All right. I know there are issues to work on now but I'm going to have you give me a status report in ten days. They really should be able to give you some idea because you're having a conversation with the district judge about your trial schedule and if they're going to say there's just now way this is going to happen before the trial that's one particular circumstance and if they're working backwards or the other ways, right -- they give you a partial disclosure. I understand they may not know now whether they will be able to access it but at least that they're going to have you in the cue and be working on it.

I understand that's -- it's not your information you're holding back but tell them the Court is very interested

1  in getting the information.
2          What about the -- what I'm going to call the non-
3  device discovery?  There was the point I think Ms. Penza
4  raised that you were having some difficulty with the document
5  bank record production because of I guess double encryption
6  issues I think it was.  So where are you with that and what's
7  the anticipated schedule with regard to the materials that are
8  other than the device related materials?
9          MS. HAJJAR:  Your Honor, I believe you were asking
10 about bank records and phone records and things of that
11 nature.  We have been printing and scanning for those that are
12 of difficulty and we are making -- we made another substantial
13 production this week.  We anticipate making another
14 substantial production at the end of this week.  I believe
15 that the defendants are -- I don't -- we've had conversations
16 with individual defendants who've expressed concern.  I don't
17 think they are in any way concerned about the case about
18 production of those items.
19          We will -- we are producing them expeditiously and I
20 think -- I think we're -- we don't see any reason why -- like
21 as we said, lots of those things continue to come in and I
22 think defense counsel has indicated that they will need the
23 time from December 7th through trial.  That would give them
24 enough time to review things.  So while we are producing
25 things as we have them and as we can we're obviously working

9

1   on as parallel paths with the electronic discovery as well.
2   And so we just continue to keep rolling things out, Your
3   Honor, and I think the defendants have been satisfied with
4   that and will be and I think our schedule contemplates that
5   they will have whatever is in our possession well in time for
6   them to review it and use them at trial.
7              THE COURT:  Defendant's counsel, do you agree with
8   what the Government just said?
9              MR. DerOHANNESIAN:  This is Paul DerOhannesian.  I
10  wouldn't say that we're satisfied with the pace of production.
11  I think some of these things we should have had a while ago
12  and I would -- I think it's better if we do have a deadline
13  for the non-device discovery and something that's reasonable,
14  within a week or two.  I think it is open ended.  That's my
15  concern.
16             THE COURT:  Okay.  So do any other defendant's
17  counsel want to say anything about this?  All right.
18             Look, I don't think this is satisfactory with regard
19  to the production to the extent you have the documents.  I
20  understand this point that there are outstanding requests and
21  that there are documents coming in but I think the document
22  discovery is of such an old fashioned nature even if you have
23  this -- whatever this double encryption issue is it -- the
24  whole production in general does not have the same or
25  shouldn't have or you should find a work around for the sort

