# EXHIBIT 1

# BRAFMAN & ASSOCIATES, P.C.
ATTORNEYS AT LAW
767 THIRD AVENUE, 26TH FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 750-7800
FACSIMILE: (212) 750-3906
E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY AND CA

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN NY AND NJ

July 18, 2018

Via Email

AUSA Moira Kim Penza [moira.penza@usdoj.gov]
AUSA Tanya Hajjar [tanya.hajjar@usdoj.gov]
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Keith Raniere and Allison Mack, 18 Cr. 204 (NGG)

Dear AUSAs Penza and Hajjar:

We represent Keith Raniere in the above-captioned case and write jointly with Kobre & Kim LLP, counsel for co-defendant Allison Mack, to request prompt production of any and all materials in the possession, custody and control of the government pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, including Giglio v. United States, 405 U.S. 150 (1972), and United States v. Bagley, 473 U.S. 667 (1985), the Fifth and Sixth Amendments to the Constitution of the United States and applicable law.

Set forth below are specific examples of documents or information that would constitute materials and information in the possession, custody and control of the government which it is obligated to disclose. We seek prompt production of any and all Brady, Giglio and Bagley materials, including but not limited to the specific examples below in order to (i) have sufficient time to conduct any necessary investigation; (ii) enable the defense to determine what motions are necessary; and (iii) enable counsel to prepare for trial, including the identification of relevant witnesses. We respectfully ask you to produce any and all Brady,

BRAFMAN & ASSOCIATES, P.C.

Giglio and Bagley materials, including but not limited to our specific examples below, by Wednesday, July 25, 2018.

"Documents or Information" means all documents, objections, communications, statements of witnesses, and any other evidence and information (written or unwritten) and/or notes or recordings related thereto in the possession, custody or control of the United States Department of Justice and/or the United States Attorney's Office for the Eastern District of New York. It includes all Documents or Information in the possession, custody or control of the Federal Bureau of Investigation ("FBI") and thus requires a search of the FBI's emails, text messages and documents, including the emails of the case agent and any other agent working on the matter. It also includes Documents or Information in the possession, custody and control of the Internal Revenue Service, Department of Homeland Security, Customs and Border Protection, Immigration and Customs Enforcement, the Mexican authorities, the New York State Police or any other agency considered to be an arm of the prosecution. Each request is of a continuing nature, and we request prompt notice in the event that responsive Documents or Information comes to the government's attention at any point in the future.

Each of the examples enumerated below specifically includes all statements made by witnesses to law enforcement officials, whether such statements were memorialized or not. See United States v. Rodriguez, 496 F.3d 221 (2d Cir. 2007) (when prosecution is in possession of material information that impeaches its witnesses or exculpates the defendant, it may not avoid its Brady, Giglio and Bagley obligation to disclose such information by not writing it down).

Reserving our rights to provide you with additional examples, we seek all Brady, Giglio and Bagley material, including the following specific examples:

(i)     Documents or Information refuting the government's contention that DOS is a sex cult or that sexual activity played a role in DOS;

(ii)    Documents or Information indicating that even if women were tasked to "seduce" Raniere, there was nonetheless no requirement or expectation that sexual intercourse or sexual activity would take place;

(iii)   Documents or Information indicating that DOS members and former DOS members did not believe collateral would be released if they left DOS;

(iv)    Documents or Information indicating that sexual intercourse or sexual activity with Raniere was not a tenet or requirement of membership in DOS;

BRAFMAN & ASSOCIATES, P.C.

(v) Documents or Information indicating that collateral was never released nor threatened to be released if a DOS member or former DOS member failed or refused to perform a task assigned by a "master" within DOS;

(vi) Documents or Information indicating that having sexual intercourse or engaging in sexual activity with Raniere or anyone else was not a requirement to join or remain in DOS;

(vii) Documents or Information indicating that no one asked for, expected to, and/or actually received anything of value or otherwise benefited, or expected to benefit, financially in exchange for sexual intercourse or sexual activity with Raniere or anyone else;

(viii) Documents or Information regarding the voluntariness of branding in connection with DOS and/or the fact that DOS members and former members were permitted to decline to be branded and still remain in DOS;

(ix) Documents or Information indicating an understanding that refusal to be branded would not result in the release of one's collateral;

(x) Documents or Information indicating that DOS members or former members recruited additional members to DOS after being branded, receiving the seduction assignment, and/or engaging in sexual intercourse/activity with Raniere;

(xi) Documents or Information regarding discussions between Raniere and a witness about keeping sexual relationship secret from other members of DOS;

(xii) Documents or Information of efforts by a member of DOS or former members of DOS to engage in sexual relations with Raniere and being rebuffed by Raniere;

(xiii) Documents or Information regarding DOS members or former DOS members coming up with/developing/having discretion over what "acts of kindness" and/or penance should consist of;

(xiv) Documents or Information indicating that a witness was informed of Raniere's connection to DOS when she joined DOS;

(xv) Documents or Information from women who left DOS and their collateral was never released, and/or their understanding that collateral would not be released if/when they left DOS;

(xvi) Documents or Information that any member of law enforcement stated or suggested to a witness that law enforcement knows facts that the witness does not

3

BRAFMAN & ASSOCIATES, P.C.

  know as a way of compelling, coercing or procuring that witness's testimony for the government;

(xvii) Documents or Information that any member of law enforcement stated or suggested to a witness that such witness was a victim of some offense as a way of compelling, coercing or procuring that witness's testimony for the government; and

(xviii) Documents or Information that any member of law enforcement stated or suggested to a witness that such witness was lied to, deceived or otherwise misled by Raniere or someone else as a way of compelling, coercing or procuring that witness's testimony for the Government.

  To the extent any witness provided a certain account to the government and then, after being confronted with purported statements of fact or opinion by government personnel, or shown a document by government personnel, changed that account in whole or in part, we request all such statements of that person. In addition, we request all information relative to (xv) through (xvii) above.

  In addition, if the government is aware of Documents or Information that would or may be Brady, Giglio and/or Bagley material but believes the material can be obtained by subpoenas duces tecum, please so advise us. Furthermore, if the government declines to provide any of the information we have requested or denies that any of the aforementioned categories of Documents and Information exist, please let us know promptly so that Mr. Raniere and Ms. Mack can make any appropriate motions.

  Thank you for your consideration.

    /s/
Marc Agnifilo        Paul DerOhannesian II
Jacob Kaplan        Danielle R. Smith
Teny Geragos        **DerOhannesian &**
**Brafman & Associates, PC**  **DerOhannesian**
*Attorney for Defendant*
*Keith Raniere*

    /s/
William McGovern
Sean Buckley
**Kobre & Kim LLP**
*Attorney for Defendant*
*Allison Mack*

4