# EXHIBIT 2

# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY AND CA

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN NY AND NJ

September 11, 2018

BY HAND AND ECF

Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Keith Raniere, et al., 18 Cr. 204 (NGG)

Dear Judge Garaufis:

We represent Keith Raniere in the above-captioned case and write in advance of the status conference on September 13, 2018 to address issues of concern, including: (1) the government's progress in producing discovery and its repeated refusal to schedule a meet and confer with counsel pursuant to this Court's July 26, 2018 Minute Order; (2) the importance of keeping the January 7, 2019 trial date; (3) the government's failure to identify the Jane and John Does in the Superseding Indictment, as well as failing to respond to the Defendants' request for a Bill of Particulars; and (4) the government's failure to respond to a Brady letter raising significant specific issues requiring immediate attention. These issues will be addressed in turn below.

Discovery

To date, very little substantive discovery has been produced to all defendants and since Mr. Raniere and Ms. Mack's arrest, the government has refused to (a) state what discovery exists, or (b) provide a timetable for when it intends to produce the remaining discovery.

**BRAFMAN & ASSOCIATES, P.C.**

*Materials Produced to the Defendants*:

On August 3, 2018, the government produced to defendants Raniere, Mack, Bronfman, Nancy Salzman and Lauren Salzman eight discs containing 39 gigabytes of data.[1] (See Exhibit 1: 8/03/18 Discovery Letter.)[2] The government produced this discovery to Kathy Russell on August 28, 2018. The majority of this discovery had already been produced to Mr. Raniere and Ms. Mack. Therefore, much of this material is not new discovery for defendants Raniere or Mack.

Just last night at 11:07 p.m. on September 10, 2018, the government sent a discovery letter stating that seven categories of documents, emails, and/or videos would be available for the defendants to obtain. (Exhibit 2: 9/10/18 Discovery Letter.)

*Materials Not Produced to the Defendants*:

At the July 25, 2018 status conference, the government stated it has "approximately 60 electronic devices and/or accounts." (7/25/18 Transcript at 11.) The prosecutors represented that they "have produced substantial portions of that, but [] have a lot more to go." (Id.) In their August 3rd discovery letter, the government stated they are in possession of two email accounts, two iCloud accounts, a cell phone, a Dropbox account, and electronic devices obtained through the execution of two search warrants. (Ex. 1 at 4-5.) At Ms. Bronfman's hearing on August 21, 2018, the government stated that they "now have an estimate that is approximately 12 terabytes worth of data." (8/21/18 Transcript "Tr." at 39.)

It does not appear that the majority of these 12 terabytes have been produced. Nor has the government identified the nature of the discovery material constituting these terabytes.[3] Until last night, the government had not produced any information responsive to the search warrants executed on any of these devices. ████████

---

[1] The government has also provided the full return of Mr. Raniere's Yahoo email account to Mr. Raniere.

[2] While it is the United States Attorney's Office for the Eastern District of New York's practice to file Rule 16 Discovery Letters on the public docket, the government has not done so in this case. For this reason and to not run afoul of the Protective Order signed August 2, 2018 (see Dkt. No. 85: Protective Order), we have redacted the discovery letters cited in the public filing and are providing the Court with unredacted copies.

[3] As is true of virtually all warrants for electronically stored information, the warrants obtained in this investigation anticipate a two-step process for executing the warrants – first, the government obtains the entirety of the hard drive or email account within a certain date range from the searched premises or the email provider; then the government must undertake a search to identify items that fall within the scope of the warrant's terms. Accordingly, the search warrant that the government has produced only authorizes the seizure of items that "constitute evidence, fruits and instrumentalities of the Subject Offenses," not the seizure of entire accounts and devices. (See, e.g., Ex. B to Search Warrant on Oregon Trail.)

2

**BRAFMAN & ASSOCIATES, P.C.**

███████████ Therefore, the fact that the government has only just turned over information ███████████ is simply unreasonable.

Indeed, it appears that despite seizing a majority of the devices and accounts in March 2018 or even earlier, the government has either not yet searched many of these accounts and devices for items responsive to the warrant, or seeks to avoid producing to the defense the results of any searches performed. In the government's August 3rd letter, it stated that absent an objection from defendants, it would produce "full discovery copies" of electronic devices to all defendants. (Id.) Each defendant responded, through counsel, that he or she does not waive his Fourth Amendment rights and does not consent to the government seizing from his or her electronic devices or email accounts and producing to other parties personal and private materials as to which the government did not have a valid warrant authorizing seizure. In other words, material on electronic devices or in email accounts that is not responsive to the warrant may not be seized by the government, and may not be shared with other parties.

In sum, each defendant declined to waive his or her Fourth Amendment right to privacy and insisted that the government follow the law and execute the search warrants and seize from the electronic devices and email accounts only the items which a Court authorized the government to seize.

