**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MKM:MKP/TH

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 4, 2018

By Hand and ECF

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Keith Raniere et al.
                  Criminal Docket No. 18-204 (S-1) (NGG) (VMS)

Dear Judge Garaufis:

      For reasons set forth in greater detail in an accompanying sealed, ex parte filing, the government respectfully writes to request an order permitting deferred disclosure of sealed, unredacted copies of three search warrants and affidavits[1] (collectively, the "Warrants") until one month prior to the due date for suppression motions, absent a further order by the Court. For reasons set forth in the government's accompanying ex parte filing, compelling interests weigh heavily in favor of continued sealing and deferred disclosure of the redacted portions of the Warrants.

    I.    Background

      On July 23, 2018, a grand jury in this District returned a 7-count indictment (the "Superseding Indictment") charging the defendants with racketeering conspiracy from 2004 to 2018 and other crimes. The predicate acts alleged as part of the racketeering conspiracy include conspiracy to commit identity theft, conspiracy to unlawfully possess

---

[1] The three search warrants and affidavits at issue are In re the Search of Information Associated with the Yahoo! Identifier "keithraniere@yahoo.com," 18-M-981, issued and sealed by the Honorable Cheryl L. Pollak on October 15, 2018; In re the Search of Information Associated with the Google Identifier "clarewbronfman@gmail.com," 18-M-982, issued and sealed by the Honorable Cheryl L. Pollak on October 15, 2018; and In re the Search of Electronically Stored Information Extracted from Electronic Devices Seized from 3 Oregon Trail, Waterford, NY 1288 Now Located in the Eastern District of New York, 18-MJ-1018, issued and ordered sealed by the Honorable Roanne L. Mann on October 24, 2018.

identification documents, identity theft, conspiracy to alter records for use in an official proceeding, encouraging an alien to enter the United States unlawfully, money laundering, forced labor, document servitude, conspiracy to commit larceny by extortion in violation of state law, and sex trafficking.

On October 3, 2018, the parties submitted a joint proposed schedule to the Court with December 7, 2018 listed as the date by which the government would "substantially complete" production of discoverable material that was—as of that time—in its possession.  The Honorable Vera M. Scanlon noted that December 7 is "not a cut off but the expectation is that the government will have produced as much as possible."  See, e.g., 9/27/2018 Transcript at 52.  The government has worked diligently to produce discovery and so far has produced over 250,000 bates-numbered pages of discovery, and forensic copies of devices containing at least another approximately 1,000,000 documents and approximately 1000 audio/visual files.  The government believes it will have substantially completed production of discoverable material that was in its possession as of October 3, 2018 by December 7, 2018, except for materials that are being reviewed for potential privilege.[2]

The parties agreed to December 7, 2018 as the substantial completion date for discovery based on a jointly proposed schedule that suggested January 7, 2018 as the date by which defense counsel would file motions related to severance, suppression and discovery.  On October 15, 2018, the Court declined to set a schedule for other motions, including suppression motions, until after the Court had reviewed the defendants' initial pretrial motions unrelated to discovery or severance (the "Initial Motions").  See 10/15/18 Dkt. Entry.  Oral argument on the Initial Motions is scheduled for January 3, 2019.  See id.

II.     The Warrants

The Warrants were properly sealed by the judges who issued them and redacted copies were unsealed by the Honorable Peggy Kuo on November 20, 2018 on the government's motion.  The unsealed, redacted copies of the Warrants were disclosed to the respective defendants with standing on November 21, 2018.  The redacted portions of the Warrants will remain under seal until further order of the Court.  On November 26, 2018, the respective defendants jointly sent the government a letter requesting that the Warrants be unsealed, at least as to the paragraphs related to charged crimes and that reasons be provided for continued redactions of the other portions of the Warrants.  The government does not seek full unsealing at this time because compelling interests, which are described in the

---

[2]     A status conference is scheduled before Judge Scanlon on December 6, 2018 to discuss privilege-related issues.  In a letter filed on November 27, 2018, the government alerted Judge Scanlon that it has thus far received inconsistent information regarding privilege from the relevant parties, impeding the privilege review.  (Dkt. No. 206.)

Warrants themselves and in government's accompanying ex parte filing, weigh heavily in favor of continued sealing of the limited redactions.[3]

The Court has broad discretion to craft limitations to the unsealing of the Warrants and to defer disclosure of the Warrants and other evidence to protect the compelling governmental interests in this case, including the integrity of the government's ongoing investigation. See Fed. R. Crim. P. 16(d)(1)(authorizing courts to order deferred disclosures upon ex parte submission); United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995) (need to protect the integrity of an ongoing investigation, including the safety of witnesses, and to prevent interference and other obstruction, may be compelling reasons justifying sealing). The requested limitations clearly are warranted here.

III.   Conclusion

For these reasons and the reasons set forth in its accompanying ex parte filing, the government respectfully requests that the Court order that disclosure of the Warrants be deferred until one month prior to the date set for any suppression motions, absent further order of the Court. A proposed order is included for the Court's consideration.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:      /s/    
Moira Kim Penza
Tanya Hajjar
Assistant U.S. Attorneys
(718) 254-7000

Enclosure

cc:   Counsel of record (by ECF)
      Clerk of Court (NGG) (by ECF)

---

[3] The government is also sensitive to the need to minimize the amount of information in a criminal case that is filed under seal. See, e.g., Lugosch v. Pyramid Co., 435 F.3d 110, 119-20 (2d Cir. 2006) (noting that sealing orders should be "narrowly tailored"). It will continue to assess the need for the current sealing and will promptly inform the Court when the need no longer exists.