## BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY AND CA

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN NY AND NJ

December 5, 2018

VIA ECF

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   United States v. Keith Raniere, 18 Cr. 204 (NGG)

Dear Judge Garaufis:

      We respectfully submit this letter in response to the Government's Letter requesting a Curcio hearing (Dkt. 210, Curcio Letter filed Nov. 30, 2018) pursuant to this Court's December 3, 2018, Order requiring individual and separate responses from all defendants to the Government's letter.

      Since the beginning of our representation of Defendant Keith Raniere, we have discussed with our client the implication of a third-party payor (in this instance, a trustee of an irrevocable trust). Mr. Raniere has stated to his attorneys he understands the issues, including any potential conflict, and that he waives any potential conflict. Therefore, we do not object to the Court conducting a Curcio hearing, and we commit to working with the Government on a limited inquiry that satisfies the three prongs articulated in United States v. Iorizzo, 786 F.2d 52 (2d Cir. 1986.)

      However, we do note the timing of the Government's filing. Counsel has been forthcoming about the existence of this trust to the Government, the Court and the public for *six months*. At Mr. Raniere's June 12, 2018 Bail Hearing, counsel advised in open Court that an "irrevocable trust"…"a defense trust [] has been created since the inception of this case. It's being administered by a trustee. The trustee has a lawyer…" (6/12/18 Transcript ("Tr.") at 12.) Counsel advised the

**BRAFMAN & ASSOCIATES, P.C.**

Court of the provision that the trust "can't spend anything unless it's a reasonable defense cost…" (Tr. at 13.) The Court understood that the funds in the trust were not our client's money. (Id.)

Notably, Mr. Raniere's counsel informed the Government of the existence of the trust even before the bail hearing, which they confirmed to the Court. (Tr. at 22.) Now, the same counsel who first brought up the existence of the trust to the Government and the Court, and who has been straightforward about the trust with the Government, is having his "advice" and "loyalties" questioned. (Curcio Letter at 6.) The truth is that Government files this Curcio motion now, six months after being told about the trust, because of its vexation over the fact that none of the defendants have pleaded guilty and wish to blame this on divided loyalties. The Government, however, conveniently ignores the most obvious reason for defendants not pleading guilty. That is, of course, because the defendants are *not guilty*. The idea that an irrevocable trust, into which the defendants have no visibility and control, is "*affecting* defense counsel's advice, including (1) whether to seek possible leniency by cooperating with the government, including against Clare Bronfman, and (2) whether to testify in their own defense at trial, where such testimony might implicate Clare Bronfman," is not worthy of serious consideration. (Curcio Letter at 6) (emphasis added).

Nevertheless, given that there is a third-party payor here (the trustee of the irrevocable trust), defendant Raniere consents to a Curcio hearing consistent with Second Circuit law.

Respectfully submitted,

**Brafman & Associates, P.C.**

Marc A. Agnifilo, Esq.
Teny R. Geragos, Esq.

**DerOhannesian & DerOhannesian**

Paul DerOhannesian II, Esq.
Danielle R. Smith, Esq.

cc:   All Counsel (via ECF)