# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY AND CA

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN NY AND NJ

December 7, 2018

VIA ECF

The Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re:   United States v. Keith Raniere, et al., 18 Cr. 204 (NGG)

Dear Judge Scanlon:

We write on behalf of Keith Raniere, Clare Bronfman and Nancy Salzman in opposition to the Government's supplemental letter and Proposed Order permitting deferred disclosure of sealed, unredacted copies of three search warrants and affidavits on their accounts and devices until December 21, 2018. (Dkt. 228, Supplemental Motion for Protective Order.) We rely on our December 5, 2018, filing (Dkt. 223, Response in Opposition to Motion for Protective Order) and submit this brief response.

We submit that the Court should not grant the Proposed Orders and instead should unseal the entirety of the search warrant affidavits immediately. In the alternative, we ask that the Court order the Government to immediately provide the unredacted search warrants to the attorneys for the respective defendants, for attorney's eyes only, which designation will remain in place until the Government's proposed date of December 21, 2018.

The Government's own filing asked for deferred disclosure until "one month prior to the due date for suppression motions" in its Prior Motion for a Protective Order. (Dkt. 216, First Motion for a Protective Order.) Defendants objected to this date as a tardy disclosure on the following grounds: (1) there is not a sufficient factual basis to seal the documents as the defendants have already been indicted and (2) these documents are material to the defense and must be reviewed in time to file motions. (Response in Opposition at 1-2.) When the Court set the deadline of January 7, 2019, for Motions to Suppress, the Government did not object. (12/6/18 Transcript

**BRAFMAN & ASSOCIATES, P.C.**

at p.11: Judge Garaufis stated, "The proposal was the Defendants' pretrial motions as to severance, suppression, and discovery, Defendants' motion due January 7 under the schedule. Any reason to change the date? We'll just leave it in place, then.")

  Now, after consenting to this Motion schedule yesterday, the Government has taken a different position than they did yesterday and three days ago and have requested an even further delay to disclose these warrants to the defense. Delaying this disclosure another two weeks will materially hinder the defendants' preparation of motions and preparation of trial. The Government cannot cite to precedent allowing such a significant delay in disclosure—especially when these warrants were signed nearly two months ago.[1] Therefore, while counsel asks for the entirety of the search warrants to be unsealed and provided today, counsel proposes an alternative solution—that these search warrants and supporting affidavits should be unsealed in full today and given to the attorneys, for their eyes only, until December 21, 2018.

  Thank you for your consideration.

Respectfully submitted,

Marc A. Agnifilo, Esq.
Teny R. Geragos, Esq.

cc:  All Counsel (via ECF)

---

[1] There is no concern that the defendants can destroy evidence in connection with the search warrants, because the Government is already in possession of all of all the devices and accounts.