

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ML:MKP/TH
F. #2017R01840

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 28, 2019

By Hand and ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Keith Raniere, et al.
      Criminal Docket No. 18-204 (NGG) (S-1)

Dear Judge Garaufis:

   In advance of this morning's status conference, the government respectfully submits this letter to respond briefly to Keith Raniere's Friday night filing seeking, for the third time, his release from pretrial incarceration (DE 303). The defendant's filing is replete with misrepresentations of the discovery process that the government will not justify with a point-by-point refutation unless the Court so directs. Raniere's filing ignores that his co-defendants no longer join him in "one voice" and instead launches baseless accusations of misconduct.[1]

   The government respectfully requests that the Court deny the defendant's motion without further briefing or argument. Furthermore, the government respectfully notes that in addition to the reasons set forth by the Court in the Memorandum and Order dated January 14, 2019 (DE 287), Raniere's own extensive pretrial motion practice has contributed to the pretrial period and that each of the numerous motions he (and the other parties) filed has had the effect of excluding time under the Speedy Trial Act as well. See 18

---

[1] As just one example, the defendant calls the government's request to designate this case complex a "ruse," despite this Court's finding of complexity (DE 138) and the defendant's affirmative consent to the complex case designation at every court appearance since the finding was made. (See DEs 230 (minute entry from October 4, 2018 status conference), 232 (minute entry from December 6, 2018 status conference) and January 9, 2019, Status Conference Tr. at 71:25-72:4.)

U.S.C. § 3161(h)(1)(D) (excluding from calculation of time under the Speedy Trial Act "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); <u>United States v. Tinlenberg</u>, 563 U.S. 647, 653 (2011) (holding that 18 U.S.C. § 3161(h)(1)(D) "stops the Speedy Trial clock from running automatically upon the filing of a pretrial motion irrespective of whether the motion has any impact on when the trial begins").

    Respectfully submitted,

    RICHARD P. DONOGHUE
    United States Attorney

By:   /s/
    Moira Kim Penza
    Tanya Hajjar
    Mark Lesko
    Assistant U.S. Attorneys
    (718) 254-7000

cc:    Clerk of Court (NGG) (by ECF)
      Counsel of Record (by ECF)