# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ANDREA L. ZELLAN

JOSHUA D. KIRSHNER

JACOB KAPLAN

TENY R. GERAGOS
ADMITTED IN NY & CA

STUART GOLD

February 18, 2019

VIA ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

The Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>United States v. Keith Raniere, et al.</u>, 18 Cr. 204 (NGG)

Dear Judge Garaufis and Judge Scanlon:

    We write on behalf of all defendants in response to the Government's letter informing the Court about a dispute between the Government and defendants regarding the timing of expert disclosures. (Dkt. 347.)

    <u>First</u>, the Government correctly notes that the defendants' position is that "all defense experts should be disclosed on March. 25, 2019." (<u>Id.</u> at 1.) We have maintained that the Government's position that initial expert disclosures should be made simultaneously by the Government and the defense on February 25, 2019 is untenable.

BRAFMAN & ASSOCIATES, P.C.

As an initial matter, the Government bears the burden of proof and must provide adequate pretrial disclosures in order to permit the defense to prepare its defense and avoid unfair surprise at trial. Rule 16's requirements regarding expert disclosures are no exception to that rule. Specifically, Rule 16(a)(1)(G) is designed to minimize the risk of surprise to the defense, avoid unnecessary continuances, and provide the defendant with a fair opportunity to cross-examine the expert. See United States v. Cruz, 363 F.3d 187, 196 n.2 (2d Cir. 2004). Because the defense bears no burden, the Government should be required immediately to identify the experts upon which it intends to rely, as well as the topics and bases for their opinions. It is only upon reviewing the Government's disclosures that the defense then will be able to determine whether it intends to offer expert testimony in their case-in-chief—whether to rebut directly the anticipated expert testimony of the Government witness or to address some other facet of the Government's case more generally as a consequence of the Government's disclosures.

A staggered disclosure of this nature makes sense not only as a matter of logic but also as a matter of law. In particular, the Rule governing the defense's reciprocal disclosure obligations, provides that "the defendant must, at the government's request, give the government a written summary of any [expert] testimony . . . if—(i) the defendant requests disclosure . . . *and the government complies*." Fed. R. Crim. P. 16(b)(1)(C)(i) (emphasis added). Put differently, the defendants' disclosure obligations are reciprocal in that they are triggered only after the Government has complied with its affirmative disclosure obligations and the rule makes that distinction explicit. Accordingly, the Government should be required to provide its Rule 16(a)(1)(G) disclosures as soon as possible and, in any event, no later than February 25, 2019. The defense then will provide their Rule 16(b)(1)(C) disclosures no later than March 25, which is still a month prior to the commencement of trial. This schedule will afford the defendants sufficient notice, prevent unfair surprise, and allow the parties to file pretrial motions sufficiently in advance of trial challenging the propriety or qualifications of any experts.

Moreover, this proposed schedule is particularly appropriate here. The Government previously indicated that it would be in a position to make expert disclosures on or before November 2, 2018, albeit at a time when trial was scheduled to commence on January 7, 2019. Thereafter, following the January 28, 2019, conference before Your Honor, the Government represented that it intended to call four or five experts in its case-in-chief and further represented that it would provide some disclosure as to the scope and nature of the expert testimony by mid-February. (See 02/11/2019 Tr. at 17.) As such, the Government clearly knows the expert testimony it intends to offer, and therefore should not be permitted to delay disclosure—at least of the topics that its experts intend to opine on—any further, which potentially could result in significant motion practice and/or prompt a motion for a continuance by other defendants.

Second, the Government has proposed that any rebuttal experts be disclosed March 8, 2019, a week and a half after the February 25, 2019 disclosures. Defendants have impressed upon the Government that a week and a half to locate rebuttal experts is not realistic, as defendants do not have any idea what topics the four to five experts the Government intends to call will opine. The Government clearly knows the topics, has known their experts for some months, yet refuses

BRAFMAN & ASSOCIATES, P.C.

to disclose topics to the defendants. Therefore, defendants cannot be expected to locate and choose rebuttal experts on any date sooner than March 25, 2019, let alone March 8, 2019.

  Third, we reiterate our request for the Government to produce the discovery covered by the protective order (Dkt. 246) immediately. As the Court knows, defendants receive an enormous amount of information six weeks before jury selection including witness statements, exhibits, witness lists. This critical period also includes expert and motions *in limine* briefing. The Government should not be able to withhold the discovery that has been in their possession since at least December 4, 2018, the date of their ex parte filing, for yet another week.

  Thank you for your consideration.

                Respectfully submitted,

                Marc Agnifilo

cc: All Counsel (via ECF)