

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MKM:TH/MKP/MJL  *271 Cadman Plaza East*
F. #2017R01840  *Brooklyn, New York 11201*

February 20, 2019

<u>By ECF</u>

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Keith Raniere, <u>et</u> <u>al.</u>
       Criminal Docket No. 18-204 (S-1) (NGG) (VMS)

Dear Judge Garaufis:

  The government respectfully submits this letter in advance of the individual <u>Curcio</u> hearings scheduled by the Court to advise the Court of additional information obtained by the government concerning the payment of legal fees of the defendants in this case by the CDF Irrevocable Trust (the "Trust").

  The government has reviewed a redacted copy of the Trust's indenture, which was provided to the government at the Court's direction.  Section 4.02 and Article 5 of the Trust indenture provides that upon termination, "the Trustee shall distribute the remaining Trust property to Arlen Olsen as Trustee of The KAR 2018 Trust dated April 15, 2018." (<u>See</u> Trust Indenture, Section 4.02, at 7-8.)  The government has contacted Arlen Olsen, Esq., who represented that the beneficiary of The KAR 2018 Trust is the defendant Keith Raniere's minor son.[1]

  Counsel for the Trustee has represented that the remaining corpus of the Trust is "likely insufficient to cover all legal fees and expenses associated with representation of

---

[1] Defendants Clare Bronfman, Nancy Salzman, and Keith Raniere have each asserted attorney-client relationships with Mr. Olsen.  In response to an inquiry by the government, counsel for the Trustee stated that he was not aware who the beneficiary of The KAR 2018 Trust was and that he had initially advised Ms. Bronfman that any remaining Trust funds should be distributed to a charitable organization.

the [defendants and beneficiaries] for the duration of the litigation." (Walker Decl. at 2.) But contrary to counsel's statement that there is "no provision in the trust instrument for Contributors to replenish the trust," Walker Decl. at 3, the Trust indenture expressly contemplates the existence of additional contributors who may transfer property to the Trust at any time. (See Trust Indenture, Section 9.05(i) (defining a transferor as a "person who transferred property to the Trust during that person's lifetime, including a person whose disclaimer resulted in property passing to the Trust.")). Not only would such contributions implicate the concerns raised by the Court in its January 9, 2019 Order, but the continued reimbursement of legal fees expended by counsel for defendants and other beneficiaries in this case may impact the funds, if any, that remained for the benefit of Keith Raniere and his family.

The government respectfully requests that the Court advise the defendants of this additional information during each defendant's Curcio hearing.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:  /s/
Moira Kim Penza
Tanya Hajjar
Mark J. Lesko
Assistant U.S. Attorneys
 (718) 254-7000

cc:   Counsel of Record (by ECF)