

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

KMT:MKP/TH/MJL
F. #2017R01840

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 1, 2019

By Hand and ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Keith Raniere, et al.
                 Criminal Docket No. 18-204 (S-1) (NGG) (VMS)

Dear Judge Garaufis:

      The government respectfully submits this letter to notify the Court regarding a potential conflict involving counsel for defendants Keith Raniere and Clare Bronfman.  This potential conflict arises from the fact that an attorney for Raniere and an attorney for Bronfman are closely related to each other.

      The government advises the Court of this information pursuant to its obligation under Second Circuit law so the Court may conduct the appropriate inquiry pursuant to United States v. Curcio, 680 F.2d 881, 888-90 (2d Cir. 1982).  See, e.g., United States v. Stantini, 85 F.3d 9, 13 (2d Cir. 1996); United States v. Malpiedi, 62 F.3d 465, 467 (2d Cir. 1995).

      The government notes the Court's familiarity with the charges in this case and the prior Curcio hearing held for Raniere and does not reiterate that background here.  Additionally, the government incorporates by reference the law set forth in its Curcio motion, dated November 30, 2019 (Dkt. No. 210).

    I.    Defendants' Representation Before the Court

      On April 13, 2018, Marc A. Agnifilo, Esq., Teny Rose Geragos, Esq., and Jacob Kaplan, Esq., attorneys with the law firm Brafman & Associates, P.C., filed notices of appearance on behalf of the defendant Keith Raniere.  On April 10, 2018 and April 23, 2018, respectively, Paul DerOhanessian, Esq. and Danielle Renee Smith, Esq., attorneys from the law firm DerOhannesian & DerOhannesian, also filed notices of appearance on behalf of defendant Raniere.

On July 24, 2018, Susan R. Necheles, Esq., Kathleen Elizabeth Cassidy, Esq., and Gedalia Moshe Stern, Esq., attorneys with the law firm Hafetz & Neches LLP, filed notices of appearance on behalf of the defendant Clare Bronfman. On September 27, 2018, Alexandra A.E. Shapiro, Esq. and Fabien Manohar Thayamballi, Esq., attorneys with the law firm Shapiro Arato LLP, also filed notices of appearance on behalf of defendant Bronfman. On February 27, 2018, Mark J. Geragos, Esq. also filed a notice of appearance on behalf of Bronfman.

On March 1, 2019, Cassidy informed the government that Mark Geragos was replacing Necheles as lead trial counsel for Bronfman. The government is unclear as to what, if any, role the attorneys from Hafetz & Necheles LLP will have on this case going forward.

II.   Potential Conflicts Based on Personal Interest

Rule 1.7 of the New York Rules of Professional Conduct (the "New York Rules") provides that a lawyer "shall not represent a client if a reasonable lawyer would conclude that . . . there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own . . . personal interests," absent other circumstances, including the client's "informed consent." The Comment to Rule 1.7, under the heading "Personal-Interest Conflicts," states:

> When lawyers representing different clients in the same matter . . . are closely related, there may be a significant risk that client confidences will be revealed and that the lawyer's family relationship will interfere with both loyalty and professional judgment. As a result, each client is entitled to know of the existence and implications of the relationship between the lawyers, before the lawyer agrees to undertake the representation. Thus, a lawyer who has a significant intimate or close family relationship with another lawyer ordinarily may not represent a client in a matter where the other lawyer is representing another party, unless each client gives informed consent . . . .

Rule 1.7 of the New York Rules mirrors Rule 1.7 of the American Bar Association Model Rules of Professional Conduct (the "Model Rules"). The Model Rules make the same admonition in substantially the same words and specifically state in the Comment that "a lawyer related to another lawyer, e.g., as parent [or] child . . . ordinarily may not represent a client in a matter where that lawyer is representing another party."

Courts within the Second Circuit have frequently cited to state rules of professional responsibility and the Model Rules in identifying potential conflicts of interest in attorney representation, including for purposes of conducting Curcio hearings. See, e.g., United States v. Jiang, 140 F.3d 124, 127 (2d Cir. 1998) (citing Model Rules); Grand Jury Subpoena Served Upon Doe, 781 F.2d 238, 248 n. 6 (2d Cir. 1986) (citing Model Rules); United States v. Chinnici, 17-CR-77, 2018 WL 3435066, at *3 (D. Vt. July 17, 2018) (citing Vermont rules of professional conduct); United States v. DiScala, 14-CR-399 (ENV), 2017 WL 6623985, at *3 (E.D.N.Y. Dec. 28, 2017) (citing New York Rules).

II.  Analysis

Raniere's attorney, Teny Geragos, and Bronfman's attorney, Mark Geragos, both face potential conflicts of interest.  There is a risk that because they are father and daughter, their duties of judgment and loyalty may be impaired.  For example, there is a risk that they could reveal client confidences to one another.  There is also a risk that the relationship between them could affect their legal advice, because either one of them may be incentivized to make strategic decisions that would not be in his or her own client's best interests out of fear of harming the other's client or the other's professional reputation.  This is especially true given the high profile nature of this case.  As examples, strategic advice that could be affected by the relationship between Teny Geragos and Mark Geragos might include: (1) whether one client should seek leniency by cooperating against the other, (2) whether a client should testify in his or her own defense at trial, where such testimony might implicate the other, (3) whether to elicit testimony from witnesses on direct or cross-examination if that testimony might implicate the other's client, and (4) whether to make motions that could be adverse to the other client's interests.

The government is not aware of a case addressing the unique situation before the Court; however, cases about divided loyalties, including where one co-defendant is paying another's legal fees (which was the subject of the initial Curcio hearings in this matter), are illustrative.  See, e.g., Wood, 450 U.S. at 270 ("One risk is that the lawyer will prevent his client from obtaining leniency by preventing the client from offering testimony against his former employer or from taking other actions contrary to the employer's interest."); Amiel v. United States, 209 F.3d 195, 198–99 (2d Cir. 2000) (reasoning that if trial counsel advised defendant not to testify even though testifying was in the best interests of the defendant, to avoid inculpating the payor of counsel's fees, "these facts . . . would entitle appellant to relief [on an ineffective assistance claim] on the ground that trial counsel abdicated his duty of loyalty by permitting a third party who paid his fees to influence his professional judgment in representing [the defendant]" (citations omitted)).

Therefore, a Curcio inquiry is appropriate to determine, as to Raniere and Bronfman, (i) whether they each understand the potential conflict raised by Teny Geragos and Mark Geragos's familial relationship; (ii) the nature and extent of that conflict; and (iii) whether each defendant is willing and able to make a knowing and voluntary waiver of the conflict.[1]

---

[1]  The government also notes that Agnifilo and Teny Geragos (together) and Mark Geragos currently represent co-defendants in another criminal matter, United States v. Kingston, 18-CR-365 (D. Utah), which has received some media attention.  The government has inquired about whether there are any financial arrangements between Agnifilo and Teny Geragos (together) and Mark Geragos on either case and all counsel have advised that there are not.

3

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court notify the defendants of the potential conflicts described above and conduct an appropriate inquiry pursuant to Curcio.

                                              Respectfully submitted,

                                              RICHARD P. DONOGHUE
                                              United States Attorney

                        By:    /s/ Moira Kim Penza
                                              Moira Kim Penza
                                              Tanya Hajjar
                                              Mark J. Lesko
                                              Assistant U.S. Attorneys
                                              (718) 254-7000

cc:      Counsel of Record (by ECF)