# BRAFMAN & ASSOCIATES, P.C.
ATTORNEYS AT LAW
767 THIRD AVENUE, 26TH FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 750-7800
FACSIMILE: (212) 750-3906
E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ANDREA L. ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY & CA
STUART GOLD

March 6, 2019

VIA ECF

The Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: United States v. Keith Raniere, et al., 18 Cr. 204 (NGG)

Dear Judge Scanlon:

  We write to request a hearing before Your Honor requesting the following relief: (1) unsealing the December 4, 2018 ex parte filing; and (2) demanding the entirety of the Rule 16 discovery in the government's possession.[1] We address these issues in turn below.

  **1. December 4, 2018 *Ex Parte* Filing**

  On December 17, 2018, this Court granted the government's request to defer "disclosure of certain evidence until six weeks before jury selection in the above-captioned case is set to begin." (Dkt. 246 Order at 1.)[2] Defendants raised an objection to this Order before Your Honor on

---

[1] We are addressing these issues before this Court because Judge Garaufis has referred the discovery disputes to Your Honor and because Your Honor granted the government's December 4, 2018 request for a protective order.

[2] There is a dispute between the parties as to whether six weeks before jury selection was February 25, 2019 (six weeks before April 8, 2019, when potential jurors will be brought to the ceremonial

BRAFMAN & ASSOCIATES, P.C.

February 11, 2019 asking for "access to the ex parte affidavit" (2/11/19 Tr. at 9) and the opportunity to "respond to it because it is hard…to understand given the volume of very sensitive material that we've been given in this case and the likelihood that we know who the witnesses are here." (Id. at 31.)

On February 27, 2019, the government produced at least 10 GB of material covered by this Protective Order to defendants. On February 28, 2019, the government produced additional material covered by the Order to defendants at a status conference before Judge Garaufis. Upon an initial review, the majority of these materials relate to two potential witnesses—one of whom the defendants knew was subpoenaed nearly a year ago, and another of whom has been an obvious potential government witness since before Raniere was even arrested.[3] On March 5, 2018, the government produced additional discovery.

    a. Legal Standard

Under Rule 16, the government has a "continuing duty to disclose…evidence or material that is subject to discovery or inspection…and…the court ordered its production." Fed. R. Crim. Pro. 16(c). Pursuant to Rule 16(d), the government may seek an ex parte and under seal Protective Order. Bases for the Protective Order can include the confidential informant or law enforcement privilege. The law enforcement privilege is a recognized privileged designed

> to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.

United States v. Amodeo, 44 F.3d 141 (2d. Cir 1995) (quoting In re Dep't of Investigation, 856 F.2d 481 (2d. Cir. 1988).

---

courtroom to fill out questionnaires) or March 4, 2019 (six weeks before April 15, 2019, when potential jurors will be interviewed).

[3] Because of the presumed sensitive nature of the government's filing, we are not stating the witness' names in this letter.

BRAFMAN & ASSOCIATES, P.C.

### b. Upon Review of the Discovery Productions It Is Clear These Disclosures are Belated and the Defendants Should Be Allowed an Opportunity to Respond

First, the discovery productions received pursuant to Dkt. 246 are all clearly responsive to Rule 16, as just an initial review indicates that they relate to the government's theory on the Sex Trafficking, Forced Labor and Wire Fraud Conspiracy charges and relate to the prior acts detailed in the Government's Enterprise Motion. We assume that the government invoked the law enforcement privilege as a basis to withhold the discovery. However, none of the recognized law enforcement privileges set forth above are present here.

Neither of the sources of the discovery are confidential—counsel has known of each witness' existence since April 2018, and has in no way interfered in the government's ongoing investigation. Moreover, despite knowing about these two particular individuals, counsel has neither contacted them nor interfered in any way with the ongoing investigation. Both individuals are represented, and we have never reached out to the individuals themselves.

Second, because the information is clearly responsive to Rule 16 and should have been produced earlier, it is not proper for the December 4, 2018 filing to remain under seal. The Court's Order provides that it "shall in no way limit Defendants' rights to review and object to such evidence before trial, including by moving the Court to suppress such evidence if appropriate." (Dkt. 246 at 2.) Accordingly, we request access to the filing to be able to seek any appropriate legal remedies for the belated disclosure of at least 10 GB of responsive material.

### 2. Discovery Hearing

On February 28, 2019, Judge Garaufis held a status conference with all parties and immediately began asking the government about the "possible superseding indictment that [the government keep[s] waiving in front of all of us." (2/28/19 Tr. at 5.) The government again asserted that they "do intend to supersede" in the coming weeks and stated that the letter they filed last week under seal is "certainly *one of the topics*" they intend on superseding on. (Id.) The government then stated that they "don't anticipate that there will be significant additional discovery based on the superseding indictment." (Id. at 6.)

Counsel has repeatedly asserted that it is a violation of Raniere's due process rights for the government to "state[] repeatedly that it possesses discovery material that it was refusing to provide to an incarcerated defendant because of a 'continuing investigation.'" (Dkt. 303, Third Motion for Bail at 1.) Therefore, we request a hearing to discuss the outstanding discovery in the Government's possession that they have not produced, despite the December 7, 2018 discovery

Brafman & Associates, P.C.

deadline set by this Court. The Court and counsel should have an idea as to how much "additional discovery" they plan to produce if the Grand Jury returns a true bill.

    Thank you for your consideration.

Respectfully submitted,

/s/
Marc Agnifilo
Teny Geragos

cc:    All Counsel (via ECF)