UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

KEITH RANIERE, CLARE BRONFMAN,
ALLISON MACK, KATHY RUSSELL,
LAUREN SALZMAN, and NANCY SALZMAN,

                Defendants.

Case No. 1:18 Cr. 00204-NGG

**FILED UNDER SEAL**

**ORAL ARGUMENT REQUESTED**

**Submitted on January 9, 2019**

---

# KEITH RANIERE'S MOTION TO SUPPRESS EVIDENCE AND REQUEST A HEARING PURSUANT TO FRANKS v. DELAWARE

Marc Agnifilo, Esq.
Teny Geragos, Esq.
BRAFMAN & ASSOCIATES, P.C.
767 3rd Avenue, 26th Fl.
New York, NY 10017
Tel: (212) 750-7800
Fax: (212) 750-3906

*Attorneys for Defendant Keith Raniere*

**Table of Contents**

Preliminary Statement ........................................................................................................................ 1

Argument ............................................................................................................................................ 1

    I.      A Franks Hearing Is Required Because Vital Facts That Undermine the Entire Theory of the Prosecution's Case Were Either Misrepresented, Concealed or Omitted from the Court ................................................................................................................................. 1

          A.  Legal Standard ............................................................................................................ 2

          B.  The Affidavit Contains Fatal Reckless and Material Omissions ............................ 3

          C.  Without the Misrepresentations and Omissions, the Remaining Portions Do Not Establish Probable Cause ........................................................................................ 5

    II.     The Evidence Acquired Through the October 2018 Search Warrant Should Be Suppressed Because the Allegations Supporting the Warrant Were Obtained Through an Unconstitutional Search of Co-Defendant Clare Bronfman's Emails ...................... 6

    III.    Keith Raniere Respectfully Adopts the Motions of His Codefendant Clare Bronfman To the Extent Not Inconsistent With the Instant Motion ............................................... 7

Conclusion .......................................................................................................................................... 7

## PRELIMINARY STATEMENT

Defendant Keith Raniere respectfully submits this memorandum of law in support of his motion to suppress the fruits of the January and October warrants and for a hearing to determine the propriety of such warrants.[1]

## ARGUMENT

**I.  A <u>Franks</u> Hearing Is Required Because Vital Facts That Undermine the Entire Theory of the Prosecution's Case Were Either Misrepresented, Concealed or Omitted from the Court**

To sustain the critical protective role of search warrants, courts must ensure that the representations of affiants are made in good faith. See <u>Franks v. Delaware</u>, 438 U.S. 154, 98 S. Ct. 2674 (1978). As demonstrated in the affirmation, at the time that all <u>three</u> search warrants were sought (from December 2017 to October 2018), the Government acted with reckless disregard for the truth concerning (1) information contrary to their allegation that Nxivm operated as a scheme that forced students into debt and retaliated against "perceived enemies" for decades; (2) Raniere's stay in Mexico; (3) the true nature of DOS when inviting prospective members into the sorority; (4) the branding ceremony to mislead the Court as to Raniere's involvement in the sorority; (5) its reliance on double hearsay statements from a federally indicted blogger; and (6) the totality of emails that directly contradict the document servitude charge—that *defendants* kept identifying documents from Jane Doe 4—rather than her own family. This information was concealed from

---

[1] We submit this Motion and accompanying Affirmation and exhibits under seal because of the Protective Order issued by Magistrate Judge Vera Scanlon. (See Dkt. 236, Limited Unsealing Order at 2: "[I]f Counsel or Record wish to attach or describe the contents of the warrants in any submission to the Court, including but not limited to any motion to suppress, such attachments and descriptions shall be filed under seal, with access limited to the Court, including but not limited to any motion to suppress, such attachments and descriptions shall be filed under seal with access limited to the Court, the Government, and the trial defendants and their counsel of record until further order of the Court.") Although the Government has not been obeying the Protective Orders that they have insisted be put into place, we ask that their response be under seal as well. If it is not, we will make the appropriate motions to this Court for this Motion to be public.

1

each Court that signed the search warrants authorizing the Government to seize and search the following accounts and properties: Lauren Salzman's account, Allison Mack's account, Keith Raniere's account, Clare Bronfman's account, Marianna Fernandez's account, Nancy Salzman's residence and 8 Hale Drive in Halfmoon.

