UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>KEITH RANIERE, CLARE BRONFMAN, ALLISON MACK, KATHY RUSSELL, LAUREN SALZMAN, and NANCY SALZMAN,<br><br>Defendants. | Case No. 1:18 Cr. 00204-NGG<br><br><br>Submitted on January 30, 2019 |

# KEITH RANIERE'S REPLY IN RESPONSE TO HIS MOTION TO SUPPRESS EVIDENCE OR IN THE ALTERNATIVE, REQUEST A HEARING PURSUANT TO FRANKS v. DELAWARE

Marc Agnifilo, Esq.
Teny Geragos, Esq.
BRAFMAN & ASSOCIATES, P.C.
767 3rd Avenue, 26th Fl.
New York, NY 10017
Tel: (212) 750-7800
Fax: (212) 750-3906

*Attorneys for Defendant Keith Raniere*

# **Table of Contents**

Preliminary Statement ................................................................................................................... 1

Argument ....................................................................................................................................... 1

    I.      Raniere's Motion Is Not Facially Deficient .................................................................. 1

    II.      Counsel's Affirmation Makes a Substantial Showing of Deliberate Falsehoods and Reckless Disregard for the Truth .................................................................................. 3

        A.    Nxivm Is Not a Cult and Does Not Operate as a Scheme ..................................... 4

        B.    Raniere's November Flight to Mexico ................................................................. 5

        C.    The True Intent Behind DOS ................................................................................. 5

        D.    The Warrant Relies on a Fundamentally Unreliable Source ................................. 6

        E.    The Warrant Fundamentally Misrepresents the Entirety of Jane Doe 4's Relationship ........................................................................................................... 6

    III.     The Affidavit's Repeated Material Misrepresentations Were Necessary to the Judge's Probable Cause Finding ............................................................................................... 7

Conclusion .................................................................................................................................... 7

**PRELIMINARY STATEMENT**

Defendant Keith Raniere respectfully submits this brief reply memorandum of law to the Government's response in opposition to his motion to suppress the fruits of the January and October warrants, or in the alternative, for a <u>Franks</u> hearing. In response to Raniere's motion, the Government shockingly argues, after being repeatedly confronted with their numerous lies in several filings over the past year that Raniere "identifies no law enforcement wrongdoing and he fails to identify any material misstatement or omission." (Gov't Response at 10.) We submit that Raniere has met the standard for a <u>Franks</u> hearing, because the affidavit materially omits and misrepresents the events and the falsehoods were necessary to the Court's finding of probable cause.

**ARGUMENT**

I.   <u>Raniere's Motion Is Not Facially Deficient</u>

The Government first curiously argues that counsel's "information and belief" in his affirmation is not enough to satisfy <u>Franks</u>' requirement of "reliable statements of witnesses." (Gov't Response at 10.) This argument fails. Counsel's declaration is

> made upon information and belief, **the sources of which are discovery material** provided by the United States Attorney's Office for the Eastern District of New York ("EDNY"), **witness interviews and other investigative efforts undertaken by the defense to date, conversations with numerous individuals and other documents and materials comprising of counsel's file in this matter.**

(Agnifilo Affirmation at ¶ 2) (emphasis added). The Government blatantly ignores that "counsel's "information and belief," are in fact based on "sources" (<u>id.</u>) including "reliable statements of witnesses" (<u>Franks</u>, 438 U.S. at 171), including discovery provided by the Government which includes <u>contemporaneous emails and text messages from the alleged victims</u> and counsel's interviews with potential witnesses. Indeed, <u>Franks</u> motions have been granted on similar attorney's affidavits and counsel's proffers therein. <u>See, e.g.</u>, <u>United States v. Westover</u>, 812

1

F.Supp.38, 40 (D. Vt. 1992) (finding that defendant, through his counsel, made a substantial preliminary showing that the affidavit may contain misleading statements and material omissions).

The cases cited by the Government in support of their position are totally inapposite with this case. United States v. Mathews, No. 18-CR-124, 2018 WL 2277839, at *1 (S.D.N.Y. May 17, 2018) is cited to support their supposed contention that a Franks motion premised upon an affidavit is presumptively invalid because counsel does not have personal knowledge of relevant facts. (Gov't Response at 10.) In Mathews, however, the detective stated in a warrant that "based on [the detective's] 'review of the security camera footage related to the shoot, the cell phone [Mathews] is using on the security camera footage appears to be the Subject Device." Id. Counsel challenged this statement by declaring that the "nature of the footage renders it impossible to determine"–a statement the Court ruled was insufficient to warrant a hearing "by itself." Id.

