Proposed <u>Curcio</u> Examination
<u>United States v. Keith Raniere et al.</u>, 18-CR-204 (NGG)

(A) <u>Potential Conflict of Interest Posed By Familial Relationship Between Attorneys for Co-Defendants</u>

1. How did you choose Mark Geragos as your counsel? (CWB)

2. Were any of Keith Raniere's attorneys involved in your choosing Mark Geragos as your counsel? (CWB)

3. Have you received any inducements, promises, or threats with regard to hiring Marc Geragos? (CWB)

4. Was Keith Raniere or any of Keith Raniere's attorneys involved in your decision to terminate Susan Necheles? (CWB)

5. Have you received any inducements, promises, or threats with regard to terminating Susan Necheles? (CWB)

6. Your prior counsel stated that you will not be paying any additional legal fees for Keith Raniere once the trust is depleted, is that still true? (CWB)

7. To the extent you and Raniere jointly incur legal fees (for example the cost of private investigators, briefs that your attorneys draft but that Raniere joins, the cost of a discovery vendor, etc.), do you pay those in full yourself, separately than from the defense fund? (CWB)

8. Are you satisfied with the services of your attorneys thus far in the case? (CWB)

9. You previously stated you are satisfied with the services of your attorneys thus far; has anything changed since the last Curcio hearing? (KAR)

10. Do you understand that, in every criminal case, including this one, the defendant is entitled to the assistance of counsel whose loyalty to him or her is undivided, and who is not subject to any force or consideration that might in any way intrude upon the attorney's loyalty to his or her client's interests?

11. The New York Rules of Professional Conduct that lawyers in this state must adhere to recognizes that a familial relationship, like the father-daughter relationship between your lawyer and a lawyer for [Keith Raniere/Clare Bronfman], "may" create a "significant risk" of a conflict that would undermine your right to conflict-free counsel in this criminal matter.

Proposed <u>Curcio</u> Examination
<u>United States v. Keith Raniere et al.</u>, 18-CR-204 (NGG)

12. As a result, those Rules of Professional Conduct "ordinarily" prohibit lawyers with a close familial relationship from representing parties in the same matter, unless the parties have knowingly and voluntarily consented to the representation.

13. You do not need to understand the Rules of Professional Conduct. But I want to make sure you understand the risk posed to your constitutional right to conflict-free representation where, as here, close family members are representing different parties to the same matter.

14. Because your attorney [Teny Geragos/Mark Geragos] is related to an attorney for your co-defendant [Teny Geragos/Mark Geragos], there "may be a significant risk" that [he/she] may inadvertently or intentionally disclose matters to your co-defendant's attorneys that should be kept confidential. Do you understand?

15. Additionally, your attorney's [Teny Geragos/Mark Geragos] relationship to an attorney for your co-defendant [Keith Raniere/Clare Bronfman], may interfere with your attorney's loyalty to you and [his/her] exercise of professional judgment in your interests. Do you understand?

16. As a result of this familial relationship, your lawyer may be influenced to advise you to do things that are in your co-defendant's best interests. Do you understand?

17. Or, as a result of this familial relationship, your lawyer may be influenced to do things in [her father's/his daughter's] best interests and not in your best interests. Do you understand?

    a. For example [Teny Geragos/Mark Geragos] may be influenced by a desire to avoid [her father/his daughter] facing reputational damage by employing/not employing a legal strategy that could hurt [her father's/his daughter's] client but would be in your best interest. Do you understand?

    b. As another example, because it has been represented that the defense fund is almost depleted and that Raniere's attorneys will be trying this case without full compensation, it may be in Mark Geragos's interest to keep you in the case longer than would otherwise be in your interest so that his daughter's firm does not have to bear the cost of legal services that you are currently paying for as part of a joint defense. Do you understand? (CWB)

Proposed <u>Curcio</u> Examination
<u>United States v. Keith Raniere et al.</u>, 18-CR-204 (NGG)

      i. For example, to the extent you currently bear the cost of legal services that his daughter's firm would otherwise be providing for free (ex. paying for private investigators, drafting briefs that Raniere joins, and maintaining a discovery vendor) Mark Geragos may be incentivized to have you remain in the case, even if it is not in your best interest. Do you understand? (CWB)

18. Have you consulted with counsel other than your attorneys about the risks associated with this potential conflict of interest?

19. Have you been satisfied with your <u>Curcio</u> counsel?

20. Let me give you some examples of the ways in which your attorney's ability to represent you might be affected by the fact that [she/he] has a close familial relationship with the attorney representing your co-defendant. This could affect the way that your lawyers consider and advise you:

    a. Whether, and when, you should plead guilty;

    b. Whether you should seek to cooperate with the Government;

    c. What defenses you should raise;

    d. Whether you should testify at trial;

    e. Which witnesses should be cross examined, and what questions they should be asked;

    f. Which witnesses should be called, and what other evidence to offer on your behalf;

    g. What arguments to make on your behalf to the jury;

    h. What arguments to make to the Court, and what facts to bring to the Court's attention, before trial, during trial, or, if you are convicted, at your sentencing.

21. Tell me in your own words what your understanding is of the potential conflict of interest arising in this situation.

Proposed Curcio Examination
United States v. Keith Raniere et al., 18-CR-204 (NGG)

(B)   Right to Conflict-Free Representation

    22. Do you understand that you have the right to object to your attorneys' continued representation of you based upon the existence of a potential conflict of interest?

    23. It is important that you understand that no one can predict with any certainty the course that this case will take or how this conflict may affect it.

    24. What is your understanding of the right to "effective assistance of counsel"?

    25. Is there anything I have said that you wish to have explained further?

    26. I have given you an opportunity to think about what you have been told, and to talk it over with counsel other than your attorneys, do you need any additional time to think this potential conflict over or to speak to your Curcio counsel privately?

(C)   Continuation of Curcio Hearing

    27. Given that your attorney's familial relationship with a lawyer for your co-defendant may adversely affect your defense, do you still believe that it is in your best interest to proceed with your attorneys?

    28. Is that your wish?

    29. Do you understand that by continuing in this fashion with your attorneys, you are waiving your right to be represented by an attorney who has no conflict of interest?

    30. Are you knowingly and voluntarily waiving your right to conflict-free representation?

    31. Do you agree to waive any post-conviction argument, on appeal or otherwise, that, by virtue of your attorney's familial relationship with a lawyer for your co-defendant, you were denied effective assistance of counsel?

    32. Is there anything that the Court has said that you wish to have explained further?