## BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ANDREA L. ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY & CA
STUART GOLD

March 17, 2019

VIA ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>United States v. Keith Raniere, et al.</u>, 18 Cr. 204 (NGG)

Dear Judge Garaufis:

    We write respectfully on behalf of Keith Raniere to request the following relief: (1) dismissal of Counts Three, Four, Five and Eleven in the Second Superseding Indictment; (2) severance of Racketeering Acts Two, Three and Four; and (3) commencement of trial on April 8, 2019 as to the First Superseding Indictment.

    On March 13, 2019, twenty-six days before jury selection was scheduled to begin, the government returned its Second Superseding Indictment that drastically altered this case. <u>First</u>, the four-day old Superseding Indictment added two charges of Sexual Exploitation of a Child from photos allegedly taken in November 2005, charged both as Racketeering Acts (Racketeering Acts Two and Three) and Counts (Counts Three and Four), as well as new charges of Possession of Child Pornography (Racketeering Act Four and Count Five). The four-day-old Sexual Exploitation of a Child counts carry mandatory minimum sentences of fifteen years in prison. Despite having all of this information in its possession for a year or longer, the government has added these charges less than a month before trial begins that would, by themselves, lead to a mandatory thirty-year

BRAFMAN & ASSOCIATES, P.C.

sentence.[1] Therefore, this eleventh hour change drastically alters the potential trial in several significant respects. If convicted of the brand new, four-day-old charges alone, Raniere would surely die in prison. Second, a responsible and appropriate defense to these four-day-old charges involves the retention of a computer forensic expert to review the metadata and determine certain essential facts concerning this fourteen-year-old electronic evidence. This may not be done in twenty-six days.

What is even more amazing is that the four-day-old counts against Raniere (Counts Three, Four and Five) do not relate to crimes in this District. As alleged, the conduct related to these brand new charges took place entirely in the Northern District of New York. This Court therefore does not have the authority to try these new counts, nor does it even have authority to arraign Raniere on these new counts, as the arraignment on these three counts must take place only in the Northern District of New York. Federal Rule of Criminal Procedure 5(c)(3) requires that, where as here, Raniere is brought to the Eastern District of New York in connection with charges that are indisputably venued in the Northern District of New York, the Court in this District "must transfer the defendant to the district where the offense was allegedly committed." Fed. R. Crim. P. 5(c)(3). Therefore, the Court must transfer the defendant to the Northern District of New York for further proceedings.

While the Eastern District has the authority under Rule 5 to hold an initial appearance (Fed. R. Crim P. 5), this Court, most respectfully, lacks authority to take any other action in regard to these Northern District of New York charges. Moreover, as charges venued in the Northern District of New York have now been filed against Raniere, speedy trial time as to those Northern District of New York charges commences as of March 13, 2019. It is the position of counsel that this District lacks any ability to affect the speedy trial calculation as to the Northern District of New York charges.

In light of these major developments, as well as the fact that the government has sought to add Northern District of New York charges to an Eastern District of New York indictment, there is only one remedy: the brand new, four-day-old charges contained in Racketeering Acts Two, Three and Four, corresponding to Counts Three, Four and Five, must be severed from the instant indictment and must be addressed in the Northern District of New York, where the Government concedes they are venued.

In addition, Count Eleven, charging Raniere and Clare Bronfman, with Conspiracy to Commit Identity Theft (previously charged as Count Seven in the First Superseding Indictment) is also venued only in the Northern District of New York. On November 16, 2018, defendants filed their Motions to Dismiss the Indictment. (See Dkts. No. 194) Among other arguments, Bronfman, joined by Raniere, argued that Count Seven (Conspiracy to Commit Identity Theft as to Jane Doe 7) must be dismissed because, according to the Indictment, the alleged crime took place only "within the Northern District of New York." (Dkt. 194 at 34 (citing Dkt. 50 ¶ 40).) Bronfman and Raniere argued that "Count Seven does not just fail to allege that venue is proper in the Eastern

---

[1] On March 26, 2018, the FBI executed search warrants at 8 Hale Drive and 3 Oregon Trail in Halfmoon Bay, NY. They seized 81 devices from both residences (60 devices from 3 Oregon Trail and 21 devices from 8 Hale Drive), including device named "DSCV_00000061" which allegedly stored the photos.

District—it affirmatively alleges that the crime took place only in the Northern District." (Dkt. 194 at 36.) Therefore, we argued, the Count must be dismissed.

The Government "agree[d] that the Indictment alleges that Count Seven is venued in the Northern District of New York. However, this does not warrant dismissal of Count Seven. Prior to trial, *if a superseding indictment is not returned to cure the venue defect, the government will consent to the severance of Count Seven and its transfer for trial in the Northern District of New York.*" (Dkt. 248 at 56) (emphasis added). At oral argument on the motions set for January 9, 2019, the Court began the conference addressing this very point:

> THE COURT: …I would like to hear from the government on the subject of the possibility of another superseding indictment because *that might foreclose some or at least affect some of the discussion here today*. So?
>
> \*   \*   \*
>
> MS. PENZA: Your Honor, the government continues to expect a superseding indictment in this case. Of course, we can't promise a supserseding indictment.
>
> THE COURT: You can't? I can't promise a decision that would take into account the superseding indictment that hasn't been filed. Right? So there are issues here, as with Count Seven where, without a superseding indictment *or withdrawal of Count Seven*, I need to decide the motions here as promptly as possible. So that's my concern.
>
> MS. PENZA: Understood, Your Honor. There are a number of facts that are weighing into the *timing considerations* for a superseding indictment. Obviously, the government is cognizant of the trial date that is set as of now and we are moving expeditiously.

(1/9/19 Tr. at 4-5) (emphasis added).

Yet, in the Second Superseding Indictment, Count Eleven *was not severed* and instead, the government included it and *three more substantive counts* with venue alleged only in the Northern District of New York. (See Dkt. 423-1.) Therefore, as with Counts Three, Four and Five, this Court may, under Rule 5, conduct an initial appearance on Count Eleven. However, all other proceedings would have to, pursuant to Rule 5, be conducted only in the Northern District of New York, where the government alleges this crime took place.

BRAFMAN & ASSOCIATES, P.C.

      As the defense has been saying since Raniere's arrival in this District, we are ready to begin this trial on schedule on April 8, 2019 with jury selection. However, in the interests of justice, the Court must dismiss the newly added Counts and sever the newly added Acts.

                                                          Respectfully submitted,

                                                          Marc Agnifilo

cc:      All Counsel (via ECF)