1

```
 1                UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NEW YORK
 2
     - - - - - - - - - - - - - - - X
 3
       UNITED STATES OF AMERICA,    :   18-CR-204(NGG)
 4                                  :
                                    :   U.S. Courthouse
 5                                  :   Brooklyn, New York
            -against-               :
 6                                  :   TRANSCRIPT OF
                                    :   CURCIO HEARING
 7                                  :
                                    :
 8     KEITH RANIERE,               :   March 18, 2019
                                    :   10:15 a.m.
 9            Defendant.             :
                                    :
10   - - - - - - - - - - - - - - - X

11   BEFORE:
                  HONORABLE NICHOLAS G. GARAUFIS, U.S.D.J.
12
     APPEARANCES:
13
     For the Government:       RICHARD DONOGHUE, ESQ.
14                             United States Attorney
                               271 Cadman Plaza East
15                             Brooklyn, New York 11201
                               BY:  MOIRA KIM PENZA, ESQ.
16                                  TANYA HAJJAR, ESQ.
                                    Assistant U.S. Attorneys
17

18   For the Defendant
     as Curcio counsel:        AVRAHAM C. MOSKOWITZ, ESQ.
19

20


21
     Court Reporter:       Holly Driscoll, CSR, FCRR
22                         Chief Court Reporter
                           225 Cadman Plaza East
23                         Brooklyn, New York 11201
                           (718) 613-2274
24
     Proceedings recorded by mechanical stenography, transcript
25   produced by Computer-Assisted Transcript.
```

*HOLLY DRISCOLL, CSR, FCRR*
*Chief Court Reporter*

2

1        THE COURT:  You may be seated in the rear.
2        THE CLERK:  Criminal cause for a Curcio hearing.
3        Counsel, please state your appearances.
4        MS. PENZA:  Moira Penza and Tanya Hajjar for the
5   United States.
6        Good morning, Your Honor.
7        MR. MOSKOWITZ:  Good morning, Your Honor, Avi
8   Moskowitz for Mr. Raniere who is standing to my right.
9        THE COURT:  Okay.  Good morning.
10       Good morning, sir.
11       THE DEFENDANT:  Thank you.  Good morning.
12       THE COURT:  All right.
13       First of all, again, Mr. Moskowitz, thank you for
14  taking on this assignment.
15       MR. MOSKOWITZ:  My pleasure, Your Honor.
16       THE COURT:  All right.  So, Mr. Raniere, you recall
17  that we had what we call a Curcio hearing recently where I
18  asked you some questions and sought your views about certain
19  potential conflicts that might exist between you and your
20  counsel, right?
21       THE DEFENDANT:  Yes, Your Honor.
22       THE COURT:  Okay.  So, I'm just going to swear you
23  in again and ask you some more questions and make sure you
24  understand everything that is going on.  Go ahead.
25       (Defendant sworn by the courtroom deputy.)

1    THE COURT:  All right.  I'm going to truncate this a
2 little bit because I think you probably have a very good
3 memory and if you have procedural questions, I'd be happy to
4 answer them.
5    You should listen particularly closely to what I'm
6 about to say, sir.  As a defendant in a criminal case, you
7 have a right under our Constitution to be represented by a
8 lawyer whose only loyalty is to you and who is not subject to
9 any force, influence or consideration that might interfere
10 with undivided loyalty to you.  The Court has a duty to make
11 sure that you understand your right to the undivided loyalty
12 of your attorneys.  The Court has an independent interest in
13 regulating the conduct of lawyers and ensuring the integrity
14 of the proceedings before it.
15    Do you understand that?
16    THE DEFENDANT:  Yes, I do, Your Honor.
17    THE COURT:  And is your mind clear as you stand here
18 today?
19    THE DEFENDANT:  Yes, Your Honor.
20    THE COURT:  Okay.  Now, I'm going to ask you some
21 questions in connection with, in effect, one of the lawyers
22 who's representing you and you have previously stated that
23 you're satisfied with the services of your attorneys thus far.
24 Has anything changed since the last Curcio hearing?
25    THE DEFENDANT:  No, Your Honor.

