## BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW
767 THIRD AVENUE, 26TH FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 750-7800
FACSIMILE: (212) 750-3906
E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ANDREA L. ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY & CA
STUART GOLD

April 11, 2019

VIA ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   United States v. Keith Raniere, et al., 18 Cr. 204 (NGG)

Dear Judge Garaufis:

We write in opposition to the government's letter from today requesting a two-week adjournment of the opening statements from the scheduled date of April 29, 2019 to the proposed date of May 14, 2019. (Dkt. 522.) Keith Raniere and his counsel object to the proposed adjournment for the following reasons.

First, as counsel has indicated previously, we have an ironclad commitment to start a large, complex, very serious trial with an incarcerated client in the District of Utah on July 29, 2019 before the Honorable Jill Parrish. (See Dkt. 456, Memorandum of Law at 3-4; Exhibit 1.) In reliance on the scheduled trial date in the Raniere case, Judge Parrish has set a list of dates throughout mid-June and July for different, important pre-trial matters, including Rule 15 depositions in foreign countries. I have promised Judge Parrish that I would do everything in my power to not disrupt the dates her Honor has set and I intend to keep that promise. So, I cannot consent to the proposal by the government.

Second, the government is improperly using this time (after this Court handed out jury questionnaires) to gather trial evidence by use of Grand Jury subpoenas. "The law is settled in this circuit and elsewhere that it is improper to utilize a Grand Jury for the sole or dominating purpose of preparing an already pending indictment for trial." In re Grand Jury Subpoena Duces Tecum

**BRAFMAN & ASSOCIATES, P.C.**

Dated Jan. 2, 1985 (Simels), 767 F.2d 26, 29 (2d Cir. 1985) (internal quotation marks and citation omitted). If the government were permitted to use grand jury subpoenas to gather evidence to support a case resulting from an indictment for trial, the grand jury subpoena would become a "prosecutor's tool." United States v. Eisen, No. CR-90-00018, 1990 WL 164681, at *11 (E.D.N.Y. Oct. 19, 1990), aff'd, 974 F.2d 246 (2d Cir. 1992). The government is preparing for this trial by using the Grand Jury to cut subpoenas for documents and witnesses. This is clearly improper, and the defense will not contribute to the improper use of the Grand Jury by allowing the government additional time to engage in this conduct.[1]

Third, as part of their basis for the two-week adjournment request that the government has been seeking for months, the government explains that defense counsel "indicated to Magistrate Judge Scanlon on March 15, 2019 that they were not going to prioritize review of the 5,000 Documents…." (Dkt. 522 at 2.)[2] The parties have appeared before this Court at least seven times since this conference before Judge Scanlon and has not sought an adjournment on this basis. Moreover, Judge Scanlon has explained to the government on numerous occasions that

> this is not going to be a successful argument for the government. The government has not produced things quickly relative to the amount of time that you had it. And it may be a long, slow, deliberate process to go through things, but to say that the defendant's counsel needs to turn something around extremely quickly in the face of trial when the severance motion hasn't been decided and given yesterday's events, as was suggested, we'll have additional material supplemented, it's not a realistic request balancing all of the efforts that everybody is making.

(3/14/19 Tr. at 42) (emphasis added).

Finally, recent history has shown that when the Court keeps a firm deadline, the parties are able to meet it. The government recently consented to a thirty-day trial continuance because it was in plea negotiations with Allison Mack. The Court denied the adjournment request and the negotiations reached fruition well in advance of the trial date.

---

[1] One of the in limine motions will be that the government be precluded from using any trial evidence secured by Grand Jury subpoena after the return of the latest Superseding Indictment.

[2] We have indicated that we will review these documents by this weekend.

...

**BRAFMAN & ASSOCIATES, P.C.**

Therefore, we request that this Court keep the current trial schedule.

Respectfully submitted,

Marc A. Agnifilo
Teny R. Geragos

cc: All Counsel (via ECF)