Case 1:18-cr-00204-NGG-VMS Document 534-1 Filed 04/12/19 Page 1 of 7 PageID #: 5599
Case 1:18-mj-00164-DJS Document 15 Filed 04/11/18 Page 1 of 7

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 1)

# UNITED STATES DISTRICT COURT
## for the
### Northern District of New York

| | |
|---|---|
| In the Matter of the Search of ) <br> *(Briefly describe the property to be searched or identify the person by name and address)* ) <br> THE PREMISES KNOWN AND ) <br> DESCRIBED AS 8 HALE DRIVE, ) <br> HALFMOON, NY 12065, INCLUDING ) <br> ANY LOCKED AND CLOSED ) <br> CONTAINERS AND CLOSED ITEMS ) <br> CONTAINED THEREIN ) | Case No. 1:18-MJ-164-(DJS) |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Northern District of New York *(identify the person or describe the property to be searched and its given location)*:
Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   April 9, 2018
                                                            *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Hon. Daniel J. Stewart.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)*.

☐ until, the facts justifying, the later specific date of   Click here to enter a date..

_____

AO 93 (Rev. 11/13) Search and Seizure Warrant *(Page 2)*

Date issued: March 26, 2018
Time issued: ~~3:30 p.m.~~ 3:53 pm
City and State: Albany, NY

*Judge's signature*

Hon. Daniel J. Stewart, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant *(Page 3)*

| Return | | |
|---|---|---|
| Case No.: <br><br> 18-MJ-    (DJS) | Date & time warrant executed: | Copy of warrant & inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____       _____
                                                                *Executing officer's signature*

                                                              _____
                                                                *Printed name and title*

## ATTACHMENT A
## Property to Be Searched

The premises to be searched is known and described as 8 HALE DRIVE, HALFMOON, NEW YORK 12065 (the "SUBJECT PREMISES") INCLUDING ANY LOCKED AND CLOSED CONTAINERS AND CLOSED ITEMS CONTAINED THEREIN, is a two story townhouse with beige siding. The townhouse is set back from Hale Drive and is accessible by a walkway that runs from a parking area directly to the front door. There is a "port" style window immediately next to the front door. A photograph of the SUBJECT PREMISES is below.





## ATTACHMENT B
### Particular Things to be Seized

Things to be seized from the SUBJECT PREMISES, all of which constitute evidence, fruits and instrumentalities of violations of 18 U.S.C. § 1591 (sex trafficking by force, fraud or coercion and interference in an investigation into sex trafficking by force, fraud or coercion), 18 U.S.C. § 1589 (forced labor), ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

(collectively, the "Subject Offenses") involving KEITH RANIERE occurring in or after January 1, 2015, include:

a. Records, things and other information that constitute evidence, fruits and instrumentalities of the Subject Offenses, including but not limited to, "collateral," as described in the affidavit; sex trafficking paraphernalia; evidence regarding the formation and structure of DOS; notes or writings related to DOS; communications between RANIERE and any DOS masters/slaves; evidence showing an attempt to dissociate RANIERE and/or Nxivm from DOS; and evidence of RANIERE's flight from prosecution;

b. Records and information relating to Yahoo! account keithraniere@yahoo.com or other emails accounts or messaging services used by RANIERE or DOS slaves or masters;

c. Computers or storage media used as a means to commit or facilitate the commission of the Subject Offenses (including to store "collateral," as described in the affidavit); and

d. Bundles of United States currency evidencing the existence of schemes to commit the Subject Offenses or proceeds of the Subject Offenses.

For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

a. Evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. Evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. Evidence of the lack of such malicious software;

- d. Evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

- e. Evidence indicating the computer user's state of mind as it relates to the Subject Offenses;

- f. Evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

- g. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

- h. Evidence of the times the COMPUTER was used;

- i. Passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

- j. Documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

- k. Records of or information about Internet Protocol addresses used by the COMPUTER;

- l. Records of or information about the COMPUTER's internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

- m. Contextual information necessary to understand the evidence described in this attachment; and

- n. Routers, modems, and network equipment used to connect computers to the Internet.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

3