UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    - v. -

KEITH RANIERE, CLARE BRONFMAN,
and KATHY RUSSELL

                                Defendants.

Case No. 18 Cr. 00204-NGG

---

# MEMORANDUM OF LAW IN SUPPORT OF
# KEITH RANIERE'S MOTIONS *IN LIMINE*

**Marc A. Agnifilo, Esq.**  
**Teny R. Geragos, Esq.**  
Brafman & Associates, P.C.  
767 3rd Avenue, 26th Floor  
New York, New York 10017  
(212) 750-7800 (tel)  
(212) 750-3906 (fax)

**Paul DerOhannesian II, Esq.**  
**Danielle R. Smith, Esq.**  
DerOhannesian & DerOhannesian  
677 Broadway, Suite 707  
Albany, New York 12207  
(518) 465-6420 (tel)  
(518) 427-0614 (fax)

*Attorneys for Defendant Keith Raniere*

**April 19, 2019**

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................ 1

    I.    ███████████████████████████████████████████████████████████

        A.    ██████████████████████████████████████████████████████

        B.    ██████████████████████████████████████████████████████

        C.    ██████████████████████████████████████████████████████

    II.    All Evidence Regarding Clare Bronfman's Contributions To A Defense Trust Must Be Excluded ................................................................................................................ 9

CONCLUSION .......................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

In re Grand Jury Subpoena Served Upon Doe, 781 F.2d 238 (2d Cir. 1986) .............................. 10

United States v. Gotti, 771 F. Supp. 552 (E.D.N.Y. 1991) .......................................................... 10

**Rules**

Federal Rule of Evidence 403 ...................................................................................................... 11

**ARGUMENT**



2

[content redacted]



4

██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████████
     ████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████
     ████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████████████████
     ████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████

4

[page content redacted]

5

<␅>
<␅>


[Page contents fully redacted]

7

[Page contents redacted]



## II. All Evidence Regarding Clare Bronfman's Contributions To A Defense Trust Must Be Excluded

Raniere renews his motion to exclude "Bronfman's payment of legal fees for her co-defendants" as "direct evidence of the Enterprise, the relationship between and among the defendants and co-conspirators, and of Bronfman's status within the Enterprise." (Government Enterprise Motion at 38.) Raniere joined Bronfman's response in opposition to the Government's motion to admit this evidence (See Dkts. 368, Bronfman Memorandum in Opposition; Dkt. 373, Raniere Letter in Opposition). We again join and incorporate all the arguments set forth by Bronfman in pages 23 through 24 of her opposition and expand herein.

First, the Government's argument that this is "direct evidence of the Enterprise" (Govt. Motion at 38) is unavailing considering that the Enterprise is alleged to have existed from 2003 to March 2018 (Dkt. 430 ¶ 14.) The irrevocable trust was established in May 2018, after the alleged Enterprise ceased to exist. (See The CDF Irrevocable Trust at 1.) Moreover, it bears noting that since Raniere's arrest in March 2018, Bronfman and Raniere have not spoken to each

9

other. The decision by Bronfman to set up an irrevocable trust for the benefit of those within the NXIVM corporation was done solely without influence from anyone. Raniere's counsel will readily admit at trial that Bronfman paid for a great variety of companies within NXIVM. The defense absolutely concedes that Bronfman was a significant source of funding for a number of endeavors relating to Nxivm. Therefore, it is not relevant that she also contributed heavily to the fund.

Second, admission of this evidence unfairly suggests that the lawyers accepting funds from the Trust somehow contributed to activity under investigation. Unlike the cases cited by the Government, In re Grand Jury Subpoena Served Upon Doe, 781 F.2d 238, 252 (2d Cir. 1986); United States v. Gotti, 771 F. Supp. 552, 553 (E.D.N.Y. 1991), here counsel (specifically Marc Agnifilo) disclosed the existence of the Trust to the Government and the Court in June 2018 (See 6/12/18 Tr. at 12.) In a phone call prior to the June court conference, counsel disclosed this information to the Government. (See Dkt. 217, Raniere Curcio Letter (citing 6/12/18 Tr. at 22).) Moreover, the Government will readily admit that whenever the Government contacted Mr. Agnifilo with questions about the Trust, Mr. Agnifilo answered the questions they had, and referred them to the Trustee's counsel for any questions that Mr. Agnifilo was not in a position to answer. In this regard, not only was the defense absolutely transparent about the Trust, it was the defense who told the Government and the Court about the Trust in the first place. Therefore, for the jury to get the unavoidable impression that defense counsel has done something potentially wrong or at least suspect by agreeing to be paid from the Trust is the very height of unfairness given the specific facts here.

Third, admission of this evidence would require the defense to elicit evidence concerning the bone fides of the Trust. This would include establishing a number of central facts. As an

10

initial matter, we would have to establish that the Trust was irrevocable in nature, meaning that it was administered by an absolutely independent Trustee and his counsel, who had no obligation to the people or person who supplied the corpus of the Trust. In addition, we would have to show that the Trust was created by partners at a highly reputable law firm who were fully knowledgeable in such matters. Moreover, we would have to show that the Trust was administered by a Trustee with an esteemed pedigree and a Trustee's Counsel of the highest ethical reputation in this area. This was done specifically, as Ms. Bronfman's former counsel shared with the Court, in "an attempt to put money into the hands of a trustee and take any control away from Ms. Bronfman, so that people could make decisions on their own and that there would be no way for her to influence other people's legal strategies." (1/28/19 Tr. at 10.) Finally, we would have to show that the Court approved the ongoing representation of the lawyers of their respective clients after being fully briefed on the specifics of the Trust. If the Government wants to get into the Trust, the defense has every right to show the jury exactly what the Trust is and what it is not.

Admission of this evidence would generate a mini-trial on an entirely collateral issue and its only purpose is to prejudice counsel. See Fed. R. Evid. 403 (court may exclude evidence that would waste time or confuse the issues.) For these reasons, the Government should not be permitted to bring in evidence of the defense Trust from a time period after the charged conspiracy had come to an end under Federal Rules of Evidence 401 and 403.

## CONCLUSION

[redacted]

11

██████████████████████████████████████

██████████████████████████████████████

████████████████

As to Raniere's Second Motion *In Limine*, Raniere respectfully submits that the Government must be precluded from introducing evidence or testimony concerning Bronfman's contributions to a defense trust.

Dated:      April 19, 2019
            Albany, New York

Respectfully submitted,

/s/ Paul DerOhannesian II, Esq.
Paul DerOhannesian II, Esq.
Danielle R. Smith, Esq.
**DEROHANNESIAN &
DEROHANNESIAN**
677 Broadway, Suite 707
Albany, New York 12207
(518) 465-6420

Marc A. Agnifilo, Esq.
Teny R. Geragos, Esq.
**BRAFMAN & ASSOCIATES, P.C.**
767 3rd Avenue, 26th Fl.
New York, New York 10017
(212) 750-7800

*Attorneys for Defendant Keith Raniere*
