

U.S. Department of Justice

United States Attorney
Eastern District of New York

MKM:MKP/TH/MJL/KMT
F. #2017R01840

271 Cadman Plaza East
Brooklyn, New York 11201

April 20, 2019

By Hand and ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Keith Raniere
                  Criminal Docket No. 18-204 (NGG) (S-2)

Dear Judge Garaufis:

        The government respectfully moves pursuant to Federal Rule of Evidence 414 ("Rule 414") to admit evidence of the defendant's sexual abuse of the victim described in the government's motion to admit enterprise evidence, (the "Enterprise Motion," Dkt. No. 414 at 29), including his repeated sexual intercourse with her when she was twelve or thirteen years old. The victim is described herein as "Jane Doe X" and her identity is known to the defendant. The defendant has been provided with copies of all of Jane Doe X's prior statements regarding Raniere's abuse of her that are in the government's possession, pursuant to 18 U.S.C. § 3500.

        Rule 414 states that "in a criminal case in which a defendant is accused of child molestation," a court "may admit evidence that the defendant committed any other child molestation." Rule 414(a). If a court admits such evidence it "may be considered on any matter to which it is relevant," including the defendant's propensity to commit the crime with which he is accused. Id.; United States v. Spoor, 904 F.3d 141, 155 (2d Cir. 2018); United States v. Schaffer, 851 F.3d 166, 183 (2d Cir. 2017); United States v. Levy, 594 F. Supp. 2d 427, 440 (S.D.N.Y. 2009).

        "Child molestation" is defined in Rule 414 to include several categories of conduct including: (1) "a crime under federal law . . . involving conduct prohibited by 18 U.S.C. chapter 110" ("Chapter 110"), and (2) contact between a defendant's genitals and a child's body or between a child's genitals and a defendant's body, where the child is under fourteen years old. Rule 414(d)(1),(2)(B)-(D). Child exploitation under Title 18, United

States Code, Section 2251 and possession of child pornography under Title 18, United States Code, Section 2252, which form the basis for Racketeering Acts Two, Three and Four in the second superseding indictment, both fall under Chapter 110.  Therefore, this is a "criminal case in which the defendant is accused of child molestation."  The defendant's sexual intercourse with Jane Doe X when she was twelve or thirteen years old is "any other child molestation."

Thus, in addition to being admissible for the reasons set forth in the Enterprise Motion, evidence of the defendant's sexual involvement with Jane Doe X, in the form of Jane Doe X's own testimony, is admissible to demonstrate that the defendant "has a sexual interest in [teenage girls] and had the intent and desire to commit" the racketeering acts with which he is accused related to Jane Doe 2.  See Levy, 594 F. Supp. at 440.  At the time the Enterprise Motion was submitted, the second superseding indictment, which listed the racketeering acts involving Jane Doe 2, had not yet been returned.  Evidence that is admissible under Rule 414 is excludable only under an analysis pursuant to Federal Rule of Evidence 403.  See Spoor, 904 F.3d at 155; Schaffer, 851 F.3d at 183; Levy, 594 F. Supp. 2d at 440.  Here, the evidence the government seeks to admit—the testimony of Jane Doe X—is no more prejudicial than the evidence of the crimes with which he is accused.  That evidence will include graphic nude photographs of Jane Doe 2 taken by the defendant when Jane Doe 2 was fifteen years old and documents indicating that the defendant began having sex with Jane Doe 2 when she was fifteen.  Additionally, the probative value of Jane Doe X's testimony is heightened because the defendant's abuse of Jane Doe X and Jane Doe 2 occurred when both victims were around the same age, and Jane Doe X and Jane Doe 2 both had parents who trusted the defendant and left them unsupervised to be tutored or mentored by the defendant and cared for by women in the defendant's "inner circle."

For the reasons set forth above, the government respectfully requests that the Court admit evidence of the defendant's sexual abuse of Jane Doe X at the defendant's trial

2

for any matter as to which it is relevant, including his propensity to sexually abuse teenage girls.

                Respectfully submitted,

                RICHARD P. DONOGHUE
                United States Attorney

        By:   /s/
            Moira Kim Penza
            Tanya Hajjar
            Mark J. Lesko
            Kevin M. Trowel
            Assistant U.S. Attorneys
            (718) 254-7000

cc: Clerk of Court (NGG) (by ECF)
   Counsel of Record (by ECF)