UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

KEITH RANIERE,

                Defendant.

Case No. 18 Cr. 00204 (NGG) (VMS)

**MEMORANDUM OF LAW**

**Submitted on April 22, 2019**

# KEITH RANIERE'S MOTION TO SUPPRESS IMAGES FROM DEVICE DSCV_00000061 SEIZED AT 8 HALE DRIVE

Marc A. Agnifilo, Esq.
Teny R. Geragos, Esq.
**BRAFMAN & ASSOCIATES, P.C.**
767 Third Avenue, 26th Floor
New York, NY 10017
(212) 750-7800

Paul DerOhannesian II, Esq.
Danielle R. Smith, Esq.
**DEROHANNESIAN &
DEROHANNESIAN**
677 Broadway, Suite 707
Albany, New York 12207
(518) 465-6420

*Attorneys for Defendant Keith Raniere*

**Table of Contents**

Background ............................................................................................................................. 1

    A. Arrest and Indictments ................................................................................... 2

    B. The Device That Contains the Alleged Child Pornography .......................... 3

    C. Witness Statements to Law Enforcement Regarding Raniere's Privacy Interest in 8 Hale ............................................................................................ 5

Raniere's Standing to Contest the Search ............................................................................. 5

    A. Legal Standard ............................................................................................... 6

    B. Argument ........................................................................................................ 6

The Search Exceeded the Scope of the Warrant .................................................................. 7

Conclusion ............................................................................................................................ 10

**BACKGROUND**

On March 26, 2018 at 3:53 pm, United States Magistrate Judge Daniel J. Stewart of the Northern District of New York signed a Search and Seizure Warrant permitting agents to search the premises known and described as 8 Hale Drive, Halfmoon New York 12065 (hereinafter "8 Hale Drive"), including any locked and closed containers and closed items at that location. The warrant includes an Attachment B setting for the particular things to be seized. In relevant part, the things to be seized are limited to evidence, fruits and instrumentalities of certain listed crimes **occurring in or after January 1, 2015**. (See Agnifilo Decl.,Exhibit 2) (emphasis added). While the Government has not yet provided a report concerning the details of the computer search of a specific device—DSCV_00000061–that was conducted based on this warrant[1], it appears that the government has seized a number of still photographs it claims were taken and saved on a computer device between ▬▬▬▬ 2005, a full ten years prior to the time period set forth in the warrant.  The government has used these seized images as a basis for Racketeering Acts Two, Three and Four in the Second Superseding Indictment.

Defendant Keith Raniere, having established through affidavit that he retains an expectation of privacy in the device from which these images were recovered, hereby moves to suppress the fruits of this search as being clearly beyond the scope of the warrant signed by the court. (See Raniere Affidavit.) The searching agents had the ability and the legal obligation to limit their search to the time period allowed by the warrant and apparently did not do so. Rather, the agents conducted a wholesale search of this device in violation of the Fourth Amendment to the

---

[1] We have asked the Government for a copy all reports generated by the FBI or other agents related to the forensic search of the device from which these images of alleged child pornography were recovered.  Despite the fact that we are currently selecting a jury, these reports have not been furnished to the defense.

1

U.S. Constitution and simply ignored the fact that the Court permitted them to search only for offenses committed after January 1, 2015. This search violated Raniere's right to be free from unreasonable searches and seizures and the evidence derived from this search must be suppressed.

### A. Arrest and Indictments

On March 26, 2018, defendant Keith Raniere was arrested at gunpoint in Mexico, deported to the United States, and arrested in the United States on a Complaint. Raniere did not "waiv[e] anything" at his first appearance (4/13/18 Tr. at 4) and one week later, on April 19, 2018, the government unsealed an indictment charging Raniere and Allison Mack.

On the same day as Raniere's arrest, FBI Special Agent Michael Lever swore to an affidavit to search 8 Hale Drive. Magistrate Judge Daniel J. Stewart signed the warrant to search the premises on March 26, 2018 at 3:53pm. The agents executed this warrant on March 27, 2018. See 18 MJ 00164 (DJS) at Dkt. 9.

The government unsealed the First Superseding Indictment on July 24, 2018, arresting four new defendants: Clare Bronfman, Lauren Salzman, Nancy Salzman and Kathy Russell. On August 3, 2018, the government made available the unredacted search warrant application for 8 Hale Drive and photographs of the execution of the search warrant at the property. Prior to this date, no discovery in connection with the execution of this warrant had been turned over to the defense.

On March 13, 2019, the government unsealed the Second Superseding Indictment, charging Raniere with two racketeering acts alleging sexual exploitation of a child, in violation of 18 US.C. § 2251(a), one racketeering act alleging possession of child pornography, in violation of 18 U.S.C. § 2252(a) and two counts charging sexual exploitation of a child (Counts Three and Four) and one count charging possession of child pornography (Count Five).

