# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

KEITH RANIERE, CLARE BRONFMAN,
ALLISON MACK, KATHY RUSSELL,
LAUREN SALZMAN, and NANCY SALZMAN,

Defendants.

No. 18-cr-204 (NGG)

**DECLARATION OF
MICHAEL J. SULLIVAN**

MICHAEL J. SULLIVAN, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a member of The Ashcroft Law Firm and a member in good standing of the bar in Massachusetts. I formerly served as the United States Attorney for the District of Massachusetts from 2001 to 2009. While serving as United States Attorney I also served as the Acting Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) from 2006 to January 2009. I have been in private practice since the end of my term as United States Attorney.

2. I submit this Declaration in support of NXIVM's Opposition to the Privilege Review Team's Objections to the Privilege Orders.

3. I represent non-party NXIVM Corporation in connection with the ongoing criminal proceedings in the Eastern District of New York. I was retained by NXIVM Corp. in April 2018 to represent the interests of the company in connection with investigations or possible governmental investigations into NXIVM and affiliated persons. I was retained by the individual who was at that time was the President of NXIVM Corp., Nancy Salzman. As far as I am aware Nancy Salzman has not resigned her role as President of NXIVM Corp., but is taking no active role in its management at this time.

4. A copy of the Certificate of Incorporation of Executive Success Programs, Inc., later renamed NXIVM Corporation, as filed with the Delaware Secretary of State, is attached as Exhibit B. The corporation's Certificate for Renewal and Revival of Charter, which restored the Charter after it was voided for nonpayment of taxes, as filed with the Delaware Secretary of State in 2005, is attached as Exhibit C.

5. According to its Certificate of Incorporation, NXIVM Corp. is governed by a Board of Directors, which has the power to adopt, amend or repeal the by-laws of the Corporation. *See* Exhibit B. I have not yet been able to locate a copy of the Corporation's current by-laws, if any exist.

6. I am also, however, aware from my interactions with NXIVM Corp. dating back to 2018 that its affairs have historically, and since my involvement with the company, been governed by the "Executive Board" or Board of Directors, which made major decisions about the company. At the time I was retained, or shortly before my retainer, the Executive Board consisted of Ms. Clare Bronfman, Ms. Lauren Salzman, Ms. Karen Unterreiner, Mr. Omar Boone, Mr. Alejandro Betancourt, and Emiliano Salinas. I understood from NXIVM management and/or members of the Executive Board, approximately early 2018, Betancourt and Salinas resigned from the Executive Board. In the Spring or Summer of 2018, Ms. Unterreiner tendered her resignation from the Board. Since that date, I am not aware that any additional board members have resigned. *See* Del. G.C.L. § 141(b) ("Each director shall hold office until such director's successor is elected and qualified or until such director's earlier resignation or removal.").

7. While I am aware that as of today, two of the remaining members of the Board of Directors, Ms. Lauren Salzman and Ms. Clare Bronfman, have entered guilty pleas to felonies in connection with this case, I am not aware of any provision of law that results in the automatic

removal or termination of a director upon entering a guilty plea to a felony. Further, no member of the Executive Board has yet had a judgment of conviction entered against them.

8. After the First Superseding Indictment in this case, which added board members Lauren Salzman and Clare Bronfman, among others, as defendants to the existing Indictment against Keith Raniere and Allison Mack, I convened several calls which consisted of a quorum of the remaining Board members (along with their individual counsel, due to their bail restrictions) in order to address operational aspects of the corporation's business, such as approval for use, retention and payment for accounting services, as well as authorization to process and pay for other corporation expenses.

9. On one of these Board phone calls, which took place on December 19, 2018, a quorum of the remaining Board members voted[1] to delegate to me the power to assert any applicable lawful privilege, or to waive privilege, on behalf of the corporation, taking into consideration the best interests of the corporation. One of the considerations in my determination as to whether to assert privilege on behalf of the company is possible future civil lawsuits against the corporation.

10. At no point since that Board call has the delegation of authority to me to make privilege determinations on behalf of NXIVM Corp. been revoked.

11. Although the corporation has suspended its' offering of trainings to clients, in light of the serious charges that were brought against NXIVM's founders and several NXIVM-affiliated individuals, other day-to-day operations of the business have continued, such as: (1) maintaining

---

[1] Under Delaware's General Corporations Law, "[a] majority of the total number of directors shall constitute a quorum for the transaction of business unless the certificate of incorporation or the bylaws require a greater number. . . . The vote of the majority of the directors present at a meeting at which a quorum is present shall be the act of the board of directors unless the certificate of incorporation or the bylaws shall require a vote of a greater number." Del. G.C.G. § 141 (b).

3

certain business practices; (2) responding to grand jury subpoenas by the government as recently as March 4, 2019; (3) retaining accountants and attorneys to provide services on its behalf; (4) being billed for and paying normal operating costs; (5) maintaining files, storage facilities, operating systems, domain names; (6) preparing and filing tax returns; (7) having an existing board and held a board meeting in December. The Corporation has not been dissolved, and is not defunct; rather, it continues to meet its obligations. Nor am I aware that it is a bankrupt entity.

12. Significantly, over the past year, I have been engaged in numerous conversations with the Government's trial team and the Government's privilege review team, on behalf of my client NXIVM Corp. and related entities that I represent. For example, I have engaged in extensive conversations with the Government's trial team regarding a grand jury subpoena served upon NXIVM Corp. and related entities, to which NXIVM Corp. has responded, through me, as its counsel. In fact, over the past year, NXIVM Corp. has produced tens of thousands of materials and documents, including, but not limited to, paper files, electronic files, CDs, DVDs, and other related documents in response to the grand jury subpoena served upon it, including producing responsive documents as recently as March 7, 2019. In responding to the government's grand jury subpoena, I have relied on former associates of NXIVM to locate documents, servers, videos, and other items that might be responsive to the request. I have retained through the authorization of NXIVM a company to conduct document searches of NXIVM's servers. NXIVM Corp.'s compliance with the grand jury subpoena indicates that it is still operational, and still in business – otherwise it would simply have defaulted on the subpoena. NXIVM Corp. has also filed documents in connection with forfeiture proceedings related to the seizure of NXIVM-owned assets. I have also been involved on NXIVM Corp.'s behalf, in consulting with the Government's privilege review team and consulting with the relevant defendants and their counsel to determine

4

where NXIVM does and does not have an interest in asserting privilege, and have participated in numerous appearances before Magistrate Judge Scanlon.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed in Boston, MA on April 24, 2019.

<u>/s/ Michael J. Sullivan</u>  
Michael J. Sullivan