

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MKP/TH
F. #2017R01840

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 3, 2018

<u>By Email and FedEx</u>

Marc Agnifilo, Esq.
Brafman & Associates
767 Third Avenue
New York, NY 10017

    Re: United States v. Keith Raniere, <u>et al.</u>
       <u>Criminal Docket No. 18-204 (NGG) (S-1)</u>

Dear Counsel:

    Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government hereby furnishes the following discovery in the above-captioned case, which is Bates-numbered NXIVM00000001 – NXIVM00009177 and VDM_NXIVM00000001 – VDM_NXIVM00004162.  This discovery is being provided to you pursuant to the protective order you signed on July 30, 2018 and entered by the Court on August 1, 2018.  Where practical, documents have been watermarked "SUBJECT TO PROTECTIVE ORDER" but all materials being produced are subject to the protective order, regardless of the watermark.

    Certain materials, as set forth in the chart below, are designated as "Victim Discovery Material," and where applicable, "Highly Sensitive Material."  Some categories of documents have been designated as "Victim Discovery Material" ("VDM") or "Highly Sensitive Material" ("HS") because the process of individually designating the items (for example, individual emails) would have led to a significant delay in production.  Consistent with the protective order, the government is open to discussing the designations with defense counsel.

    The government will continue to provide discovery on a rolling basis.

I.  The Government's Discovery

   A.  The Defendant's Criminal History

At this time, the government is not aware of any criminal history, youthful offender or juvenile offender adjudications of the defendant.

   B.  Documents and Tangible Objects

Enclosed please find 8 encrypted discs containing copies of the following documents:

| BATES RANGE | DESCRIPTION | DESIGNATION |
|---|---|---|
| NXIVM00000001-NXIVM00000027 | Nxivm newsletters | Subject to Protective Order |
| NXIVM00000028-NXIVM00000095 | Nxivm websites | Subject to Protective Order |
| NXIVM00000096-NXIVM00000103 | NXIVM University documents | Subject to Protective Order |
| NXIVM00000104-NXIVM00000110 | Confidentiality agreement | Subject to Protective Order |
| NXIVM00000111-NXIVM00000116 | ESP Rules and Rituals | Subject to Protective Order |
| NXIVM000000117 | Letter for signature campaign | Subject to Protective Order |
| NXIVM00000118-NXIVM00000167 | Pamela Cafritz will and estate proceedings | Subject to Protective Order |
| NXIVM00000168-NXIVM00000289 | SOP Complete materials | Subject to Protective Order |
| NXIVM00000290-NXIVM00000613 | Keith Raniere articles and survey | Subject to Protective Order |
| NXIVM00000614-NXIVM00000615 | SOP-PAH audio and video | Subject to Protective Order |
| NXIVM00000616-NXIVM00000704 | SOP materials | Subject to Protective Order |
| NVIVM00000705-NXIVM00001009 | ETHOS - Intensives | Subject to Protective Order |
| NXIVM00001010-NXIVM00001012 | SOP compensation plan | Subject to Protective Order |

