**BRAFMAN & ASSOCIATES, P.C.**
ATTORNEYS AT LAW
767 THIRD AVENUE, 26TH FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 750-7800
FACSIMILE: (212) 750-3906
E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ANDREA L. ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY & CA
STUART GOLD

April 30, 2019

BY HAND and ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Keith Raniere, 18 Cr. 204 (NGG)

Dear Judge Garaufis:

  Defendant Keith Raniere respectfully submits this brief reply to the government's response to the Motion to Suppress the images the government seized from 8 Hale Drive. (Dkt. 593, Gov't Response.) In support of its argument, the government argues that (1) to the extent Raniere's motion challenges probable cause, overbreadth, or particularity, Raniere's motion is untimely (id. at 1); and (2) if Raniere is only challenging execution of the warrant, Raniere's motion is timely, but meritless (id. at 2).

  First, Raniere has not challenged the probable cause of the March 2018 warrant[1] (see Gov't Response at 3-4), but rather objects to the images that were recovered "as being clearly beyond the scope of the [March] warrant." (Dkt. 580, Raniere Memo of Law at 1.) To that end, the government does not dispute that given the fact Raniere's objection is the execution only, Raniere's "motion is timely." (Gov't Response at 1.)

  Second, to put a finer point on Raniere's argument, we argue that the government knew that the images were not connected to either crimes of sex trafficking or forced labor as set out in

---

[1] Raniere challenged the probable cause of the warrants seizing his Yahoo email address, which was based on substantial similar facts as the facts underlying the Agent's affidavit in support of a search warrant to seize devices from 8 Hale Drive.

BRAFMAN & ASSOCIATES, P.C.

March Warrant. The agents would have known based on the metadata and otherwise that the images they were about to view were from 2005 and were not within the purview of the warrant which was limited to a very specific time period, namely after 2015. Specifically, the government has stated that "the photographs were found on a hard drive seized from 8 Hale Drive, in a folder titled 'BACKUPS,' in a subfolder titled 'Studies,' which in turn contained 12 subfolders, each of which contained numerous sexually explicit photographs of other members and associates of the Enterprise with whom Raniere had sexual relationships." (Dkt. 485, Gov't Response to Raniere Motion to Dismiss at 12.) ██████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████████ As a result, the agents cannot plausibly claim that they reasonably believed that 2005 photographs were within the purview of a warrant that was limited to conduct after 2015.

That the images in the photographs may have resembled naked photograph "collateral" that existed in DOS *after 2015* does not allow the agents to seize "materially similar photographs" from ten years before the concept of collateral in DOS was developed. (Gov't Response at 5.) The government limited to itself to a time period in the March Warrant. If it wanted to get evidence that was somehow a prequel to DOS, the government should have put that in the warrant, but that was not the warrant the Magistrate Judge signed. In the warrant that the Magistrate Judge signed, the government was explicit about the date. If the government's argument were credited, search warrants going forward would no longer be limited by the dates in the warrant.

Finally, the images also do not satisfy the plain view exception. (See Gov't Response at 6-7.) If a search warrant limits an agent to a search of the first-floor apartment, the agent cannot go to the second-floor apartment and claim he or she saw something in plain view. This is because the agent had no right to be on the second floor looking for evidence. Similarly, the agents knew full well that they were about to look at photographs from 2005. They had no basis to be in that part of the hard-drive. ████████████████████████████████████████, they were outside of the time-period permitted by the warrant and they had a duty, imposed by the constitution, to stop searching.

For these reasons the reasons submitted in Raniere's Motion and supporting Memorandum (Dkt. 580), the search is unconstitutional because it exceeded the scope of the warrant. Moreover, as conceded by the government, because the constitutional challenge relates to the issue of the scope of the search, and not to probable cause, the motion is timely.

Respectfully submitted,

/s/
Marc A. Agnifilo, Esq., *Of Counsel*
Teny R. Geragos, Esq.

cc:   Counsel for the government (via email)