

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MKM:MKP/TH/MJL
F. #2017R01840

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 2, 2019

<u>By Email and ECF</u>

Marc Agnifilo, Esq.
Brafman & Associates
767 Third Avenue
New York, NY 10017

   Re: <u>United States v. Keith Raniere</u>
      <u>Criminal Docket No. 18-204 (NGG) (S-2)</u>

Dear Counsel:

   Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the government hereby provides further notice of Dr. Grassian and Dr. Hughes's anticipated expert testimony.

  I. <u>Dr. Grassian</u>

   Dr. Grassian is expected to offer the following testimony at trial:  (1) severe restriction of social, perceptual and occupational stimulation ("environmental restriction")—including, but not limited to, lack of human contact, restriction of physical activity, lack of occupational stimulation, repetition of routine, and stagnancy of environment—has a profoundly deleterious effect on mental functioning; (2) individuals who experience environmental restriction often become incapable of maintaining an adequate state of alertness and attention to the environment and may experience agitated confusional states; (3) individuals who experience environmental restriction often develop severe anxiety and panic disorders; (4) individuals who experience environmental restriction may become suicidal and self-destructive, (5) there are documented examples of environmental restriction being used to weaken individuals and make them more susceptible to indoctrination and (6) individuals experiencing environmental restriction often experience fear and helplessness, because they have to depend entirely on others.

   Dr. Grassian is a board-certified psychiatrist, licensed to practice medicine in the Commonwealth of Massachusetts and was on the teaching faculty of the Harvard Medical School for over 25 years.  He is one of the world's leading experts on the effects of environmental restriction.  Dr. Grassian's work has focused on studying the effects of such isolation on prisoners in solitary confinement.

Dr. Grassian's proposed testimony relies upon his extensive study of the medical literature and the history of the psychiatric effects of restricted and isolated conditions of confinement as well as other conditions of restricted environmental and social stimulation. Such situations include, for example, prisoners of war, patients in intensive care units, patients with impairment of their sensory apparatus (such as eye-patched or hearing impaired patients), members of the military, submarine and polar explorers and space travelers, among others.

Dr. Grassian's proposed testimony is also based on his extensive experience evaluating individuals while they were experiencing or after they had experienced environmental and social isolation. In his article Psychiatric Effects of Solitary Confinement, 22 Wash. U. Journal of Law & Policy, which has already been provided to the defendants pursuant to 18 U.S.C. § 3500, Dr. Grassian described the extensive body of literature, including clinical and experimental literature, regarding the effects of decreased environmental and social stimulation, which largely forms the basis for the testimony he is expected to provide here. The government has also provided defense counsel with additional prior statements by Dr. Grassian on the topics as to which he is expected to testify.

II.     Dr. Hughes

Dr. Hughes is expected to offer the following testimony at trial: (1) the vast majority of sexual assault victims know their perpetrators, (2) victims routinely fail to formally report sexual assault for a variety of reasons, and the evaluation of the "legitimacy" of a sexual assault should not be based on whether or not a victim reported the event to law enforcement, (3) victims frequently utilize informal strategies and disclosure to cope with sexual assault, including revealing only partial details of their assault, "talking around" assault and not labeling it as such, and utilizing defense mechanisms of avoidance, dissociation and suppression, (4) disclosure by sexual assault victims often unfolds over time, and the process of disclosure is influenced by multiple and changing factors including, but not limited to, the specific characteristics of the experience, the victim's psychological vulnerabilities, the victim's relationship to her perpetrator and her pattern of recovery and coping, (5) sexual assault can result in severe, long-lasting and wide-ranging psychological consequences and related difficulties, and can complicate the choice of a victim to formally report assault, (6) sexual assault victims may maintain relationships with their perpetrators and this is often influenced by the dynamic between the victim and perpetrator, including whether the victim and perpetrator are in intimate or work relationships characterized by abuse, coercion and/or dependence, (7) false recanting or failure to cooperate with prosecution efforts may occur in situations of interpersonal victimization, and (8) perpetrators often use "grooming" techniques on adult and child victims to normalize sexual behaviors and make their victims more susceptible to assault.

Dr. Hughes is a board-certified forensic psychologist and a clinical psychologist. She is a leading expert on sexual abuse, interpersonal violence and traumatic stress. Dr. Hughes is a Clinical Assistant Professor of Psychology in Psychiatry at Weill Cornell Medical College, she served as President of the Women's Mental Health Consortium from 2009 to 2017 and she has frequently published and presented on the topics that will be the subject of her testimony.

Dr. Hughes' proposed testimony relies upon her extensive study of the empirical data and social science literature on sexual assault, interpersonal violence and trauma, including

the National Intimate Partner and Sexual Violence Survey (NISVS), an ongoing comprehensive nationally representative survey developed by the Centers for Disease Control (CDC) that assessed experiences of intimate partner violence, sexual violence and stalking victimization in the United States.  References that Dr. Hughes relied on in reaching her opinions are listed in Exhibit A to this letter.  Dr. Hughes' testimony also relies upon her extensive clinical experience treating hundreds of trauma and abuse patients over the past twenty years.  The government has provided defense counsel with prior statements by Dr. Hughes on the topics as to which she is expected to testify.

        Very truly yours,

        RICHARD P. DONOGHUE
        United States Attorney

By:   /s/ Moira Kim Penza
        Moira Kim Penza
        Tanya Hajjar
        Mark J. Lesko
        Assistant U.S. Attorneys
        (718) 254-7000

cc:    Clerk of the Court (NGG) (by ECF) (without enclosures)