# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN
———
MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ANDREA L. ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY & CA
STUART GOLD

May 15, 2019

<u>VIA ECF</u>

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Keith Raniere</u>, 18 Cr. 204 (NGG)

Dear Judge Garaufis:

Defendant Keith Raniere respectfully moves <u>in limine</u> to allow introduction of portions of a Government Exhibit 1002 during cross-examination of Mark Vicente.[1] Government Exhibit 1002 is an audio recording of a Society of Protectors ("SOP") meeting.

Federal Rule of Evidence 803 provides for statements that are not excluded by the rule against hearsay. Fed. R. Evid. 803(3), captioned "Then-Existing Mental Emotional, or Physical Condition," specifically provides that "the statement of the declarant's then-existing state of mind (such as motive, intent or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health) but not to include a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will" is not excluded as hearsay.

If a statement is relevant to show the declarant's then-existing state of mind in regard to motive, intent or plan, the statement is admissible under Rule 803(3) even if the declarant is the defendant. The Second Circuit in <u>United States v. Harris</u>, 733 F.2d 994, 1003-04 (2d Cir. 1984) reversed a conviction of a defendant where the defendant was prevented from eliciting a statement he made to his parole officer which would have demonstrated the defendant's state of

---

[1] The government produced this exhibit to Keith Raniere on April 30, 2019 and represented to the defendant that they would seek to admit it through Mark Vicente. However, on Monday, May 13, the government changed their position and indicated they would no longer admit the recording.

BRAFMAN & ASSOCIATES, P.C.

mind at a time relevant to the offense. In reversing the conviction in Harris, the Second Circuit noted that the statements at issue were not being offered for their truth but for the defendant's state of mind, and were admissible as an exception to the rule against hearsay. In United States v. Shakur, 1988 US Dist LEXIS 2362, at * 8 (S.D.N.Y. March 21, 1988), the court ruled,

> to be admissible, on the defense case a criminal defendant's out-of-court statements must be probative of the defendant's then existing state of mind; and that state of mind must be relevant to the government's charges, or its proof in support of those charges. If those criteria are met, the statement is admissible, with issues of credibility being for the jury. Credibility issues include: whether the witness's description of the defendant's statement is to be believed; and whether the particular state of mind ascribed by the defense to the statement is to be believed. In words of one syllable: did he say it? What did he mean by it?

Under Rule 803(3), the audiotape is relevant and admissible to demonstrate the defendant's state of mind during the time period of the charged criminal offense. More specifically, the government has maintained and will continue to maintain that Keith Raniere acted with malicious intent when he applied the collateral concept to DOS slaves as part of an agreement to a lifetime commitment. We have opened on the concept of good faith and lack of criminal intent, specifically that when Raniere instilled concepts of collateral and commitment in others, that he was doing so to help them, rather than to harm them. There has been and will continue to be evidence elicited that the concepts of collateral and commitments did not start with DOS, but rather were parts of the NXIVM curriculum that existed both prior to and during DOS.

On October 29, 2012, during the time period of the charged RICO, Raniere spoke about these concepts during an SOP meeting. During the meeting, which was attended by Mark Vicente and others, Raniere talked about wanting a group of men that made a life commitment. He stated specifically that commitment is personal power and that the more committed a person is, the stronger that person will be. He also discussed how commitment is necessary to achieving good character. Finally, he talked about the importance of collateral, not as an implement of coercion, but as an element of keeping one's promise or one's word that he or she will do something.

While the government is free to disparage Raniere's intent in regard to these concepts, the defense is entitled to rebut the argument and suggestion of the prosecution to show the jury with the best evidence possible – Raniere's own, unguarded words spoken during the alleged conspiracy – that his intent and his motive were to help people grow stronger character. As a result, we seek to admit during the testimony of Mark Vicente, who was present for the meeting, authenticated the recording as well as the transcript, certain limited portions of GX 1002 and provide the jury with a corresponding transcript (GX1002-T). Specifically, we seek to admit and play for the jury the following portions:

1. 3:29 to 12:07;
2. 18:30 to 10:37; and

2

Brafman & Associates, P.C.

   3.  26:58 to 31:37.

Raniere submits that these portions fall under the state of mind exception to the Rule against hearsay because they go to Raniere's state of mind at the time of forming SOP, which the government alleges built the foundations of DOS. Thank you for your consideration.

                                     Respectfully submitted,

                                     /s/
                                   Marc A. Agnifilo, Esq., *Of Counsel*
                                   Teny R. Geragos, Esq.

cc:    Counsel for the government (via ECF)