UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -   v. -

KEITH RANIERE,

           Defendant.

No. 18-cr-204 (NGG)

**Submitted on June 7, 2019**

**DEFENDANT KEITH RANIERE'S
<u>REQUESTS TO CHARGE</u>**

Marc A. Agnifilo
Teny R. Geragos
**BRAFMAN & ASSOCIATES, P.C.**
767 Third Avenue, 26th Floor
New York, New York 10017
(212) 750-7800

Paul DerOhannesian II
Danielle R. Smith
**DEROHANNESIAN & DEROHANNESIAN**
677 Broadway, Suite 707
Albany, New York 12207
(518) 465-6420

*Attorneys for Defendant Keith Raniere*

# TABLE OF CONTENTS

THE INDICTMENT ................................................................................................1

KNOWLEDGE AND INTENT IN GENERAL ....................................................3

CONSPIRACY IN GENERAL ...............................................................................5

I.      Conspiracy:  Element One – Unlawful Agreement............................6

II.     Conspiracy:  Element Two – Membership ........................................7

AIDING AND ABETTING ...................................................................................10

COUNT TWO:  RACKETEERING.....................................................................12

COUNT ONE:  RACKETEERING CONSPIRACY ..........................................17

COUNTS ONE AND TWO: STATUTE OF LIMITATIONS ..................................23

RACKETEERING ACTS .....................................................................................24

I.      Racketeering Act One-A....................................................................26

II.     Racketeering Act One-B....................................................................31

III.    Racketeering Acts Two and Three ....................................................34

IV.     Racketeering Act Four.......................................................................37

V.      Racketeering Act Five-A....................................................................40

VI.     Racketeering Act Five-B....................................................................46

VII.    Racketeering Act Five-C....................................................................48

VIII.   Racketeering Act Six.........................................................................49

IX.     Racketeering Act Seven.....................................................................51

X.      Racketeering Act Eight......................................................................52

XI.     Racketeering Act Nine-A...................................................................56

XII.    Racketeering Act Nine-B...................................................................58

XIII.   Racketeering Act Ten.........................................................................60

XIV.    Racketeering Act Eleven....................................................................62

XV.      Racketeering Act Twelve-A ........................................................................ 63

XVI.     Racketeering Act Twelve-B ........................................................................ 66

XVII.    Racketeering Act Thirteen .......................................................................... 68

XVIII. Racketeering Act Fourteen .......................................................................... 71

COUNT SIX – FORCED LABOR CONSPIRACY ................................................... 74

COUNT SEVEN – WIRE FRAUD CONSPIRACY .................................................. 77

COUNT EIGHT – SEX TRAFFICKING CONSPIRACY ......................................... 84

COUNT NINE – SEX TRAFFICKING – JANE DOE 5 .......................................... 87

COUNT TEN – ATTEMPTED SEX TRAFFICKING – JANE DOE 8 .................... 88

# THE INDICTMENT[1]

I will now review the Indictment with you and instruct you as to the legal elements of the crimes with which the defendants are charged.

The defendant is formally charged in a superseding Indictment, which I will simply refer to as the Indictment. As I instructed you earlier and at the outset of this case, an Indictment is a charge or accusation. The Indictment in this case contains seven separate counts and ten racketeering acts. You will be called upon to render a separate verdict as to each count and each racketeering act that Keith Raniere is alleged to have committed.[2]

Count One charges a racketeering conspiracy. It contains a number of predicate crimes called "racketeering acts," which I will explain shortly.

Count Two charges Keith Raniere with racketeering.

Count Six charges Keith Raniere with forced labor conspiracy.

Count Seven charges Keith Raniere with wire fraud conspiracy.

Count Eight charges Keith Raniere with sex-trafficking conspiracy.

Count Nine charges Keith Raniere with sex trafficking.

---

[1] Adapted from this Court's jury instructions in *United States v. Ashburn*, No. 11-cr-303 (NGG), Dkt. 425 at 37 (E.D.N.Y. Mar. 11, 2015).

[2] The Second Circuit has observed that "in a complex RICO trial such as this one, it can be extremely useful for a trial judge to request the jury to record their specific dispositions of the separate predicate acts charged, in addition to their verdict of guilt or innocence on the RICO charge." *United States v. Ruggiero*, 726 F.2d 913, 922-23 (2d Cir. 1984), *abrogated on other grounds by Salinas v. United States*, 522 U.S. 52 (1997). As a result, this Court has instructed at least one jury to make specific findings as to each racketeering act charged in a RICO conspiracy count, and several other courts have done so as well. *See Ashburn*, No. 11-cr-303 (NGG), Dkt. 425 at 37; *see also United States v. Pizzonia*, 577 F.3d 455, 458 (2d Cir. 2009); *United States v. Rastelli*, 870 F.2d 822, 831 (2d Cir. 1989); *United States v. Davidoff*, 845 F.2d 1151, 1156-57 (2d Cir. 1988).

Count Ten charges Keith Raniere with attempted sex trafficking.

## <u>KNOWLEDGE AND INTENT IN GENERAL</u>[3]

Because the Indictment charges seven separate counts, and because all of the charges implicate the concepts of knowledge and intent, I will tell you up front about those concepts before addressing the charges specifically.

**1.      Knowingly**

Certain allegations in the Indictment require that in order to sustain its burden of proof, the government must prove beyond a reasonable doubt that a defendant acted "knowingly."  A defendant acts knowingly if he acts purposely and voluntarily, and not because of ignorance, mistake, accident, carelessness, or other innocent reason.  Whether a defendant acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.

**2.      Intentionally**

Certain allegations in the Indictment require that in order to sustain its burden of proof, the Government must prove that a defendant acted "intentionally."  Before you can find that a defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully.  That is, a defendant's acts must have been the product of his conscious, objective decision, rather than the product of mistake or accident.  A defendant need not have been aware of the specific law or rule that his conduct may have violated.

These issues of knowledge and intent require you to make a determination about each defendant's state of mind, something that rarely can be proved directly.  A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to the defendant's state of mind.  Indeed, in your everyday affairs, you are

---

[3] Adapted from *Ashburn*, No. 11-cr-303 (NGG), Dkt. 425 at 26-27.

frequently called upon to determine a person's state of mind from his words and actions in a

particular circumstance.  You are asked to do the same here.

## CONSPIRACY IN GENERAL[4]

The Indictment alleges that the defendant conspired to violate several different federal laws.  First, I will instruct you on the elements of conspiracy.  Then, I will give you instructions on the laws the Indictment alleges that the defendant conspired to violate.

A conspiracy is an agreement by two or more persons to accomplish some unlawful purpose.  It is sometimes referred to as a criminal partnership.  You should understand that a conspiracy is an offense separate from the commission of any offense that may have been committed pursuant to the conspiracy.  That is because the formation of a conspiracy, of a partnership for criminal purposes, is in and of itself a crime. Thus, if a conspiracy exists, even if it should fail in achieving its purpose, it is still punishable as a crime. The essence of the charge of conspiracy is an understanding or agreement between or among two or more persons that they will act together to accomplish a common objective that they know is unlawful.

The following are the elements of the crime of conspiracy, each of which the government must prove beyond a reasonable doubt:

First, two or more persons entered into the particular unlawful agreement charged in the conspiracy count or racketeering act; and

Second, the defendant knowingly and intentionally became a member of the conspiracy with the intent to accomplish its unlawful purpose.[5]

---

[4] Adapted from *Ashburn*, No. 11-cr-303 (NGG), Dkt. 425 at 27-28.
[5] The clause "with the intent to accomplish its unlawful purpose" comes from the jury instructions in *United States v. Percoco*, No. 16-cr-776 (VEC), Dkt. 516 at 21-23 (S.D.N.Y. Feb. 28, 2018).

I.      **Conspiracy:  Element One – Unlawful Agreement**[6]

The first element that the government must prove beyond a reasonable doubt is that the minds of at least two of the alleged conspirators met in an understanding, and that they agreed to work together to accomplish the goal of the charged conspiracy.  The government alleges that the goal of each conspiracy was to violate a particular law, which will be specified in each of the counts and racketeering acts you are considering.  In other words, this element has two parts: (a) an agreement and (b) an illegal goal.

Starting with the first part of Element One: a conspiracy is just an agreement.  To meet its burden of proof on this element, the government must prove that there was an agreement between two or more people to engage in a particular crime.

The government is not required to prove that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they have formed a conspiracy to violate the law and spelling out who would do what in order to carry out the unlawful project.  It is enough if two or more people, in some way or manner, expressly, impliedly, or tacitly, came to a common understanding to violate the law.

The second part of Element One is an illegal goal.  In each count and racketeering act, the government alleges that the goal of the conspiracy was to commit a particular crime.  To prove a conspiracy, the government does not have to prove that anyone actually committed the crime that was the goal of the conspiracy; it need only prove that there was an agreement to commit that crime.

---

[6] Adapted from *Percoco*, No. 16-cr-776 (VEC), Dkt. 516 at 22, and *Ashburn*, No. 11-cr-303 (NGG), Dkt. 425 at 28-29.  We believe it is essential to include *Percoco*'s explanation concerning the two parts of an unlawful agreement.

## II.     Conspiracy:  Element Two – Membership[7]

The second element requires that, if you find a conspiracy existed, you must determine whether the defendant was a member of that conspiracy. That is, you must determine whether he knowingly and willfully became a participant in the conspiracy.

I have already instructed you as to the term "knowingly."  A person acts "willfully" if he participates voluntarily and intentionally; that is, with a bad purpose to do something the law forbids—in other words, with a bad purpose either to disobey or disregard the law.  You should give the word "voluntarily" its common meaning.

In deciding whether a defendant was a participant in or member of a conspiracy, you must consider whether, based upon all of the evidence, the defendant knowingly and willfully joined that conspiracy: that is, whether he participated in it with knowledge of its unlawful purpose and with the specific intention of furthering its illegal goal.  Proof of a financial interest in the outcome of a scheme is not essential.

A defendant's knowledge is a matter of inference from the facts proved.  To become a member of the conspiracy, a defendant need not have known the identities of every member, nor need the defendant have been apprised of all of their activities. Moreover, a defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify

---

[7] Adapted from *Ashburn*, No. 11-cr-303 (NGG), Dkt. 425 at 29-32.  We have streamlined this instruction because the remaining instructions concerning RICO and the racketeering acts will necessarily be lengthy and complicated.

an inference of knowledge on his or her part. However, the defendant must agree on the essential nature of the plan and be conscious of its general nature and extent.[8]

The extent or duration of the defendant's participation does not necessarily bear on the issue of the defendant's guilt.  For example, it is not required that a person be a member of the conspiracy from its very start.  In other words, the law does not require a defendant to play an equal role in the conspiracy.  Each member may perform separate and distinct acts and may perform them at different times.  Some conspirators may play major roles, while others may play minor ones.  A person who willfully joins an existing conspiracy is charged with the same responsibility as if he had been one of the originators or instigators of the conspiracy.

