
Case 1:18-cr-00204-NGG-VMS   Document 710   Filed 06/13/19   Page 1 of 4 PageID #: 6966


U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

BDM:KKO
F. #2017R01840

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 13, 2019

By ECF
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Keith Raniere
              Criminal Docket No. 18-204 (S-2) (NGG)

Dear Judge Garaufis:

      The government writes in connection with the trial in the above-captioned case which is currently proceeding before Your Honor. The criminal forfeiture allegations set forth in the Second Superseding Indictment (hereinafter, the "Indictment") state that in the event that the defendant, Keith Raniere, is convicted of any of the offenses charged in the Indictment, the government will seek forfeiture of property pursuant to the applicable forfeiture statutes. *See* Indictment, ¶¶ 50–58. The government hereby advises the Court and defendant that it intends to seek entry of a forfeiture money judgment against the defendant should the defendant be convicted of any of the charges in the Indictment.[1] Therefore, if the defendant is convicted, the government respectfully submits that there is no need to retain the jury for the forfeiture phase of this criminal case.

### I.    There is No Constitutional Right to a Jury Determination of Criminal Forfeiture

      Upon the defendant's conviction of any count of the Indictment, forfeiture is mandatory pursuant to Title 28, United States Code, Section 2461(c). This section provides, in relevant part, "If the defendant is convicted of the offense giving rise to the forfeiture, the

---

[1]    The government intends to forfeit the specific assets listed in paragraph 53 of the Indictment through co-defendants of Mr. Raniere who have pleaded guilty. *See*, *e.g.*, Proposed Preliminary Order of Forfeiture as to defendant Lauren Salzman (Docket Entry no. 708). Upon the Court so-ordering these preliminary orders of forfeiture, the government will provide notice to the defendant of the forfeiture of these assets in the event that he seeks to file a claim in an ancillary proceeding.

court *shall order* the forfeiture of the property as part of the sentence in the criminal case." *Id*. (emphasis added). *See United States v. Monsanto*, 491 U.S. 600, 609 (1989) (finding the use of "shall order" in 21 U.S.C. § 853(a) rendered forfeiture mandatory under that statute and observing that "Congress could not have chosen stronger words to express its intent that forfeiture be mandatory . . ."; *United States v. Torres*, 703 F.3d 194, 204 (2d Cir. 2012) (finding that forfeiture was mandatory under 28 U.S.C. § 2461(c)).

As the Supreme Court has made clear in *Libretti v. United States*, 516 U.S. 29 (1995), there is no Sixth Amendment right to have a jury determine the amount of forfeiture. 516 U.S. at 49 ("Our cases have made abundantly clear that a defendant does not enjoy a constitutional right to jury determination as to the appropriate sentence to be imposed."). *Libretti* remains controlling precedent, despite subsequent Supreme Court rulings requiring a jury to find facts that increase "punishment beyond a previously specified range" because "in criminal forfeiture, there is no such previously specified range." *United States v. Stevenson*, 834 F.3d 80, 86 (2d Cir. 2016) (finding that *Libretti* remains controlling precedent after *S. Union Co. v. United States*, 132 S. Ct. 2344 (2012), and holding that "[t]he calculation of the amount of forfeiture . . . remains within the province of the sentencing court."); *United States v. Perkins*, 994 F. Supp. 2d 272, 275 (E.D.N.Y. 2014) (Irizarry, J.) (rejecting defendant's request for a jury verdict on a criminal forfeiture money judgment); *United States v. Dolney*, 2005 WL 1076269, at * 11 (E.D.N.Y. May 3, 2005) (Garaufis, J.) ("[F]or purposes of forfeiture's relationship to the Sixth Amendment, the only essential fact that must be found by the jury is the defendant's guilt."); *see also United States v. Lo*, 839 F.3d 777, 795 (9th Cir. 2016) (following *Libretti*); *United States v. Simpson*, 741 F.3d 539, 560 (5th Cir. 2014) (rejecting the argument that the amount of forfeiture must be submitted to a jury). Accordingly, because criminal forfeiture is a mandatory part of a convicted defendant's sentence, but is not part of a determinate sentencing regime, there is no constitutional right to a jury determination on the issue of criminal forfeiture.

