

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MKM:MKP/TH/MJL/KMT
F. #2017R01840

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 14, 2019

<u>By ECF</u>

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Keith Raniere</u>
             <u>Criminal Docket No. 18-204 (S-2) (NGG)</u>

Dear Judge Garaufis:

      The government writes in response to the defendant Keith Raniere's letter dated June 9, 2019, supplementing his request for a "good faith" jury instruction. (DE 694). To the extent Raniere seeks a "good faith" instruction as to all counts alleged in the indictment (<u>id.</u> (suggesting that requested instruction should apply to "the charges in this case")), the government respectfully submits that there is no legal basis for such an instruction and his request should be denied. As set forth below, however, a good faith instruction may be appropriate in connection with the wire fraud charge (Count Seven in S-2; Count Four in the Court's proposed instructions) and the intent element of the identity theft conspiracy charge (Racketeering Act Fourteen in S-2; Racketeering Act Eleven in the Court's proposed instructions), which references 26 U.S.C. § 7201.

      A defendant's asserted "good faith" may be relevant to the scienter element of certain crimes that require the government to prove that the defendant acted "with an awareness of the generally unlawful nature of his or her conduct, an improper purpose, or an 'evil-meaning mind.'" <u>United States v. George</u>, 386 F.3d 383, 395 (2d Cir. 2004) (surveying the various meanings of "willful" as used in criminal code). For example, the Second Circuit has explained that "[g]ood faith is a complete defense to a mail fraud charge," because "[i]f an individual believes that the information set forth in a mailing is true, it follows that he cannot have the requisite intent to defraud." <u>United States v. Alkins</u>, 925 F.2d 541, 549–50 (2d Cir. 1991). It is also well settled that a good faith belief that conduct is lawful under the tax code is a complete defense to a criminal tax charge. <u>See, e.g.</u>, <u>Cheek v. United States</u>, 498 U.S. 192, 111 (1991); <u>United States v. George</u>, 386 F.3d 383, 391 (2d Cir. 2004) ("Accordingly, <u>Cheek</u> held that in criminal tax cases, willfulness 'requires the Government to

prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty.'").

Raniere cites no legal support for his apparent assertion that good faith is a defense to racketeering conspiracy (Count One), substantive racketeering (Count Two), forced labor conspiracy (Count Six), or the sex trafficking charges (Counts Eight, Nine and Ten) and the government is aware of none. Nor does Raniere attempt to explain how his purported good faith would serve to negate the intent element of any of those charged crimes. As to Count Two, for example, the government must prove that Raniere "knowingly conducted or participated, either directly or indirectly, in the conduct of the affairs of the enterprise." (Court's Proposed Jury Instructions at 41). See generally United States v. Quinones, 511 F.3d 289, 314 (2d Cir. 2007) (setting forth elements of substantive racketeering offense). Raniere's purported "good faith" in this context can mean little more than that he "meant well" — an assertion that does not negate the scienter requirement and amounts to a nullification defense. Except as to the crimes identified above, Raniere's good faith is legally irrelevant and his request should be denied.[1]

The government does not object to a good faith instruction as to the wire fraud charge (Count Seven in S-2; Count Four in the instructions). The government respectfully submits that the following language may be appropriate on page 123 of the Court's proposed instructions, following the sentence that ends with "only that the Defendant intended to harm the victim by obtaining money or property":

> I further instruct you that a false representation or omission of a material fact does not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by

---

[1] This is equally true for the other crimes and racketeering acts with which Raniere is charged. For example, as to Count One (racketeering conspiracy), the government must prove that Raniere agreed to "join a racketeering scheme . . . with the intent that its overall goals be effectuated." United States v. Zemlyansky, 908 F.3d 1, 11 (2d Cir. 2018); see also United States v. Applins, 637 F.3d 59, 74-75, 82 (2d Cir. 2011) (for RICO conspiracy, the court should instruct the jury that it must find that the defendant agreed to form the racketeering enterprise and require "unanimity as to the types of predicate racketeering acts that the defendant[] agreed to commit"). Whatever it might mean for a defendant to have agreed in "good faith" that an enterprise would be conducted through a pattern of crimes that constitute racketeering activity, it would have no bearing on his guilt of that offense.

> a defendant is a complete defense to this Count, however inaccurate the statements may turn out to be.[2]

Nor does the government object in principle to an instruction that explains the relevance of "good faith" to the intent element of the conspiracy to commit identity theft of Pamela Cafritz (Racketeering Act Fourteen in S-2; Racketeering Act Eleven in the instructions). The government respectfully submits that the following language may be appropriate on page 109 of the Court's proposed instructions, following the sentence that ends with "in connection with, the crime of tax evasion":

> I further instruct you that if the defendant used or transferred or possessed the means of identification, or conspired to do so, with the intent to commit, aid and abet, or in connection with an act that he believed in good faith was lawful under the United States tax code, then he did not have the intent to commit the crime alleged in Racketeering Act Eleven and you should find it not proved.

Because there is no legal or logical support for Raniere's requested good faith instruction as to the remaining counts and racketeering acts, the government respectfully submits that his request should be denied in all other respects.

RICHARD P. DONOGHUE
United States Attorney

By:  /s/
Moira Kim Penza
Tanya Hajjar
Mark J. Lesko
Kevin Trowel
Assistant U.S. Attorneys
(718) 254-7000

cc:  Clerk of Court (NGG) (by ECF)
     Counsel of Record (by ECF)

---

[2]  Adapted from United States v. Shkreli, 15-CR-0637 (KAM) (DE 295 at 40-41).