

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NS:MKP/TH/ML/KMT
F. #2017R01840

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 15, 2019

<u>By ECF</u>

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Keith Raniere</u>
            <u>Criminal Docket No. 18-204 (S-2) (NGG)</u>

Dear Judge Garaufis:

      In advance of the charge conference, the government respectfully submits this letter setting forth legal authority in support of its request to remove the phrase "that is to say, with a bad purpose either to disobey or disregard the law" from the general instruction on conspiracy. (Court's Proposed Instructions at 32). The government respectfully submits that this clause could be understood to mean that, in order to find the defendant guilty of racketeering conspiracy (Count Two), the government must prove that the defendant joined the alleged conspiracy with the specific intent to violate the law. Because the law imposes no such requirement, this clause should be omitted from the instructions.

      As an initial matter, it is true that, in some contexts, the word "willfully" imposes on the government a burden to prove that a defendant acted with knowledge that his conduct is unlawful. <u>See</u> <u>United States v. George</u>, 386 F.3d 383, 389–90 (2d Cir. 2004) ("The Supreme Court has recognized that "willful" is a "'word of many meanings'" whose construction is "'often . . . influenced by its context.'" (quoting <u>Ratzlaf v. United States</u>, 510 U.S. 135, 141 (1994)). But as the Second Circuit has explained, "only in exceptional cases has the Supreme Court interpreted the term 'willfully' in criminal statutory mens rea provisions to require proof of the defendant's specific purpose to violate the law." <u>Id.</u> at 390.

      In any event, none of the statutes charged in the operative indictment use the word "willfully" and, the government respectfully submits, none of the alleged conspiracies

require proof that the defendant acted with the purpose to disobey or disregard the law.[1] As the Second Circuit has explained, "[w]hile conspiracy to commit a substantive offense 'cannot exist without at least the degree of criminal intent necessary for the substantive offense itself,' neither does [a conspiracy] require a greater degree of criminal intent than the substantive statute." United States v. Allen, 788 F.3d 61, 70 (2d Cir. 2015) (quoting Ingram v. United States, 360 U.S. 672, 678 (1959) and citing United States v. Feola, 420 U.S. 671, 692 (1975), for the proposition that "[W]here a substantive offense embodies only a requirement of mens rea as to each of its elements, the general federal conspiracy statute requires no more."). Accordingly, in United States v. Scotto, the Second Circuit explained that there is "no reason to believe . . . from the words of the [RICO] statute or from general criminal law doctrine, that the quantum of mens rea required for a RICO conspiracy conviction should be different from or greater than that required for a substantive RICO offense." 641 F.2d 47, 56 (2d Cir. 1980), overruled on other grounds by Reves v. Ernst & Young, 507 U.S. 170 (1993). In Scotto, the Court explained that the district court had erred by instructing the jury that the government was required to prove that the defendant "participated in the [RICO] conspiracy with a specific and criminal intent, that is, a purpose to violate the law." Id. The district court reached the same conclusion in United States v. Morrison, and rejected the assertion that the "the defendant had to know that the goals of the conspiracy were 'illegal or criminal in nature.'" 596 F. Supp. 2d 661, 708 (E.D.N.Y. 2009) (collecting cases);[2] see also United States v. Rosenthal, 334 F. App'x 841, 843 (9th Cir. 2009) ("[D]espite the district court's use of the term 'willfully' when instructing the jury on the elements of conspiracy, the conspiracy charge here requires only the same mens rea necessary for conviction of the underlying substantive offenses. . . . The evidence of [the defendant's] belief in the legality of his actions is therefore irrelevant, and the district court properly excluded it.").

The government submits that, to prove that the defendant joined a conspiracy, the government must prove that the defendant had "the specific intent that the object of the conspiracy be committed." United States v. Zemlyansky, 908 F.3d 1, 10 (2d Cir. 2018). In the context of a RICO conspiracy charge, the government must prove that the defendant joined the conspiracy "with the intent that [the] overall goals [of the racketeering scheme] be effectuated." Id. It is therefore correct to instruct the jury that the government must prove that

---

[1] As set forth in the government's letter in response to the defendant's proposed "good faith" instruction, the government acknowledges that the wire fraud conspiracy count (Count Four in the instructions) requires the government to prove that the defendant had the requisite intent to defraud. See United States v. Alkins, 925 F.2d 541, 549–50 (2d Cir. 1991).

[2] Morrison has a complicated procedural history unrelated to the holding for which the government cites it here. The district court reconsidered its decision in part and dismissed Morrison's RICO conspiracy conviction on the ground that "it was a violation of due process to prosecute him under a federal statute that incorporated a violation of New York Tax Law § 471 as a necessary element." 706 F. Supp. 2d 304 (E.D.N.Y. 2010). That decision was, in turn, reversed by the Second Circuit, which reinstated Morrison's RICO conspiracy conviction and remanded for sentencing. See 686 F.3d 94 (2d Cir. 2012).

2

the defendant joined the charged conspiracy with an "intent to do something the law forbids," i.e., to accomplish the criminal object of the conspiracy. (Court's Proposed Instructions at 32). Whether the defendant joined "with a bad purpose either to disobey or disregard the law" is not an element of any of the charged conspiracies and therefore the government does not bear that heightened burden of proof. Accordingly, the government respectfully requests that the clause identified above be omitted from the instructions.

RICHARD P. DONOGHUE
United States Attorney

By:   /s/
Moira Kim Penza
Tanya Hajjar
Mark J. Lesko
Kevin Trowel
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of Court (NGG) (by ECF)
Counsel of Record (by ECF)