## BRAFMAN & ASSOCIATES, P.C.
ATTORNEYS AT LAW
767 THIRD AVENUE, 26TH FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 750-7800
FACSIMILE: (212) 750-3906
E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ANDREA L. ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY & CA
STUART GOLD

June 19, 2019

VIA ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    United States v. Keith Raniere, 18 Cr. 204 (NGG)

Dear Judge Garaufis:

Because the government, in its rebuttal summation, made a point of emphasizing the specific subject matter that defendant was prevented from eliciting on cross-examination of the government's sole cooperator, Lauren Salzman, due to the Court terminating the cross-examination of Ms. Salzman, Defendant Keith Raniere renews his motion for a mistrial (Dkt. 668).

Following the termination of Ms. Salzman's cross-examination, under circumstances that were described in the prior mistrial motion, the defendant moved for a mistrial and set forth some of the areas that the defendant was prevented from eliciting on cross examination. The letter stated in relevant part as follows:

> Due to the Court stopping the cross-examination, counsel was not permitted to question the witness about several areas covered during her direct examination. This includes (1) *the impact of her potential jail term on her decision to cooperate*, (2) certain other facts she learned in discovery that caused her to view Raniere and DOS differently than she had previously, (3) certain specific portions

>   of the tape recordings she heard of meetings between Raniere and other DOS members, and (4) *other aspects of her plea agreement and her cooperation*. As a result, the jury is left with only the prosecution's version of these topics, which have not been covered in cross- examination.

(Id. at 5) (emphasis added).

Ensuring that the violations of Keith Raniere's Sixth Amendment right to confront Ms. Salzman and of his Fifth Amendment right to a fair trial resulted in optimal prejudice to the defendant, the government made a specific point of focusing precisely on those areas that the defendant was unable to explore through cross-examination. In the government's rebuttal summation, First Assistant United States Attorney Mark Lesko stated:

>   Lauren Salzman, let's talk about her for a second. Lauren Salzman, who pled guilty to two racketeering offenses. Lauren Salzman who pled guilty pursuant to this cooperation agreement, Government's 3500-LS-6. Read every single page of this cooperation agreement. And you'll know that Lauren Salzman is facing 20 years in prison.

(Tr. 5547 ll. 1-6.) AUSA Lesko waived the cooperation agreement in front of the jury while making this argument. In doing so, he specifically drew the jury's attention to a topic that counsel was *unable* to address in cross-examination. By emphasizing Ms. Salzman's cooperation agreement, knowing that the defendant was unable to confront her about it, her reasons for pleading guilty and other critical related questions, and by further vouching for truthfulness and reliability of Ms. Salzman's guilty plea, knowing that the defendant was likewise prevented from questioning her on that central topic, the government exacerbated the already grave prejudice stemming from termination of the cross-examination of Ms. Salzman.

We therefore renew our motion for a mistrial.

Respectfully submitted,

/s/
Marc A. Agnifilo, Esq., *Of Counsel*
Teny R. Geragos, Esq.

cc:   Counsel for the government (via ECF)