

4 New York Plaza, New York NY 10004

MATTHEW A. LEISH
Assistant General Counsel
Phone: (212) 210-2144
Facsimile: (212) 643-7843
mleish@nydailynews.com

June 21, 2019

VIA ECF

Hon. Nicholas G. Garaufis
United States Courthouse
Room 1426 S
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    United States v. Raniere et al., No. 1:18-CR-00204 (NGG) (VMS)

Your Honor:

    I write on behalf of Daily News, L.P., The New York Times Company, NYP Holdings, Inc., and Newsday LLC ("the Press Organizations") to respectfully request that the Court order the prompt release of the names of the jurors who rendered the verdict in this action.  In its April 4, 2019 Minute Order in this case, the Court granted the parties' joint request for an order "preventing public release of the names of prospective jurors and empaneled jurors until after trial . . . ."  Now that the trial has concluded, the Press Organizations respectfully submit that the names of the empaneled jurors should be released in accordance with the strong First Amendment presumption of access that attaches to such information.

    As the United States Supreme Court has made clear, the public and the press have a presumptive First Amendment and common-law right of access to criminal proceedings.  See Press Enterprise Co. v. Superior Court of California, 464 U.S. 501, 508 (1984) ("Press Enterprise I").  The presumption of openness "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  Press Enterprise I, 464 U.S. at 510.

    In Press-Enterprise I, the Court held that the "process of selection of jurors has presumptively been a public process" throughout Anglo-American history.  Id. at 505; see also ABC, Inc. v. Stewart, 360 F.3d 90 (2d Cir. 2004) (vacating order barring media from attending voir dire proceedings in high profile criminal case after concluding that presumption of openness had not been overcome).  While neither the Supreme Court nor the Second Circuit has directly addressed whether the right of access includes the right to learn the names of seated jurors, Judge Matsumoto recently held in the context of another high-profile criminal prosecution that the presumption of openness does indeed attach to juror names.  United States v. Shkreli, 264 F. Supp. 3d 417 (E.D.N.Y. 2017).  In Shkreli, as in this case, the court had ordered that the names of jurors would not be publicly released until after the trial.  Following the trial, a group of press

organizations sought release of the juror names. Judge Matsumoto held that "[b]ecause the trial has concluded, the court does not have a continuing basis to make particularized findings concerning the defendant's right to a fair trial and the risks to juror privacy that would warrant the continued enforcement of its prior order." Shkreli, 264 F.Supp.3d at 420. Accordingly, Judge Matsumoto concluded that "the disclosure of juror identities at this stage of the instant case is mandated by the presumption of openness of judicial proceedings described in ABC v. Stewart." Shkreli, 264 F. Supp. 3d at 421.

Judge Matsumoto's decision was consistent with the holdings of other federal courts that have considered the issue. See, e.g., United States v. Wecht, 537 F.3d 222, 235 (3d Cir. 2008) (finding "presumptive First Amendment right of access to obtain the names of both trial jurors and prospective jurors"); In re Baltimore Sun Co., 841 F.2d 74, 76 (4th Cir. 1988) ("we think the risk of loss of confidence of the public in the judicial process is too great to permit a criminal defendant to be tried by a jury whose members may maintain anonymity"); In re Globe Newspaper Co., 920 F.2d 88, 91 (1st Cir. 1990) ("criminal trials should not, as a rule, be decided by anonymous persons"); United States v. Chin, 913 F.3d 251, 260 (1st Cir. 2019) (holding that, under In re Globe, juror addresses may not be withheld post-verdict absent particularized findings of exceptional circumstances justifying secrecy, and that disclosure of juror information may not be delayed until after sentencing). As the First Circuit explained in In re Globe,

> Knowledge of juror identities allows the public to verify the impartiality of key participants in the administration of justice, and thereby ensures fairness, the appearance of fairness and public confidence in that system. It is possible, for example, that suspicions might arise in a particular trial (or in a series of trials) that jurors were selected from only a narrow social group, or from persons with certain political affiliations, or from persons associated with organized crime groups. It would be more difficult to inquire into such matters, and those suspicions would seem in any event more real to the public, if names and addresses were kept secret. Furthermore, information about jurors, obtained from the jurors themselves or otherwise, serves to educate the public regarding the judicial system and can be important to public debate about its strengths, flaws and means to improve it.

In re Globe Newspaper Co., 920 F.2d at 94.

Here, neither the Court's April 4, 2019 Minute Order nor the parties' April 2, 2019 joint request to prevent public disclosure of juror names until after trial (Docket No. 491) specified what overriding interest justified withholding the names. However, to the extent that the Court may have been concerned with Mr. Ranieri's fair trial rights, that concern is now moot. Shkreli, 264 F. Supp. 3d at 419 ("[n]ow that the jury has returned a verdict, the defendant's concerns about his right to a fair trial are moot"). Nor would any concern for juror privacy be sufficient to overcome the presumption of openness. "The participation of jurors in publicized trials may sometimes force them into the limelight against their wishes, but we cannot accept the mere generalized privacy concerns of jurors as a sufficient reason to conceal their identities in every high-profile case." Wecht, 537 F.3d at 240 (citation omitted); see also In re Globe Newspaper Co., 920 F.2d at 98 ("[w]hile we understand, and can sympathize with a juror's desire in a

2

publicized criminal case such as this was to remain anonymous, the juror's individual desire for privacy is not sufficient justification by itself to withhold his or her identity"); Shkreli, 264 F.Supp.3d at 419 ("Despite the long and challenging service of the jury members and the court's profound gratitude for their service and attention throughout the trial, the privacy interests and preferences of the jury alone are generally insufficient to preclude disclosure of their names. . .")

Accordingly, in light of the strong presumption of openness that attaches to the names of the jurors and the lack of any overriding interest in keeping the names secret, the Press Organizations respectfully request that the Court order the prompt disclosure of the names of the jurors who rendered the verdict in this case.

Respectfully submitted,

/s/ Matthew A. Leish

cc: Attorneys of Record (via ECF)
David E. McCraw, Esq., The New York Times Co. (via email)
Eugenie C. Gavenchak, Esq., NYP Holdings, Inc. (via email)
Dina Sforza, Esq., Newsday LLC (via email)