

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NS:TH
F. #2017R01840

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 4, 2019

By ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Keith Raniere
                 Criminal Docket No. 18-204 (S-2) (NGG)

Dear Judge Garaufis:

        The government respectfully submits this letter to notify the Court of a potential conflict of interest involving Teny Geragos, Esq., who represents the defendant Keith Raniere in the above-captioned case.

        The conflict is presented because Ms. Geragos, an associate of Brafman & Associates, P.C., and one of Raniere's counsel-of-record in this case, has submitted an application for a position as an Assistant United States Attorney with the United States Attorney's Office for the Eastern District of New York (the "Office").  The government advises the Court of this information pursuant to its obligation under Second Circuit law so the Court may conduct the appropriate inquiry pursuant to United States v. Curcio, 680 F.2d 881, 888-90 (2d Cir. 1982).

    I.    Applicable Law

        The Sixth Amendment affords a criminal defendant the right to effective assistance of counsel.  See Wood v. Georgia, 450 U.S. 261, 271 (1981); United States v. Perez, 325 F.3d 115, 124 (2d Cir. 2003).  That right, however, is not absolute and does not guarantee the defendant counsel of his own choosing.  See United States v. Jones, 381 F.3d 114, 119 (2d Cir. 2004); United States v. Locascio, 6 F.3d 924, 931 (2d Cir. 1993).  While there is a "presumption in favor of the [defendant's] chosen counsel, such presumption will be overcome by a showing of an actual conflict or a potentially serious conflict."  Jones, 381 F.3d at 119 (citing Locascio, 6 F.3d at 931); see also Wheat v. United States, 486 U.S. 153, 164 (1988).  The Second Circuit has held that when a potential conflict of interest arises,

before, at, or during trial, generally, the district court should conduct a hearing to determine whether there exists a conflict which would prevent the accused from receiving the kind and quality of legal advice and assistance that is guaranteed by the Sixth Amendment. See id. (citing Abraham v. United States, 549 F.2d 236 (2d Cir. 1977)). The Second Circuit has repeatedly noted that such conflicts should be brought to the attention of the court as early as possible. See United States v. Stantini, 85 F.3d 9, 13 (2d Cir. 1996); United States v. Malpiedi, 62 F.3d 465, 467 (2d Cir. 1995).

Regardless of the severity of the conflict, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Wheat, 486 U.S. at 160. To determine if a defendant's counsel is burdened by a conflict of interest, the court "must investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." United States v. Levy, 25 F.3d 146, 153 (2d Cir. 1994). An actual conflict exists "when the attorney's and the defendant's interests diverge with respect to a material factual or legal issue or to a course of action, or when the attorney's representation of the defendant is impaired by loyalty owed to a prior client." Jones, 381 F.3d at 119 (internal quotation marks and citations omitted). An attorney has a potential conflict of interest "if the interests of the defendant may place the attorney under inconsistent duties at some time in the future." United States v. Kliti, 156 F.3d 150, 153 n.3 (2d Cir. 1998). If the court determines that the "attorney suffers from a lesser [actual] or only a potential conflict," then it may accept a defendant's knowing and intelligent waiver. Levy, 25 F.3d at 153. Defendants can knowingly and intelligently waive potential conflicts arising out of an attorney's application for employment at a United States Attorney's Office. See United States v. Buissereth, 638 F.3d 114, 117 (2d Cir. 2011) (finding that defendant had made a knowing and intelligent waiver where fully informed of the potential conflict of interest arising out of his counsel's application to the United States Attorney's Office); United States v. Jenkins, 943 F.2d 167 (2d Cir. 1991) (same).

II. The Government's Proposal

The government respectfully submits that the pending application on the part of Ms. Geragos to the Office gives rise to a potential conflict of interest.[1] However, in view of the nature of the conflict, Raniere may waive his rights and continue to be represented by Ms. Geragos. Particularly because Ms. Geragos is not lead counsel to Raniere, the possibility of her making decisions disadvantageous to Raniere in order to please the government is remote. Under these circumstances, the government respectfully submits that the conflict can be waived.

---

[1] Ms. Geragos has listed several of the undersigned prosecutors, among others, as references in her application to the Office.

The government therefore respectfully submits that the Court should conduct a <u>Curcio</u> inquiry of Raniere to ensure his waiver of the conflict is knowing and voluntary. Specifically, the government proposes that the Court advise Raniere as follows:

> Mr. Raniere, I am advised that one of your attorneys, Ms. Geragos, has a pending application to work as an Assistant United States Attorney in the United States Attorney's Office for the Eastern District of New York, which is the prosecutor's office currently handling your case.
>
> Generally speaking, you have the right to be represented by the attorney of your choice, and I have every reason to believe that Ms. Geragos is capable of adequately representing you. You may continue to have Ms. Geragos represent you if you so desire, but there are some risks for you in proceeding with Ms. Geragos, and I must ask you a series of questions to assure myself that you understand the risks and still want to proceed with Ms. Geragos.
>
> It is possible that Ms. Geragos could make decisions in connection with her representation of you, consciously or unconsciously, with an eye to how such decisions might affect her application to work for the United States Attorney's Office. For example, Ms. Geragos could wish to avoid antagonizing the government, and advise you to take certain positions in your case in order to please the government. Such decisions may have a negative effect on how your criminal case or sentencing proceeds with respect to your situation.
>
> There may be other issues, in addition to the ones that I've just described, that can arise in which your attorney's ability to do certain things might be affected by the fact that she is seeking employment with the United States Attorney's Office. No one can foresee every possible conflict of interest.
>
> Do you have any questions about what I have just explained to you?
>
> Can you tell me in your own words what you understand the potential conflict of interest to be?
>
> You have the right to be represented by an attorney who does not have any possible conflict of interest in representing you at all stages of this case, including at your sentencing. If you proceed with Ms. Geragos as your attorney, you will be giving up that right. Do you understand that?

>Have you discussed these issues with your attorneys?
>
>You also have the right to consult with an independent attorney who can advise you about the possible conflicts of interest that might arise if you proceed with Ms. Geragos as your attorney. Do you understand that?
>
>You are not under any pressure to make a decision about this right now. You are entitled, if you wish, to a reasonable period of time to think about these matters, or to consult further with your lawyer or with another, independent lawyer before you advise the Court what you wish to do. Do you feel you have had enough time to consult with your attorney or any other such attorney and are you comfortable making a decision now?
>
>Are you willing to give up the rights that I just described to have counsel free of any conflict, so that you can proceed with Ms. Geragos as your counsel?

III.  Conclusion

For the reasons set forth above, the government respectfully requests that the Court conduct a <u>Curcio</u> inquiry in order to record Raniere's knowing and intelligent waiver of the conflict described herein.

>Respectfully submitted,
>
>RICHARD P. DONOGHUE
>United States Attorney
>
>By:  /s/ Tanya Hajjar
>Tanya Hajjar
>Mark J. Lesko
>Kevin Trowel
>Assistant U.S. Attorneys
>(718) 254-7000

cc:  Marc Agnifilo, Esq. (counsel for Raniere)
Teny Geragos, Esq. (counsel for Raniere)
Avraham C. Moskowitz, Esq. (<u>Curcio</u> counsel for Raniere) (by email)