UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | THIRD PARTY PETITION AND CLAIM OF INTEREST IN CRIMINAL FORFEITURE |
| v. | |
| KEITH RANIERE, | 18-CR-204 |
| Defendant. | |

---

**PETITIONER KEITH RANIERE'S SPECIFIC PETITION ASSERTING CLAIM OF INTEREST IN CRIMINAL FORFEITURE AND REQUEST FOR ANCILLARY PROCEEDINGS CONDUCTED UNDER 21 U.S.C. § 853(n) AND FED. R. CRIM. P. 32.2(c)**

The Petitioner, Keith Raniere, pursuant to Title 21, United States Code, Section 853(n), and Fed. R. Crim. P. 32.2(c), hereby petitions for entry of a Final Order of Forfeiture, amending the preliminary orders of forfeiture entered herein as necessary to account for third party rights and any lawful orders, and specifically as to Petitioner's interests in the release of property from criminal forfeiture in the ancillary proceedings conducted pursuant to 21 U.S.C. §853(n)(6)(B) in this matter.

I.

The property to which this petition and claim refers (hereinafter referred to as such and as "the property") is described below as: First Principles Inc., a Delaware corporation, and all assets rights thereof, including but not limited to bank accounts and intellectual property rights.

## II.

The property was identified in the preliminary orders of forfeiture in this matter as subject to criminal forfeiture in the criminal action pursuant to Title 21, United States Code, Sections 841, 846 and 853(a).[1]

## III.

Pursuant to the applicable provisions of criminal forfeiture, the forfeiture procedures are governed by Fed.R.Crim.P. 32.2. *See*, Rule 32(k)(2). These are the sentencing procedures applicable to the Defendants N. Salzman, A. Mack and L. Salzman. Moreover, "[a]ny person convicted of a violation under this subchapter or subchapter II of this subchapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law: (1) any property constituting, derived from, any proceeds obtained directly or indirectly, as the result of such violation; (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of such violation." Title 21, United States Code, Section 853(a).

## IV.

Pursuant to the applicable provisions of criminal forfeiture, third party interests in forfeiture are adjudicated under 21 U.S.C. §853(n). These are the procedures applicable to Keith Raniere.

---

[1] On June 20, 2019, the Court entered a preliminary order of forfeiture relative to the defendant Nancy Salzman's [Dkt. 739] conviction to the subject offenses contained in the Indictment filed in Federal Court. On June 25, 2019, the Court entered an amended preliminary order of forfeiture relative to the defendant Allison Mack's [Dkt. 742] conviction to the subject offenses contained in the Indictment filed in Federal Court. On July 17, 2019, the Court entered a preliminary order of forfeiture relative to the defendant Allison Mack's [Dkt. 758] conviction to the subject offenses contained in the Indictment filed in Federal Court. On June 17, 2019, the Court entered an amended preliminary order of forfeiture relative to the defendant Lauren Salzman's [Dkt. 722] conviction to the subject offenses contained in the Indictment filed in Federal Court. On July 17, 2019, the Court entered a preliminary order of forfeiture relative to the defendant Lauren Salzman's [Dkt. 759] conviction to the subject offenses contained in the Indictment filed in Federal Court.

> [A]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may … petition the court for a hearing to adjudicate the validity of his alleged interest in the property.

21 U.S.C. §853(n)(2).[2]

> [T]he petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. §853(n)(3).

### V.

Pursuant to the applicable provisions of criminal forfeiture, the ancillary proceedings conducted by this Court require the entry of a final order of forfeiture. *See*, Rule 32.2(c). Under Rule 32.2(c)(1), "[I]f, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding, but no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment." Keith Raniere hereby submits his sworn petition asserting the nature and extent of his lawful interest, right and title in the subject property inclusive of additional facts supporting his claim and the relief sought. This hearing must therefore determine the validity of the third party interests in the property pursuant to 21 U.S.C. §853(n)(2).

