# M&B

## MOSKOWITZ & BOOK, LLP

Avraham C. Moskowitz
AMoskowitz@mb-llp.com

345 Seventh Avenue, 21st Floor
New York, NY 10001
Phone: (212) 221-7999
Fax: (212) 398-8835

September 27, 2019

**VIA ECF**

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   *United States v. Keith Raniere, et al.*
> Criminal Docket No. 18-204 (S-1)(NGG)(VMS)

Dear Judge Garaufis:

This letter is respectfully submitted on behalf of the defendant, Keith Raniere, to advise the Court of the results of my research into the questions posed by the Court at the most recent conference held on September 13, 2019. Based on my research, I have concluded that the potential conflict of interest posed by Ms. Geragos's application to the United States Attorney's Office in the Eastern District of New York is a waivable/consentable conflict. I have also concluded that to the extent the conflict relating to Ms. Geragos can be imputed to her employer, Brafman & Associates, that conflict too, may be waived by Mr. Raniere.

The issues raised by the Court are governed by Rule 1.7 and Rule 1.10 of the New York Rules of Professional Conduct. Rule 1.7 provides, in relevant part:

> (a)   Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer would conclude that . . .:
>
> (2)   there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests.
>
> (b)   Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> (1)   the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

The Honorable Nicholas G. Garaufis
September 27, 2019
Page 2

      (2)    the representation is not prohibited by law;

      (3)    the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

      (4)    each affected client gives informed consent, confirmed in writing.

Rule 1.10 provides, in relevant part:

(a)    While lawyers are associated in a firm, none of them shall knowingly represent a client when any of them practicing alone would be prohibited from doing so by Rule 1.7, 1.8 or 1.9, except as otherwise provided therein.

In this case, Ms. Geragos's application to the United States Attorney's Office poses a "significant risk" that her professional judgment on Mr. Raniere's behalf might be affected by her personal interest in obtaining a job at the United States Attorney's Office. Despite that potential conflict of interest, § 1.07(b) permits Ms. Geragos to continue to represent Mr. Raniere if she reasonably believes that she can provide "competent and diligent representation" to Mr. Raniere and if he gives informed consent in writing.

If Mr. Raniere waives the conflict relating to Ms. Geragos on the record in open court, the Court will not have to address the question of whether the conflict of interest also disqualifies the firm of Brafman & Associates. If Mr. Raniere refuses to waive the conflict with respect to Ms. Geragos, the conflict of interest would be imputed to Mr. Agnifolo and all other members of the firm, pursuant to §1.10(a), however, that imputed conflict can also be waived by Mr. Raniere.

I will discuss all of these issues with Mr. Raniere in advance of the next hearing, currently scheduled for October 4, 2019, and anticipate that Mr. Raniere will be prepared to advise the Court of his decision at that time.

                                                Respectfully submitted,

                                                Avraham C. Moskowitz

ACM:bgb

cc:    AUSA Tanya Hajjar (by e-mail)
        AUSA Mark Lesko (by e-mail)
        AUSA Moira Kim Penza (by e-mail)
        Marc Agnifolo, Esq. (by e-mail)
        Teny Geragos, Esq. (by e-mail)