

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

KDE:TH/KKO  
F. #2017R01840

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 19, 2019

By ECF

The Honorable Nicholas G. Garaufis  
United States District Judge  
United States District Court  
225 Cadman Plaza East  
Brooklyn, New York 11201

   Re: United States v. Keith Raniere, et al.  
     Criminal Docket No. 18-204 (S-2) (NGG) (VMS)

Dear Judge Garaufis:

  The government respectfully submits this letter to request an order from the Court (1) permitting victims in this case to address the Court at sentencing proceedings and/or provide victim impact statements without publicly revealing their names or any identifying information; and (2) requiring the parties to treat victims' identities, victim impact statements and declarations of loss as "Victim Discovery Material" pursuant to the protective order entered by the Court on August 2, 2018. See Stipulation and Order, ECF Docket No. 85 (limiting dissemination, and prohibiting disclosure of, Victim Discovery Material, among other conditions).

  Counsel for defendants Clare Bronfman, Allison Mack, Kathy Russell, Lauren Salzman and Nancy Salzman have consented to the government's request. Counsel for defendant Keith Raniere has indicated that he objects to the government's request.

 I. The Crime Victims' Rights Act

  The Crime Victims' Rights Act ("CVRA") provides, in pertinent part, as follows:

  A crime victim has the following rights . . .

  (4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding. . . .

> (8) The right to be treated with fairness and with respect for the victim's dignity and privacy.

18 U.S.C. § 3771.

In interpreting the CVRA with reference to anonymously-submitted victim impact statements, the Third Circuit has observed:

> [T]he inclusion of the victim impact statements here was proper pursuant to the Crime Victims' Rights Act . . . . Moreover, redacting the names of the victims and their family members was also consistent with the Crime Victims' Rights Act, which specifically codified the victim's "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). [The defendant] can identify no authority requiring that a victim's identity be revealed in a victim impact statement.

United States v. Clark, 335 Fed. App'x 181, 183-84 (3d Cir. 2009). In Clark, the Probation Department included redacted victim impact statements in the defendant's Pre-Sentence Investigation Report, on behalf of victims identified in two of the series of images found in the defendant's child pornography collection. Id. at 183. The defendant objected to the inclusion of that information as "unreliable" and claimed that the victim impact statements were "not related to his case." Id. The Court rejected the defendant's arguments, and, as set forth above, observed that manner in which the information was provided in that case comported with the CVRA.

In the trial context, this Court has already held that the potential for harassment, humiliation, or annoyance, as well as the explicit nature of anticipated testimony, were sufficient to justify nondisclosure of true names and personal identifying information by testifying witnesses. See Memorandum & Order, ECF Docket Entry 622 at 32-35) (collecting cases); see also United States v. Marcus, No. 05-CR-457 (ARR), 2007 WL 330388, at *1-2 (E.D.N.Y. Jan. 31, 2007). Based on a similar analysis, courts in this district have also permitted victims to submit impact statements or give in-court victim impact statements anonymously. See, e.g. United States v. Estrada-Tepal, et al., 14-CR-105 (MKB) (sex trafficking victims referred to only using the name Jane Doe); United States v. Angel Cortez-Granados, 11-CR-657 (SLT) (victim permitted to give an in-court impact statement using the name Jane Doe).

II. Analysis

The government has been in contact with a significant number of victims who would like to be heard at the defendants' upcoming sentencings but are concerned for their privacy and would like to identify themselves by Jane or John Doe, or by the use of their first name only. The government is prepared, however, to disclose their true identities to the defendants subject to the protective order entered in this case, as set forth below. As the Court is aware, there is substantial explicit information in the public record regarding

degrading and humiliating treatment that certain victims in this case were forced to endure, and it is anticipated that additional victims will provide similar, detailed information to the Court in their victim impact statements.  In addition, many victims are concerned about being identified publicly in light of the trial evidence regarding retaliation by members of the racketeering enterprise, including harassing litigation.  Given that identifying information may be withheld even when Sixth Amendment Confrontation Clause and trial rights are at stake, there would be no error to permit the victims to provide victim impact statements to the Court anonymously at the sentencing hearing.

To require the victims to provide full identifying information does not serve any of the legitimate purposes identified by the courts.  Rather, requiring the victims to provide their identifying information at sentencing would serve only to harass, embarrass and "to humiliate or annoy the [victim]."  Marti, 421 F.2d at 1266.  These purposes are directly at odds with the rights that victims are to be afforded under the CVRA, which include the right to be heard, but also to be treated with respect for their dignity and privacy.  Indeed, requiring the victims of certain crimes, including sex trafficking, to provide their names in public could chill their willingness to be heard, for fear of having their personal histories publicized, and the embarrassment and humiliation that such publicity could cause them as they rebuild their lives.  In addition, a ruling requiring the victims to disclose their full identities publicly could cause other victims to fear seeking help from law enforcement as that could subject them to further harassment and embarrassment.

The government seeks an order from the Court that any victim information—including victim identity and identifying information, victim impact statements, and declarations of loss—disclosed to the defendants will be treated as "Victim Discovery Material" pursuant to the protective order entered by the Court on August 2, 2018, which provides for stringent protections limiting dissemination of, and prohibiting disclosure of, such material.

III.     Additional Persons to Be Treated as Victims

The government has received statements from numerous individuals who identify as victims of the defendants, but who may or may not ultimately qualify as victims under the statutes defining victim rights and restitution.  See generally 18 U.S.C. § 3663A (defining "victim" as a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered).  Regardless of that determination, these individuals possess information relevant to "the history and characteristics of the defendant[s]."  18 U.S.C. § 3553(a).  Several of these individuals will describe abusive conduct by the defendants and many seek restitution.  Being publicly identified would compound the harms they describe, while causing humiliation, harassment and embarrassment, such that their willingness to come forward could be chilled.  The government proposes that these submissions, and any supporting documentation, likewise be treated as Victim Discovery Material.

IV.	Conclusion

        For the foregoing reasons, the government respectfully submits that, under the Crime Victims' Rights Act, the victims in this case be permitted to proceed by either providing their Jane or John Doe number, or their first name only.[1] The government also requests that the Court order the parties to treat victim identity and victim impact statements as "Victim Discovery Material" pursuant to the protective order entered by the Court on August 2, 2018. The government submits that such an approach would accord victims an opportunity to be heard in a manner that also respects their dignity and privacy. The government respectfully requests a ruling from the Court on the anonymity issue prior to the sentencing hearing so that the victims in this case can make an informed choice about how they intend to proceed.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney

By:   /s/ Tanya Hajjar
        Tanya Hajjar
        Mark J. Lesko
        Karin Orenstein
        Assistant U.S. Attorneys
        (718) 254-7000

cc:	Counsel of Record (by ECF)

---

[1] Some of the victims have indicated that they would prefer to proceed by Jane Doe number; other victims may choose to use the first name or nickname, as they were identified at trial; and other victims may wish to use their full names. The government respectfully submits that the victims in this case should be permitted to choose the manner of identification that is most comfortable for them, and that such a choice is consistent with the CVRA.