

DᴇʀOʜᴀɴɴᴇsɪᴀɴ
&
DᴇʀOʜᴀɴɴᴇsɪᴀɴ  ATTORNEYS AND COUNSELORS AT LAW

677 BROADWAY, SUITE 707
ALBANY, NEW YORK 12207
(518) 465-6420  FAX (518) 427-0614
WWW.DEROLAW.COM

PAUL DᴇʀOʜᴀɴɴᴇsɪᴀɴ, EsQ. (1953-2001)          PAUL DᴇʀOʜᴀɴɴᴇsɪᴀɴ II, EsQ.          DANIELLE R. SMITH, EsQ.

January 10, 2020

**_Via ECF_**
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:    *United States v. Raniere, et al.*
           18-cr-204 (NGG)

Dear Judge Garaufis:

      We represent Mr. Keith Raniere in the above matter. We write in further opposition to the Government's Letter Motion to Designate Certain Information as Victim Discovery Material (Dkt. No. 820) and in response to Your Honor's Text Order of January 7, 2020. Raniere previously opposed the Government's pre-trial request seeking similar relief. (Dkt. Nos. 567, 595). In addition to the arguments raised therein and incorporated in this filing (Dkt. No. 595), Raniere respectfully submits the following:

      Sentencing letters and the identity of the writers are generally deemed public records. See United States v. Kravetz, 706 F.3d 47, 56-59 (1st Cir. 2013) ("Having concluded that the common law right of access attaches to sentencing memoranda, it is but a small step to also conclude that the right also extends to sentencing letters submitted in connection with those memoranda."). This is so because they are being relied upon by the court in determining an appropriate sentence. See id. ("Thus, like substantive legal memoranda submitted to the court by parties to aid in adjudication of the matter of a defendant's innocence or guilt, sentencing memoranda are meant to impact the court's disposition of substantive rights."). Sealing is only appropriate "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch v. Pyramid Co., 435 F.3d 110, 120 (2d Cir. 2006). The Government "bears the burden of demonstrating that sealing is warranted." United States v. Wright, 2012 U.S. Dist. LEXIS 99981, at *6 (E.D.N.Y. July 16, 2010).

      The Government asserts that use of a first name or a pseudonym is justified because "a significant number of victims [] would like to be heard at the defendants' upcoming sentencings but are concerned for their privacy." (Dkt. No. 820, p. 2). Although the Government has not identified these individuals, the prosecution is seemingly extending its request far beyond the operating Indictment's named Jane and John Does. (Id. at 3). In so doing, the prosecution is certifying to this Court and the public who is a "victim" which necessarily places the Government in the position of vouching for the credibility of an individual who seeks to influence Raniere's punishment. The prosecution's anointing of "victim" status to an individual connotes a

## DerOhannesian & DerOhannesian

**Hon. Nicholas G. Garaufis**
**January 10, 2020**
**Page 2**

predetermination that an individual has in fact been wronged. Such a predetermination would also prejudice the defendant at his sentencing. The defendant disputes the "victimhood" of individuals who were not named as victims in the Second Superseding Indictment and therefore have not withstood any standard of review.

The Government's motion also fails to provide this Court with the specific findings necessary to justify its request and instead speaks in generalities. No witnesses are identified. No witness-specific concerns are raised. Instead, the Government asserts in a conclusory fashion that "*certain victims*" suffered "degrading and humiliating treatment" and that "*many victims* are concerned about being identified publicly in light of the trial evidence regarding retaliation." (Dkt. No. 820, pp. 2-3) (emphasis added). However, the prosecution does not identify any of the "trial evidence regarding retaliation" or assert that Raniere, who has been confined since March 2018 with very little contact beyond his attorneys, participated in or condoned this so-called retaliation. Indeed, the Government has made no showing that Raniere has harassed, humiliated, or annoyed any purported victim in "retaliation" for bringing evidence against him.[1] The sealing of otherwise public material requires more than the Government's conclusory assertions that unidentified individuals face unnamed retaliation or speculation that future victims will fear reporting.

Accordingly, Raniere respectfully requests that this Court deny the Government's motion as the prosecution has not met its burden of demonstrating "'persuasive evidence of serious risk' to a compelling interest" justifying sealing the information it seeks to utilize to presumably enhance Raniere's sentence. United States v. Zazi, 2010 U.S. Dist. LEXIS 67595 at *13 (E.D.N.Y. June 28, 2010) (quoting Ayala v. Speckard, 131 F.3d 62, 70 (2d Cir. 1997)). At the very least, prior to granting the motion, the Government should be required to identify the witness it claims is a "victim" and explain why that specific individual is deserving of special consideration.

Thank you for Your Honor's consideration in this matter.

Very truly yours,

/s/ Paul DerOhannesian II
**DerOhannesian & DerOhannesian**
Paul DerOhannesian II
Danielle R. Smith

PDII:drs

cc:     All attorneys of record (*via ECF*)

---

[1]   Raniere raised this argument in opposition to the Government's pre-trial motion seeking similar relief. (Dkt. No. 595, pp. 5-10) (distinguishing United States v. Marcus, 2007 WL 330388 (E.D.N.Y. January 31, 2007)). If the prosecution had any tangible evidence that Raniere engaged in retaliatory conduct or witness tampering, no doubt it would have included such evidence in its current motion.