

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

KDE:TH/KKO
F. #2017R01840

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 10, 2020

<u>By ECF</u>

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Keith Raniere, <u>et</u> <u>al.</u>
      <u>Criminal Docket No. 18-204 (S-2) (NGG) (VMS)</u>

Dear Judge Garaufis:

   The government respectfully submits this letter in brief reply to the defendant Keith Raniere's letter objecting to the government's motion to limit disclosure of victim identifying information at sentencing in the above-captioned case. The defendant's letter misapprehends the law and his argument is meritless.

   As this Court has already held, the Second Circuit has identified "two central interests defendants have in the public airing of identifying information about witnesses": (1) obtaining information which may be helpful in investigating the witness out of court or in cross-examination; and (2) eliciting information that may be important to the jury's deliberations as to the witness's credibility or knowledgeability. Mem. & Order, ECF Docket Entry 622 at 30-31 (citing <u>United States v. Marti</u>, 421 F.2d 1263, 1266 (2d Cir. 1970)). Once the government has provided a valid reason to limit disclosure of identifying information in open court, the defendant must demonstrate a "particularized need" for the information, which the Court weighs against the harm to the witness. <u>Id.</u> (quoting <u>United States v. Marcus</u>, No. 05-CR-457 (ARR), 2007 WL 330388, at *1 (E.D.N.Y. Jan. 31, 2007)).

   The Court has already found that forcing victims in this case to publicly identify themselves could cause embarrassment, harassment, and humiliation, and does not

serve the legitimate purposes identified by the Second Circuit.[1]  The defendant does not articulate any "particularized need" for the disclosure of victim identity information in open court.  He does not because he cannot.  The defendant will be provided with a list of the victims' true identities pursuant to the protective order entered in this case, and he has not offered any explanation as to what harm he may suffer if the victims were allowed to proceed at sentencing by providing their Jane or John Doe number, or their first name only.  Raniere's claim that he would be prejudiced at sentencing because a victim's use of a Jane or John Doe number would "connote[] a predetermination that an individual has in fact been wronged," Ltr. at 1-2, is entirely unfounded, particularly since it is this Court, not a jury, that will assess victim statements.

For the foregoing reasons, the government respectfully requests that the Court grant its motion.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:  /s/ Tanya Hajjar
Tanya Hajjar
Mark J. Lesko
Karin Orenstein
Assistant U.S. Attorneys
(718) 254-7000

cc:  Counsel of Record (by ECF)

---

[1]  Raniere's argument that the government's concerns of victim retaliation and harassment are "conclusory," Ltr. at 2, ignores that Raniere has now been convicted of being a leader of an enterprise that, among other things, "use[d] harassment, coercion and abusive litigation to intimidate and attack [his] perceived enemies and critics."  Superseding Indictment at ¶ 6(f).