

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

              -against-

KEITH RANIERE,

              Defendant.
-------------------------------------------------------------------X

**ORDER**

**18-CR-204 (NGG) (VMS)**

NICHOLAS G. GARAUFIS, United States District Judge.

On September 9, 2019, Defendant Keith Raniere filed a third-party petition (the "Petition") challenging the amended preliminary forfeiture order entered following Defendant Nancy Salzman's plea of guilty to one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d) on March 13, 2019. (See Third-Party Pet. ("Pet.") (Dkt. 794); Mar. 13, 2019 Minute Entry (Dkt. 474); Am. Prelim. Order of Forfeiture ("Forfeiture Order") (Dkt. 760).) Specifically, the Petition challenges the Forfeiture Order insofar as it embraces all rights and assets in First Principles Inc. ("First Principles"), a Delaware corporation in which Mr. Raniere claims to hold a 10% interest. (See Forfeiture Order at 2; Pet.) At present before the Court is the Government's motion to dismiss the Petition pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A). (See Mot. to Dismiss Third-Party Pet. ("Mot.") (Dkt. 801).) For the following reasons, the Government's motion is GRANTED.

Third-party petitions challenging criminal forfeiture orders are governed by the procedures set forth in Federal Rule of Criminal Procedure 32.2(c) and the underlying forfeiture statute, in this case, 18 U.S.C. § 1963(l).[1] Under § 1963(l)(3), any petition challenging a

---

[1] Mr. Raniere's petition identifies itself as being brought under, and governed by, the criminal forfeiture provisions of the Controlled Substances Act, i.e. 21 U.S.C. § 853(n). (See generally Pet.) The court presumes that Mr. Raniere

1

forfeiture order must set forth, inter alia, "the nature and extent of the petitioner's . . . interest in the property, [and] the time and circumstances of the petitioner's acquisition of . . . [that] interest." To satisfy this requirement, it is "not enough . . . to simply allege ownership." United States v. Patel, No. 16-cr-584 (DRH), 2019 WL 3216654, at *4 (E.D.N.Y. July 17, 2019) (citing United States v. Edwards, No. 06-cr-50127, 2007 WL 2088608, at *2 (W.D. La. 2007)); see also Edwards, 2007 WL 2088608, at *2 ("Simply put, the law requires more than a bare assertion of legal title to establish the nature and extent of petitioner's right, title, or interest in the subject property.")[2]

Motions to dismiss such petitions, which are provided for by Rule 32.2(c)(1)(A), are "evaluated on the same standard as a civil complaint on a motion under [Federal] Rule [of Civil Procedure] 12(b)(6)." United States v. Daugerdas, 892 F.3d 545, 552 (2d Cir. 2018) (citing United States v. Watts, 786 F.3d 152, 161 (2d Cir. 2015)). Under this standard, "a petition must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. United States v. Chowaiki, 369 F. Supp. 3d 565, 572 (S.D.N.Y. 2019) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (alteration adopted)). However, though "[t]he factual allegations set forth in the petition are assumed to be true[,] the legal conclusions are not."

---

intended to bring his petition under the forfeiture statute applicable to racketeering conspiracies, 18 U.S.C. § 1963(l), and that the repeated references to 21 U.S.C. § 853(n) were inadvertent. In any event, because the relevant provisions of the two statutes are identical, the court will construe Mr. Raniere's petition as having been brought under 18 U.S.C. § 1963(l). Compare 21 U.S.C. § 853(n)(3) with 18 U.S.C. 1963(l)(3).

[2] Both Edwards and Patel involve an application of the pleading standards set forth in the forfeiture provision of the Controlled Substances Act, codified at 21 U.S.C. § 853(n)(3). As discussed in the preceding footnote, however, the language of that provision is identical to that of the provision at issue here, and the court "therefore refer[s] to cases discussing the two statutes interchangeably." United States v. Ribadeneira, 105 F.3d 833, 835 & n.2 (2d Cir. 1997) (reaching same conclusion with regard to other corresponding subsections of same statutes, specifically 21 U.S.C. § 853(n)(6) and 18 U.S.C. § 1963(l)(6)).

2

Chowaiki, 369 F. Supp. 3d at 572. Additionally, while the court generally may not look beyond the four corners of a petition when adjudicating a motion to dismiss, it may consider "any documents attached to the [petition] as an exhibit or incorporated in it by reference." Carlin v. Davidson Fink LLP, 852 F.3d 207, 212 (2d Cir. 2017) (citation and internal quotation marks omitted).

Read in the light most favorable to Raniere, the Petition fails to satisfy § 1963(l)(3)'s requirement that it set forth the nature of Mr. Raniere's alleged interest in First Principles and the time and circumstances of his acquisition of that interest. The Petition contains numerous conclusory assertions concerning the nature and scope of Mr. Raniere's interest. (See, e.g., Pet. at 4 ("Keith Raniere's title and interest in the property is superior to any other interest claimed by the Defendants or [sic] third party").) However, setting aside these bare legal conclusions, the Petition contains only one allegation that could be construed as attempting to set forth a factual basis for Mr. Raniere's alleged interest, to wit: "First Principles, Inc. is a Delaware Corporation in which Mr. Raniere has by agreement a 10% interest in the assets, proceeds and property of First Principles, Inc." (Id. at 4.) As the Government notes, this allegation (and the Petition as a whole) is bereft of details "that could be used to determine [the purported agreement's] validity—for example, whether the agreement was oral or written, whether it was authorized by a corporate resolution or recorded in a corporate ledger, or whether it resulted in the issuance of 10% of [First Principle]'s shares to Raniere in his own name." (Mot. at 7-8.) This defect is fatal to the Petition. See Patel, 2019 WL 3216654, at *4 (dismissing petition where claimants had "assert[ed] in conclusory fashion an ownership interest in each [subject property], devoid of any effort to satisfy—or, indeed, even address—the pleading requirements" of the forfeiture statute).

Equally unavailing is Mr. Raniere's attempt to rely on an email summary of commissions for the "Reverence May 2016 Intensive," which is attached as an exhibit to the Petition.[3] The only explicit reference to First Principles contained in the exhibit is a $4,000 line item under the "Commissions Summary" attributable to "First Principles (KR)."[4] Even assuming, as Mr. Raniere contends, that this item refers to his "royalties from First Principles" (Pet. at 4 n.3), the fact that Mr. Raniere may have had an unspecified agreement to receive royalties from First Principles does not, in and of itself, translate to Mr. Raniere holding a 10% ownership interest in First Principles itself. In any event, nothing in the exhibit speaks to the time and circumstances of Mr. Raniere's acquisition of the ownership interest that he purports to assert. As already discussed, this independently necessitates dismissal of the Petition.

Accordingly, the Government's (Dkt. 801) motion to dismiss Mr. Raniere's (Dkt. 794) Petition is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
January 17, 2020

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[3] The exhibit remains covered under the protective orders in this case and, for that reason, was not filed on the public docket. However, a copy was provided to the court for review.

[4] The court notes that there is also a separate $4,000 line item in the more detailed breakdown of earnings and expenses attributable to "KR Royality [sic]," which presumably refers to the same item.