# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ANDREA L. ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY & CA
STUART GOLD

May 13, 2020

VIA ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   United States v. Keith Raniere, 18 Cr. 204 (NGG)

Dear Judge Garaufis:

Given the circumstances presented, as set forth herein, the defense is constrained to respectfully request that this Court adjourn the schedule for the sentencing memoranda, Fatico hearing and sentencing date for Keith Raniere. The government does not object to the defense's request and joins in the request for adjournment of the Fatico and sentencing hearings. Currently, the defense sentence memorandum is due on June 1, 2020, the government's memorandum is due on June 8, 2020, a Fatico hearing, if necessary, would be held on June 15, 2020 at 10:00 am in Courtroom 4D South or by live video conference, as the circumstances require, and Mr. Raniere's sentencing hearing will be held on June 23, 2020 at 10:00 am in Courtroom 4D South or by live video conference, as the circumstances require. The Court ordered that "no further adjournments will be granted." (See 4/29/2020 Order.)

Mr. Raniere, currently incarcerated in the MDC-Brooklyn with limited access to his attorneys,[1] does not consent to proceeding with hearings via video, as is his right under the Constitution, the CARES Act, and the procedures set forth by the Chief Judge of this District. Mr. Raniere, an active participant in his defense, respectfully objects to being sentenced by video, phone conference or indeed by any procedure aside from physically appearing with his attorneys in Court in the normal course. In making this request, the parties of course are mindful

---

[1] In the past two weeks, counsel has been given one legal call with Mr. Raniere. Though the MDC has been mandated to give inmates thirty-minute phone calls with inmates, Mr. Raniere's allotted time was cut short by guards sternly directing him to get off the phone at 25 minutes.

BRAFMAN & ASSOCIATES, P.C.

that the Court has indicated that it will not entertain any further adjournments. However, there is simply no way to abide by the Court's Order while also maintaining the rights of Mr. Raniere under the Constitution or as provided by the CARES Act, as well as the protocols established in this District.

On April 29, 2020, the Court adopted the defendant's proposed sentencing memorandum briefing schedule. As the defense set forth in its request for this briefing schedule, the proposed schedule was premised on the MDC being open for normal legal visits fifteen days before the due date of the sentencing brief. It appears, however, that due to the persistence of the Coronavirus epidemic and its impact on normal prison functioning, that the MDC will not be open for normal legal visits by Sunday, May 17th, fifteen days before the June 1, 2020 defense submission date. Therefore, given the fact that Mr. Raniere is unable to meet with his counsel to prepare a sentencing brief, to prepare for a potential Fatico hearing and to prepare for sentence, and also given that Mr. Raniere objects to any procedure or hearing held remotely in any fashion, the defense is constrained to request an adjournment of the dates related to sentencing.

Mr. Raniere objects to his counsel filing a sentencing brief without him having sufficient time to physically meet with his counsel to review a draft of the sentencing brief in advance of its being submitted for consideration by the Court. Moreover, he objects to any factual hearing being conducted without having the ability to physically meet with his counsel sufficiently in advance of such hearing to ensure that his counsel is factually prepared and that he is fully aware of the issues to be addressed at such hearing.[2] In view of the fact that Mr. Raniere has stated his objection to proceeding remotely, the government joins in the request for an adjournment of the Fatico hearing and sentencing.

1. **The CARES Act and Eastern District of New York's Chief Judge Roslynn R. Mauskopf's Administrative Order Require the Defendant's Consent to Proceed via Video**

As a threshold matter, the CARES Act allows video sentencing "with consent of the defendant…after consultation with counsel." The relevant provision of the CARES Act provides:

> [I]f the Judicial Conference of the United States finds that emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) will materially affect the functioning of either the Federal courts generally or a particular district court of the United States, the chief judge of a district court covered by the finding . . . specifically finds, upon application of the Attorney General or the designee of the Attorney General, or on motion of the judge or justice, that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety, and the district judge in a particular case

---

[2] In any event, Raniere maintains that the Court does not have authority to proceed with a Fatico hearing by video at this time pursuant to the CARES Act or Chief Judge Roslynn R. Mauskopf's Administrative Order.

2

BRAFMAN & ASSOCIATES, P.C.

finds for specific reasons that the . . . sentencing in that case cannot be further delayed without serious harm to the interests of justice, the . . . sentencing in that case may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available. 18 U.S.C. § Pt. II, Ch. 201, Refs & Annos (b)(2)(A).

