# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

IN RE:                                                                                          ADMINISTRATIVE ORDER
CORONAVIRUS/COVID-19 PANDEMIC                                  NO. 2020-13
-----------------------------------------------------------------

USE OF VIDEOCONFERENCING OR TELEPHONE
CONFERENCING IN CRIMINAL MATTERS

-------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief Judge.

      On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the Coronavirus Disease-2019 ("COVID-19") pandemic pursuant to the National Emergencies Act (50 U.S.C. § 1601, *et seq.*). In addition, the Governor of New York has banned mass gatherings in the state, encouraged persons in the state to remain at home and to limit personal contact, and ordered the closure of non-essential businesses, among other steps taken to prevent the spread of COVID-19.

      The COVID-19 pandemic has had and will continue to have an extraordinary impact on this district. As of the date of this order, over 33,000 – in excess of 50% -- of the more than 59,000 confirmed cases of COVID-19 in New York State are in the boroughs of New York City and counties of Long Island that comprise the Eastern District of New York. These cases account for approximately 25% of the total number of confirmed cases nationwide to date. Estimates by health authorities indicate that the incidence of infection is likely greater among the community than the number of cases confirmed, and is expected to grow significantly. The current and continuing public health crisis has and will continue to cause significant disruption throughout this district, including but not limited to, restrictions on travel; significant reductions in mass transit and concerns about its safe use; the closure of offices, schools, and other public and private institutions and facilities; displacement of district residents; restrictions on the movement of defendants to and from detention facilities; and the reduction or suspension of certain court operations because of the inability of court staff, attorneys, and others to appear at our courthouses, and in order to limit in-person contact and prevent the spread of COVID-19. As a result of these and other considerations, judges of this court have conducted and will need to continue to conduct proceedings remotely, using video and telephone conferencing, in both criminal and civil matters.

      On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which authorized the Judicial Conference of the United States to provide authority to Chief District Judges to permit the conduct of certain criminal proceedings by video or audio conference. The President signed the CARES Act into law on March 27, 2020.

On March 29, 2020, the Judicial Conference of the United States made the appropriate findings as required under the CARES Act, finding specifically that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, *et seq.*) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

Thus, acting pursuant to § 15002(b) of the CARES Act and the authority granted by the Judicial Conference of the United States, I make the following findings and order:

1. I find that emergency conditions due to the COVID-19 virus outbreak will materially affect the functioning of the courts within this judicial district. Thus, pursuant to the authority granted under § 15002(b)(1) of the CARES Act, I hereby authorize judges in this district, with the consent of the defendant or the juvenile after consultation with counsel, to use video conferencing, or telephone conferencing if video conferencing is not reasonably available for use, for the following events:

   (A) Detention hearings under section 3142 of title 18, United States Code.

   (B) Initial appearances under Rule 5 of the Federal Rules of Criminal Procedure.

   (C) Preliminary hearings under Rule 5.1 of the Federal Rules of Criminal Procedure.

   (D) Waivers of indictment under Rule 7(b) of the Federal Rules of Criminal Procedure.

   (E) Arraignments under Rule 10 of the Federal Rules of Criminal Procedure.

   (F) Probation and supervised release revocation proceedings under Rule 32.1 of the Federal Rules of Criminal Procedure.

   (G) Pretrial release revocation proceedings under section 3148 of title 18, United States Code.

   (H) Appearances under Rule 40 of the Federal Rules of Criminal Procedure.

   (I) Misdemeanor pleas and sentencings as described in Rule 43(b)(2) of the Federal Rules of Criminal Procedure.

   (J) Proceedings under chapter 403 of title 18, United States Code (commonly known as the "Federal Juvenile Delinquency Act"), except for contested transfer hearings and juvenile delinquency adjudication or trial proceedings.

2.      Pursuant to § 15002(b)(2) of the CARES Act, I further specifically find that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety. As a result, if judges in individual cases find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice, judges may, with the consent of the defendant or the juvenile after consultation with counsel, conduct those proceedings by video conference, or by telephone conference if video conferencing is not reasonably available. This authority extends to equivalent plea, sentencing or disposition proceedings under 18 U.S.C. 403 (commonly referred to as the "Federal Juvenile Delinquency Act.").

3.      This authorization is effective for ninety (90) days unless earlier terminated. If the emergency persists longer than ninety (90) days, I will review this authorization and determine whether to extend it pursuant to the provisions of the CARES Act. Notwithstanding the foregoing, pursuant to the provisions of the CARES Act, this authority shall terminate on the last day of the covered emergency period or the date on which the Judicial Conference of the United States finds that emergency conditions due to the national emergency declared by the President under the National Emergencies Act with respect to the COVID-19 virus outbreak no longer materially affect the functioning of either the Federal courts generally or the courts within this district.

SO ORDERED.

/S

Dated:   Brooklyn, New York
         March 30, 2020

ROSLYNN R. MAUSKOPF
Chief Judge