UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
UNITED STATES OF AMERICA,       :     **TO BE FILED UNDER SEAL**[1]
                        Plaintiff,     :

               - against -     :
                                    :     **MEMORANDUM & ORDER**

KEITH RANIERE, also known as Vanguard,     :
CLARE BRONFMAN, ALLISON MACK,     :     18 Cr. 204 (NGG) (VMS)
KATHY RUSSELL, LAUREN SALZMAN, and     :
NANCY SALZMAN, also known as Perfect,     :

                       Defendants.     :
------------------------------------------------------------ X

**VERA M. SCANLON, United States Magistrate Judge:**

       The Government moved for reconsideration of the Honorable Nicholas G. Garaufis's April 29, 2019 Order affirming this Court's finding that Nxivm[2] is not defunct and may assert attorney-client and work-product privileges. See ECF No. 814. The Government seeks an order finding that Nxivm is a defunct corporation, that Nxivm cannot assert any attorney-client or work-product privilege, and that all documents that were withheld due to a privilege asserted by Nxivm must be disclosed. See id. at 3. District Judge Garaufis referred the motion to the

---

[1] This Order will initially be filed under seal with access only to the Court, the privilege review team and Defendant Bronfman's counsel. By July 6, 2020, counsel are to submit a joint proposal as to those portions that they believe should be redacted and remain sealed with copies only to the Court, the privilege review team and Defendant Bronfman's counsel. Counsel should also propose a redacted copy that may be made available to Nxivm's counsel. The Court will consider the proposed redactions and file the Order publicly with appropriate redactions if necessary.

[2] The Government's submission pertains to Nxivm Corporation, a Delaware corporation. Although this Court is aware of at least four other business entities from its search of "Nxivm" on the New York State Department of State website, the Court will not conduct a different analysis for each Nxivm entity.

1

undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Criminal Procedure 59(a).[3]

For the reasons stated below, the Government's motion is denied, and the Court adheres to its prior decision that, for purposes of the privilege analysis, Nxivm is not a defunct corporation and that it may assert privileges to withhold documents from production.

## I. BACKGROUND

This Court assumes the familiarity with the facts and procedural history of the case, but the Court will restate pertinent facts and procedural history for ease of reference.

In connection with its criminal investigation in this case, the Government seized and searched Defendant Bronfman's email account. The Government and Defendant Bronfman disputed whether 249 of the seized documents were protected from disclosure by either the attorney-client privilege or work-product privilege. See ECF No. 363.[4] One of the arguments

---

[3] The Government directed the motion for reconsideration to District Judge Garaufis, but the motion was referred to this Court for decision, instead of a report and recommendation, because it involves reconsideration of a non-dispositive discovery dispute. See ECF No. 136 and Dkt. Entry 9/13/2018 (designating the undersigned to determine all discovery issues); 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a). This Court does not decide whether reconsideration of the Court's April 4, 2019 Order is procedurally appropriate, although it is doubtful. See Koehler v. Bank of Bermuda Ltd., No. M18-302, 2003 WL 466206, *1 (S.D.N.Y. Feb. 21, 2003) ("Unlike motions for reconsideration of district judges' orders, provided for by Local Civil Rule 6.3, there is no provision in the governing statute or the rules of procedure for motions for reconsideration to be made to magistrate judges. On the contrary: the plain wording of statute and rule requires that objections to a magistrate judge's nondispositive order be timely made to the district judge assigned to the case.").

[4] At issue were whether Nxivm was entitled to assert privilege over approximately 575 of the documents recovered by the Government from 8 Hale Drive, Clifton Park, New York, and whether Defendant Bronfman was entitled to assert privilege over approximately 305 documents. See, e.g., ECF Nos. 512; 524; 548; 570; 578. According to a letter submitted by Defendant Bronfman's counsel, the Government did not seek to litigate the issue of privilege over the disputed 8 Hale Drive documents or the remaining Defendant Bronfman documents. See ECF No. 598. The Court did not make any determination as to these documents.

made by the Government in support of disclosure was that Nxivm is the privilege holder and, because Nxivm suspended its operations, it could not assert privilege on its behalf to protect the documents from disclosure. See ECF No. 448-1 at 4. In Orders dated April 4, 2019, April 6, 2019, and April 8, 2019, this Court determined that most of the 249 documents in dispute were privileged and should be withheld from the Government. See ECF No. 502, redacted at ECF No. 542; ECF No. 505, redacted at ECF No. 543; ECF No. 507, redacted at ECF No. 544. As part of the April 4, 2019 Order, this Court rejected the Government's argument that Nxivm's alleged suspension of operations warranted disclosure of the 249 documents. See ECF No. 502 at 3, redacted at ECF No. 542. This Court held that the Government had not shown that Nxivm was defunct, and that Nxivm's counsel, Michael Sullivan, and executive board member, Defendant Bronfman, could assert privileges on Nxivm's behalf. See id. at 2-3.

