

U.S. Department of Justice

United States Attorney
Eastern District of New York

NS:TH  
F. #2017R01840

*271 Cadman Plaza East*  
*Brooklyn, New York 11201*

October 9, 2020

By ECF

The Honorable Nicholas G. Garaufis  
United States District Judge  
United States District Court  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re:    United States v. Keith Raniere, et al.  
                 Criminal Docket No. 18-204 (S-2) (NGG)

Dear Judge Garaufis:

        The government respectfully submits this letter in response to Raniere's sentencing memorandum filed on September 18, 2020. ECF Docket No. 925 ("Raniere Mem."). The claims and arguments set forth in Raniere's memorandum are, without exception, inconsistent with the evidence presented at trial. The jury has already rejected them. For the reasons set forth in the government's sentencing memorandum, ECF Docket No. 914, the Court should also reject them.

        With respect to Raniere's contentions with respect to Camila (Raniere Mem. at 68-73), the government encloses under separate cover a victim impact statement it has received from Camila. This statement provides further support of Raniere's sexual abuse of Camila in the months prior to the production of child pornography images.[1] The government expects that Camila will attend Raniere's sentencing on October 27, 2020 and may wish to address the Court further at that time.

---

[1] As for Raniere's remaining objections to the United States Sentencing Guidelines, the government respectfully submits that, for the reasons set forth in the government's sentencing memorandum, the calculation in the PSR is accurate. The government notes, however, that even if the Court were to decline to apply the two-level enhancement for serious bodily injury as to Racketeering Act Nine (Group 9), as well as the sex trafficking Guidelines as to Sylvie and India (Groups 13 and 14), Raniere would still face an advisory Guidelines range of life in prison.

Lastly, Raniere's sentencing memorandum contains various complaints about his prosecution and trial, including that the prosecution "threatened several of his potential defense witnesses," Raniere Mem. at 49-50, and that the Court's order permitting victim-witnesses to testify using their first names only violated his due process rights. Id. Raniere's contentions are meritless and, to the extent Raniere seeks the Court's leave to "submit further briefing on this point," Raniere Mem. at 1, the government respectfully submits that the Court should deny Raniere's request because he cannot meet the demanding standard for "newly discovered evidence" under Fed. R. Crim. P. 33(b)(1). See, e.g., United States v. Forbes, 790 F.3d 403, 406 (2d Cir. 2015). The claims identified in Raniere's sentencing memorandum were known to him long before the verdict in this case and he was therefore required to raise them within 14 days of the verdict under Rule 33(b)(2) or on the briefing schedule set by the court for post-trial motions. Raniere's implicit request to extend the deadline set by the Court is barred by Fed. R. Crim. P. 45(b), and the government respectfully submits that the Court should proceed to sentencing on the current schedule. See, e.g., United States v. Ketabchi, No. 17-CR-243 (SHS), 2019 WL 1510444, at *2 (S.D.N.Y. Mar. 25, 2019) (denying Rule 33 motion as untimely under Rule 33(b)(2)); United States v. Dupree, No. 10-CR-627 (KAM), 2012 WL 5333946, at *33 (E.D.N.Y. Oct. 26, 2012) (same).

    Respectfully submitted,

    SETH D. DuCHARME
    Acting United States Attorney

By:    /s/ Tanya Hajjar
    Tanya Hajjar
    Mark J. Lesko
    Assistant U.S. Attorneys
    (718) 254-7000

cc:    Clerk of Court (NGG) (by ECF)
      Defense Counsel (by ECF)