10

1  of technical problems that you have identified or listed
2  anyway on your Chart A.  If the production schedule that is
3  based on the defendants having it by December 7th is the --
4  really looking and trying to have an outside date.
5          So for materials that can be produced for which
6  there shouldn't be technical problems and you should -- if
7  there are you should be working them out.  Those should be
8  produced as quickly as possible.  I'm not hearing from the
9  last conference or counsel who just spoke that you could
10 describe defendant's counsel as satisfied.
11         So what I want is -- I said ten days earlier for the
12 update on the tech just to make this more straightforward by
13 October 12th.  I want an update on what's going on with this
14 document production.  I'm calling it the document.  Whatever
15 these -- whatever the discovery is but it's not the device
16 discovery.  To the extent you have the materials have they
17 been produced or when are they going to be produced and what's
18 the schedule, and if there's a hangup what is the hangup.
19         And then similarly an update on the devices
20 particularly the ones I discussed earlier that it seems like
21 the FBI is just putting you in a cue.
22         Another issue you all had talked about here, and
23 really we're going to try to work on yourselves, what I would
24 like to know is have you generally come to some agreement
25 about the order or priority to the extent that the Government

```
                                                               11
 1   can accommodate it.  Is there any agreement in that area?  The
 2   answer could be no.  I'm just wondering what the status is so
 3   I can keep a sense of what the overall effort that's going on
 4   here.
 5              MS. HAJJAR:  Your Honor, we're -- we heard from
 6   counsel at the last conference before Your Honor.  We are open
 7   to hearing from counsel in the future.  These discussions may
 8   make sense to be done individually depending on counsel's
 9   priorities.  We're also happy to hear from all counsel at a
10   conference call but we -- I don't know if we've had another
11   discussion with regard to individual defense counsel priority
12   but we're open to individual defense counsel priority but
13   we're open to hearing it.
14              THE COURT:  Well, defense counsel, you heard the
15   Government.  I don't know if it's something you want to talk
16   about offline with the Government or you think should be
17   addressed here.
18              MR. BUCKLEY:  Your Honor, this is Sean Buckley,
19   counsel for Ms. Mack.  As we set forth in the letter the
20   defense believes that Your Honor has set December 7th as kind
21   of a discovery deadline.  Our view is as long as we're working
22   within that realm and that time frame we can work with the
23   Government to prioritize or not prioritize certain batches of
24   discovery so long as we have the comfort that the December 7th
25   is kind of the bookend for materials that they currently
```

```
                                                                     12
 1   possess.
 2              THE COURT:  All right.  I know the Government from
 3   your letter you disagree.  So this is how I look at that
 4   December 7th date.  It's -- you could describe it as a bookend
 5   but it's not a cutoff because I do agree with the description
 6   from the -- the position that the Government was taking that
 7   it would require an analysis by the Court as to various
 8   factors in a case if there were a production made after that
 9   deadline with regard to the materials that they have because
10   there may be a good reason for the non production, delayed
11   production.  We've already identified technical concerns that
12   may delay production.  There may be materials that come in.
13              So it's not a hard deadline but the Government
14   certainly needs to be working as hard as they can on the
15   production because based on everything that's been described
16   it seems reasonable for the Government to get everything done
17   by that date with the asterisk if there was some either
18   unexpected or for the few cases in which it's been identified
19   a technical impasse here.
20              So it would be -- I think this discovery for
21   materials they have goes beyond the 7th might be an uphill
22   battle but who knows.  We're two months away and we don't know
23   what the landscape will look like at that point.  So it's
24   certainly what the Government should be aiming for, expecting
25   to meet, planning to meet, putting the resources if they need
```

13

1   -- if you need more people then your office should be having
2   that conversation.  Certainly the deadline schedules that
3   you're proposing to offer or have offered and we'll discuss
4   tomorrow with Judge Garaufis our built around the expectation
5   but the defendants will have sufficient time to review the
6   documents and that would mean that they have them really at
7   the latest by December 7th as a practical matter.
8           Now, this is not the last conversation you're going
9   to have with me or with Judge Garaufis.  So we expect to know
10  what's happening along the way and to address problems if they
11  come up.  So for now generally speaking the Government has the
12  better argument as to the standard but the expectation as I
13  said the production will be done as far as possible and that's
14  a pretty high expectation of hard work and dedication of
15  resources.  So that's where that is at.
16          Let me --
17          MS. HAJJAR:  Your Honor, may the Government be heard
18  on that just briefly?
19          THE COURT:  You can be although I think you won the
20  argument.  So it's up to you.  Go ahead.
21          MS. HAJJAR:  Your Honor, it's just that -- it's just
22  to clarify that with respect to -- we are committed to
23  expending resources and to completing the best we can what's
24  in our possession now by December 7th but we just wanted to
25  make the record clear that we are continuing to be provided