*The Government's Failure to Comply with This Court's Order, Failure to Engage in Discussions with Defense Counsel and Failure to Produce Discovery*

On July 26, 2018, this Court ordered the parties to meet and confer regarding discovery. (See 7/26/18 Minute Order). On July 26th, Ms. Bronfman's counsel proposed a date for a meet and confer. (Ex. 3: Emails Between Defense Counsel and Government at 3.) The government responded that the first step is to produce discovery and if a meet and confer is necessary, "we'll be available." (Id. at 2.) Once all counsel signed the protective order, counsel for Ms. Mack again reached out for a date to meet and confer regarding discovery. (Id.) Again, the government responded that "it will be more productive and practical to meet and confer to address issues relating to discovery, should that prove necessary, after some productions of discovery have gone out…." (Id. at 1.)

---

4 ███████████

5 The government has designated the ███████████ as "Victim Discovery Material," and therefore, we are redacting these sentences in the public filing consistent with our obligations in the Protective Order.

3

BRAFMAN & ASSOCIATES, P.C.

After the first discovery production, Ms. Bronfman's counsel sent the government a letter laying out the issues that defense counsel would like to discuss with the government. (Ex. 4: Bronfman 8/07/18 Letter.) Among other things, Ms. Bronfman asked the following questions:

- Please identify the 60 devices and/or accounts that will be produced and where they were seized or obtained from.
- When do you anticipate completing your review for responsive materials for each of the 60 devices and/or accounts?
- What other materials of significant volume outside of the 60 devices/accounts do you anticipate producing and what is the anticipated timetable for production?

(Id. at 2.) Ms. Bronfman and the other defense counsel have not received a response to this letter.

Instead, on August 28, 2018, the government sent a discovery letter to all counsel that thirteen devices seized from 3 Oregon Trail were being made available to all defendants. (See Ex. 5: 8/28/18 Discovery Letter.) Two days later, on August 30, 2018, the government wrote to inform us that "due to an objection by counsel for another defendant, discovery copies of the materials identified in the government's August 28, 2018 letter to you are being held from production to all defendants" and blaming the delay in producing this discovery on the defendant's objection. (Ex. 6: 8/30/18 Letter to Defendants at 1.)

Based on the government's August 30th letter, it thus appears the government has not complied with its legal obligations and executed the search warrants, even though many of the materials were seized more than five months ago and the government has an obligation to execute search warrants of electronic storage devices promptly. As a result of this failure, the government has sought to force the defendants to waive their Fourth Amendment rights and, failing that, has simply not produced discovery to the defendants.

Following this, on September 3, 2018, Ms. Bronfman's counsel again wrote to the government, noting the government's failure to produce discovery and requesting once again that the government provide information about what Rule 16 discovery the government will be producing and when. (Ex. 7: Bronfman 9/03/18 Letter.) Specifically, the defense requested answers to the following questions:

- Is any discovery ready to be produced? If so, what does it consist of and what is the size of the production? When will it be produced?
- For which seized materials (from any warrants executed in the course of the investigation) has the government not completed the review process to identify items responsive to search warrants? What is the timetable for finishing that review process? What is the anticipated volume of that data?
- For which seized materials (from any warrants executed in the course of the investigation) is the government undertaking a privilege review process? How long do you anticipate that process will take? What is the anticipated volume of that data?

4

**BRAFMAN & ASSOCIATES, P.C.**

(Id. at 2.)

The government did not respond to either of Ms. Bronfman's letters, has not provided answers to these questions. Thus, five months after the arrest of Keith Raniere and Allison Mack, and more than six weeks after the arrest of the other defendants, the government still has not begun to produce the bulk of the discovery in this case.

Trial Date

Next, we write to reiterate that Mr. Raniere has not waived and does not waive his right to a speedy trial and requests that this Court keep the January 7, 2019 trial date. As we have stated previously, Mr. Raniere was forcibly seized in Mexico at the behest of United States authorities in the absence of an international, or provisional, arrest warrant on March 26, 2018. (See Dkt. No. 43, Raniere Motion for Bond at 8.) Since the inception of this case, the government has maintained that Mr. Raniere must be remanded pending a trial and, yet, has employed every basis available to avoid a trial. As the Court will recall, on May 4, 2018, Mr. Raniere requested a trial date of mid-July 2018. (See 5/04/18 Transcript at 14.) Because Ms. Allison Mack had been arrested in advance of the arraignment date, the Court set a trial date of October 1, 2018. So as to avoid the October 1, 2018 trial date, the government superseded the Indictment on July 24, 2018, adding four defendants. Defendant Raniere continued to press the Court for the October 1, 2018 trial date. (See 7/25/18 Transcript at 9.) However, in light of the additional defendants, the Court set a January 7, 2019 trial date. (Id. at 16-17.)