### A. Legal Standard

On these claims, Raniere has certainly made the "necessary substantial preliminary showing that the warrants were based upon affidavits containing false statements made knowingly or intentionally or with reckless disregard for the truth." Franks, 438 U.S. at 154. Under such circumstances, according to the Franks Court:

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

Id. at 155-56; United States v. Coreas, 419 F.3d 151, 155 (2d Cir. 2005) (the district court must hold a hearing to determine if the misstatements or omissions were made intentionally or with reckless disregard and determine de novo whether after setting aside the falsehoods, the affidavit is sufficient to support a finding a probable cause). The same "reckless disregard" standard applies to material omissions from the affidavit. See United States v. Tomblin, 46 F.3d 1369, 1376 (5th Cir. 1995) (omissions can constitute improper government behavior).

The Franks rule is a well-seasoned safeguard against overzealous and improper activities by the Government. A properly informed, neutral and detached magistrate serves to protect against unjustifiable privacy invasions by interposing judicial impartiality into the critical probable cause

decision. This is an especially important safeguard to protect against the otherwise ex parte process that may be subject to abuse or overreaching by investigators and prosecutors. See, e.g., Johnson v. U.S., 333 U.S. 10, 14, 68 S. Ct. 367 (1948) (probable cause must be determined by a neutral and detached magistrate, and not by the officer engaged in the often competitive enterprise of ferreting out crime). "Because it is the magistrate who must determine independently whether there is probable cause, it would be an unthinkable imposition upon his authority if a warrant affidavit, revealed after the fact to contain a deliberate or reckless false statement, were to stand beyond impeachment." Franks, 438 U.S. at 165.

### B. The Affidavit Contains Fatal Reckless and Material Omissions

Here, the affidavits contain reckless and material omissions. The entire search and seizure of Raniere's entire email account based on this information suggests an attempt to mislead the Court. First, the affidavit incorrectly, yet repeatedly misrepresents Nxivm as an organization by (1) describing it as a multi-level marketing scheme; and (2) asserting that it uses litigation as a retaliatory device. Specifically, the affidavit states that Nxivm was a "multi-level marketing scheme" that "forced students to take jobs for the company." The Government knew at all times that Nxivm was a business that sold classes, paid commissions to those who signed new clients up for classes, and, as promised, was a self-help organization. By incorrectly and repeatedly stating that Nxivm was a "scheme" and a "cult," the affidavit seeks to mislead the Court on the facts. The affidavit also incorrectly and repeatedly states that the company uses litigation to retaliate against critics in an attempt to silence them. In glaring omissions, the affidavit fails to ever state that the lawsuits had basis because of consistent criminal conduct by those "critics" and that many of Nxivm's lawsuits prevailed. (See Agnifilo Affirmation ("Aff.") ¶¶ 10-15.)

<u>Second</u>, the Government knowingly and repeatedly mischaracterized Raniere's departure from the United States to Mexico to mislead the Court and make it appear that Raniere and Bronfman were hiding away in Mexico. The Government knew at all times that Raniere did not leave for Mexico in response to a <u>New York Times</u> article. Rather, the Government knew that he <u>returned from Mexico</u> on the day that the <u>New York Times</u> article was published. (See Agnifilo Aff. ¶¶ 18-21.)

<u>Third</u>, the Government has charged Raniere, Lauren Salzman and Allison Mack with misrepresenting the true nature of DOS when inviting prospective members into the sorority, <u>yet</u> the affidavit misrepresents to the Court the reasons that many women joined the sorority. For example, the affidavit states that Jane Doe 3 and Jane Doe 4 wanted to join to move up in Nxivm's ranks. This fundamentally misrepresents the role of the "secret" sorority DOS, which does not have any connection to the Nxivm Stripe Path. It also misrepresents Jane Doe 3 and Jane Doe 4's role in Nxivm—both as co-founders of Nxivm centers with vital roles in the company. (See Agnifilo Aff. ¶¶ 23-24.)

<u>Fourth</u>, the Government sensationalizes and misrepresents the "branding ceremony" of members of Lauren Salzman's group of women. To try to show that none of the women knew of Raniere's involvement in the sorority, the affidavit states that while Jane Doe 4 was filming the branding ceremony, she saw a text from "KAR" come in on Salzman's phone and she assumed this was Karen Unterreiner. In reality, the Government was in possession of a memorandum that referred to Jane Doe 4's statements that once she saw "KAR" on Salzman's phone, she knew of Raniere's involvement in the sorority. The affidavit's blatant disregard for the truth on this topic goes to the heart of the allegations of fraud, coercion and deception. (See Agnifilo Aff. ¶¶ 25-27.)