Here, however, counsel has not asserted that the affidavit is based on information that is "impossible to determine." Id. Counsel is stating that the affidavits are based on glaring falsities and has stated to this Court in several affirmations that he has spoken to witnesses who do have personal knowledge of the very omissions in the affidavits (i.e., Raniere's supposed "flight" to Mexico, the family members of Jane Doe 4 who directly contradict her account, friends of Jane Doe 5 and Jane Doe 8 who relay that they loved and valued their experience in DOS and that "collateral" was not coercive).[1] Unlike Mathews, where counsel's affidavit does "*not*" negate the

---

[1] For example, along with the Affirmation in support of the Franks Motion, counsel's Affirmation in Support of his Motion for Brady materials and Motion for CCTV testimony, Counsel proffers at length about legitimate and reliable testimony that "'first-line' DOS women" and "Jane Doe 4's family members" would provide that would directly contradict the Government's false assertions. (See Dkt. 197, Affirmation in Support of Brady and CCTV at ¶¶ 33-45.) Counsel has repeatedly proffered that, if allowed to call these categories of witnesses, the DOS women will "testify that DOS was a goals program meant to strengthen loyalty to one another, to grow and to empower each other. Moreover, they will testify that branding was a choice

affidavit's contention, here, counsel has put forward ample evidence to show that the affidavits are simply wrong.

Similarly, the Government cites United States v. Gotti, 771 F. Supp. 535, 539 (E.D.N.Y. 1991), where counsel's affirmation accompanying "the notice of motion, contained the following starkly simple sentence: 'The facts contained in the memorandum are accurate to the best of my knowledge and belief.'" Here, unlike Gotti, counsel's affirmation was supported extensively by summaries of the discovery that was memorialized at the time of the alleged incidents and was also supported by "conversations with numerous individuals." (Agnifilo Aff. ¶ 2.)

Lastly, the Government cites United States v. Caruso, 684 F. Supp. 84, 87 (S.D.N.Y. 1988), which dealt with an evidentiary hearing on the issue of suppressing the defendant's statements to officials, not a Franks motion. Therefore, while the Government attempts to misconstrue counsel's "belief," by ignoring that sources of the Affirmation, counsel's does meet the Franks standard.

II. Counsel's Affirmation Makes a Substantial Showing of Deliberate Falsehoods and Reckless Disregard for the Truth

The Government argues that Raniere ignores that the affidavit states that it "does not set forth all of [agent's] knowledge about this matter." (Gov't Response at 12.) Of course that is not the case, as Raniere is arguing that the agent indeed knows the truth about this case, yet deliberately hid this truth from the Court in order to secure multiple search warrants throughout this investigation. The affidavit deliberately ignores the truth that is set forth in multiple emails, letters, and documents in the public record in order to paint a picture that NXIVM is a retaliatory cult that

---

and that slaves could opt out if they chose. They will also testify that they never threatened any of their slaves with release of collateral." (Id. at ¶ 38.)

Additionally, counsel has proffered that, if allowed to testify, "Jane Doe 4's family members would testify in court and provide firsthand knowledge that prove the falsity of the Government's allegation and establishing that Jane Doe 4 was not 'confined' [to a room] in any sense of the word." (Id. at ¶ 34.)

3

seeks to oppress and force people into debt, then recruits them into a secret sorority. This misleading picture, without any regard for the truth, materially prejudiced the defendants whose accounts were searched and seized multiple times based on the affidavit's reckless disregard for the truth.

### A. Nxivm Is Not a Cult and Does Not Operate as a Scheme

The Government tries to defend their unnecessary and inappropriate misrepresentation of calling the self-help legitimate organization, Nxivm, a "cult" that operates by "scheme" based upon articles written by journalists who had criminal exposure. The Government fundamentally misrepresented Nxivm, an organization that Raniere founded, as a cult and a scheme, yet Nxivm and its business endeavors have never been the subject of the Complaint, the Indictment, or Superseding Indictment in this matter.

The Government also wrongly asserts that "Raniere offers no support for his assertion that the reporters from the Albany Times Union and Vanity Fair hacked into the Nxivm servers. (Gov't Response at 15.) Indeed, as cited extensively, Raniere has offered two briefs on this point and attached an article where the Times Union reporter admits to possessing Nxivm's client list. (See Dkt. 116 at Ex. 2.) The Government also writes that none of the other people mentioned in the Tighe plea allocutions "were involved in writing the relevant articles"—a strange position to take when the Vanity Fair article discusses O'Hara and Toni Natalie a/k/a Foley.[2] Could it be that the affiant never even read these articles? If so, the "veracity" of the affidavit is certainly called into question.