1    THE COURT: Okay. And are you satisfied with
2  Mr. Moskowitz's service to you as Curcio counsel?
3    THE DEFENDANT: Yes, Your Honor.
4    THE COURT: And has he answered any questions that
5  you had about the issues that we're going to discuss about
6  Ms. Geragos?
7    THE DEFENDANT: Yes, he has, Your Honor.
8    THE COURT: Okay. And Mr. Moskowitz, are you
9  satisfied that your client understands the issues that you
10 brought to his attention?
11   MR. MOSKOWITZ: Yes, Your Honor, we had a lengthy
12 conversation about it on Friday.
13   THE COURT: Okay. Very good. Now, the New York
14 Rules of Professional Conduct in this state that attorneys
15 must adhere to recognizes that a familial relationship like
16 the father-daughter relationship between your lawyer, Teny
17 Geragos, and a lawyer for your co-defendant Clare Bronfman,
18 Mark Geragos, her father, may create a significant risk of
19 conflict that would undermine your right to conflict-free
20 counsel in this criminal matter, do you understand that?
21   THE DEFENDANT: Yes, I do, Your Honor.
22   THE COURT: As a result, these Rules of Professional
23 Conduct ordinarily prohibit lawyers with a close familial
24 relationship from representing various parties in the same
25 matter unless the parties have knowingly and voluntarily

1  consented to the representation, do you understand?
2              THE DEFENDANT:  I do, Your Honor.
3              THE COURT:  Okay.  You do not need to understand the
4  Rules of Professional Conduct, I need to understand them, but
5  I want to make sure that you understand the risk posed by your
6  constitutional right to conflict-free representation where, as
7  here, close family members are representing different parties
8  to the same matter.  So, when Mark Geragos became lead counsel
9  for Ms. Bronfman, it meant that we had to engage in this
10 colloquy, do you understand that?
11             THE DEFENDANT:  Yes, Your Honor.
12             THE COURT:  Okay.  Because one of your attorneys,
13 Teny Geragos, is related to an attorney for your co-defendant,
14 there may be a significant likelihood that she may
15 inadvertently or intentionally disclose matters to your
16 co-defendant's attorneys that should be kept confidential, do
17 you understand that?
18             THE DEFENDANT:  Yes, Your Honor, I do.
19             THE COURT:  In addition, Teny Geragos's relationship
20 to an attorney for your co-defendant may interfere with your
21 attorney's loyalty to you and her exercise of professional
22 judgment in your interest, do you understand that?
23             THE DEFENDANT:  I do, Your Honor.
24             THE COURT:  As a result of this familial
25 relationship, your lawyer may be influenced to advise you to

1  do things that are in your co-defendant's best interest rather
2  than yours, do you understand that?
3      THE DEFENDANT:  I do, Your Honor.
4      THE COURT:  Or as a result of this familial
5  relationship, your lawyer may be influenced to do things in
6  her father's best interest and not in your best interest, do
7  you understand that?
8      THE DEFENDANT:  I do, Your Honor.
9      THE COURT:  For example, Teny Geragos may be
10 influenced by a desire to avoid her father facing reputational
11 damage by employing or not employing a legal strategy that
12 could hurt her father's client but would be in your best
13 interest, do you understand that?
14     THE DEFENDANT:  I do, Your Honor.
15     THE COURT:  Have you consulted with Mr. Moskowitz
16 about the risks associated with this potential conflict of
17 interest?
18     THE DEFENDANT:  I have, Your Honor.
19     THE COURT:  Have you been satisfied with your Curcio
20 counsel?
21     THE DEFENDANT:  I have, Your Honor.
22     THE COURT:  Let me give you some examples of the
23 ways in which your attorney's ability to represent you might
24 be affected by the fact that she has a close familial
25 relationship with the attorney representing a co-defendant,