### B. The Device That Contains the Alleged Child Pornography

On September 11th and September 12th, all defendants filed letters requesting discovery in connection with the superseding indictment. (See Dkt. 127; Dkt. 129.) After a series of court conferences with Magistrate Judge Vera Scanlon in September, the government made a series of productions of the 8 Hale devices. The government produced the device at issue, DSCV_00000061, to all defendants on October 5, 2018.

On October 15, 2018, the government obtained an additional search warrant on Keith Raniere's Yahoo! account and Clare Bronfman's Google email account. The original search warrants also seized "contraband, fruits, evidence and/or instrumentalities **since January 1, 2015.**" (See Dkt. 273, Ex. B (Bronfman March Warrant, Attachment B-2.II); Dkt. 269, Ex. 2 (Raniere March Warrant, Attachment B-2.II)) (emphasis added). The government obtained an additional warrant for the Oregon Trail devices on October 24, 2018. **Notably, the government did not seek an additional warrant for the 8 Hale devices in October**.

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███ (Dkt. 362 at 1) (under seal). Counsel deleted all copies of the drive in our internal system and returned the drive to the government. On March 1, 2019, counsel asked the government to inspect the materials the government has identified as "child pornography" on March 4th. Due to scheduling conflicts on the government's behalf, this meeting was scheduled for March 15th, two days after the government returned the Second Superseding Indictment charging this material as both racketeering acts and substantive counts.

On March 21, 2019, the government made available to all remaining defendants a new copy of DSCV_00000061. On April 3, 2018, counsel notified the government that the cached photographs the government alleges are child pornography were still on the drive and returned the harddrive to the government. The government provided a new copy of the drive on April 6, 2019.

While in the process of obtaining the new drive to review, counsel filed a motion to dismiss and sever the child pornography charges and racketeering acts arguing, in part, that "there is no role that these unreviewed photographs could possibly have in the affairs of the enterprise." (Dkt. 457 at 6.) In response, the government detailed the most information they have set forth regarding the photographs and the locations where they were stored:

> The sexually explicit photographs of Jane Doe 2 were found on a hard drive seized from 8 Hale Drive, in a folder titled "BACKUPS," in a subfolder titled "Studies," which in turn contained 12 subfolders, each of which contained numerous sexually explicit photographs of other members and associates of the Enterprise with whom Raniere had sexual relationships, including Raniere's codefendants Lauren Salzman and Kathy Russell. The photographs in each of the 12 subfolders were taken contemporaneously with the photographs of Jane Doe 2, and the women in all of the photographs – including Jane Doe 2 – were photographed in many of the same poses.

(Dkt. 485 at 12.) Notably, the 12 subfolders all appear to be photographs taken in 2005. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Since being notified of the government's discovery of these photographs and their intent to introduce them as a basis for racketeering acts in the Second Superseding Indictment, counsel has asked the government when the FBI reports detailing the search will be produced to the defense. The government has stated that this report has not been completed, but once it is completed, it will be made available to counsel.

**C. Witnesses Statements to Law Enforcement Regarding Raniere's Privacy Interest in 8 Hale**

Many witnesses have shared with law enforcement that 8 Hale Drive was "Raniere['s]…own study" ███████████████████ or "Raniere'[] 'Executive Library'" ████████████████████████████

████████████████████████████████████

████████████████████████████████████

█████████ Other witnesses have established Raniere's privacy interest in the property by discussing with the government that he renovated 8 Hale, stored books and computers there, and engaged in sexual activity there.

Raniere renovated 8 Hale Drive after Executive Housing acquired it:





Sexual activity in 8 Hale Drive:

- 

- 

Agent Lever's search warrant affidavit reflected *some* of these statements as well. (Agnifilo Decl. Ex. 1 at ¶¶ 41-42.) Agent Lever swears to Judge Stewart that Raniere had repeated sexual contact with Jane Doe 1 at 8 Hale (Id. ¶ 41) and that Raniere kept boxes of personal notes at 8 Hale (Id. ¶ 43).

## RANIERE'S STANDING TO CONTEST THE SEARCH

### A. Legal Standard

A defendant has standing to contest a search and seizure where he alleges a proprietary or possessory interest in the premises and is charged with an offense that includes, as an essential element, possession of the seized evidence at the time of the search. Brown v. U.S., 411 U.S. 223, 93 S. Ct. 1565, 36 L. Ed. 2d 208 (1973). Intertwined within the question of standing is whether an individual has an expectation of privacy in the dwelling. The determination of whether an individual has such a legitimate expectation of privacy normally embraces two discrete questions: (1) whether the individual, by his conduct, has exhibited an actual (subjective) expectation of privacy, that is, whether he has shown that he seeks to preserve something private; and (2) whether his subjective expectation of privacy is one that society is prepared to recognize as reasonable, that is, whether the individual's expectation, viewed objectively, is justifiable under the circumstances.

See Smith v. Maryland, 442 U.S. 735, 99 S. Ct. 2577 (1979); Katz v. U.S., 389 U.S. 347, 88 S. Ct. 507 (1967).