| BATES RANGE | DESCRIPTION | DESIGNATION |
|---|---|---|
| NXIVM00001013 | NYT Recordings | Subject to Protective Order |
| NXIVM00001014 | Recording of Keith Raniere on or about April 18, 2017 | Subject to Protective Order |
| NXIVM00001015 | Recording of Keith Raniere on or about May 7, 2017 | Subject to Protective Order |
| NXIVM00001016 | Recording of N. Salzman on or about November 6, 2016 | Subject to Protective Order |
| NXIVM00001017 | Recording of N. Salzman on or about November 8, 2016 | Subject to Protective Order |
| NXIVM00001018- NXIVM00001560 | NXIVM Intensive Facilitator Notes and Ethos Facilitator Notes | Subject to Protective Order |
| NXIVM00001561-NXIVM00001600 | NXIVM video files | Subject to Protective Order |
| NXIVM00001601-NXIVM00002012 | Photographs of the execution of a search warrant at 3 Oregon Trail | Subject to Protective Order |
| NXIVM00002013- NXIVM00002071 | Search warrant application for 3 Oregon Trail | Subject to Protective Order |
| NXIVM00002072- NXIVM00002168 | Photographs of the execution of a search warrant at 8 Hale Drive | Subject to Protective Order |
| NXIVM00002169- NXIVM0002230 | Search warrant application for 8 Hale Drive | Subject to Protective Order |
| NXIVM00002231-8698 | Filings related to NXIVM Corp., et al v. Ross Institute, et al., 06 CV 1051 (D.N.J.) | Subject to Protective Order |
| NXIVM00008699-9174 | Books co-authored by Keith Raniere | Subject to Protective Order |
| NXIVM00009175- NXIVM00009177 | Security footage | Subject to Protective Order |
|  |  |  |
| VDM_NXIVM00000001- VDM_NXIVM00000009 | Email re: Cafritz memorial | VDM |

3

| BATES RANGE | DESCRIPTION | DESIGNATION |
| --- | --- | --- |
| VDM_NXIVM00000010-VDM_NXIVM00000013 | Dropbox screenshots | VDM |
| VDM_NXIVM00000014-VDM_NXIVM00002581 | SMS messages | VDM/HS |
| VDM_NXIVM00002582-VDM_NXIVM00002598 | Letters | VDM |
| VDM_NXIVM00002599-VDM_NXIVM00002810 | Jane Doe 8 calendar and journal | VDM/HS |
| VDM_NXIVM00002811-VDM_NXIVM00002815 | Collateral | VDM/HS |
| VDM_NXIVM00002816 | KAR emails | VDM/HS |
| VDM_NXIVM00002817 | KAR emails (subset of Yahoo search warrant)[1] | VDM/HS |
| VDM_NXIVM00002818 | Video/Audio re: DOS | VDM |
| VDM_NXIVM00002819-VDM_NXIVM00003048 | Records from ▮▮▮ | VDM |
| VDM_NXIVM00003049-VDM_NXIVM00004162 | Notes | VDM |

In addition, the government is in possession of the following devices and sources of electronic evidence, among others:

- Information associated with an iCloud account belonging to Lauren Salzman;

- Information associated with an iCloud account belonging to Allison Mack;

- A Samsung Galaxy cellular phone belonging to Allison Mack;

- Information associated with a Dropbox account belonging to Allison Mack;

---

[1] VDM_NXIVM00002817 is a subset of emails received pursuant to a search warrant executed on the account keithraniere@yahoo.com. Our search of this account for responsive materials is ongoing and we will continue to supplement our discovery production with additional materials that have been deemed responsive.

4

- Information associated with ▮
- Information associated with ▮
- Electronic devices obtained through the execution of a search warrant at 3 Oregon Trail, Halfmoon, New York; and
- Electronic devices obtained through the execution of a search warrant executed at 8 Hale Drive, Halfmoon, New York.

Please note that in an effort to produce discovery expeditiously, full discovery copies of these materials will be produced to all defendants in the coming weeks or as soon as practicable.[2] You may also examine the physical evidence discoverable under Rule 16, including any original documents, by contacting the government to arrange a mutually convenient time.

 C. Reports of Examinations and Tests

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

 D. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

 E. Brady Material

The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

---

[2] To the extent your client objects to such disclosure, please inform the government as soon as possible and no later than August 8, 2018. Please be advised that any objections may delay the production of discovery.

      F.      <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.     <u>The Defendant's Required Disclosures</u>

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. <u>See</u> Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

IV.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact us.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

        Very truly yours,

        RICHARD P. DONOGHUE
        United States Attorney

By:     /s/ Moira Kim Penza
        Moira Kim Penza
        Tanya Hajjar
        Assistant U.S. Attorneys
        (718) 254-7000

Enclosures