I want to caution you, however, that a defendant's mere presence at the scene of criminal activities, or at locations frequented by criminals, does not, by itself, make him a member of the conspiracy.  Similarly, mere association with one or more members of the conspiracy does not automatically make a defendant a member.  A person may know or be friendly with a criminal without being a criminal himself.  Indeed, a person may be a criminal without being a member of the charged conspiracy.  Mere similarity of conduct or the fact that individuals may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

---

[8] The last sentence is necessary in order to qualify the sentence beginning with "moreover."  *See United States v. Eppolito*, 543 F.3d 25, 47-48 (2d Cir. 2008) (RICO conspirators must "agree[] on the essential nature of the plan" and be "conscious[] of its general nature and extent"); *United States v. Rosenblatt*, 554 F.2d 36, 39 (2d Cir. 1977) ("Nobody is liable in conspiracy except for the fair import of the concerted purpose or agreement as he understands it[,]" and "it is therefore essential to determine what kind of agreement or understanding existed as to each defendant.") (quotation marks omitted).

I further caution you that mere knowledge or acquiescence without participation in the unlawful plan is not sufficient.  The fact that the acts of a defendant merely happen to further the purposes or objectives of the conspiracy, without the defendant's knowledge, does not make that defendant a member.  More is required under the law.  What is necessary is that a defendant must have participated with knowledge of the essential purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

## **AIDING AND ABETTING**[9]

The Indictment also alleges that the defendants aided and abetted the commission of particular crimes.  I will instruct you on the law of aiding and abetting before addressing the specific crimes charged in the Indictment.

If you find that the defendant knowingly and willfully aided and abetted another person in the commission of a crime, he is as guilty as if he personally committed it.  Before you can convict a defendant on the ground that he aided and abetted the commission of the crimes charged, however, you must first find that another person committed that crime.  No one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must determine whether the defendant aided or abetted the commission of that crime.

In order for a defendant to be found guilty of aiding and abetting, the government must prove that the defendant willfully and knowingly associated himself with the crime, and that the defendant willfully and knowingly sought by some act to help make the crime succeed.  The mere presence of a defendant where a crime is being committed, even when combined with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the crime.

Thus, the defendant must have willfully associated himself in some way with the criminal venture and must have willfully participated in it as something he wanted to bring about.  That is, a defendant must willfully seek by some act to make the criminal venture succeed.  As I have

---

[9] Adapted from *Ashburn*, No. 11-cr-303 (NGG), Dkt. 425 at 34-36.

already instructed you, a person acts willfully if he participates voluntarily and intentionally; that is, with a bad purpose to do something the law forbids.  Mere presence or relationship to the person who actually committed the crime, even when coupled with knowledge that a crime was committed, is not enough.

## <u>COUNT TWO:  RACKETEERING</u>[10]

Now I will instruct you on each of the counts in the Indictment.  The order of the counts in the Indictment is not important.  My instructions will start with Count Two, and then I will back up to Count One.[11]

In Count Two, Keith Raniere is charged with racketeering—that is, conducting or participating in the conduct of the affairs of an enterprise through a pattern of racketeering activity.  The word "racketeering" has certain implications in our society. Use of that term in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of this defendant has been proven. The term is only a word used by Congress to describe the statute.

In order to prove that the defendant is guilty of Count Two, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that an enterprise existed as alleged in the Indictment.

<u>Second</u>, that the enterprise affected interstate or foreign commerce.

<u>Third</u>, that the defendant was associated with or employed by the enterprise.

<u>Fourth</u>, that the defendant engaged in a pattern of racketeering activity.

<u>Fifth</u>, that the defendant conducted or participated in the conduct of the enterprise through that pattern of racketeering activity.

---

[10] Adapted from *Ashburn*, No. 11-cr-303 (NGG), Dkt. 425 at 38.

[11] The preceding two sentences are from *United States v. Percoco*, No. 16-cr-776, Dkt. 516 at 16 and *United States v. Skelos*, No. 15-cr-317-KMW, Tr. 2972 (S.D.N.Y. July 12, 2018). The jury is far less likely to be confused if the Court explains the substantive RICO offense (Count Two) before instructing the jury on RICO conspiracy (Count One), which has a substantive RICO offense as its object.

I will now discuss each of these elements in turn.

The first element that the Government must prove beyond a reasonable doubt is that an "enterprise" existed as alleged in the indictment.

For the purposes of this case, an enterprise includes any legal entity, such as a partnership, corporation, or association, and some other entities as I shall define them for you.

The Government has charged that the enterprise in this case is as follows:

- The Indictment alleges that the enterprise consisted of Keith Raniere and his "inner circle."
- The Indictment alleges that the members of Keith Raniere's "inner circle," include Clare Bronfman, Allison Mack, Kathy Russell and Lauren Salzman.

If you find that this was, in fact, a legal entity such as a partnership, corporation or association, then you may find that an enterprise existed.

An enterprise also includes a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal, and it must have personnel who function as a continuing unit. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose.

The Government has charged Keith Raniere and his "inner circle," including Clare Bronfman, Allison Mack, Kathy Russell and Lauren Salzman as constituting the enterprise. If you find that this was a group of people characterized by each of the following three things: (1) a common purpose, (2) an ongoing formal or informal organization, and (3) personnel who function as a continuing unit, then you may find that an enterprise existed.

13

If you find that this enterprise existed, you must also determine whether this enterprise continued in an essentially unchanged form during substantially the entire period charged in the indictment. This does not mean that everyone involved has to be the same, but the core of the enterprise has to be the same throughout.

The second element the Government must prove beyond a reasonable doubt is that the enterprise was engaged in or had an effect on interstate (or foreign) commerce.

Interstate commerce includes the movement of goods, services, money, and individuals between states or between the United States and a foreign state or nation.

The Government must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal. It does not have to prove that the racketeering activity affected interstate commerce, although proof that racketeering acts did affect interstate commerce is sufficient to satisfy this element. It is not necessary to prove that the acts of any particular defendant affected interstate commerce as long as the acts of the enterprise had such effect. Finally, the Government is not required to prove that any defendant knew he was affecting interstate commerce.

The third element that the Government must prove beyond a reasonable doubt is that the defendant was associated with or employed by the enterprise.

It is not required that the defendant have been employed by or associated with the enterprise for the entire time that the enterprise existed. It is required, however, that the Government prove, beyond a reasonable doubt, that at some time during the period indicated in the indictment, the defendant in question was employed by or associated with the enterprise.

A person cannot be associated with or employed by an enterprise if he or she does not know of the enterprise's existence or the nature of its activities. Thus, in order to prove this

14

element, the Government must prove beyond a reasonable doubt that the defendant was connected to the enterprise in some meaningful way, and that the defendant knew of the existence of the enterprise and of the general nature of its activities.

The fourth element that the Government must prove beyond a reasonable doubt is that the defendant engaged in a pattern of racketeering activity.

The Government has charged the defendant with committing the various racketeering acts which I will instruct you on shortly.

To prove that the acts constituted a pattern of racketeering activity, the Government must prove that the acts of racketeering are related to each other and that they pose a threat of continued criminal activity. It is not sufficient for the Government to prove only that the defendant committed two of the racketeering acts I have just described. A series of disconnected acts does not constitute a pattern, and a series of disconnected crimes does not constitute a pattern of racketeering activity, nor do they amount to or pose a threat of continued racketeering activity.

To prove that the acts of racketeering are related, the Government must prove that the acts had the same or similar purposes, results, participants, victims, or methods of commission, or that they are otherwise interrelated by distinguishing characteristics and are not isolated events.

To prove that the racketeering acts pose a threat of continued racketeering activity, the Government must establish that (1) the acts are part of a long term association that exists for criminal purposes; or (2) the acts are a regular way of conducting the defendant's ongoing legitimate business; or (3) the acts are a regular way of conducting or participating in an ongoing and legitimate RICO enterprise.

The <u>fifth and final</u> element that the Government must prove beyond a reasonable doubt is that the defendant conducted or participated in the conduct of the enterprise through that pattern of racketeering activity.

To conduct or participate in the conduct of the enterprise means that the defendant must have played some part in the operation or management of the enterprise. The Government is not required to prove that the defendant was a member of upper management. An enterprise is operated not only by those in upper management, but also by those lower down in the enterprise who act under the direction of upper management.

In addition to proving that the defendant played some part in the operation or management of the enterprise, the Government must also prove that there is some meaningful connection between the defendant's illegal acts and the affairs of the enterprise. To satisfy this part of the element, the Government must establish either (1) that the defendant's position in the enterprise facilitated his commission of those illegal acts and that the racketeering acts had some impact or effect on the enterprise, or (2) that the acts were in some way related to the affairs of the enterprise, or (3) that the defendant was able to commit the acts by virtue of his position or involvement in the affairs of the enterprise.

## COUNT ONE:  RACKETEERING CONSPIRACY

In Count One, the defendant is charged with racketeering conspiracy—that is, a conspiracy whose illegal goal was to commit a racketeering offense.  In order to prove that the defendant is guilty of the racketeering conspiracy offense charged in Count Once, the Government must prove each of the following four elements:[12]

First, that there was an agreement among two or more persons to participate in an enterprise that would affect interstate commerce through a pattern of racketeering activity;

Second, that defendant knowingly and willfully became a member of that agreement; and

Third, that the defendant or another member of the conspiracy agreed to commit two racketeering acts, as I will define that term for you.

The first element the Government must establish beyond a reasonable doubt is that there was a conspiracy among two or more persons to participate in an enterprise that would affect interstate commerce through a pattern of racketeering activity.

A "conspiracy" is an agreement among two or more persons to achieve an unlawful object. To show a conspiratorial agreement, the Government is not required to prove that two or more people entered into a solemn pact, but only that two or more persons explicitly or implicitly came to an understanding to achieve the specified unlawful object, whether or not they were successful.

---

[12] Adapted from *Ashburn*, No. 11-cr-303 (NGG), Dkt. 425 at 45-49, and Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 52.05.

In this case, the unlawful act is the formation of an enterprise whose activities would affect interstate commerce through a pattern of racketeering activity. Let me define these terms for you.

The meaning of the term "enterprise" is the same as I just explained to you with respect to the RICO offense in Count Two. However, with respect to this conspiracy offense, the Government is not required to prove that the enterprise actually came into existence as long as it proves beyond a reasonable doubt that if the objective of the conspiracy had been achieved, the enterprise would have been established.

The definition of "interstate (or foreign) commerce" is also the same as the definition I provided with respect to Count Two. As with the enterprise element, it is not required that the Government prove that the enterprise actually affected interstate commerce as long as it proves beyond a reasonable doubt that if the objective of the conspiracy had been achieved, the enterprise would have affected interstate commerce.

Finally, the definition of a pattern of racketeering activity is also the same as I defined that term for you in Count Two.

The second element that the Government must prove beyond a reasonable doubt is that the defendant knowingly and willfully became a member of the conspiracy charged in the Indictment.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it

with knowledge of its unlawful purpose and with the specific intention of furthering its objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor that you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

The defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.

I want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant

19

must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement- that is to say, a conspirator.

The third element the Government must prove beyond a reasonable doubt is that the defendant or another member of the conspiracy agreed to commit two racketeering acts.