## II.     There is No Legal Right to a Jury Determination of the Amount of a Forfeiture Money Judgment

Rule 32.2(b)(5)(B) of the Federal Rules of Criminal Procedure permits either party to timely request a jury determination as to whether "the requisite nexus between the property and the offense committed by the defendant" has been established. Where the government seeks only a forfeiture money judgment, however, forfeiture is to be determined by the Court.[2] As Rule 32.2(b)(1)(A) states, "if the government seeks a personal money judgment [against the defendant], the court must determine the amount of money that the defendant will be ordered to pay."

---

[2] Rule 32.2 was amended in 2009 in order to avoid an inadvertent waiver of a jury determination, while also providing timely notice to the court and the jurors themselves if they will be asked to make a forfeiture determination as to specific properties, in contrast to a forfeiture money judgment. *See* Fed. R. Crim. P. 32.2, Advisory Committee Notes, 2009 Amendments, Subdivision (b)(5)(A).

The majority of courts that have addressed this issue, including those within this Circuit, have consistently held that Rule 32.2(b)(5) does not give either party the right to have the jury determine the amount of a forfeiture money judgment. As Chief Judge Irizarry wrote in *United States v. Perkins*, 994 F. Supp. 2d 272 (E.D.N.Y. 2014):

> The only determination that must be made when the government seeks a money judgment is the amount that the defendant will be ordered to pay. If the government does not seek specific property, but rather a personal money judgment, the court itself determines the amount of money that the defendant will be ordered to pay.

994 F. Supp. 2d at 275 (quotations and alterations omitted). *See also United States v. Watts*, 934 F. Supp. 2d 451, 493 (E.D.N.Y. 2013) (Matsumoto, J.) ("Rule 32.2(b)(1) does not provide a right to a jury determination of the money judgment amount."); *United States v. Bourne*, 08-CR-888, 2012 WL 526721 at *1 (E.D.N.Y. Feb. 15, 2012) (Garaufis, J.) (same); *United States v. Roberts*, 631 F. Supp. 2nd 223, 225–26 (E.D.N.Y. 2009) (Irizarry, J.) (same), *remanded on other grounds,* 660 F.3d 149 (2d Cir. 2011); *United States v. Galestro*, 06-CR-285, 2008 WL 2783360 at *11 (E.D.N.Y. July 15, 2008) (Ross, J.) (same); *United States v. Christie*, 2014 WL 2158432, *9-10 (S.D.N.Y. May 23, 2014)(following the district court decisions in *Perkins*, *Galestro* and *Watts* and finding that defendant had "no right . . . to a jury determination of the money judgment [or] to challenge the government's election to seek a money judgment in lieu of a jury-determined forfeiture of specific property."); *United States v. Gregoire,* 638 F.3d 962, 972 (8th Cir. 2011) ("As the government disclaimed any intent to seek forfeiture of specific property, there was no issue for the jury."); *United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) ("Rule 32.2 does not entitle the accused to a jury's decision on the amount of the forfeiture."); *United States v. Reiner,* 393 F. Supp. 2d 52, 54–57 (D. Me. 2005) (concluding that "Rule 32.2(b)(4) recognizes no jury role in determining . . . the amount of [an] *in personam* money judgment"), *aff'd*, 500 F.3d 10 (1st Cir. 2007); *United States v. Harrell, 11-CR-108,* 2013 WL 525743 (M.D. Fla. Feb. 11, 2013) at *2 (denying defense request for a jury trial as to the amount of any forfeiture money judgment).

### III.   Conclusion

Here, because the government seeks only entry of a forfeiture money judgment against the defendant, a jury determination of forfeiture is neither necessary nor warranted by the law. Further, pursuant to Rule 32.2(b)(1)(A), the amount of a forfeiture money judgment must be determined by the court. Accordingly, the government respectfully requests that the

Court make any forfeiture determination in the event that the defendant is convicted of either count of the Indictment at trial.

                                              Respectfully submitted,

                                              RICHARD P. DONOGHUE
                                              United States Attorney

                            By:    /s/Karin Orenstein
                                              Karin Orenstein
                                              Assistant U.S. Attorney
                                              (718) 254-6188

cc:     Counsel of Record (by ECF)