### VI.

**A.**   <u>*Section 853(n)(6)(A).*</u>

Petitioner shall set forth below the nature and extent of his title and interest in the property. Specifically, Keith Raniere's title and interest in the property set forth below was vested in him, not in the defendants, N. Salzman, A. Mack and L. Salzman. His right, title and interest was superior to that of any alleged interest claimed by any of the defendants who was

---

[2] "The hearing on the petition shall, to the extent practicable and consistent with the interest of justice, be held within thirty days of the filing of the petition." 21 U.S.C. §853(n)(4).

subject to the forfeiture order. Furthermore, the defendants N. Salzman, A. Mack and L. Salzman claim no interest whatsoever in any subject property. Thus, Mr. Raniere's interest in the subject property was superior to any purported interest claimed by the Defendants N. Salzman, A. Mack and L. Salzman ("Defendants") at the time of the commission of the acts which gave rise to the criminal forfeiture of the property under this section. *See*, 21 U.S.C. §853(n)(6)(A).

**B.** *Section 853(n)(6)(B)*.

Keith Raniere's title and interest in the property is superior to any other interest claimed by the Defendants or third party. He was "a bona fide purchaser for value of the right, title or interest in the property and was at the time of purchase reasonable without cause to believe that the property was subject to forfeiture under this section." *See*, 21 U.S.C. §853(n)(6)(B).

**C.** *Material Facts Related to Keith Raniere's Proceeds and Assets in First Principles, Inc*.

First Principles, Inc. is a Delaware Corporation in which Mr. Raniere has by agreement a 10% interest in the assets, proceeds and property of First Principles, Inc.[3]

Mr. Raniere claims his right, title and interest in all proceeds and patents of First Principles as set forth above as well as the ethical and psychological tests, business and financial records of First Principles, Inc., all files (student and otherwise), all curricula, materials, rights and related property and any interests and proceeds derived from the assets of First Principles, Inc.

## VII.

Petitioner concludes that he is entitled to relief from forfeiture and this District Court should amend the order of forfeiture in accordance with its determination. 21 U.S.C.

---

[3] We are providing the Court and the Government with Government Exhibit 1279, via electronic mail only, which references Mr. Raniere's royalties from First Principles, Inc. We are not attaching the Exhibit in this public filing as it was not introduced at trial and therefore remains covered by the applicable Protective Orders.

§835(n)(6)(B). Petitioner maintains that the final order of forfeiture against Raniere entered does not affect him and is invalid to forfeit his interests in the property. Several reasons apply. As an initial matter, there has been no determination of the extent of interest of any third party's interest in the forfeited property.

Petitioner's interests survive any alleged claim of interest by the Defendants. Defendants' interest, if any, could be forfeited, but Petitioner's remaining lawful interest survives Defendants' interest. Moreover, Petitioner's interest in the property is a superior interest to any right, title or interest of the Defendants. 21 U.S.C. §853(n)(6)(A). In addition, Petitioner's interest is valid because he was a bona fide purchaser for value of a ten percent interest in First Principles, Inc. and any other property relevant to this claim and petition. 21 U.S.C. §853(n)(6)(B).

Likewise, Keith Raniere is an innocent owner of the ten percent interest in First Principles, which is property titled in his own name, having acquired this property with his own lawful funds. He has demonstrated this by a preponderance of the evidence. 21 U.S.C. §853(n)(6).

Consequently, the District Court should amend the order of forfeiture [Dkt. 739] and grant claimant's third party petition for ancillary proceedings under 21 U.S.C. §853(n).

Dated: September 9, 2019

                                        Respectfully submitted,
                                        /s/ Paul DerOhannesian II, Esq.
                                        Paul DerOhannesian II, Esq.
                                        Danielle R. Smith, Esq.
                                        **DEROHANNESIAN &**
                                        **DEROHANNESIAN**
                                        677 Broadway, Suite 707
                                        Albany, New York 12207
                                        (518) 465-6420

                                        Marc A. Agnifilo, Esq.
                                        Teny R. Geragos, Esq.
                                        **BRAFMAN & ASSOCIATES, P.C.**
                                        767 3rd Avenue, 26th Fl.
                                        New York, New York 10017
                                        (212) 750-7800

                                        *Attorneys for Petitioner Keith Raniere*

I HEREBY AFFIRM UNDER PENALTY OF PERJURY THAT THE MATERIAL FACTS CONTAINED HEREIN ARE TRUE AND CORRECT.

                                                                           KEITH RANIERE