In other words, sentencing can only proceed remotely if (1) the defendant can consult with counsel; (2) after consultation, the defendant consents to a video sentencing; and (3) there are "specific reasons" that the sentencing cannot be delayed without "serious harm to the interests of justice."

In Chief Judge Mauskopf's Administrative Order No. 2020-13, she found that emergency conditions due to the COVID-19 virus outbreak will materially affect the functioning of the courts within the Eastern District of New York. (See Exhibit A, Administrative Order No. 2020-13.)

Thus, pursuant to the authority granted under § 15002(b)(1) of the CARES Act, I hereby authorize judges in this district, with the consent of the defendant or the juvenile after consultation with counsel, to use video conferencing, or telephone conferencing if video conferencing is not reasonably available for use, for the following events: (A) detention hearings…; (B) Initial appearances…; (C) Preliminary hearings…; (D) Waivers of indictment…; (E) Arraignments…; (F) Probation and supervised release revocation proceedings…; (G) Pretrial release revocation proceedings…; (H) Appearances under Rule 40 of the Federal Rules of Criminal Procedure…; (I) Misdemeanor pleas and sentencings…; (J) Proceedings under the Federal Juvenile Delinquency act….

(Id.) This Administrative Order is still in effect.

2. **Raniere Cannot Consult Sufficiently With Counsel and Does Not Consent to Being Sentenced to at Least Fifteen Years in Prison via Video**

 Here, there are no legitimate reasons to proceed with a remote sentencing or remote Fatico hearing. As an initial matter, Judge Mauskopf's Administrative Order does not appear to authorize judges in the Eastern District to use video conferencing for Fatico hearings. It is not an "event" listed under subsection (1), items (A) through (J). Therefore, there is no legal authority for the Court to proceed with a video Fatico hearing even under the Administrative Order. Regardless, however, Mr. Raniere does not consent to such a hearing being conducted remotely.

Next, Mr. Raniere has been unable to speak with counsel in any meaningful way and therefore has not been able to sufficiently consult with counsel. The amount and type of interaction and communication between him and his counsel that has been permitted over the past two months have been absolutely insufficient to enable him to be prepared for his sentence hearing and for other proceedings related to sentencing. As is well-known, legal visits have been cancelled due to the virus. (See Dkt. 858 and 869.) And though Mr. Raniere and his counsel have consistently requested legal phone calls, these have been few and far between. Moreover, even

**BRAFMAN & ASSOCIATES, P.C.**

when a legal call is permitted, it is often cut short before the allotted time has passed. Furthermore, these legal phone calls are not truly confidential in nature in that prison officials are in close proximity and these calls can be overheard. As a result, Mr. Raniere has stated that he does not treat these phone calls as true attorney-client communications because he does not believe they are truly private and confidential. Mr. Raniere objects to any hearing, written submission or other proceeding in his case until he has had sufficient opportunity to physically meet with his lawyers to adequately prepare for such hearing, submission or proceeding.

Finally, the sentencing can only proceed remotely if there are "specific reasons" that the sentencing cannot be delayed without "serious harm to the interest of justice." There are no legitimate reasons to proceed with a remote hearing and sentencing when Mr. Raniere cannot sufficiently consult with counsel. Indeed, proceeding via video in a case where the defendant will be sentenced to at least fifteen years is itself harming the interests of justice.

Accordingly, Mr. Raniere (1) has not sufficiently consulted with counsel, (2) does not consent to proceeding with a sentencing hearing via video conferencing; and (3) there are no specific reasons that the sentencing cannot be delayed without serious harm to the interests of justice.

### 3. Conclusion

We respectfully request that this Court adjourn the dates <u>sine die</u>. We ask that this Court set the date for the defendant's sentencing memorandum to be due two weeks after legal visits are reinstated at the MDC-Brooklyn. The government's sentencing memorandum shall be due one week after the defendant's.

We do not seek any modification to this Court's May 12, 2020 Order. Counsel and Mr. Raniere were able to consult regarding the factual disputes in the Pre-Sentence Report before MDC cancelled legal visits.

Thank you for your attention to this matter.

Respectfully submitted,

/s/
Marc A. Agnifilo, Esq., *Of Counsel*
Teny R. Geragos, Esq.

cc:   Counsel for the government (via ECF)

4