The Government appealed the Order to District Judge Garaufis. See ECF No. 552. The Government argued that: (i) Defendant Bronfman failed to meet her burden of showing her authorization to assert privileges on Nxivm's behalf, and (ii) Nxivm was defunct as a matter of fact. See id. In opposition, Mr. Sullivan argued that Nxivm exhibited practical business functions, including the power to retain counsel to represent it and advocate on its behalf. See ECF No. 584, redacted at ECF No. 585. Defendant Bronfman echoed Mr. Sullivan's contention that Nxivm was not a defunct corporation. See ECF No. 586.

Upon review of this Court's Orders and the respective submissions of the Government, Defendant Bronfman and Mr. Sullivan, District Judge Nicholas G. Garaufis affirmed this Court's Order. See ECF No. 601, redacted at ECF No. 640. The Court held that Nxivm was not defunct because it had an existing executive board that governed its affairs and that Nxivm had been responding to grand jury subpoenas, paying normal operating costs, maintaining files and storage

3

facilities, and filing tax returns. See id. at 5-6. The Court also noted that Mr. Sullivan had the power to assert or waive any applicable lawful privilege on behalf of Nxivm, and that Defendant Bronfman did not have the power to unilaterally waive any privilege. See id. at 6.

On May 24, 2019, Mr. Sullivan submitted another declaration. See ECF No. 669. He stated that, "[he] was retained by NXIVM Corp. in April 2018 to represent the interests of the company in connection with investigations or possible governmental investigations into NXIVM and related and affiliated companies." Id. ¶ 12. According to Mr. Sullivan, at a board meeting at which a quorum was present, the board voted to delegate to him the power to assert any applicable lawful privilege, or to waive privilege, on behalf of the corporation. Id. ¶ 19. Mr. Sullivan stated that this delegation of authority had not been revoked since the board meeting on December 19, 2018. Id. ¶ 20. In addition, the corporation's day-to-day operations allegedly had continued. Id. ¶ 21. Such operations included responding to two grand jury subpoenas served upon NXIVM Corp. and related entities by the Government, to which NXIVM Corp., through Mr. Sullivan, responded. Id. ¶ 23. Mr. Sullivan affirmed that, as late as the week of May 13, 2019, he had paid invoices on behalf of NXIVM. Id. ¶ 26.

Now before this Court is the Government's motion for reconsideration of the Court's finding that Nxivm is not defunct and that it may assert privileges. See ECF No. 814. The Government's motion is based on developments in a case in the United States District Court for the District of New Jersey, Nxivm v. Sutton, No. 06 Civ. 1051 (KSH) (the "New Jersey Action"). See id. at 2. First, the Government relies on an opinion written by the Honorable Katharine S. Hayden after holding a bench trial between Nxivm and cross-claimant Interfor, Inc., in the New Jersey Action (the "Opinion"). See ECF No. 814-1. Judge Hayden notes, as dicta in the introduction to the Opinion, "that NXIVM is no longer in operation." See id. at 3. Judge

4

Hayden observed that Keith Raniere and Nancy Salzman were indicted in the Eastern District of New York, that Ms. Salzman pled guilty, and that Mr. Raniere was convicted by a jury. See id. Judge Hayden made findings of fact and conclusions of law on Interfor, Inc.'s cross-claim. See id.

Second, the Government relies on declarations submitted by Nxivm's counsel, Robert D. Crockett and Chase T. Tajima, in the New Jersey Action in support of their motion to withdraw as counsel. See ECF No. 814-2. In Mr. Crockett's declaration, he stated that "[t]he Crockett Firm has received no instructions from any representative of NXIVM or Ms. Salzman indicating how we should proceed. The Crockett Firm does not expect to receive any instructions or directions because, as noted by this Court, 'NXIVM is no longer in operation.'" See id., Crockett Decl. ¶ 4. Mr. Tajima stated in his declaration that "[he] attempted to contact the Crockett Firm's long-time contacts at NXIVM and First Principles, Inc., as well as Ms. Salzman, asking for guidance, direction, and instructions . . . . On August 30, 2019, one NXIVM contact informed me that [Ms. Salzman] was no longer involved with NXIVM nor any of the decision making and would not be providing any guidance, direction, or instructions[.]" See id., Tajima Decl. ¶ 3. Third, the Government relies on another declaration filed by Mr. Crockett, in which he states that, "[d]espite [his] continued efforts to contact a representative of NXIVM, [he has] received no direction from NXIVM regarding how, or whether, to proceed[.]" See ECF No. 814-3, Crockett Decl. ¶ 3. Also included in the Government's submission is the declaration of Brian M. English, local counsel for NXIVM, who stated, "no instructions have been received from representatives of NXIVM[.]" See id., English Decl. ¶ 4.