                                                                14

1  with information from a variety of sources.  So if that
2  information comes to us after or in -- directly before the
3  December 7th date we have to produce it.  We have to produce
4  it pursuant to our obligations and so -- and there are three
5  months between that date and -- at least between that date and
6  the anticipated trial date.
7           THE COURT:  So in no way am I disagreeing that you
8  should be producing what you have to produce.  I think while I
9  understand your point about your proposed trial date if
10 adopted by the district judge it is three months out --
11 anticipated anyway.  We'll see what happens.  Extensive motion
12 practice that's dependent on knowing what the discovery is
13 given the very high volume.  So yes, you have to produce it.
14 Yes, if it comes in later then you obviously wouldn't meet the
15 deadline but you would continue the production.
16          I think the key takeaway on the Government's side
17 needs to be if you expect that you are going to get materials
18 particularly if you expect there's going to be a significant
19 quantity of materials you should be anticipating and preparing
20 for the capacity to deal with that influx of materials which
21 may even be happening now.  Again, if that's [inaudible]
22 resources, technical resources, maybe your vendor needs to
23 make sure that they have time and space dedicated to the
24 project which may become larger than it is right now, et
25 cetera -- whatever it is you need to do to be able to move

1  ahead expeditiously.  Just because you have something now and
2  you have two months as the really outside expected date
3  although hopefully earlier to produce it doesn't mean that
4  something that comes in at Thanksgiving then has two more
5  months to be produced.  It's all situation specific.
6          If you, for example, had another technical problem
7  well, that could affect the lay of the land but if you don't
8  and -- then you're going to have to get it out quickly.  So I
9  think that's where we are.
10         Let me ask.  Given your conversations about
11 discovery and some sense of the efforts that's going into this
12 and the like, maybe some sense of the volume of materials,
13 what is your anticipated length of trial as things stand now?
14         MS. HAJJAR:  About four weeks, Your Honor.
15         THE COURT:  That's the Government's view?
16         MS. HAJJAR:  Yes.
17         THE COURT:  Okay.  Defense, do you agree with that
18 estimate?  Do you have a view?  I know you're more in the dark
19 on this than the Government is but --
20         MR. DerOHANNESIAN:  I take it that's four weeks not
21 including jury selection.
22         THE COURT:  The Government, you were saying four
23 weeks of presenting and having the trial before a jury; right?
24 Is that correct?
25         MS. HAJJAR:  Yes, Your Honor, that is correct.

16

1     THE COURT:  Okay.  Any defendant's counsel have any
2  sense that that's practical, realistic given what you know so
3  far about the amount of materials that's likely to be
4  presented and your own trial experience?
5     MR. DerOHANNESIAN:  This is Paul DerOhannesian.  I
6  think it's very difficult for us to have an estimate not
7  having even knowing how much discovery we received given where
8  we're at right now.  I think we're very early in the discovery
9  process.  So I think it's -- I don't think we can give you a
10 reasonable opinion.  It would be totally --
11    THE COURT:  Okay.  Other defense, do you agree, do
12 you have a different view?
13    MR. SOLOWAY:  I agree.  This is Bob Soloway for
14 Nancy Salzman.  [Inaudible]
15    THE COURT:  Okay.  Are there other issues that we
16 need to talk about here?
17    MS. HAJJAR:  Not from the Government, Your Honor.
18    THE COURT:  Any defense counsel?
19    Again, I appreciate -- right now --
20    MS. GERAGOS:  [Inaudible], Your Honor, on behalf of
21 defendant Raniere.
22    THE COURT:  The way this conversation has gone with
23 the challenge of the phones if I -- if no one says anything
24 I'll take that as you don't have anything to say.
25    So coming out of this again the Court is

1  appreciative of trying to work together on the schedules.  I'd
2  like an update on the production by October 12th and then a
3  proposed schedule with regard to any privilege briefing that
4  comes -- or any privilege briefing but the scheduling of that
5  would be by October 26th which would be a couple of days after
6  you have your meeting that you proposed between the firewall
7  team and counsel for the three defendants listed there in your
8  October 3rd letter.
9           If something comes out of your conversation tomorrow
10 with the district judge and you think that that should update
11 or lead to an amendment of these dates you can let me know.
12 Thank you very much.
13          MS. HAJJAR:  Thank you.
14          THE COURT:  Take care.  Bye.
15 (Proceedings concluded at 5:35 p.m.)
16                       * * * * *

I certify that the foregoing is a court transcript from an electronic sound recording of the proceedings in the above-entitled matter.

_____
Shari Riemer, CET-805

Dated:  October 5, 2018