We anticipate the possibility that the government will continue to deny Mr. Raniere a speedy trial while continuing to demand his pretrial incarceration. Therefore, Mr. Raniere requests that the Court keep the January 7, 2019 trial date, and that the government be directed to meet its discovery obligations immediately. At Ms. Bronfman's bail hearing on August 21, 2018, the government stated that "[w]e may be seeking to have the case designated as a complex case officially, given how much data that there is in this case." (8/21/18 Tr. at 41.) As detailed above, the fact that the government has not met their discovery obligations does not make this case complex. It should be noted that the search warrant on 3 Oregon Trail was executed on March 27, 2018 – one day after Mr. Raniere's arrest. The government should have provided this material a long time ago. The fact that the government has failed to promptly fulfill its discovery obligations does not transform an eminently manageable case into a complex one. Moreover, the government cannot now use its neglect as a basis to delay the trial date and keep Mr. Raniere in jail. Mr. Raniere asserts his complete innocence and he desires a trial immediately. Failing that, he asks only that the January 7, 2019 trial date be kept.

In terms of the mechanics of a January 7, 2019 trial date, we offer a proposal. Given the notoriety and length of this trial, we believe that the use of juror questionnaires is appropriate. We also believe that the Court may want to summon between 500 and 700 jurors. Therefore, we humbly propose that on January 7th, the Court orders the jurors and ask them to fill out juror questionnaires that will be agreed-upon ahead of time. We expect that all counsel will need time to go through the completed questionnaires and agree upon strikes for cause. Once that process is completed, the Court can bring the non-struck jurors to court for the continuation of jury selection

**BRAFMAN & ASSOCIATES, P.C.**

and preemptory challenges. This would cause opening statements to be toward the end of January or early February 2019.

Identity of Jane and John Does

As noted above, the defense has repeatedly asked the government to disclose to all defense counsel the identities of the Jane and John Does named in Counts One through Seven of the Superseding Indictment. On August 14, 2018, counsel served the government with a Bill of Particulars letter on behalf of all defendants, asking for this information, among other things. It is now four weeks since the defendants sent the Bill of Particulars letter and the government has still not provided this information. As the government is obviously aware of these identities, this is a task that should take a few minutes to complete. Yet, the government still has not responded, leaving all counsel to conclude that this refusal to provide the names is another way that the government is seeking to delay the trial date and frustrating the defendants' efforts to prepare for this trial.

Defendants Raniere's and Mack's Specific Brady Demand

On July 18, 2018, prior to the superseding indictment adding defendants Bronfman, Russell, Nancy Salzman and Lauren Salzman, defendants Raniere and Mack provided the government with a specific Brady request in the form of a letter. (See Ex. 8: Brady Letter). We believe that the government has been told by a number of people the government considers "DOS slaves" during proffer sessions with the AUSAs and the FBI agents assigned that no sex trafficking or other illegal conduct took place. These witnesses provided information which contradicts the factual allegations and theory of the prosecution. Defense counsel believes, moreover, that when confronted with these accounts of alleged "DOS slaves" that no illegal conduct took place that the government attempted to "convince" these witnesses to the contrary. The defense is concerned with the propriety of this investigation in light of this information. The defense is moreover concerned that the government has ignored for close to two months a specific Brady letter on July 18, 2018.

Simply put, if the government has been told by someone it believes to be a "DOS slave" that nothing inappropriate happened, contradicts information alleged by any of its witnesses or that any defendant did not act with the requisite mental state required for the commission of the crime, that is the very definition of Brady material, and it must be disclosed immediately. Therefore, in light of the fact that the government has ignored our July 18, 2018 letter, we ask the Court to direct the government to provide an answer to our specific Brady request.

Conclusion

In sum, the government has taken an aggressive position – we believe unreasonably so – in this case. It has caused the forcible seizure of a U.S. citizen in another country in the absence of an arrest warrant justifying that action and it has sought highly restrictive conditions for several peaceable citizens who lack any criminal record and have no history of violence. This is exacerbated by the fact that the government is objectively deficient in timely providing discovery,

6

**BRAFMAN & ASSOCIATES, P.C.**

providing <u>Brady</u> disclosures and basic particulars, such as the identities of the John and Jane Does. Rather than moving this case forward toward a trial in a legal and responsible fashion, the government seems far more intent on finding ways to avoid a trial.

We ask that the Court keep the January 7, 2019 trial date and that it order the government to do the things it is required to do in order to make that trial fair and in conformity with the law and the established procedures.

Thank you for your consideration.

Sincerely,

**Brafman & Associates, PC**
By: Marc Agnifilo
Teny Geragos
Jacob Kaplan

**DerOhannesian & DerOhannesian**
By: Paul DerOhannesian II
Danielle R. Smith

cc: All Counsel (via ECF and email)