4

Fifth, the Government relies on a blog in its affidavit to show probable cause. As this Court is well aware now, this blog pokes endless fun at Raniere and is dedicated to Raniere's demise. Even more astonishing is that this blog's creator and author is an indicted defendant in the Western District of New York. Although the Government maintains to this Court it has never spoken to the blog's author,[2] it somehow still finds him credible enough to cite in an affidavit to search and seize Raniere's account. (See Agnifilo Aff. ¶¶ 31-34.)

Finally, in the most recent warrant, the Government omits and misrepresents the allegations regarding "document servitude" in the Superseding Indictment. Despite evidence (text messages and emails) in their possession and the fact that Raniere continually points out the truth, the affidavit continues to paint a false picture regarding this woman's voluntary stay in her own bedroom and her return to Mexico. Moreover, it omits any mention of her family's effort to control their daughter, and instead places the blame at the feet of Raniere and Salzman. (See Agnifilo Aff. ¶¶ 40-45.)

Therefore, these statements show that the affidavit repeatedly misrepresented the truth and was made in reckless disregard of the true facts. The lack of information in the affidavit suggests reckless behavior on the Government's part and an attempt to repeatedly mislead the Court.

### C. Without the Misrepresentations and Omissions, the Remaining Portions Do Not Establish Probable Cause

After purging the affidavit of the misrepresentations and omissions, the remaining portions lack sufficient information to rise to the level of establishing probable cause. The Government acts with reckless disregard for the truth for a substantial number of the alleged crimes (such as 18

---

[2] See 9/13/18 Transcript at 42-43: "I do just want to clarify, Mr. Agnifilo stated that he thought that Government leaks to this particular blogger was a farfetched idea. It is not just farfetched, it is false. The Government has said it is false.")

5

U.S.C. § 1592 (document servitude), 18 U.S.C. § (engaging in a pattern of racketeering activity), ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ which substantially taints the entirety of the affidavit as a whole. As a result, Raniere is entitled to a Franks hearing on the matter.

II. **The Evidence Acquired Through the October 2018 Search Warrant Should Be Suppressed Because the Allegations Supporting the Warrant Were Obtained Through an Unconstitutional Search of Co-Defendant Clare Bronfman's Emails**

In addition to suppressing the search warrants based on the Government's misrepresentations in their search warrant applications (see above), the evidence obtained based on the October 2018 search warrant must also be suppressed because the Government obtained that warrant by relying on information unconstitutionally obtained through a March 2018 search warrant of co-defendant Clare Bronfman's emails. Specifically, as part of Bronfman's motion to suppress, she argues that the March 2018 search warrant violated the Fourth Amendment because (1) it was overbroad; (2) it was insufficiently particular; and (3) the Government exceeded the scope of the warrant.

As part of the search warrant returns, the Government obtained certain emails between Ms. Bronfman and Raniere. The Government then used these emails as probable cause to obtain the October 2018 search warrant on Raniere's emails. (See, e.g., ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

6

████████████████

██████

To the extent these emails were obtained unconstitutionally (as argued by Bronfman), they should not serve as a basis for probable cause for the October 2018 warrant. Accordingly, should this Court grant Bronfman's motion to suppress the evidence obtained through the March 2018 search warrant of her email account, this Court should also suppress the evidence obtained through the October 2018 search warrant of Raniere's email account.

### III. Keith Raniere Respectfully Adopts the Motions of His Codefendant Clare Bronfman To the Extent Not Inconsistent With the Instant Motions

We respectfully adopt all the arguments filed by co-defendant Clare Bronfman to suppress the evidence from the search warrants, including, but not limited to, her arguments that that the search warrants were (1) insufficiently particular and (2) that the evidence obtained from certain third-party searches should be suppressed.

### CONCLUSION

For the foregoing reasons, the fruits from the search warrants should be suppressed, or in the least, an evidentiary hearing should be ordered under <u>Franks v. Delaware</u>.

Dated:    January 9, 2019
          New York, NY

                                        Respectfully submitted,

                                         /s/
                                        Marc Agnifilo
                                        Teny Geragos
                                        BRAFMAN & ASSOCIATES, P.C.
                                        767 Third Avenue, 26th Floor
                                        New York, NY 10017
                                        (212) 750 – 7800

                                        *Attorney for Keith Raniere*