---

[2] Counsel has seen evidence that clearly shows that O'Hara and Natalie were involved in the relevant articles.

4

The Government argues that this is not a "serious argument that the omission of this information…would, if included, have undermined the probable cause established in the affidavit" (Gov't Response at 14); we disagree. The affidavits all begin with the paragraphs that describe Nxivm as a "cult" that brings unnecessary litigation against people, which is not actually true. These misrepresentations and omission are set up at the beginning of each affidavit, misleading the magistrate judge that the entire organization is criminal and nefarious.

### B. Raniere's November Flight to Mexico

Raniere has made substantial argument regarding the Government's misrepresentations regarding his departure from the United States to Mexico—including that the Government materially omitted that, in fact, Raniere travelled to Mexico, came back to the United States the day the New York Times article was published, and then returned to Mexico to be with his son and the mother of his child. (See, e.g., Dkt. 43, Motion for Bond.) Raniere does not believe the Court needs to hear more argument regarding the Government's repeated misrepresentation.

### C. The True Intent Behind DOS

The Government argues that counsel has "no first-hand knowledge" of the reasons why many women joined DOS. (Gov't Response at 18.) The Government does not once rebut counsel's statement regarding the reasons for women joining DOS, but instead continues to assert just that counsel has "no personal knowledge of facts." (Id.) As stated supra, Counsel has conducted numerous interviews with DOS members, reviewed the discovery that the Government produced—including reviewing iPad and phone extractions from Jane Doe accounts—listened and read dozens of interviews given by a Jane Doe to media outlets, and therefore does have personal knowledge of the Jane Doe's reasons for joining DOS.

Moreover, as Raniere has repeatedly stated, the Government has mischaracterized the personal relationships between Raniere and some women who were in DOS. The Government has repeatedly held from the Court exculpatory text messages that state, among other things, that public statements regarding DOS was not true, that there are some beautiful parts of DOS, and that DOS taught honor. (See Dkt. 303 at 25.) These text messages would have been material to the Court's finding of probable cause, when the Government was painting the picture of DOS as a criminal enterprise.

### D. The Warrant Relies on a Fundamentally Unreliable Source

The Government also relies on a blog dedicated to publishing negative information, regardless of its truth, about anyone favorably disposed to Raniere or Nxivm. The Government finds Raniere's argument that relying on this blog without telling the Court that the blog is authored by an indicted defendant whose goal is to ruin Nxivm "baseless." (Gov't Response at 21) However, at the time this blog post was written, the main witness against the blogger was Clare Bronfman. This fact cannot be "baseless" and would have certainly been necessary for the Court to know.

### E. The Warrant Fundamentally Misrepresents the Entirety of Jane Doe 4's Relationship

The Government argues that Raniere's assertions regarding Jane Doe 4 have been "internally inconsistent." (Gov't Response at 22.) Raniere has been consistent—Jane Doe 4 was in her room voluntarily in a house her family rented, with her family present and buying her groceries daily. This has been confirmed by the Government's discovery. Again, the Government reverts to their line that counsel "has no first-hand knowledge of the relevant facts." (Gov't Response at 22.) This, again, does not make sense because counsel has been clear throughout the pendency of this case, and in his original motion that Jane Doe 4's prolonged stay in her room was

6

a family decision. (See fn. 1, supra.) Raniere does not feel that it is necessary to repeat his repeated proffers regarding this.

III.  The Affidavit's Repeated Material Misrepresentations Were Necessary to the Judge's Probable Cause Finding

Had the Government been truthful and honest in the affidavit, the judge signing the warrant would not have viewed DOS as a criminal group which maintained electronic records. By mischaracterizing DOS and by willfully withholding significant information about the personal relationships between Raniere and different women in DOS, the Government gave the Court the clear misimpression that it was an illegal entity of a nature that maintained electronic documents. Therefore, Raniere was actually prejudiced by the Government's misrepresentations.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Raniere's Motion, the fruits from the search warrants should be suppressed, or in the least, an evidentiary hearing should be ordered under Franks v. Delaware.

Dated:    January 30, 2019
          New York, NY

                                                    Respectfully submitted,

                                                    _____
                                                    Marc Agnifilo
                                                    Teny Geragos
                                                    BRAFMAN & ASSOCIATES, P.C.
                                                    767 Third Avenue, 26th Floor
                                                    New York, NY 10017
                                                    (212) 750 – 7800

                                                    *Attorney for Keith Raniere*

cc:    The Court and the Government (via email)

7