1  this could affect the way that your lawyers consider and
2  advise you; for instance, whether and when you should plead
3  guilty, whether you should seek to cooperate with the
4  government, what defenses you should raise, whether you should
5  testify at trial, which witnesses should be cross-examined and
6  what questions should be asked, which witnesses should be
7  called and what other evidence to offer on your behalf, what
8  arguments to make on your behalf to the jury, what arguments
9  to make to the Court and what facts to bring to the Court's
10 attention before trial, during trial or, if you were
11 convicted, at your sentencing.
12          So, tell me in your own words what your
13 understanding is of the potential conflict of interest arising
14 in this situation.
15          THE DEFENDANT:  That my attorney and her father may
16 have a vested interest, some alliance that would interfere
17 with the ultimate right that I have to Teny representing me as
18 the highest value.
19          THE COURT:  Good.
20          Anything else that I should --
21          MR. MOSKOWITZ:  No, Your Honor.
22          THE COURT:   -- mention in that regard?
23          MR. MOSKOWITZ:  No, Your Honor.
24          THE COURT:  So, I'm going to go over the following
25 questions:

1           Do you understand that you have the right to object
2  to your attorney's continued representation of you based on
3  the existence of a potential conflict of interest?
4           THE DEFENDANT:  I do, Your Honor.
5           THE COURT:  It is important that you understand that
6  no one can predict with any certainty the course that this
7  case will take or how this conflict may affect it, do you
8  understand that?
9           THE DEFENDANT:  I do, Your Honor.
10          THE COURT:  What is your understanding of your right
11 to effective assistance of counsel?
12          THE DEFENDANT:  I have the right to a counsel that
13 holds my interests as the highest value and represents them.
14          THE COURT:  Okay.  Is there anything that I have
15 said that you wish to have explained further?
16          THE DEFENDANT:  No, Your Honor.
17          THE COURT:  Now, there is the additional issue that
18 we have gone over which is that your legal fees are being paid
19 by an irrevocable trust that was created by the co-defendant
20 who is represented by Mr. Geragos and there is also the
21 possibility that at some -- the likelihood is that there will
22 be no further contributions to that trust by Ms. Bronfman or
23 at least that's what the Court was informed by her then -- her
24 current counsel, Ms. Necheles, and there is also, therefore,
25 the possibility that there will be no further funds and even

9

1   though your attorneys have stated that they are going to
2   continue to represent you notwithstanding the fact that there
3   are no further legal fees, those circumstances could change at
4   some point.
5          Do you understand the potential difficulties that
6   would occur if your attorneys let's say determined that they
7   could no longer represent you and Ms. Bronfman was not
8   providing any further funds for the trust?
9          THE DEFENDANT:  I believe so, yes, Your Honor.
10         THE COURT:  Okay.  Well, that's not something that
11  we have to deal with specifically today but I thought I would
12  just mention it to you since, again, since it's always
13  conceivable that this might create a problem and we now have
14  Ms. Bronfman's lawyer is now the father of one of your
15  lawyers, this is a highly unusual circumstance in its
16  complexity, do you understand that?
17         THE DEFENDANT:  I do, Your Honor.
18         THE COURT:  And the Court will keep a close eye on
19  it, do you understand that too?
20         THE DEFENDANT:  Yes, thank you, Your Honor.
21         THE COURT:  If anything comes up where you think the
22  Court should be advised about circumstances that may change,
23  then you need to advise the Court -- you need to advise your
24  attorneys who will advise the Court about your concerns.  So,
25  my concern is that circumstances may change as they affect you

1  and you need to advise your attorneys that the Court should be
2  advised of changed circumstances if they occur, do you
3  understand that?
4         THE DEFENDANT:  Yes.  Thank you, Your Honor.
5         THE COURT:  Because your rights with regard to the
6  representation by your attorneys is of paramount concern to
7  the Court, do you understand that?
8         THE DEFENDANT:  Yes, Your Honor.
9         THE COURT:  All right.
10         So, do you want to talk with Mr. Moskowitz any
11  further about this issue?
12         THE DEFENDANT:  No, that's not necessary, Your
13  Honor.
14         MR. MOSKOWITZ:  Your Honor, before we get into the
15  last group of questions, I just want to perhaps make a
16  clarification.  Your Honor asked Mr. Raniere about potential
17  communications between the father and daughter that might be
18  part of a conflict.  Those things can occur in any case where
19  there are co-defendants and lawyers involved, obviously there
20  is a heightened risk with a father and daughter but if, for
21  example, Mr. Raniere advises his lawyers this is to remain
22  confidential, it is not part of a co-defense, you know, a
23  co-defendants' agreement, you can't communicate it outside,
24  and one of the lawyers, whether it be Mr. Agnifilo or
25  Ms. Geragos, communicates it to a lawyer for any of the