### B. Argument

As set out in Raniere's affidavit, Keith Raniere has standing to object to the search and seizure of materials in 8 Hale Drive. Particularly, Raniere alleges that he has used 8 Hale Drive as a domicile over the past several years, and has at various times lived at that location since Executive Housing acquitted it. Moreover, he keeps his books, clothing and other items of his personal property at 8 Hale Drive. In addition, he is within his legal rights to be at that location, to keep his belongings at that location, to sleep at that location, and to expect a measure of privacy in connection with his belongings and his person while in that location. Finally, he knows of no other person who has a greater right to be at that location or to use that location than is possessed by him.

Additionally, many of the government's witnesses show Raniere's standing that "he seeks to preserve something private." Id. For example, as Jane Doe 1 told the government, the "windows were always drawn" and "there was a security camera at the front door." ███████████

███████████████████████████████

███████████████

As a result, Mr. Raniere has a subjective expectation of privacy over 8 Hale Drive and his subjective expectation is one that society accepts as reasonable. United States v. Hamilton, 538 F.3d 162 (2d Cir. 2008). Accordingly, he has standing to object to the search at issue.

### THE SEARCH EXCEEDED THE SCOPE OF THE WARRANT

The government violated the terms of the warrant, searching for, seizing and now using documents that fell outside its scope to charge Raniere with Racketeering Acts Two, Three

7

and Four. "We look directly to the text of the search warrant to determine the permissible scope of an authorized search." United States v. Bershchansky, 788 F.3d 102, 111 (2d Cir. 2015). The warrant permitted a search for evidence of sex trafficking by force, fraud or coercion, forced labor, extortion, and engaging in a pattern of racketeering activity **occurring in or after January 1, 2015**. (Ex. 2, Attachment B.) The warrant has a clear time limitation. In the instant case, the affidavit submitted in support of a search warrant failed to describe any images that had been identified or for which there was reason to believe would be located at the 8 Hale Drive premises. The affidavit is bereft of any description, or discussion of visual images. The warrant in effect permitted a search of the entire premises.

This warrant did not permit an overbroad search for evidence which it could later use to charge Raniere with crimes. "[A] warrant to search a computer for evidence of [certain crimes] cannot be used as a blank check to scour the computer for evidence of [other] crimes." United States v. Vilar, No. S3-05-CR-621-KMK, 2007 WL 1075041 at *37 (S.D.N.Y. Apr. 4, 2007). The government's collection and use of information beyond the scope of the March Warrant was, in effect, a "warrantless search in violation of the Fourth Amendment." Bershchansky, 788 F.3d at 111; accord United States v. Voustianiouk, 685 F.3d 206, 212, 214 (2d Cir. 2012); see also "[W]hatever new challenges computer searches pose in terms of particularity, it is always necessary—and hardly onerous—to confine any search to evidence of particular crimes." See United States v. Cioffi, 668 F. Supp. 2d 385, 392 (E.D.N.Y. 2009) (suppressing seized evidence because "[t[he Warrant did not, on its face, limit the items to be seized from Tannin's personal email account to emails containing evidence of the crimes charged in the indictment or, indeed, any crime at all." Cioffi at 396.).

Permitting a sweeping and unfettered search warrant as executed at 8 Hale Drive would

8

allow the sort of general search warrant that is anathema to the Fourth Amendment. <u>United States v. Galpin,</u> 720 F.3d 436, 445 (2d Cir. 2013) (holding that "the chief evil that prompted the framing and adoption of the Fourth Amendment was the 'indiscriminate searches and seizures' conducted by the British 'under the authority of general warrants'") (citation omitted); <u>United States v. George</u>, 975 F.2d 72, 75 (2d Cir. 1992) ("The instant warrant's broad authorization to search for 'any other evidence relating to the commission of a crime' plainly is not sufficiently particular with respect to the things to be seized because it effectively granted the executing officers' 'virtually unfettered discretion to seize anything they [saw]'.") (citation omitted) (alteration in original).

Under these circumstances, the government's search of the backup hard drive was unconstitutionally overbroad and not permitted by the warrant.

## CONCLUSION

For the foregoing reasons, this Court should suppress the images from 2005 seized from device DSCV_00000061.

Dated:   April 22, 2019
         New York, NY

                                            Respectfully submitted,

                                             /s/
                                            _____
                                            Marc A. Agnifilo, Esq.
                                            Teny R. Geragos, Esq.
                                            **BRAFMAN & ASSOCIATES, P.C.**
                                            767 Third Avenue, 26th Floor
                                            New York, NY 10017
                                            (212) 750-7800

                                            Paul DerOhannesian II, Esq.
                                            Danielle R. Smith, Esq.
                                            **DEROHANNESIAN & DEROHANNESIAN**
                                            677 Broadway, Suite 707
                                            Albany, New York 12207
                                            (518) 465-6420