The focus of this element is on the defendant's agreement to participate in the objective of the enterprise to engage in a pattern of racketeering activity, and not on the defendant's agreement to commit the individual criminal acts. The Government must prove that the defendant participated in some manner in the overall objective of the conspiracy, and that the conspiracy involved, or would have involved, the commission of two racketeering acts. The Government is not required to prove either that defendant agreed to commit two racketeering acts or that he actually committed two such acts, although you may conclude that he agreed to participate in the conduct of the enterprise from proof that he agreed to commit or actually committed such acts.

For the purposes of this count, the indictment alleges that the racketeering acts were or were intended to be committed as part of the conspiracy. I will instruct you on these racketeering acts shortly. Again, the Government must prove that two of these acts were, or were intended to be, committed as part of the conspiracy, although it need not prove that defendant committed or agreed to commit any of these acts as long as the Government proves that defendant participated in some manner in the overall objective of the conspiracy.

20

I have instructed you on the elements of the racketeering conspiracy charged in Count One and the specific racketeering acts that the government alleges were part of that conspiracy. In considering evidence of a racketeering conspiracy, whether there existed a single unlawful agreement, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I give you.[13]

The government has charged the existence of a single racketeering conspiracy. A single conspiracy exists when two or more people join together to further one common unlawful design or purpose. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes, even if the conspiracies have similar goals or overlapping membership. For Count One, the government must convince you, beyond a reasonable doubt, that the racketeering conspiracy charged in the Indictment existed and that the defendant was a member of that conspiracy. Proof of several separate and independent conspiracies is not proof of the single, overall racketeering conspiracy charged in Count One, unless one of the conspiracies proved is the single conspiracy described in Count One.

You may find that there was a single conspiracy despite the fact that there were changes in either personnel, or activities, or both. The fact that the members of a conspiracy may change does not necessarily imply that separate conspiracies exist. You may also find a single conspiracy even if there were two or more phases or spheres of operation, but only if the

---

[13] Adapted from *See United States v. Napout*, No. 15-cr-252 (PKC), Dkt. 872 at 23 (E.D.N.Y. Dec. 26, 2017); the jury instructions in *United States v. Kaloyeros*, No. 16-cr-776 (VEC), Dkt. 784 at 23-24 (S.D.N.Y. July 12, 2018); and Instruction 19-5 in Sand, *Modern Federal Jury Instructions – Criminal*.

conspirators shared a common illegal goal, depended upon and assisted each other in that goal, and were aware that they were part of a larger group in which others performed similar roles.

If you find that the government has not proven that the racketeering conspiracy charged in Count One existed or that the particular defendant was a member of that conspiracy, then you must acquit that defendant of Count One.  Proof that the defendant was a member of some other conspiracy is not enough to convict.  That said, proof that the defendant was a member of some other conspiracy in addition to the racketeering conspiracy charged in Count One would not prevent you from returning a guilty verdict on Count One, as long as you find that the government proved, beyond a reasonable doubt, that the defendant was a member of the racketeering conspiracy charged in Count One as well.

## COUNTS ONE AND TWO: STATUTE OF LIMITATIONS

If you find that the government has proved, beyond a reasonable doubt, all of the elements of Count One and/or Count Two for the defendant, you must determine whether the statute of limitations requires you to find the defendant not guilty.  The statute of limitations for racketeering and racketeering conspiracy is five years.[14]  Thus, you must determine whether the racketeering charged in Count Two or the racketeering conspiracy charged in Count One continued beyond July 23, 2013.

If you find that the racketeering or the racketeering conspiracy was limited in time and did not have a continuing purpose, you must consider whether their purposes were accomplished or abandoned before July 23, 2013.  If so, you must find the defendant not guilty on Counts One and Two.

If, on the other hand, you find that the racketeering and the racketeering conspiracy had a continuing purpose, they are presumed to have continued beyond July 23, 2013.  In that scenario, it is the defendant's burden to prove that the purposes of the racketeering and racketeering conspiracy were accomplished or abandoned before July 23, 2013.  If you find that the defendant has proved that the purposes of the racketeering or racketeering conspiracy were accomplished or abandoned before July 23, 2013, you must find the defendant not guilty on Counts One and Two.[15]

---

[14] *United States v. Salerno*, 868 F.2d 524, 534 (2d Cir. 1989).
[15] *Pizzonia*, 577 F.3d at 466; *United States v. Eppolito*, 543 F.3d 25, 49 (2d Cir. 2008); *United States v. Rastelli*, 870 F.2d 822, 838 (2d Cir. 1989); *Salerno*, 868 F.2d at 534.

## RACKETEERING ACTS[16]

Now I am going to instruct you as to the elements of the racketeering acts alleged against the defendant. Remember, you must not find Keith Raniere guilty of the racketeering offense charged in Count Two unless you find that the Government satisfied all of the elements of that charge, including that the defendant committed, caused, or aided and abetted the commission of, at least two racketeering acts.

You must not find the defendant guilty of the racketeering conspiracy offense charged in Count One unless you find that the Government satisfied all of the elements of that charge, including that the defendant ultimately agreed to the commission of at least two racketeering acts.

As to both Counts One and Two, you may not find the defendant guilty unless you all agree unanimously that at least two particular racketeering acts were committed by the defendant (for Count Two) or that the defendant agreed to the commission of at least two racketeering acts (for Count One). It is not enough that you all believe that two racketeering acts were committed (or agreed to be committed). That is, you cannot find the defendant guilty if some of you think that only racketeering acts A and B were committed by the defendant and the rest of you think that only acts C and D were committed by the defendant. There must be at least two specific racketeering acts that all of you believe were committed by the defendant in order to convict the defendant of Count Two, and there must be at least two specific racketeering acts that the defendant ultimately agreed to convict the defendant of Act One.

---

[16] Adapted from *Ashburn*, No. 11-cr-303 (NGG), Dkt. 425 at 49-50; and Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 52-24.

I will now explain the twelve racketeering acts in more detail.

I.      **Racketeering Act One-A**

Racketeering Act One-A alleges that in or about 2004, Keith Raniere, together with others, engaged in a conspiracy to commit identity theft of Jane Doe 1.  In order to prove that he committed Racketeering Act One-A, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant and one or more other persons entered into an unlawful agreement to engage in identity theft.

Second, that the defendant knowingly and intentionally became a member of the conspiracy with the intent to accomplish its unlawful purpose.

I have already instructed you on these two elements of a conspiracy, and you should apply those instructions here.  However, in order for you to determine whether the government has proved the charged conspiracy, I need to explain the substantive crime of identity theft, which the government alleges was the illegal goal of the conspiracy.[17]

The elements of the substantive crime of identity theft are the following:[18]

The first element is that there was a "means of identification" of another person.  The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual.  This includes any name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, or employer or taxpayer identification number.

---

[17] *See, e.g.*, *Ashburn*, No. 11-cr-303 (NGG), Dkt. 425 at 53-54.
[18] Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 39A.08

The second element is that the defendant used, transferred, or possessed that means of identification.

To use a means of identification is to present, display, certify, or otherwise employ the document in any manner so that it would be accepted as identification.

To transfer a means of identification means simply to turn over possession or control. The government does not have to prove that the defendant received any compensation in return for the means of identification.

To possess something means to have it within a person's control. This does not necessarily mean that the person must hold it physically, that is, have actual possession of it. As long as the means of identification was within the defendant's control, he possessed it. If you find that the defendant either had actual possession of the means of identification, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proven possession. The law also recognizes that possession may be sole or joint. If one person alone possesses something, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over a means of identification. That is called joint possession. If you find that the defendant had such power and intention, then he possessed the means of identification even if he possessed it jointly with another person.

The third element is that the defendant acted knowingly and without lawful authority. To prove this element the government must show that the Sheriff's Office did not authorize defendant to use the means of identification. The government must also prove that defendant used, transferred, or possessed the means of identification knowingly, as I have defined that term for you.

27

The <u>fourth element</u> is that the defendant's conduct was in or affecting interstate commerce.  Interstate commerce simply means the movement of goods, services, money and individuals between any two or more states, or between one state and the District of Columbia, or between a state and a U.S. Territory or possession, or between the United States and a foreign country.  To satisfy this element, the government must prove that the defendant's conduct affected interstate commerce in any way, no matter how minimal.  You do not have to find that defendant's conduct actually affected interstate commerce if you find that the defendant's conduct would have affected interstate commerce if the defendant had successfully and fully completed his actions.  Finally, the government is not required to prove that the defendant knew he was affecting interstate commerce.

The <u>fifth element</u> is that the defendant acted with the intent to commit, or to aid and abet, or to knowingly facilitate another, separate unlawful activity that violates federal law.  Racketeering One-A alleges the unlawful activity is bringing in, transporting, and harboring an alien.[19] Thus, you must find that the object of the conspiracy was to bring in, transport and harbor an alien. In order for you to determine this, I must instruct you on the elements of this unlawful activities that was the alleged goal of the alleged identity theft.

In order to prove the defendant guilty of knowingly bringing an alien to the United States, the government must establish beyond a reasonable doubt each of the following elements:[20]

<u>First</u>, that the individual was an alien;

<u>Second</u>, that the defendant knew that the individual was an alien;

---

[19] Although not specified, the defendant assumed the government is charging a violation of 18 U.S.C. § 1324(a)(1)(A)(i).

[20] Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 33A.01.

28

Third, that the defendant brought (or attempted to bring) an alien, in any manner whatsoever, to the United States at a place not designated by the Commissioner of Immigration, or a place other than a designated port of entry; and

Fourth, that the defendant acted willfully.

The first element that the government must prove beyond a reasonable doubt is that the individual was an alien at the time of the offense alleged in the indictment.

An alien is a person who is not a natural-born or naturalized citizen, or a national of the United States.

The second element of the offense that the government must prove beyond a reasonable doubt is that the defendant knew that the individual was an alien.

Whether or not the defendant had this knowledge is a question of fact to be determined by you on the basis of all the evidence. If you find that the evidence establishes that the defendant actually knew that the individual was an alien, then this element is satisfied.

The third element of the offense that the government must prove beyond a reasonable doubt is that the defendant brought (or attempted to bring) an alien, in any manner whatsoever, to the United States at a place not designated by the Commissioner, or a place other than a designated port of entry.

The words "bring" and "brought" should be used in their everyday sense as accompanying or arranging for the alien to enter the United States.

The statute provides that the law is violated by anyone who brings an alien to the United States "in any manner whatsoever." Therefore, the particular method of transportation is not relevant.

29

The <u>fourth element</u> of the offense that the government must prove beyond a reasonable doubt is that the defendant acted willfully.

To satisfy this element, the government must prove that the defendant brought (or attempted to bring) an alien to the United States at a place other than a designated port of entry with the intent to violate the law.

II.      **Racketeering Act One-B**

Racketeering Act One-B alleges that in or about 2004, Keith Raniere, together with others, engaged in a conspiracy to unlawfully possess a false identification document.  In order to prove that he committed Racketeering Act One-B, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant and one or more other persons entered into an unlawful agreement to engage in identity theft.