In opposition to the Government's motion for reconsideration, Defendant Bronfman makes three arguments: (i) the Government does not cite a proper basis for reconsideration;

5

(ii) the scope of the Government's request should be limited to the 249 documents that were the subject of this Court's Orders dated April 4, 2019, April 6, 2019, and April 8, 2019; and

(iii) Defendant Bronfman has an interest in finality. See ECF No. 818. As Defendant Bronfman has resigned from the board of Nxivm, she notes that she does not have the ability to assert or waive privileges on behalf of Nxivm. See id. at 1. Defendant Bronfman also submits a transcript from a telephonic conference held on October 2, 2019, before Magistrate Judge Cathy L. Waldor in the New Jersey Action regarding the motion to withdraw by Nxivm's counsel. See ECF No. 818-1. At the conference, Judge Waldor asked counsel, "[W]hat do I have to show me that NXIVM doesn't exist anymore?" Id., 5:18-20. In response, Mr. Crockett stated, "I don't know if NXIVM doesn't exist anymore." Id., 5:21-22. Counsel for Nxivm stated that they had been sending requests for instructions to Ms. Salzman and her criminal defense attorney, but that they had not received a response. Id., 5:25-6:7. Counsel for cross-claimant Interfor, Inc. informed the Court that Nxivm had authorized its attorney, Mr. Sullivan, to assert privileges on its behalf, to which counsel for Nxivm responded that they had attempted to contact Mr. Sullivan only once the week before the conference. Id., 6:8-8:3. Judge Waldor denied the motion to withdraw. Id., 11:15-18.

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 54(b) And Local Criminal Rule 49.1(d) Are The Procedural Mechanisms For The Government's Motion

The Government brings this motion for reconsideration exclusively pursuant to Local Civil Rule 6.3 on the basis that new evidence that became available after the Court's consideration of the prior motion would change the determination that Nxivm was not defunct and able to assert privileges. Local Civil Rule 6.3 states, in relevant part:

6

> Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.

Local Civ. R. 6.3. This standard for reconsideration is substantially similar to the language set forth in the Local Criminal Rule 49.1(d), which was not effective until March 1, 2012.[5] Local Criminal Rule 49.1(d) states, in pertinent part:

> A motion for reconsideration or reargument of a Court order determining a motion shall be filed and served within fourteen (14) days after the Court's determination of the original motion. A memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked shall accompany the motion.

Local Crim. R. 49.1(d); see United States v. Baldeo, No. 13 Cr. 125 (PAC), 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015) ("[M]otions [for reconsideration] are tacitly accepted in criminal cases . . . by virtue of Local Crim. R. 49.1(d)[.]").

"Prior to the adoption of Local Criminal Rule 49.1, courts in this circuit applied the identical standard found in Local Civil Rule 6.3 of the Local Rules to motions for reconsideration in criminal cases." United States v. Rice, No. 96 Cr. 407 (SJF), 2015 WL 7459925, at *1 (E.D.N.Y. Nov. 24, 2015); see, e.g., United States v. Yannotti, 457 F. Supp. 2d

---

[5] Compare Local Rules of the United States District Court for the Southern and Eastern Districts of New York (effective Mar. 1 2012), https://img.nyed.uscourts.gov/files/local_rules/Local% 20Rules%2003012012.pdf, with Local Rules of the United States District Court for the Southern and Eastern Districts of New York (effective Jul. 11, 2011), https://img.nyed.uscourts.gov/files /local_rules/Local%20Rules%2007112011.pdf. The Government incorrectly contends that there is no specific rule under Local Criminal Rules providing for reconsideration of a ruling in a criminal matter. See ECF No. 814 at 1-2. The Federal Rules of Criminal Procedure do not provide for motions for reconsideration.