1  co-defendants, that would be a violation of their professional
2  responsibility, a violation of the attorney-client privilege
3  which would not be waived even with the conflict.
4            THE COURT:  Right, I understand.
5            Do you understand that?
6            THE DEFENDANT:  Yes, it's in the context of this.
7            THE COURT:  And if you were to learn that such a
8  communication occurred despite your telling your attorney not
9  to provide that information to some other person, then that
10 would be something that should be brought to the Court's
11 attention and also Mr. Moskowitz has not indicated that he's
12 planning to retire anytime soon or go on an around-the-world
13 cruise so -- am I right?
14           MR. MOSKOWITZ:  That's correct, Judge.
15           THE COURT:  So, you can always contact Mr. Moskowitz
16 who is available for this limited purpose of dealing with a
17 potential or actual conflict of interest, do you understand
18 that?
19           THE DEFENDANT:  Yes, Your Honor.
20           THE COURT:  So, he's a resource for you --
21           THE DEFENDANT:  Thank you, Your Honor.
22           THE COURT:  -- on an ongoing basis.  Good.  Thank
23 you for bringing that to my attention.
24           Is there anything else I should bring to the
25 attention of the defendant before I complete the process?

1       MS. PENZA:  No, Your Honor.
2       THE COURT:  So, given that your attorney's familial
3  relationship with a lawyer for your co-defendant may adversely
4  affect your defense, do you still believe that it is in your
5  best interest to proceed with your attorneys?
6       THE DEFENDANT:  Yes, I do, Your Honor.
7       THE COURT:  Okay.  Is that your wish?
8       THE DEFENDANT:  Yes, Your Honor.
9       THE COURT:  Okay.  Do you understand that by
10 continuing in this fashion with your attorneys, you are
11 waiving your right to be represented by an attorney who has no
12 potential conflict of interest?
13      THE DEFENDANT:  Yes, Your Honor, in this specific
14 context, Your Honor, yes.
15      THE COURT:  Yes.
16      THE DEFENDANT:  There are other attorneys that may
17 represent me.  In other words, it's just I'm waiving it with
18 respect to this conflict.
19      THE COURT:  We're only talking about this potential
20 conflict, not other conflicts.  If there are other conflicts,
21 you should let me know.
22      THE DEFENDANT:  Yes, Your Honor.
23      THE COURT:  And then we'll have a Curcio hearing
24 about that.  We'll have a trifecta.
25      MS. PENZA:  We're here.

13

1    THE COURT:  All right.
2    Are you knowingly and voluntarily waiving your right
3    to a conflict-free representation?
4    THE DEFENDANT:  In this context, yes, Your Honor.
5    THE COURT:  In this context.
6    THE DEFENDANT:  Yes.
7    THE COURT:  Do you agree to waive any potential
8    conviction argument or appeal or otherwise that by virtue of
9    your attorney's familial relationship with a lawyer for your
10   co-defendant, you were denied effective assistance of counsel?
11   THE DEFENDANT:  Yes, I will waive that.
12   THE COURT:  Okay.  Is there anything the Court has
13   said to you that you wish to have explained further?
14   THE DEFENDANT:  No, Your Honor.
15   THE COURT:  Anything else from the government that I
16   should inquire about?
17   MS. PENZA:  No, Your Honor.
18   MR. MOSKOWITZ:  No, Your Honor, we're fine.
19   THE COURT:  Anything from you, Mr. Moskowitz?
20   MR. MOSKOWITZ:  No.
21   THE COURT:  Okay.  That's it.  Thank you very much.
22   MS. PENZA:  Thank you.
23   (Time noted:  10:30 a.m.)
24   (End of proceedings.)
25