Second, that the defendant knowingly and intentionally became a member of the conspiracy with the intent to accomplish its unlawful purpose, namely, the unlawful possession of a false identification document.

I have already instructed you on the two elements of a conspiracy, and you should apply those instructions here.  However, in order for you to determine whether the government has proved the charged conspiracy, I need to explain the substantive crime of unlawfully possess a false identification document which the government alleges was the illegal goal of the conspiracy.

First, the documents described in the Indictment is a false identification document (or identification document or authentication feature).

Second, that the defendant possessed that document; and

Third, that the defendant possessed that document knowingly and with the intent that such document would be used to defraud the United States.

The elements of the substantive crime of unlawfully possess a false identification are the following:[21]

The first element that the government must prove beyond a reasonable doubt is that the document described in the Indictment is a false identification document (or identification document or authentication feature).

The term "false identification document" means a document of a type intended or commonly accepted for the purposes of identification of individuals that was not issued by or under the authority of a governmental entity or was issued under the authority of a governmental entity but was subsequently altered for the purposes of deceit, and appears to be issued by or under the authority of the United States Government, a state or local government or a foreign government.

A document is of a type intended or commonly accepted for the purposes of identification of individuals if it is regularly used or accepted to identify the bearer as himself or herself.

The second element that the government must prove beyond a reasonable doubt is that the defendant possessed that document.

To possess something means to have it within a person's control. This does not necessarily mean that the person must hold it physically, that is, have actual possession of it. As long as the documents were within the defendant's control, he possessed them. If you find that the defendant either had actual possession of the document, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proven possession.

---

[21] Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 39A.05.

32

The law also recognizes that possession may be sole or joint. If one person alone possesses something, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over a document. That is called joint possession. If you find that the defendant had such power and intention, then he possessed the document even if he possessed it jointly with another person.

The <u>third element</u> that the government must prove beyond a reasonable doubt is that the defendant possessed that false identification document (or identification document not lawfully issued to defendant or authentication feature) knowingly and with the intent that such document would be used to defraud the United States.

An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

The phrase "intent that such document would be used to defraud the United States" means the intent to mislead or deceive an officer or employee of the United States government in carrying out that officer or employee's official duties. However, it is not necessary that the prosecution prove that any government officer or employee was in fact misled or deceived.

### III.    Racketeering Acts Two and Three

Racketeering Act Two alleges that on or about November 2, 2005, the defendant used a minor to produce child pornography. Racketeering Act Three alleges that on or about November 24, 2005, the defendant used a minor to produce child pornography. In order to prove the defendant guilty of using a minor to produce child pornography, the government must prove each of the following elements beyond a reasonable doubt:[22]

First, that Jane Doe 2 was under the age of eighteen;

Second, that defendant used or employed or persuaded or induced or enticed or coerced Jane Doe 2 to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

Third, that the visual depiction was produced and transmitted using materials that had been mailed, shipped and transported in interstate or foreign commerce.[23]

The first element that the government must prove beyond a reasonable doubt is that Jane Doe 2 was less than eighteen years old at the time of the acts alleged in the indictment. The government does not have to prove that the defendant knew that Jane Doe 2 was less than eighteen years old.

---

[22] Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 62.01.

[23] For both racketeering acts two and three, the indictment alleges that the "visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means." Indictment, pp. 8, 9. However, 18 U.S.C. § 2251, as it applied in 2005, states the following in relevant part: "visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed." Accordingly, the indictment is both more and less restrictive than the 2005 version of 18 U.S.C. § 2251. This Court should read the most restrictive version possible to avoid a constructive amendment to the indictment while also insuring that Raniere is prosecuted under the applicable law.

The <u>second element</u> that the government must prove beyond a reasonable doubt is that defendant used or employed or persuaded or induced or enticed or coerced Jane Doe 2 to take part in sexually explicit conduct for the purpose of a visual depiction of that conduct.

A "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means that is capable of conversion into a visual image.

In deciding whether the government has proven that the defendant acted for the purpose of producing a visual depiction of the sexually explicit conduct, you may consider all of the evidence concerning the defendant's conduct. While the government must prove that defendant acted with the purpose of producing a visual depiction of the child engaging in sexually explicit conduct, it is not required that the government prove that the visual depiction of that conduct was actually produced.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction that displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer. Not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In deciding whether the government has proved that a particular visual depiction constitutes a lascivious exhibition, you should consider the following questions:

Whether the focal point of the visual depiction is on the child's genitals or pubic area, or whether there is some other focal area.

35

Whether the setting of the visual depiction makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity.

Whether the child is displayed in an unnatural pose, or in inappropriate attire, considering the age of the child.

Whether the child is fully or partially clothed, or nude, although nudity is not in and of itself lascivious;

Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

It is not required that a particular visual depiction involve all of these factors to be a lascivious exhibition. The importance that you give to any one factor is up to you to decide.

The third element that the government must prove beyond a reasonable doubt is that the visual depiction was produced using materials that had been mailed or transported in interstate or foreign commerce. Simply stated, the phrase "transported in interstate or foreign commerce" means that the materials used to produce the visual depiction had previously moved from one state to another or between the United States and another country. Here, the government alleges that e.g., the camera used to take the photograph in question were manufactured in another state. I instruct you that if you find that the camera was manufactured outside New York, that is sufficient to satisfy this element. The government does not have to prove that the defendant personally transported the camera and film across a state line, or that the defendant knew that the camera and film had previously crossed a state line.

IV.     **Racketeering Act Four**

The indictment charges the defendant with possessing child pornography in or about and between November 2005 and March 2018. In order to prove the defendant guilty of possessing child pornography, the government must prove each of the following elements beyond a reasonable doubt:[24]

First, that the defendant knowingly possessed a visual depiction, as I will explain that term to you;

Second, that the visual depiction was produced using materials that had been transported in interstate or foreign commerce or that the offense was committed in the special maritime and territorial jurisdiction of the United States;

Third, that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrays that minor engaged in that conduct; and

Fourth, that the defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed a minor engaged in that conduct.

The first element that the government must prove beyond a reasonable doubt is that the defendant knowingly possessed a visual depiction. A "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means that is capable of conversion into a visual image.

To "possess" something means to have it within a person's control. This does not necessarily mean that the person must hold it physically, that is have actual possession of it. As

---

[24] Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 62.02.

long as the visual depiction is within the defendant's control, he possesses it. If you find that the defendant either had actual possession of the depiction, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proven possession.

The law also recognizes that possession may be sole or joint. If one person alone possesses it, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over the visual depiction. This is called joint possession. If you find that the defendant had such power and intention, then he possessed the depiction even if he possessed it jointly with another person.

The government must prove that defendant possessed the depiction knowingly. An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

The <u>second element</u> that the government must prove beyond a reasonable doubt is that the visual depiction was produced using materials that had been transported in interstate or foreign commerce.

Simply stated, the phrase "transported in (or affecting) interstate or foreign commerce" means that the materials used to produce the visual depiction had previously moved from one state to another or between the United States and another country. Here, the government alleges that, e.g., the camera used to take the photograph in question was manufactured in another state. I instruct you that if you find that the computer was manufactured outside New York, that is sufficient to satisfy this element. The government does not have to prove that the defendant personally transported the camera across a state line, or that the defendant knew that the camera had previously crossed a state line.

I have already instructed you on the definitions for "sexually explicit conduct" and "lascivious exhibition.", and you should apply those definitions here.

The <u>fourth element</u> that the government must prove beyond a reasonable doubt is that the defendant knew both that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and that it portrayed a minor engaged in that conduct.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of actual minors engaged in that sexually explicit conduct.

The government must show that the defendant had knowledge of the general nature of the contents of the material. The defendant need not have specific knowledge as to the identity or actual age of the underage performer, but the defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct. Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

V.      **Racketeering Act Five-A**

Racketeering Act Five-A alleges that between August 2005 and November 2008, Keith Raniere and others engaged in a conspiracy to commit identity theft. In order to prove that the defendant committed Racketeering Act Five-A, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant and one or more other persons entered into an unlawful agreement to engage in identity theft.

Second, that the defendant knowingly and intentionally became a member of the conspiracy with the intent to accomplish its unlawful purpose.

I have already instructed you on these two elements of a conspiracy, and you should apply those instructions here.  However, in order for you to determine whether the government has proved the charged conspiracy, I need to explain the substantive crime of identity theft, which the government alleges was the illegal goal of the conspiracy.[25]

The elements of the substantive crime of identity theft are the following:[26]

The first element is that there was a "means of identification" of another person.  The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual.  This includes any name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, or employer or taxpayer identification number (*or* unique biometric data, such as fingerprint, voice print, retina

---

[25] *See, e.g.*, *Ashburn*, No. 11-cr-303 (NGG), Dkt. 425 at 53-54.
[26] Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 39A.08.

or iris image, or other unique physical representation *or* a unique electronic identification

number, address, or routing code *or* electronic serial number or any other number or signal that

identifies a specific telecommunications instrument or account, or a specific communication

transmitted from a telecommunications instrument).

The <u>second element</u> is that the defendant used, transferred, or possessed that means of

identification.  To use a means of identification is to present, display, certify, or otherwise

employ the document in any manner so that it would be accepted as identification.  To transfer a

means of identification means simply to turn over possession or control.  The government does

not have to prove that the defendant received any compensation in return for the means of

identification.  To possess something means to have it within a person's control.  This does not

necessarily mean that the person must hold it physically, that is, have actual possession of it.  As

long as the means of identification was within the defendant's control, he possessed it.  If you

find that the defendant either had actual possession of the means of identification, or that he had

the power and intention to exercise control over it, even though it was not in his physical

possession, you may find that the government has proven possession.  The law also recognizes

that possession may be sole or joint.  If one person alone possesses something, that is sole

possession.  However, it is possible that more than one person may have the power and intention

to exercise control over a means of identification.  That is called joint possession.  If you find

that the defendant had such power and intention, then he possessed the means of identification

even if he possessed it jointly with another person.

The <u>third element</u> is that the defendant acted knowingly and without lawful authority.  To

prove this element the government must show that the [issuing governmental entity] did not

authorize defendant to use the means of identification.  The government must also prove that

41

defendant used, transferred, or possessed the means of identification knowingly, as I have defined that term for you.

The <u>fourth element</u> is that the defendant's conduct was in or affecting interstate commerce. Interstate commerce simply means the movement of goods, services, money and individuals between any two or more states, or between one state and the District of Columbia, or between a state and a U.S. Territory or possession, or between the United States and a foreign country. To satisfy this element, the government must prove that the defendant's conduct affected interstate commerce in any way, no matter how minimal. You do not have to find that defendant's conduct actually affected interstate commerce if you find that the defendant's conduct would have affected interstate commerce if the defendant had successfully and fully completed his actions. Finally, the government is not required to prove that the defendant knew he was affecting interstate commerce.[27]

The <u>fifth element</u> is that the defendant acted with the intent to commit, or to aid and abet, or to knowingly facilitate another, separate unlawful activity that violates federal law. Racketeering Act 5-A alleges two such unlawful activities: (1) unlawfully intercepting wire and electronic communications and (2) unlawfully accessing wire and electronic communications. Thus, you must find that the object of the conspiracy was to use, transfer, or possess the means of identification with the intent to commit, to aid or abet, or to knowingly facilitate one or both

---

[27] Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 39A-41. The order of the fourth and fifth elements should be switched because the fourth element requires a discussion of the underlying offense of the intended identity theft.