385, 389 (S.D.N.Y. 2006) (deciding motion for reconsideration in criminal case by applying standard for Local Civil Rule 6.3); United States v. Goldenberg, No. 04 Cr. 159 (NGG), 2006 WL 1229152, at *1 (E.D.N.Y. May 5, 2006) (same); United States v. Leaver, 358 F. Supp. 2d 273, 277 (S.D.N.Y. 2005) (same); United States v. Delvi, No. 01 Cr. 74 (SAS), 2004 WL 235211, at *1 (S.D.N.Y. Feb. 6, 2004) (same); United States v. Greenfield, No. 01 Cr. 401 (SAS), 2001 WL 1230538, at *1 (S.D.N.Y. Oct.16, 2001) (same). Consistent with this longstanding practice, "courts generally supplement Local Crim. R. 49.1(d) with the standard for civil reconsideration motions under Local Civ. R. 6.3." Baldeo, 2015 WL 252414, at *1-2; see United States v. Vinas, No. 07 Cr. 211 (GBD), 2019 WL 417747, at *1 (S.D.N.Y. Jan. 9, 2019) (same); United States v. Rice, No. 96 Cr. 407 (SJF), 2015 WL 7459925, at *1 (E.D.N.Y. Nov. 24, 2015) (same); United States v. FNU LNU, No. 09 Cr. 543 (RJS), 2015 WL 13307424, at *1 (S.D.N.Y. Nov. 13, 2015) (same); United States v. Wilson, 920 F. Supp. 2d 287, 292 n. 3 (E.D.N.Y. 2012) (same).

In addition to the Local Rules, motions for reconsideration in both civil and criminal cases have been analyzed under various Federal Rules of Civil Procedure. See Goldenberg, 2006 WL 1229152, at *1 ("While there is no specific rule governing criminal motions to reconsider, a court conducting a criminal case is permitted to draw from and mirror a practice that is sanctioned by the Federal Rules of Civil Procedure.") (internal citation & quotation marks omitted). Motions for reconsideration may be brought pursuant to Federal Rules of Civil Procedure 54(b), 59(e), and 60(b). See Fed. R. Civ. P. 54(b) (allowing the court to revise any order or other decision adjudicating fewer than all claims before the entry of a judgment adjudicating all claims); Fed. R. Civ. P. 59(e) (providing for motion to alter or amend a judgment); Fed. R. Civ. P. 60(b) (providing for relief from a final judgment, order, or

8

proceeding).  Courts have analyzed motions for reconsideration under the Federal Rules of Civil Procedure and Local Rules using the same standards.  See, e.g., Thomas v. Venditto, No. 11 Civ. 6084 (ADS) (ARL), 2020 WL 927709, at *2-3 (E.D.N.Y. Feb. 26, 2020) (discussing the reconsideration standard in the context of both Local Civil Rule 6.3 and Rule 54(b)); R.F.M.A.S., Inc. v. Mimi So, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (discussing the reconsideration standard in the context of both Local Civil Rule 6.3 and Rule 59(e)); In re Facebook, Inc., IPO Sec. & Derivative Litig., 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), aff'd sub nom. Lowinger v. Morgan Stanley & Co., 841 F.3d 122 (2d Cir. 2016) ("The standards governing motions under Local Rule 6.3 . . . and [Rule] 60(b) are the same.").

  The standard for a motion for reconsideration is "strict, and reconsideration will generally be denied."  Hochstadt v. New York State Educ. Dep't, 547 F. App'x 9, 11 (2d Cir. Sept. 19, 2013) (internal citation & quotation marks omitted).  The decision to grant a motion for reconsideration is committed to the sound discretion of the district court.  See In re Molycorp, Inc. Secs. Litig., 13 Civ. 5697 (PAC), 2016 WL 3002424, at *2 (S.D.N.Y. May 23, 2016) (internal citation & quotation marks omitted).

  Even though the Government's motion is only brought pursuant to Local Civil Rule 6.3, this Court will analyze the motion under both the Local Rules and the Federal Rules of Civil Procedure.