42

of these unlawful activities.[28]  In order for you to determine this, I must instruct you on the elements of these two unlawful activities that were the alleged goals of the alleged identity theft.

Elements of unlawfully intercepting wire and electronic communications

The first alleged goal in Racketeering Act Five-A is the unlawful interception of wire and electronic communications.[29]  The elements of this unlawful activity are the following:[30]

The first element is that the defendant intercepted, endeavored to intercept, or procured another person to intercept a communication.  To intercept a communication means to acquire access to the contents of that communication through the use of any electronic, mechanical, or other device.

The second element is that the intercepted communication was a wire or electronic communication.  A "wire communication" is a communication containing the human voice made in whole or in part through the use of facilities for the transfer of communications by the aid of wires, cables or similar connections at any point between and including the point of origin and the point of reception.  An "electronic communication" means any transfer of signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectric or photo-optical system that affects interstate or foreign commerce.  To affect interstate commerce, the communications system must have had some effect on the movement, transportation, or flow of goods, merchandise, information, money and individuals between or among the states

---

[28] Adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 39A-40.
[29] The government has not specified which subsection of 18 U.S.C. § 2511 is charged. Because the Indictment refers to "intercepting," we assume it is § 2511(1)(a).
[30] Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 65.01.

The <u>third element</u> is that the defendant acted intentionally.  As I have already explained, to act intentionally means to act deliberately and purposefully.  That is, the defendant's acts must have been the product of defendant's conscious objective to intercept the communication in question rather than the product of a mistake or accident.

<u>Elements of unlawfully accessing wire and electronic communications</u>

The second alleged goal in Racketeering Act Five-A is the unlawful access of wire and electronic communications.[31]  The elements of this unlawful activity are the following:[32]

The <u>first element</u> is that, without authorization, the defendant accessed a system through which electronic communication service is provided.  An "electronic communication service" means any service which provides to users the ability to send or receive wire or electronic communications.  I have already defined the terms "wire communication" and "electronic communication."[33]

The <u>second element</u> is that the defendant obtained, altered, or prevented access to a wire or electronic communication while it was in electronic storage in the electronic communication service system.  The term "electronic storage" means any storage of a wire or electronic communication by an electronic communication service for purposes of backup protection of that communication.  It also includes any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission of that communication.  This includes e-mail, text messages, or voice mail sitting in a user's mailbox after it has been transmitted to the

---

[31] The government has not specified which subsection of 18 U.S.C. § 2701 is charged. Because the Indictment refers to "unlawfully accessing," we assume it is § 2701(a)(1).

[32] Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 65.06.

[33] Adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 65-35.

intended user but before it has been accessed by that user, but not after it has been accessed by that user and stored on the user's personal computer, mobile device, or cell phone.

The <u>third element</u> is that the defendant acted intentionally.  I have already defined the term "intentionally," and you should apply that definition here.

To summarize, Racketeering Act Five-A alleges that Keith Raniere and others engaged in a conspiracy to commit identity theft, the purpose of which was to commit, aid or abet, or knowingly facilitate the unlawful interception of wire and electronic communications and the unlawful access of wire and electronic communications.

If you find that all of the elements of Racketeering Act Five-A have been proven beyond a reasonable doubt as to a particular defendant, then you must find that defendant guilty of Racketeering Act Five-A.  On the other hand, if you find that any element has not been proven beyond a reasonable doubt, then you must find that defendant not guilty of Racketeering Act Five-A.

## VI.      Racketeering Act Five-B

Now I will move on to Racketeering Act Five-B.  Racketeering Act Five-B alleges that between January 2006 and November 2008, Keith Raniere committed identity theft against John Doe 1.

In instructing you on Racketeering Act Five-A, which charged a conspiracy to commit identity theft, I instructed you on the elements of the substantive crime of identity theft as well. You should apply those instructions here, with the following modifications.

As I explained, the first element of identity theft is that there was a "means of identification" of another person, and the second element is that the defendant used, transferred, or possessed that means of identification.  Racketeering Act Five-B alleges that Keith Raniere used, transferred, and possessed a means of identification of John Doe 1.  That is the only means of identification you may consider in connection with Racketeering Act Five-B.

As I also explained, the fifth element of identity theft is that the defendant acted with the intent to commit, or to aid and abet, or to knowingly facilitate another, separate unlawful activity that violates federal law.  Racketeering Act Five-B alleges the same to unlawful activities as Racketeering Act Five-A: (1) unlawfully intercepting wire and electronic communications and (2) unlawfully accessing wire and electronic communications.  I have already instructed you on the elements of these unlawful activities, and you should apply those instructions here.

To summarize, Racketeering Act Five-B alleges that Keith Raniere committed identity theft, the purpose of which was to commit, aid or abet, or knowingly facilitate the unlawful interception of wire and electronic communications and the unlawful access of wire and electronic communications.

If you find that all of the elements of Racketeering Act Five-B have been proven beyond a reasonable doubt, then you must find Keith Raniere guilty of Racketeering Act Five-B.  On the other hand, if you find that any element has not been proven beyond a reasonable doubt, then you must find Keith Raniere not guilty of Racketeering Act Five-B.

## VII.    Racketeering Act Five-C

Now I will move on to Racketeering Act Five-C.  Racketeering Act Five-C alleges that between January 2006 and November 2008, Keith Raniere and others committed identity theft against John Doe 2.

Like Racketeering Act Five-B, Racketeering Act Five-C charges that the defendants committed the substantive crime of identity theft with the intent to commit, or to aid and abet, or to knowingly facilitate the same two unlawful activities:  (1) unlawfully intercepting wire and electronic communications and (2) unlawfully accessing wire and electronic communications. Accordingly, you should apply the same instructions here.  However, the only means of identification you may consider in connection with Racketeering Act Five-C is a means of identification of John Doe 2.

If you find that all of the elements of Racketeering Act Five-C have been proven beyond a reasonable doubt as to a particular defendant, then you must find that defendant guilty of Racketeering Act Five-C.  On the other hand, if you find that any element has not been proven beyond a reasonable doubt, then you must find that defendant not guilty of Racketeering Act Five-C.

## VIII.   Racketeering Act Six

The defendant is charged in the indictment with conspiracy to alter records in an official proceeding in or about and between February 2008 and March 2018. In order to prove the defendant guilty of conspiracy to alter evidence in a federal proceeding, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant and one or more other persons entered into an unlawful agreement to alter any record.

Second, that the defendant knowingly and intentionally became a member of the conspiracy with the intent to accomplish its unlawful purpose.

I have already instructed you on these two elements of a conspiracy, and you should apply those instructions here.  However, in order for you to determine whether the government has proved the charged conspiracy, I need to explain the substantive crime of altering records in an official proceeding, which the government alleges was the illegal goal of the conspiracy.

In order to prove the defendant guilty of tampering with evidence in a federal proceeding, the government must prove each of the following elements beyond a reasonable doubt:[34]

First, that the defendant altered (or destroyed or mutilated or concealed) any record, document or tangible object, as alleged in the Indictment;

Second, the defendant acted with the intent to impair the object's integrity or availability in an official proceeding; and

Third, that the defendant acted corruptly.

--------

[34] Sand, *Modern Federal Jury Instructions – Criminal*, 46.10.

49

The <u>first element</u> the government must prove beyond a reasonable doubt is that the defendant altered any record, document or tangible object, as alleged in the Indictment.

The <u>second element</u> the government must prove beyond a reasonable doubt is that the defendant acted with the intent to impair the object's integrity or availability in an official proceeding.

An official proceeding means a proceeding before a court, judge or federal agency. The proceeding may be civil or criminal. You are instructed that a federal civil case is an official proceeding.

The law does not require that the federal proceeding be pending at the time of defendant's actions as long as the proceeding was foreseeable such that defendant knew that his actions were likely to affect the proceeding.

The <u>third element</u> the government must prove beyond a reasonable doubt is that the defendant acted corruptly.

To act corruptly means to act with an improper purpose and to engage in conduct knowingly and dishonestly and with the intent to obstruct, impede or influence the due administration of justice.

IX.     **Racketeering Act Seven**

Racketeering Act Seven alleges that in November 2008, Keith Raniere engaged in a conspiracy to commit the identity theft of Jane Doe 3. I have already instructed you on the elements of conspiracy to commit identity theft, including the elements of the substantive crime of identity theft, which is the alleged goal of the conspiracy.  You should apply those instructions here, with the following modifications.[35]

As I explained, the <u>first element</u> of identity theft is that there was a "means of identification" of another person, and the <u>second element</u> is that the defendant used, transferred, or possessed that means of identification.  Racketeering Act Seven alleges that Keith Raniere and others used, transferred, and possessed a means of identification of Jane Doe 3.  That is the only means of identification you may consider in connection with Racketeering Act Seven.

As I also explained, the <u>fifth element</u> of identity theft is that the defendant acted with the intent to commit, or to aid and abet, or to knowingly facilitate another, separate unlawful activity that violates federal law.  Racketeering Act Seven alleges the same unlawful activities as Racketeering Act Five-A: (1) unlawfully intercepting wire and electronic communications and (2) unlawfully accessing wire and electronic communications.  Thus, you must find that the object of the conspiracy was to use, transfer, or possess the means of identification with the intent to commit, to aid or abet, or to knowingly facilitate one or both of these unlawful activities.  I have instructed you on the elements of those two unlawful activities when I instructed you as to Racketeering Act Five-A and you should apply those instructions here.

───────────────

[35] Adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 39A.08.

51

X.     **Racketeering Act Eight**

Racketeering Act Eight alleges that in or about March 2009, Clare Bronfman committed money laundering.  Keith Raniere is not charged in Racketeering Act Eight and Clare Bronfman is not a defendant in this action. Thus, you may only consider Racketeering Act Eight in connection with Count One of the Indictment (Racketeering Conspiracy). You must not consider Racketeering Act Eight in connection with Count Two of the Indictment (the substantive RICO charge) or for any other purpose.

In order to prove that Clare Bronfman committed Racketeering Act Eight, the government must prove each of the following elements beyond a reasonable doubt:[36]

First, that Clare Bronfman transported (or attempted to transport) a monetary instrument or funds from a place in the United States to or through a place outside of the United States (or to a place in the United States from or through a place outside of the United States).

Second, that Clare Bronfman did so with the intent to promote the carrying on of specified unlawful activity.

I will now explain these in more detail.

The first element[37] of money laundering that the government must prove beyond a reasonable doubt is that Clare Bronfman transported (or attempted to transport) a monetary instrument or funds from a place in the United States to or through a place outside of the United States, or to a place in the United States from or through a place outside of the United States.