  As a threshold matter, the Government's motion for reconsideration does not satisfy either Local Civil Rule 6.3 or Local Criminal Rule 49.1(d).  Under the Local Rules, court may only grant reconsideration where the moving party points to matters "overlooked" by the court during its original consideration of the motion.  See, e.g., Local Crim. R. 49.1(d); Local Civ. R. 6.3; Black v. Diamond, 163 F. App'x 58, 61 (2d Cir. Jan. 19, 2006) ("To merit reconsideration, a

9

movant must point to law or facts overlooked by the court in its initial ruling."); Shrader, 70 F.3d at 257 ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ."); Wilson, 920 F. Supp. 2d at 292; United States v. Robinson, No. 16 Cr. 545 (ADS), 2018 WL 5928120, at *21 (E.D.N.Y. Nov. 13, 2018); Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 605-06 (S.D.N.Y. 2012). The requirements of Local Criminal Rule 49.1 and Local Civil Rule 6.3 are strictly construed. See Corley v. Farrell, No. 18 Civ. 0763 (CM), 2020 WL 416446, at *2 (S.D.N.Y. Jan. 15, 2020) (noting that Local Criminal Rule 49.1(d) and Local Civil Rule 6.3 are "narrowly construed and strictly applied"); see also Staskowski v. Cty. of Nassau, No. 05 Civ. 5984 (SJF) (WDW), 2009 WL 10701459, at *1 (E.D.N.Y. May 28, 2009) (noting that Local Civil Rule 6.3 is "strictly construed"). As such, courts generally deny motions for reconsideration based on "new matters which were never put before the Court during the initial motion." Baldeo, 2015 WL 252414, at *2; see Rafter v. Liddle, 288 F. App'x 768, 769 (2d Cir. 2008) ("[The court] [should] not consider facts not in the record to be facts that the court overlooked."). Courts instead apply law-of-the-case principles so as not to relitigate issues already decided.

     Here, the Government's motion relies on documents from the New Jersey Action: Judge Hayden's Opinion filed on August 26, 2019; two attorney declarations sworn to on September 12, 2019; and two attorney declarations sworn to around October 15, 2019. See ECF No. 814. Such documents did not exist at the time this Court or District Judge Garaufis initially determined that Nxivm was not defunct. There is no question that the Government only presents new matters which were never put before the Court during the initial motion. The Government does not contend that the Court overlooked any factual matter and does not point to any change

10

in controlling law that would change this Court's prior determination.[6] Thus, the Local Rules are not the proper procedural tools for the Government's motion for reconsideration.

Federal Rules of Civil Procedure 59(e) and 60(b) are also inapplicable to the Government's motion. Rule 59 permits alteration or amendment of a "judgment." See Fed. R. Civ. P. 59(e). "Judgment" is defined as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). The Government's motion does not seek reconsideration of a judgment or order from which an appeal lies. Indeed, this Court's April 4, 2019 Order, and the District Judge's April 26, 2019 Order affirming it, are interlocutory orders that cannot be appealed. See Upjohn Co. v. Imbriolo, 98 F. App'x 24, 24 (2d Cir. Jan. 27, 2004) ("Discovery orders are not final orders but are interlocutory that must await final judgment to be appealed.") (internal quotation marks & citation omitted). The same is true for Rule 60(b), which applies only to "final" orders, judgments, or proceedings. See Grand River Enters. Six Nations, Ltd. v. King, No. 02 Civ. 5068 (JFK), 2009 WL 1739893, at *2 n.1 (S.D.N.Y. June 16, 2009) ("By its express

---

[6] Local Criminal Rule 49.1(d) and Local Civil Rule 6.3 provide that a motion for reconsideration should be filed and served within 14 days after the Court's determination of the original motion. See Local Crim. R. 49.1(d); Local Civ. R. 6.3. The Government brings this motion for reconsideration more than seven months after this Court's April 4, 2019 Order, compare ECF No. 814 with ECF No. 502, and untimeliness alone is generally sufficient grounds for denying the motion. See, e.g., First Horizon Bank v. Moriarty-Gentile, No. 10 Civ. 289 (KAM) (RER), 2013 WL 6271840, at *3 (E.D.N.Y. Dec. 4, 2013) (denying motion for reconsideration as, inter alia, untimely). The 14-day time limit to file a motion for reconsideration does not apply where "newly discovered evidence" is the purported basis for reconsideration or where the motion for reconsideration is brought pursuant to Rule 54(b). See, e.g., Cunningham v. Cornell Univ., No. 16 Civ. 6525 (PKC), 2020 WL 1165778, at *1 (S.D.N.Y. Mar. 11, 2020) (citing Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc., 160 F. Supp. 2d 580, 583 (S.D.N.Y. 2001)); Fed. R. Civ. P. 54(b) (allowing orders adjudicating fewer than all claims to be "revised at any time before the entry of a judgment adjudicating all the claims"); Tran v. Tran, No. 91 Civ. 6818 (RPP), 1998 WL 19996, at *2 (S.D.N.Y. Jan. 21, 1998) (finding that plaintiff's motion for reconsideration under Rule 54(b) is timely because case is still pending).

terms, Rule 60(b) applies only to final orders and not interlocutory ones. [] Since the discovery orders at issue here are interlocutory orders[] Rule 60(b) has no application.") (citations omitted).