---

[36] *United States v. Ng Lap Seng*, No. 15-cr-706 (VSB), Tr. 4265 (S.D.N.Y. July 26, 2017); *see* Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 50A-12.
[37] *Ng Lap Seng*, No. 15-cr-706 (VSB), Tr. 4265-66; *see* Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 50A-13.

52

The term "monetary instrument" means coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, money orders, investment securities in bearer form or otherwise in such form that title thereto passes upon delivery, and negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "funds" refers to money, wire transfer of money, or negotiable paper which can be converted into currency.

"Transportation" is not a word that requires a definition.  It is a word that has its ordinary, everyday meaning.  The government need not prove that the defendant physically carried the funds or monetary instrument in order to prove that he is responsible for transporting it.  All that is required is proof that the defendant caused the funds or monetary instrument to be transported.

To satisfy this element, the government must also prove that the funds or monetary instruments were transported from somewhere in the United States to or through someplace outside of the United States, or to someplace in the United States from or through someplace outside of the United States.

The second element[38] of money laundering that the government must prove beyond a reasonable doubt is that Clare Bronfman acted with intent to promote the carrying on of "specified unlawful activity."

Racketeering Act Eight alleges that the "specified unlawful activity" that Clare Bronfman intended to promote was visa fraud.  Shortly, I will explain the elements of visa fraud.

---

[38] Adapted from *Ng Lap Seng*, No. 15-cr-706 (VSB), Tr. 4267-68; Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 50A-14.

53

I have already explained what it means to act "intentionally." The government must prove that Clare Bronfman acted with the intention or deliberate purpose of promoting, facilitating, or assisting in the carrying on of visa fraud.

The elements of visa fraud are the following: [39]

The first element is that the defendant made a false statement. A statement is "false" if it was untrue when made.

The second element is that the statement was made in a document required by the immigration laws or regulations. It is not required that the statement be in an official form of the Bureau of Citizenship and Immigration Services. It is sufficient if the false statement was included in any affidavit or other document required to be attached to an application.

The third element is that the statement was false as to a material fact. A fact is material if it could have affected or influenced the government's decisions or activities. However, proof that the government actually relied on the statement is not required.

The fourth element is that the defendant knew the statement was false when made. To act knowingly means to act intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.

To summarize, Racketeering Act Eight alleges that Clare Bronfman engaged in money laundering, the purpose of which was to promote visa fraud. I will also repeat the instruction I

─────────────────────

[39] The government has not specified which part of 18 U.S.C. § 1546 is charged. We assume it is the "knowingly presents" clause in the fourth paragraph of § 1546(a), which is also charged in Racketeering Act Eleven. The instructions are adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 47-8, 47-9, 47-10, and 47-12. We have omitted the "made under oath" element (Sand's third element, Instr. 47-11) because it is inconsistent with Second Circuit precedent concerning the "knowingly presents" clause, but we object to its omission and preserve our argument that it is an essential element. (Dkt. 458 at 9 & n.5).

gave you at the beginning of Racketeering Act Eight. Keith Raniere is not charged in

Racketeering Act Eight and Clare Bronfman is not a defendant in this action. Thus, you may

only consider Racketeering Act Eight in connection with Count One of the Indictment

(Racketeering Conspiracy). You must not consider Racketeering Act Eight in connection with

Count Two of the Indictment (the substantive RICO charge) or for any other purpose.

XI.    **Racketeering Act Nine-A**

Racketeering Act Nine-A alleges that in or about and between March 2010 and April 2012, Keith Raniere, together with others, committed trafficking of Jane Doe 4 for labor and services. In order to prove trafficking for labor and services, the government must prove the following elements beyond a reasonable doubt:[40]

First, that the defendant knowingly and intentionally recruited, harbored, transported, provided and obtained Jane Doe 4;

Second, that the defendant acted with the intent to commit document servitude and forced labor.

The first element of the offense that the government must prove beyond a reasonable doubt is that the defendant knowingly and intentionally transported recruited, enticed, or harbored Jane Doe 5 by any means. An act is done knowingly when it is done purposely and intentionally, as opposed to mistakenly or inadvertently.[41]

The second element of the offense that the government prove beyond a reasonable doubt is that the defendant acted with the intent to commit document servitude and forced labor.

Document servitude requires the defendant to have concealed, removed, confiscated or possessed an actual or purported passport, visa, or other identification document of another person. I will discuss document servitude in more detail when instructing you on Racketeering Act Nine-B.

---

[40] Sand, *Modern Federal Jury Instructions – Criminal*, does not contain an instruction for trafficking, 18 U.S.C. §§ 1590, 1592. This instruction is adapted from the statute and the indictment.

[41] Adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 47A-19.

Forced labor requires the defendant to have knowingly provided or obtain the labor or services of a person by any one of, or by any combination of, the following means: (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint. I will discuss the forced labor statute in more detail when instructing you on Racketeering Act Twelve-B.

## XII.    Racketeering Act Nine-B

Racketeering Act Nine-B alleges that in or about and between March 2010 and April 2012, Keith Raniere, together with others, committed document servitude of Jane Doe 4. In order to find defendant guilty of document servitude of Jane Doe 4, the government must prove the following elements beyond a reasonable doubt:[42]

First, that the defendant concealed, removed, confiscated or possessed an actual or purported passport, visa, or other identification document of another person;

Second, that the defendant did so (1) in connection with violating or with the intent to violate the forced labor statute; or (2) in connection with violating or with the intent to violate the trafficking statute; and

Third, that defendant acted knowingly.

I will now explain each of these three elements in greater detail.

The first element the government must prove beyond a reasonable doubt is that the defendant concealed, removed, confiscated or possessed an actual or purported passport, immigration document, or other government identification document of another person.

The word "conceal" means the act of refraining from disclosure or preventing the discovery of the document, or hiding the document. To "remove" means to take away or transfer from one place to another. To "confiscate" means to appropriate or seize the document. To "possess" means to hold and have actual control of the document.

---

[42] Adapted from *United States v. Dan Zhong*, 16-CR-614 (AMD), Dkt. No. 236, pp. 31-34.

The <u>second element</u> requires that the government prove that the defendant engaged in the concealment, removal, confiscation, or possession of the document either (1) in the course of violating or with the intent to violate the forced labor statute; or (2) in the course of violating or with the intent to violate the trafficking statute.

In other words, the government must prove, beyond a reasonable doubt, that the defendant did any of these acts while violating the forced labor or trafficking statutes, or with the intent to violate those statutes. When considering whether the defendant concealed, removed, confiscated, or possessed the passports in the course of a forced labor offense, you should consider the instructions that I previously gave you regarding the elements of the offense of forced labor and trafficking.  When considering whether the defendant acted with intent to violate the forced labor and trafficking statutes, I instruct you that the government need not prove an actual violation of the forced labor or trafficking statutes to prove this element beyond a reasonable doubt. Even if the defendant does not succeed in committing forced labor or trafficking, it is enough for the second element of Racketeering Act Nine-B if you find that the defendant acted with the intent to violate the forced labor or trafficking statutes.

The <u>third and final element</u> of Racketeering Act Nine-B is that the defendant acted knowingly and intentionally. I have previously instructed you on the definitions of knowingly and intentionally and you should apply those instructions here.

## XIII.   Racketeering Act Ten

Racketeering Act Ten alleges that between September 2015 and June 2017, Keith Raniere, together with others, committed state law extortion. Under New York State law, a person is guilty of extortion when such person steals property and when the property, regardless of its nature and value, is obtained by extortion.[43]

A person commits extortion when, with intent to deprive another of property or to appropriate the same to himself or herself, or to a third person, such person wrongfully takes, obtains, or withholds such property from an owner of the property.

The following terms used in that definition have a special meaning:

PROPERTY means any money, personal property, or thing of value.

OWNER means a person having a right to possession of the property superior to that of the person who takes it.

INTENT means conscious objective or purpose. Thus, a person acts with intent to deprive another of property or to appropriate property to himself or herself, or to a third person, when such person's conscious objective or purpose is:

(1) to withhold the property or cause it to be withheld permanently, or

(2) to exercise control over the property or to aid a third person to exercise control over it, permanently, or

(3) to dispose of the property either for the benefit of himself or herself or a third person, or, under such circumstances as to render it unlikely that an owner will recover such property.

---

[43] Adapted from New York Courts, Criminal Jury Instructions.

60

A person WRONGFULLY TAKES, OBTAINS, OR WITHHOLDS property from an owner when that person obtains such property, regardless of its nature or value, by extortion.

A person obtains property by extortion when he/she compels or induces another person to deliver such property to himself/herself, or to a third person, by means of instilling in him/her a fear that, if the property is not so delivered, the actor or another will:

Expose a secret or publicize an asserted fact, whether true or false, tending to subject some person to hatred, contempt or ridicule; or

Perform any other act which would not in itself materially benefit the actor but which is calculated to harm another person materially with respect to his/her health, safety, business, calling, career, financial condition, reputation or personal relationships.

In order for you to find the defendant guilty of this crime, the government is required to prove, from all of the evidence in the case, beyond a reasonable doubt, both of the following two elements:

1. That on or about September 2015 and June 2017, the defendant wrongfully took, obtained, or withheld property from its owner by extortion; and

2. That the defendant did so with the intent to deprive another of the property or to appropriate the property to himself/herself or to a third person.

61

## XIV.   **Racketeering Act Eleven**

Racketeering Act Eleven alleges that between October 2015 and January 2018, Clare Bronfman committed visa fraud.  Specifically, Racketeering Act Eleven alleges that Clare Bronfman caused to be submitted to the United States consulate an offer of employment that she knew to contain materially false statements, which offer of employment was submitted in support of a visa application for another individual.  As with Racketeering Act Eight, Keith Raniere is not charged in Racketeering Act Eleven and Clare Bronfman is not a defendant in this action. Thus, you may only consider Racketeering Act Eleven in connection with Count One of the Indictment (Racketeering Conspiracy). You must not consider Racketeering Act Eleven in connection with Count Two of the Indictment (the substantive RICO charge) or for any other purpose.

I have already instructed you on the elements of visa fraud in connection with Racketeering Act Eight.  In order to prove that Clare Bronfman committed Racketeering Act Eleven, the government must prove each of the elements of visa fraud beyond a reasonable doubt.

If you find that all of the elements have been proven beyond a reasonable doubt, then you must find Clare Bronfman guilty of Racketeering Act Eleven.  On the other hand, if you find that any element has not been proven beyond a reasonable doubt, then you must find Clare Bronfman not guilty of Racketeering Act Eleven.  Once again, you must not consider Racketeering Act Eleven in connection with Count Two of the Indictment (the substantive RICO charge). You are to only consider Racketeering Act Eleven in connection with Count One of the Indictment (Racketeering Conspiracy).

## XV.     Racketeering Act Twelve-A

Racketeering Act Twelve-A alleges that in or about and between February 2016 and June 2017, the defendant committed sex trafficking. In order to prove the defendant guilty of sex trafficking, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly transported, recruited, enticed, or harbored a person by any means;

Second, that the defendant knew or was in reckless disregard of the fact that force, fraud, or coercion would be used with respect to Jane Doe 5;

Third, that the defendant knew or was in reckless disregard of the fact that this Jane Doe 5 would be engaged in a commercial sex act, as I will define that term for you;

Fourth, that the defendant's conduct was in or affecting interstate or foreign commerce.