The Government's motion may nonetheless be evaluated under Rule 54(b). Federal Rule of Civil Procedure 54(b) provides the Court with express authority to reconsider all interlocutory orders and its reasoning can be extended to criminal cases. See United States v. LoRusso, 695 F.2d 45, 53 (2d Cir. 1982) (addressing both civil and criminal cases and stating that "district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment"). This Court's prior determination that Nxivm is not defunct and that it may assert privileges is a discovery ruling that properly meets the definition of an interlocutory order. Nonetheless, even if Rule 54(b) may provide an avenue for the Government to request reconsideration of this Court's prior determination, the Government "must do so within the strictures of the law of the case doctrine." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

### B. Law-of-the-Case Doctrine Bars Reconsideration

Having determined that the Government's motion for reconsideration may be procedurally proper under Federal Rule of Civil Procedure 54(b) and Local Criminal Rule 49.1(d), this Court next considers whether it should adhere to its prior decision under the "law of the case" doctrine. Based on the Government's submission, this Court sees no reason to exercise its power to depart from the law of the case.

The law-of-the-case doctrine "counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons[.]" Jackson v. New York, 523 Fed. Appx. 67, 69 (2d Cir. 2013). The purpose of the doctrine is to maintain consistency during the course of a single continuing lawsuit. See 18B Fed. Prac. & Proc. Juris. §

4478 (2d ed.). "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (internal citation & quotation marks omitted). The doctrine is discretionary and "does not limit a court's power to reconsider its own decisions prior to final judgment." Ezra v. Bristol-Myers Squibb Co., 784 Fed. Appx. 48, 50 (2d Cir. 2019) (internal citation omitted). The "cogent and compelling reasons" justifying a court's revisitation of a prior ruling generally fall into three categories: "(1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or to prevent manifest injustice." Id. These three categories allow the moving party to point the court to "matters[] that might reasonably be expected to alter the [prior] conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

The Government's motion for reconsideration is based solely on purported new evidence: documents that were filed in the New Jersey Action subsequent to this Court's finding that Nxivm is not defunct. See ECF No. 814 at 2-3. A motion for reconsideration brought on the basis of "new evidence" must satisfy all four prongs of the following test: "(1) newly discovered evidence is of facts existing at the time of the prior decision; (2) the moving party is excusably ignorant of the facts despite using due diligence to learn about them; (3) newly discovered evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly discovered evidence is not merely cumulative." Fields v. Merrill Lynch, Pierce, Fenner & Smith, Inc., No. 03 Civ. 8363 (SHS), 2004 WL 626180, at *2 (S.D.N.Y. Mar. 30, 2004) (citation omitted); see United States v. Persico, 645 F.3d 85, 109 (2d Cir. 2011) (applying substantially similar test for motion for new trial on the basis of newly discovered evidence);

13

United States v. Oates, 445 F. Supp. 351, 353 (E.D.N.Y. 1978) (applying same test in criminal case for motion to reconsider motion to suppress on the basis of newly discovered evidence).

Here, the Government fails to satisfy the third factor. The purported "new evidence" from the New Jersey Action is not admissible or effective to change this Court's prior determination. This Court does not determine whether the Government satisfies the other factors.

### i. The Government's "New Evidence" Is Inadmissible

On its motion for reconsideration, the Government relies on multiple documents from the New Jersey Action: the Opinion of Judge Hayden and four declarations of Nxivm's counsel. See ECF Nos. 814-1 - 814-3. The Government argues, "[i]n light of [the] sworn declarations that no corporate representative of Nxivm appears to exist because Nxivm is no longer in operation, Nxivm is defunct and may not assert attorney-client and work-product privileges." ECF No. 814 at 3. Although not explicitly articulated, the Court interprets the Government's motion as asking this Court to take judicial notice of the documents filed in the New Jersey Action.[7] In essence, the Government hopes this Court will rely upon the truth of the content of these documents to make the factual determination that Nxivm is now a defunct corporation without the ability to assert privilege.

In doing so, the Government fails to address the well-established limitation on this Court's ability to take judicial notice of records that are filed in another action. "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Glob.