The first element of the offense that the government must prove beyond a reasonable doubt is that the defendant knowingly transported recruited, enticed, or harbored Jane Doe 5 by any means. An act is done knowingly when it is done purposely and intentionally, as opposed to mistakenly or inadvertently.

The second element of the offense that the government must prove beyond a reasonable doubt is that the defendant knew or was in reckless disregard of the fact that force, fraud, or coercion would be used with respect to Jane Doe 5. Fraud, as I just used that term, means that the defendant knowingly made a misstatement or omission of a material fact to entice [Jane Doe 5]. A material fact is one that would reasonably be expected to be of concern to a reasonable person in relying upon the representation or statement in making a decision. Coercion, as I just used that term, means a threat of serious harm or physical restraint against a person. A threat is a serious

63

statement expressing an intention to inflict harm, at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to cause harm. In addition, the defendant must have made the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat. The term "serious harm" includes both physical and non-physical types of harm, including psychological, financial, or reputational harm, that is sufficient under all of the surrounding circumstances to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm. In determining whether the defendant made a threat of serious harm that could reasonably be believed by [Jane Doe 5], you should consider Jane Doe 5's particular station in life, physical and mental condition, age, education, training, experience, and intelligence. A threat of serious harm must be sufficient in kind or degree to completely overcome the will of an ordinary person having the same general station in life as that of Jane Doe 5, causing a reasonable belief that there was no reasonable choice except to engage in a commercial sex act as directed by the defendant. Coercion, as I just used that term, also means that the defendant engaged in a course of behavior intended to cause [Jane Doe 5] to believe that if he did not engage in a commercial sex act as directed by the defendant, Jane Doe 5would suffer serious harm.

The <u>third element</u> that the government must prove beyond a reasonable doubt is that the defendant knew that [Jane Doe 5] would be engaged in a commercial sex act. A "commercial sex act" is any sex act on account of which anything of value is given to or received by any person.

64

The <u>fourth element</u> that the government must prove beyond a reasonable doubt is that the defendant's conduct was in or affecting interstate or foreign commerce. Interstate or foreign commerce simply means the movement of goods, services, money, and individuals between any two or more states. To satisfy this element, the government must prove that the defendant's conduct affected interstate commerce in any way, no matter how minimal. You do not have to find that the defendant's conduct actually affected interstate commerce if you find that the defendant's conduct would have affected interstate commerce if the defendant had successfully and fully completed his actions. Finally, the government is not required to prove that the defendant knew he was affecting interstate commerce.

## XVI.   Racketeering Act Twelve-B

Racketeering Act Twelve-B alleges that in or about and between February 2016 and June 2017, the defendant committed forced labor of Jane Doe 5. In order to prove the defendant guilty of holding another person in forced labor, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant obtained (or provided) the labor or services of another;

Second, (1) that the defendant used force or physical restraint, or a threat of force or physical restraint, against that person or another; and/or (2) that the defendant used a threat of serious harm to (or seriously harmed) that person or another; and/or (3) that the defendant used a scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint; and

Third, that the defendant acted knowingly.

The first element of the offense that the government must prove beyond a reasonable doubt is that the defendant obtained (or provided) the labor or services of Jane Doe 5. To "obtain" means to gain or acquire. "Labor" means the expenditure of physical or mental effort. "Services" means conduct or performance that assists or benefits someone.

The second element of the offense that the government must prove beyond a reasonable doubt is that the defendant used threats of serious harm to (or seriously harmed) that person or another.

A threat is a serious statement expressing an intention to inflict harm, at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. For a statement to be a threat, the statement must have been made under such

66

circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to cause harm. In addition, the defendant must have made the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat.

The term "serious harm" includes both physical and non-physical types of harm including psychological, financial, or reputational harm. A threat of serious harm includes any threat that is sufficient under all of the surrounding circumstances to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.

In determining whether the defendant made a threat of serious harm that could reasonably be believed by Jane Doe 5, you should consider Jane Doe 5's particular station in life, physical and mental condition, age, education, training, experience, and intelligence. A threat of serious harm must be sufficient in kind or degree to completely overcome the will of an ordinary person having the same general station in life as that of Jane Doe 5, causing a reasonable belief that there was no reasonable choice except to provide labor and services to the defendant.

The <u>third element</u> that the government must prove beyond a reasonable doubt is that the defendant acted knowingly.

An act is done knowingly when it is done purposely and intentionally, as opposed to mistakenly or inadvertently.

To satisfy this element, the government must prove that the defendant acted knowingly by e.g., threatening serious harm to Jane Doe 5 in order to obtain Jane Doe 5 labor or services.

## XVII.  Racketeering Act Thirteen

Racketeering Act Thirteen alleges that in or about and between February 2017 and June 2017, Lauren Salzman together with others engaged in forced labor of Jane Doe 6. Keith Raniere is not charged in Racketeering Act Thirteen and Lauren Salzman is not a defendant in this action. Thus, you may only consider Racketeering Act Thirteen in connection with Count One of the Indictment (Racketeering Conspiracy). You must not consider Racketeering Act Thirteen in connection with Count Two of the Indictment (the substantive RICO charge) or for any other purpose. In order to prove the defendant guilty of holding Jane Doe 6 in forced labor, the government must prove each of the following elements beyond a reasonable doubt:[44]

First, that the defendant obtained (or provided) the labor or services of another;

Second, (1) that the defendant used force or physical restraint, or a threat of force or physical restraint, against that person or another); and/or (2) that the defendant used a threat of serious harm to (or seriously harmed) that person or another; and/or (3) that the defendant used a scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint; and

Third, that the defendant acted knowingly.

The first element of the offense that the government must prove beyond a reasonable doubt is that the defendant obtained (or provided) the labor or services of Jane Doe 6.

To "obtain" means to gain or acquire. "Labor" means the expenditure of physical or mental effort. "Services" means conduct or performance that assists or benefits someone.

---

[44] Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 47A.02.

68

The <u>second element</u> of the offense that the government must prove beyond a reasonable doubt is that the defendant used force or physical restraint, or a threat of force or physical restraint against that person or another. The government may also meet this second element by proving, beyond a reasonable doubt, that the defendant used threats of serious harm to (or seriously harmed) that person or another.

A threat is a serious statement expressing an intention to inflict harm, at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to cause harm. In addition, the defendant must have made the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat.

The term "serious harm" includes both physical and non-physical types of harm including psychological, financial, or reputational harm. A threat of serious harm includes any threat that is sufficient under all of the surrounding circumstances to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.

In determining whether the defendant made a threat of serious harm that could reasonably be believed by Jane Doe 6, you should consider Jane Doe 6's particular station in life, physical and mental condition, age, education, training, experience, and intelligence. A threat of serious harm must be sufficient in kind or degree to completely overcome the will of an ordinary person having the same general station in life as that of Jane Doe 6, causing a reasonable belief that there was no reasonable choice except to provide labor and services to the defendant.

69

The government may also meet the second element by proving beyond a reasonable doubt that the defendant used a scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

To satisfy this element, the government must prove that the defendant engaged in a course of behavior intended to cause Jane Doe 6 to believe that if he or she did not provide labor or services to the defendant, Jane Doe 6, or (e.g., her family) would suffer serious harm.

The third element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly.

An act is done knowingly when it is done purposely and intentionally, as opposed to mistakenly or inadvertently.

To satisfy this element, the government must prove that the defendant acted knowingly by e.g., threatening serious harm to Jane Doe 6 in order to obtain Jane Doe 6's labor or services. Once again, you must not consider Racketeering Act Thirteen in connection with Count Two of the Indictment (the substantive RICO charge). You are to only consider Racketeering Act Eleven in connection with Count One of the Indictment (Racketeering Conspiracy).

## XVIII. Racketeering Act Fourteen

Racketeering Act Fourteen alleges that in or about and between November 2016 and March 2018, Keith Raniere and others engaged in a conspiracy to commit identity theft.

I have already instructed you on the elements of conspiracy to commit identity theft, including the elements of the substantive crime of identity theft, which is the alleged goal of the conspiracy.  You should apply those instructions here, with the following modifications.[45]

As I explained, the <u>first element</u> of identity theft is that there was a "means of identification" of another person, and the <u>second element</u> is that the defendant used, transferred, or possessed that means of identification.  Racketeering Act Fourteen alleges that Keith Raniere and others used, transferred, and possessed a means of identification of [Jane Doe 7].  That is the only means of identification you may consider in connection with Racketeering Act Thirteen.

As I also explained, the <u>fifth element</u> of identity theft is that the defendant acted with the intent to commit, or to aid and abet, or to knowingly facilitate another, separate unlawful activity that violates federal law.  Racketeering Act Fourteen alleges only one such unlawful activity— namely, tax evasion.  Thus, you must find that the object of the conspiracy was to use, transfer, or possess a means of identification of Jane Doe 7 with the intent to commit, to aid or abet, or to knowingly facilitate tax evasion.  In order for you to determine this, I must instruct you on the elements of tax evasion.

The elements of tax evasion are the following:[46]

---

[45] Adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 39A.08
[46] Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 59.01.

The <u>first element</u> is that the defendant owed substantially more federal income tax for the calendar year 201_ than was declared due on his income tax return.

The <u>second element</u>[47] is that the defendant committed an affirmative act with the intent to evade or defeat the calculation or payment of the tax.  I instruct you that the failure to file a tax return is not sufficient by itself to satisfy this element.

The <u>third element</u>[48] is that the defendant acted knowingly and willfully.

The defendant must know that he owed substantially more federal income tax for the calendar year 201_ than was declared on his income tax return.  Whether or not the defendant had this knowledge is a question of fact to be determined by you on the basis of all the evidence.  Of course, an act is done knowingly only if it is done purposely and deliberately and not because of mistake, accident, negligence or other innocent reason.

The defendant must also act willfully.  A willful act is defined as a voluntary and intentional violation of a known legal duty.  Thus, the defendant must possess the specific intent to defeat or evade the payment of taxes which the defendant knew it was his duty to pay.

A defendant does not act willfully if he believes in good faith that his actions comply with the law.  Therefore, if the defendant actually believed that what he was doing was in accord with the tax statutes, and that he paid all of the taxes he owed, he cannot be said to have had the criminal intent to willfully evade taxes.  Thus, if you find that the defendant honestly believed that he owed no taxes, even if that belief was unreasonable or irrational, then you should find him not guilty.  However, you may consider whether the defendant's belief was actually

---

[47] Adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 59-7 and *United States v. Coplan*, 703 F.3d 46, 66 (2d Cir. 2012).

[48] Adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 59-8.

reasonable as a factor in deciding whether he held that belief in good faith.  It should also be pointed out that neither the defendant's disagreement with the law nor his own belief that the law is unconstitutional, no matter how earnestly that belief is held, constitutes a defense of good faith.  It is the duty of all citizens to obey the law regardless of whether they agree with it.