---

[7] The Government does not provide an independent basis for admitting these documents as evidence (i.e. submission of an affidavit of person with personal knowledge).

14

Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (citing Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)); see Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992) (finding that district court improperly relied on filings in another court to establish disputed facts in pending case). That is, this Court may take judicial notice of the fact that there was a New Jersey Action and that Nxivm's counsel made a motion to withdraw as counsel. On the other hand, this Court cannot take judicial notice of Judge Hayden's dicta that, "NXIVM is no longer in operation," see ECF No. 814, Ex. A at 3, or the statement of Nxivm's counsel that, "[he has] received no direction from NXIVM regarding how, or whether, to proceed," see id., Ex. C, Crockett Decl. ¶ 3. To do so would improperly relieve the Government's burden to establish the truth of such contested facts through admissible evidence.

### ii. The Government's "New Evidence" Is Ineffective To Change The Court's Prior Holding

Even if the Court were to consider the Government's "new evidence," the documents from the New Jersey Action are not sufficiently direct or relevant to change the Court's prior determination that Nxivm is not defunct and may assert privileges.

First, the Government's reliance on Judge Hayden's Opinion in the New Jersey Action is misplaced. Judge Hayden's Opinion was issued after holding a bench trial on the issue of whether cross-claimant, Interfor, Inc., was entitled to contractual indemnification from Nxivm pursuant to an indemnity agreement. See ECF No. 814-1. Judge Hayden observed in passing, only in the introduction section of her Opinion, "that NXIVM is no longer in operation." See id. at 3. It is telling that such observation was not made in either the "Findings of Fact" or the "Conclusions of Law" sections of her Opinion. Indeed, for that same reason, Judge Hayden's observation "that NXIVM is no longer in operation" cannot have any collateral estoppel effect in

15

this case. See Levy v. Kosher Overseers Ass'n of Am., Inc., 104 F.3d 38, 41 (2d Cir. 1997) (reciting four-part test for doctrine of collateral estoppel, which requires that issues in both proceedings be "identical" and "actually litigated and actually decided"). In addition, that observation has no dispositive effect here. Judge Hayden's observation was not made in the context of a determination regarding Nxivm's status as a corporation or Nxivm's ability to assert privileges. That is, Judge Hayden's Opinion did not deal with the question at issue in this case: whether Nxivm is a defunct corporation that cannot assert privileges. Even accepting as true Judge Hayden's dicta that "NXIVM is no longer in operation," a company is not defunct "simply because it ceases its normal business operations." Official Comm. of Admin. Claimants ex rel. LTV Steel Co. v. Moran, 802 F. Supp. 2d 947, 949 (N.D. Ill. 2011). For these reasons, this Court finds that Judge Hayden's Opinion is insufficient "to change the result of the former ruling."

Second, the Government's reliance on the declarations of Mr. Crockett, Mr. Tajima and Mr. English is misplaced. In sum, the declarations state that counsel could not contact Ms. Salzman or other "long-time contacts" at Nxivm to receive instructions on how to proceed in the New Jersey Action because Nxivm was "no longer in operation." See ECF Nos. 814-1 - 814-3. Mr. Crockett, Mr. Tajima and Mr. English were not addressing the question of whether Nxivm is a defunct corporation. Instead, counsel made such statements in the context of a motion to withdraw, where their sole purpose was to present facts to justify ceasing representation of Nxivm. For these reasons, the declarations of Mr. Crockett, Mr. Tajima and Mr. English are not "probably effective to change the result of the former ruling."

The Government's "new evidence" is insufficient to show that Nxivm is defunct. A dead or defunct corporation has "no one who can speak for [the] corporation in order to assert the