## COUNT SIX – FORCED LABOR CONSPIRACY

Count Six alleges that in or about and between September 2015 and June 2017, the defendant and others committed forced labor conspiracy. In order to prove the defendant guilty of forced labor conspiracy lower-ranking DOS members, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant and one or more other persons entered into an unlawful agreement to engage in forced labor.

Second, that the defendant knowingly and intentionally became a member of the conspiracy with the intent to accomplish its unlawful purpose.

I have already instructed you on the two elements of a conspiracy, and you should apply those instructions here.  However, in order for you to determine whether the government has proved the charged conspiracy, I need to explain the substantive crime of forced labor, which the government alleges was the illegal goal of the conspiracy.[49]

First, that the defendant obtained (or provided) the labor or services of lower-ranking DOS members;

Second, (1) that the defendant used force or physical restraint, or a threat of force or physical restraint, against that person or another; and/or (2) that the defendant used a threat of serious harm to (or seriously harmed) that person or another; and/or (3) that the defendant used a scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint; and

_____

[49] See, e.g., Ashburn, No. 11-cr-303 (NGG), Dkt. 425 at 53-54.

74

<u>Third</u>, that the defendant acted knowingly.

The <u>first element</u> of the offense that the government must prove beyond a reasonable doubt is that the defendant obtained (*or* provided) the labor or services of the lower-ranking DOS members. To "obtain" means to gain or acquire. "Labor" means the expenditure of physical or mental effort. "Services" means conduct or performance that assists or benefits someone.

The <u>second element</u> of the offense that the government must prove beyond a reasonable doubt is that the defendant used threats of serious harm to (*or* seriously harmed) that person or another.

A threat is a serious statement expressing an intention to inflict harm, at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to cause harm. In addition, the defendant must have made the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat.

The term "serious harm" includes both physical and non-physical types of harm including psychological, financial, or reputational harm. A threat of serious harm includes any threat that is sufficient under all of the surrounding circumstances to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.

In determining whether the defendant made a threat of serious harm that could reasonably be believed by the lower-ranking DOS members, you should consider the lower-ranking DOS members' particular station in life, physical and mental condition, age, education, training,

75

experience, and intelligence. A threat of serious harm must be sufficient in kind or degree to completely overcome the will of an ordinary person having the same general station in life as that of lower-ranking DOS members, causing a reasonable belief that there was no reasonable choice except to provide labor and services to the defendant.

The <u>third element</u> that the government must prove beyond a reasonable doubt is that the defendant acted knowingly.

An act is done knowingly when it is done purposely and intentionally, as opposed to mistakenly or inadvertently.

To satisfy this element, the government must prove that the defendant acted knowingly by e.g., threatening serious harm to the lower-ranking DOS members in order to obtain lower-ranking DOS members' labor or services.

76

## COUNT SEVEN – WIRE FRAUD CONSPIRACY

Count Seven alleges that in or about and between September 2015 and June 2017, the defendant and others committed wire fraud conspiracy of lower-ranking DOS members In order to prove the defendant guilty of wire fraud conspiracy, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant and one or more other persons entered into an unlawful agreement to engage in wire fraud.

Second, that the defendant knowingly and intentionally became a member of the conspiracy with the intent to accomplish its unlawful purpose.

I have already instructed you on the two elements of a conspiracy, and you should apply those instructions here.  However, in order for you to determine whether the government has proved the charged conspiracy, I need to explain the substantive crime of wire fraud, which the government alleges was the illegal goal of the conspiracy.[50]

First, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the indictment;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in execution of that scheme, the defendant used or caused the use of interstate wires as specified in the indictment.

---

[50] Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 44.01.

77

The <u>first element</u> that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud lower-ranking DOS members of money or property by means of false or fraudulent pretenses, representations, or promises.

This first element is almost self-explanatory.

A "scheme or artifice" is merely a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term that embraces all the various means that human ingenuity can devise and that are resorted to by an individual to gain an advantage over another by false representations, suggestions, or suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

The scheme to defraud is alleged to have been carried out by making materially false and fraudulent pretenses, representations and promises.[51]

A pretenses representations or promise[52] is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

A pretense, representation or promise[53] is fraudulent if it was falsely made with the intention to deceive.

---

[51] Altered based on the Indictment.
[52] Altered based on the Indictment.
[53] Altered based on the Indictment.

Deceitful statements of half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision (e.g., with respect to a proposed investment).

This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person or investor might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that the defendant personally originated the scheme to defraud. Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended lower-ranking DOS members actually suffered any loss.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

79

If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

The <u>second element</u> that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another (if applicable: or of depriving another of the intangible right of honest services).

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of mail (or wire) fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the mail fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.

As a practical matter, then, in order to sustain the charges against the defendant, the government must establish beyond a reasonable doubt that he knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of causing some loss to another.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant not guilty. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with specific intent to defraud, and if the government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.

81

The <u>third and final element</u> that the government must establish beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud.

The wire communication must pass between two or more states as, for example, a telephone call between New York and New Jersey; or it must pass between the United States and a foreign country, such as a telephone call between New York and London.

The use of the wires need not itself be a fraudulent representation. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others. This does not mean that the defendant must specifically have authorized others to make the call. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the indictment. However, the government does not have to prove that the wires were used on the exact date charged in the indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the indictment.

82

## COUNT EIGHT – SEX TRAFFICKING CONSPIRACY

Count Eight alleges that in or about and between February 2016 and June 2017, the defendant and others committed sex trafficking conspiracy of one or more lower-ranking DOS members. In order to prove the defendant guilty of sex trafficking conspiracy, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant and one or more other persons entered into an unlawful agreement to engage in wire fraud.

Second, that the defendant knowingly and intentionally became a member of the conspiracy with the intent to accomplish its unlawful purpose.

I have already instructed you on the two elements of a conspiracy, and you should apply those instructions here.  However, in order for you to determine whether the government has proved the charged conspiracy, I need to explain the substantive crime of sex trafficking, which the government alleges was the illegal goal of the conspiracy.[54]

First, that the defendant knowingly transported, recruited, enticed, or harbored a person by any means;

Second, that the defendant knew or was in reckless disregard of the fact that force, fraud, or coercion would be used with one or more lower-ranking DOS members;

Third, that the defendant knew or was in reckless disregard of the fact that one or more lower-ranking DOS members would be engaged in a commercial sex act, as I will define that term for you;

Fourth, that the defendant's conduct was in or affecting interstate or foreign commerce.

---

[54] Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 47A.03.

84

The <u>first element</u> of the offense that the government must prove beyond a reasonable doubt is that the defendant knowingly transported recruited, enticed, or harbored one or more lower-ranking DOS members by any means. An act is done knowingly when it is done purposely and intentionally, as opposed to mistakenly or inadvertently.

The <u>second element</u> of the offense that the government must prove beyond a reasonable doubt is that the defendant knew or was in reckless disregard of the fact that force, fraud, or coercion would be used with respect to one or more lower-ranking DOS members. Fraud, as I just used that term, means that the defendant knowingly made a misstatement or omission of a material fact to entice one or more lower-ranking DOS members. A material fact is one that would reasonably be expected to be of concern to a reasonable person in relying upon the representation or statement in making a decision. Coercion, as I just used that term, means a threat of serious harm or physical restraint against a person. A threat is a serious statement expressing an intention to inflict harm, at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to cause harm. In addition, the defendant must have made the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat. The term "serious harm" includes both physical and non-physical types of harm, including psychological, financial, or reputational harm, that is sufficient under all of the surrounding circumstances to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm. In determining whether the defendant made a threat of serious harm that could reasonably be believed by one or more lower-

85

ranking DOS members, you should consider the lower-ranking DOS members' particular station in life, physical and mental condition, age, education, training, experience, and intelligence. A threat of serious harm must be sufficient in kind or degree to completely overcome the will of an ordinary person having the same general station in life as that of the lower-ranking DOS members, causing a reasonable belief that there was no reasonable choice except to engage in a commercial sex act as directed by the defendant. Coercion, as I just used that term, also means that the defendant engaged in a course of behavior intended to cause the lower-ranking DOS members to believe that if he did not engage in a commercial sex act as directed by the defendant, the lower-ranking DOS members would suffer serious harm.

The third element that the government must prove beyond a reasonable doubt is that the defendant knew that one or more lower-ranking DOS members would be engaged in a commercial sex act. A "commercial sex act" is any sex act on account of which anything of value is given to or received by any person.

The fourth element that the government must prove beyond a reasonable doubt is that the defendant's conduct was in or affecting interstate or foreign commerce. Interstate or foreign commerce simply means the movement of goods, services, money, and individuals between any two or more states. To satisfy this element, the government must prove that the defendant's conduct affected interstate commerce in any way, no matter how minimal. You do not have to find that the defendant's conduct actually affected interstate commerce if you find that the defendant's conduct would have affected interstate commerce if the defendant had successfully and fully completed his actions. Finally, the government is not required to prove that the defendant knew he was affecting interstate commerce.

## COUNT NINE – SEX TRAFFICKING – JANE DOE 5

Count Nine charges that in or about and between February 2016 and June 2017, the defendant and others committed sex trafficking of Jane Doe 5. In order to prove the defendant guilty of sex trafficking, the government must prove each of the following elements beyond a reasonable doubt:[55]

First, that the defendant knowingly transported, recruited, enticed, or harbored a person by any means;

Second, that the defendant knew or was in reckless disregard of the fact that force, fraud, or coercion would be used with respect to Jane Doe 5;

Third, that the defendant knew or was in reckless disregard of the fact that this Jane Doe 5 would be engaged in a commercial sex act, as I will define that term for you;

Fourth, that the defendant's conduct was in or affecting interstate or foreign commerce.

I have already provided you with further instructions on these elements and you should apply those instructions here.

---

[55] Adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 47A.03.

87

## <u>COUNT TEN – ATTEMPTED SEX TRAFFICKING – JANE DOE 8</u>

Count Ten charges that in or about and between February 2016 and June 2017, the defendant and others attempted to commit the crime of sex trafficking of Jane Doe 8. In order to prove the charge of attempting to commit the crime of sex trafficking of Jane Doe 8, the government must prove the following two elements beyond a reasonable doubt:[56]

<u>First</u>, that the defendant intended to commit the crime of sex trafficking of Jane Doe 8; and

<u>Second</u>, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt. In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

---

[56] Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 10.01.

88

I have already provided you with further instructions on the elements of sex trafficking and you should apply those instructions here.

Dated:          June 7, 2019
                New York, NY

                                        Respectfully submitted,

                                         /s/
                                        _____
                                        Marc A. Agnifilo
                                        Teny R. Geragos
                                        **BRAFMAN & ASSOCIATES, P.C.**
                                        767 Third Avenue, 26th Floor
                                        New York, New York 10017
                                        (212) 750-7800

                                        Paul DerOhannesian II
                                        Danielle R. Smith
                                        **DEROHANNESIAN &**
                                        **DEROHANNESIAN**
                                        677 Broadway, Suite 707
                                        Albany, New York 12207
                                        (518) 465-6420