16

privilege." S.E.C. v. Carrillo Huettel LLP, No. 13 Civ. 1735 (GBD) (JCF), 2015 WL 1610282, at *2 (S.D.N.Y. Apr. 8, 2015); cf. Gilliland v. Geramita, No. 05 Civ. 1059 (TFM), 2006 WL 2642525, at *3 (W.D. Pa. Sept. 14, 2006) ("Defendant cannot meet its burden to prove that the privilege has been validly asserted because there is no person with authority to properly invoke the privilege."); In re Fundamental Long Term Care, Inc., No. 11 BK 22258 (MGW), 2012 WL 4815321, at *9 (Bankr. M.D. Fla. Oct. 9, 2012) ("[W]hen a company is dissolved or defunct, there is no one left to assert (or waive) the privilege."). Conversely, a company with management, or an individual authorized to act on the corporation's behalf, is not dead or defunct or incapable of asserting and waiving privileges. See, e.g., Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 351-52 (1985) (recognizing bankruptcy trustee's right to control a bankrupt corporation's attorney-client privilege); Official Comm. of Admin. Claimants, 802 F. Supp. 2d at 949-50 (holding that company retained and properly asserted privilege where, inter alia, the company "retains management capable of asserting the privilege"). The question whether a corporation is dead or defunct (such that there is no privilege to be asserted) is a matter of federal common law where a case is governed by federal law, as it is here. See S.E.C. v. Carrillo Huettel LLP, No. 13 Civ. 1735 (GBD) (JCF), 2015 WL 1610282, at *2 (S.D.N.Y. Apr. 8, 2015) ("[W]here federal law supplies the rule of decision, as it does here, the question of whether the corporate attorney-client privilege survives the demise of the corporation is answered by reference to federal common law.").

In determining that Nxivm was not defunct for privilege purposes in the prior Orders, the Court found that Nxivm is represented by Mr. Sullivan, who has the power to assert or waive privilege on behalf of Nxivm. See ECF No. 502 at 3; ECF No. 601 at 6. The Government's "new evidence" does not bear on Mr. Sullivan's ability to assert privileges on Nxivm's behalf.

17

Neither Judge Hayden's Opinion nor the declarations of Nxivm's counsel in the New Jersey Action contradict Mr. Sullivan's assertion that he was retained by Nxivm to represent the interests of the company, that he was delegated the power to assert and waive privileges on behalf of the corporation, or that he continues the corporation's necessary operations. See ECF No. 669 ¶¶ 12, 19. The declarations also do not show that Mr. Sullivan's authority to assert and waive privileges on behalf of Nxivm have been revoked in the time since this Court's April 4, 2019 Order or Judge Garaufis's April 26, 2019 Order. See id. ¶ 20. Mr. English's contention that he unsuccessfully attempted to contact Mr. Sullivan once falls short of warranting a reconsideration of this Court's prior determination. See ECF No. 818-1. Indeed, the Government does not offer that they sought any information from Mr. Sullivan regarding the status of Nxivm or his representation of Nxivm. For these reasons, the "new evidence" is not "probably effective to change the result of the former ruling."

The Government's "new evidence," even assuming it is admissible, fail to show a factual basis meriting reconsideration of this Court's Orders. See Kolel Beth Yachiel Mechil of Tartikov, 729 F.3d at 108 (affirming denial of motion for reconsideration where "new evidence" submitted by appellants do not "amount[] to direct and definite evidence [] sufficient [] to reconsider the Court's prior Decision and Order"); Cunningham v. Cornell Univ., No. 16 Civ. 6525 (PKC), 2020 WL 1165778, at *2 (S.D.N.Y. Mar. 11, 2020) (denying motion for reconsideration where "new evidence" was not relevant to court's basis for granting summary judgment).

### iii. There Is No Other Compelling Reason For Reconsideration

This Court finds no compelling reason to grant the Government's motion for reconsideration. As of the Government's filing of this motion, all six Defendants in this case

have either pled guilty or had a verdict of guilty entered against them. See ECF No. 473 (Lauren Salzman and Allison Mack plead guilty); ECF No. 474 (Nancy Salzman pleads guilty); ECF No. 735 (verdict of guilty entered against Keith Raniere); ECF No. 756 (Clare Bronfman and Kathy Russell plead guilty). The only proceedings remaining are the sentencings of each of the Defendants. See, e.g., Dkt. Entry 7/15/2019 (adjourning Allison Mack's and Lauren Salzman's sentencing hearing); Dkt. Entry 1/21/2020 (adjourning Kathy Russell's sentencing); Dkt. Entry 5/13/2020 (adjourning Keith Raniere's sentencing hearing); Dkt. Entry 5/22/2020 (adjourning Clare Bronfman's sentencing hearing). There is no more discovery to be had. Indeed, the Government does not explain why this Court should reconsider its prior holding or present any purpose for any additional discovery that may be obtained if this Court were to set aside Nxivm's right to assert privilege. The Government does not argue that it would be prejudiced without the discovery. Accordingly, this Court finds that the need for finality and consistency in this case require that the Court adhere to its prior Orders.

### III.   CONCLUSION

For the reasons set forth herein, the Government's motion for reconsideration is denied.

Dated: Brooklyn, New York
       June 22, 2020

                               *Vera M. Scanlon*
                               VERA M. SCANLON
                               United States Magistrate Judge