MKM:MKP/TH
F.#2017R01840

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 0 2 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

KEITH RANIERE,
CLARE BRONFMAN,
ALLISON MACK,
KATHY RUSSELL,
LAUREN SALZMAN and
NANCY SALZMAN,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STIPULATION & ORDER

18-CR-204 (NGG) (S-1)

        IT IS HEREBY STIPULATED AND AGREED by and between the

undersigned, pursuant to Federal Rule of Criminal Procedure 16(d), that:

        1.    Discovery material (the "Discovery Materials") to be provided by the

government in the above-captioned case and any and all copies, notes, transcripts, documents

or other information derived or prepared from such discovery material, can be used by each

defendant and each defendant's counsel in this matter (as reflected by having filed or filing a

notice of appearance with the Court) ("defense counsel") only for the purposes of preparing

and defending the above-captioned case, including but not limited to trial, any sentencing,

any appeal and any collateral attack, involving the charges in the above-captioned case;

2.      Some Discovery Materials to be provided by the government contain

personal financial information and personally identifiable information regarding individuals

other than the defendants (collectively, "PII Material"), including information relating to the

bank accounts, email accounts, telephone numbers, addresses, social security numbers and

dates of birth of those other individuals;

3.      Some Discovery Materials identify or tend to identify, alleged victims

of human smuggling, alien harboring, physical or mental abuse towards an intimate partner,

stalking, sexual abuse or sex trafficking, both of the charged crimes and other crimes or bad

conduct of the defendants (the "Victim Discovery Material")[1];

4.      Some Victim Discovery Material is composed of highly sensitive

information including but not limited to medical information, discussion of mental and

physical conditions, photographs and videos of victims, letters and videos that alleged

---

[1]      Victim Discovery Material shall be identified as such by the government in its
correspondence transmitting the material to defense counsel and shall be further identified by
labels bearing the prefix "VDM."

2

victims provided as "collateral," sexual history, and sexual conversations (the "Highly

Sensitive Material")[2];

> 5.      With the exceptions noted in paragraphs 6 and 7, any and all Discovery

Materials disclosed to the defendant and defense counsel by the government, and any copies,

notes, transcripts and documents derived or prepared from Discovery Materials, shall not be

further disclosed, disseminated or discussed by the defendant or defense counsel to, or with,

any individuals (including without limitation co-defendants), organizations or other entities,

other than to non-lawyer personnel (including but not limited to private investigators,

analysts and potential experts) directly employed by defense counsel and subject to defense

---

[2]      The government will make concerted efforts to identify any Victim Discovery
Material that contains Highly Sensitive Material in its correspondence transmitting the
material to defense counsel.   By consenting to entry of this Stipulation and Order, the
defense does not concede the propriety of the designation by the Government of any
materials as Victim Discovery Material, Highly Sensitive Material, or the propriety of the
concomitant restrictions that accompany such designation.   The defendant's consent at this
stage of the proceedings is designed to facilitate and expedite counsel's access to the
Discovery Materials and in no way is intended to prejudice counsel's ability to challenge any
such designation and/or limitation on disclosure at a later stage if the parties are unable to
come to an agreement without intervention of the Court.   However, in the interest of
efficient production, defense counsel will consult with the government before disclosing any
Discovery Materials in any manner inconsistent with this Stipulation and Order's protections
for Highly Sensitive Material if defense counsel believes such Discovery Materials could be
considered Highly Sensitive Material, even if the government has not specifically designated
those Discovery Materials as such.   If defense counsel believes the government has
improperly designated any Victim Discovery Material as Highly Sensitive Material, defense
counsel will consult with the government and attempt to reach an agreement regarding those
materials.   If defense counsel does not wish to so consult, defense counsel must make an
application to the Court for authorization to make any disclosure beyond that which is
permitted by this Stipulation and Order for Highly Sensitive Material, and either (i) notify
the government sufficiently in advance of the contemplated disclosure to permit briefing and
argument on the propriety of such disclosure; or (ii) inform the Court in writing why it
should decide the application ex parte without notice to the government.

counsel's supervision, provided such personnel have been provided with a copy of this

Stipulation and Order and have signed Attachment A to this Stipulation and Order[3]

("defense staff"), without further order of the Court;

        6.     Defense counsel or defense staff may disclose or discuss Discovery

Materials (with the redactions set forth at the end of this paragraph) to or with a person, other

than a co-defendant, being contacted or interviewed by defense counsel or defense staff as a

potential witness, provided that such potential witness has been provided with a copy of this

Stipulation and Order and has signed Attachment A to this Stipulation and Order, without

further order of the Court, upon obtaining the signature on Attachment A of the potential

witness (and the potential witness's counsel, if Discovery Materials is disclosed to or

discussed with such counsel), and provided that neither the potential witness nor any counsel

for the potential witness is permitted to review, handle or otherwise possess any Discovery

Materials outside the presence of defense counsel or defense staff.   Before disclosing

Discovery Materials to anyone pursuant to this paragraph, defense counsel must (1) redact

any Highly Sensitive Material, (2) redact any PII and (3) redact any redact any identifying

information from any Victim Discovery Material, including but not limited to any name,

address, email address, phone number, date of birth, Social Security number, any photograph

or visual depiction, work history, educational history, family history, sexual history, medical

history, and history of mental health treatment including any history of therapy ("victim

identifying information").   If defense counsel does not wish to make any of these redactions,

---

[3]     Attachment A will be promptly filed <u>ex parte</u> with the Court.

defense counsel must obtain the government's consent to make such disclosure or must make an application to the Court for authorization to make such a disclosure, and either (i) notify the government sufficiently in advance of the contemplated disclosure to permit briefing and argument on the propriety of such disclosure; or (ii) inform the Court in writing why it should decide the application ex parte without notice to the government.   In no case, however, may defense counsel or defense staff allow potential witnesses or their counsel to maintain a physical or electronic copy of any Discovery Materials outside the presence of defense counsel or defense staff;

7.       Defense counsel may disclose or discuss Discovery Materials to or with a co-defendant pursuant to a joint defense agreement, if the co-defendant and his or her counsel have signed Attachment A to this Stipulation and Order.

8.       Any individual to whom disclosure is authorized pursuant to paragraphs 5, 6 or 7 shall be provided a copy of this Stipulation and Order by defense counsel and shall be advised by defense counsel that he or she may not further disclose or discuss any portion of the Discovery Materials, or any copies, notes, transcripts or documents derived or prepared from Discovery Materials, except in conformity with this Stipulation and Order;

9.       With the exception of disclosure to potential witnesses and co-defendants pursuant to paragraphs 6 and 7, no Discovery Materials are to be disclosed to any person (other than the defendants and defense counsel) who is a current or former student or employee of Nxivm, Executive Success Programs, or the defendants, and/or any entity

5

affiliated with Nxivm, Executive Success Programs, or the defendants, or to any person or

entity that has worked as an independent contractor or that has previously provided any

professional services to Nxivm, Executive Success Programs, or the defendants, or any entity

affiliated with Nxivm, Executive Success Programs, or the defendants, without consent of

the government, or if such consent is not granted unless counsel first make an application to

the Court for authorization to make such disclosure, and either (i) notify the government

sufficiently in advance of the contemplated disclosure to permit briefing and argument on the

propriety of such disclosure; or (ii) inform the Court in writing why it should decide the

application ex parte without notice to the government;[4]

_____

[4]      This paragraph is to be broadly construed and applies to any people or entities
affiliated in any way with Keith Raniere, his teachings, his purported "technology," or his
purported "tools."   These entities include but are not limited to the following:   DOS (or
"The Vow" or "The Sorority"), NXIVM CORPORATION DBA ESP; FIRST PRINCIPLES
INCORPORATED; JNESS, LLC; THE ETHICAL SCIENCE FOUNDATION, EXO-ESO,
THE SOURCE, ULTIMA LLC, AXIOLOGY, INC.; BUYER'S ADVOCATE, INC.;
EQUIPT CORP.; NXV PROPERTY MANAGEMENT CORPORATION (NX PMC);
SUNSHINE PROPERTIES, INC.; ELITE HOUSING CORP.; ETHICAL VALUE
EXCHANGE, LLC; WEB EQUIPMENT, LLC; ELITE MARKETING PROFESSIONALS,
INC.; POIESIS, INC.; RCG CORP LLC; RAINBOW CULTRUAL GARDEN, LLC;
PRECISION DEVELOPMENT, LLC; ETHICAL PRINCIPLES, LLC; EXECUTIVE
HOUSING & PROPERTIES, INC.; MOVING PIXELS, INC.; MY IMAGES, INC.; NX
APPAREL, INC.; NX PROPERTY MANGEMENT CORPORATION; THE ART OF
MOVEMENT, INC.; GENERAL SERVICE PAYMENTS, INC.; GENIUSES, LLC; ONE
ASIAN, LLC, WORLDWIDE NODES, LLC; BUNDLED ELEMENTS, LLC; SURE
HOLDINGS, LLC; PSC I, LLC; E MALLARD WEB, CORP.; ETHICAL MEDIA, LLC;
WORLDWIDE NETWORK, LLC; CREW HOLDINGS, LLC; EXECUTIVE SUCCESS
PROGRAMS, INC. (NV); ETHOLUTIONS, INC., DON'T BE DUMB, LLC; PLUGGED-
IN TECHNOLOGIES, LLC; SOCIETY OF PROTECTORS, LLS; NXV TRUST;
ETHOLUTIONS, INC.; PRINCIPLED PRODUCTS, INC., NXIVM PROPERTIES, LLC;
FOWL HOLDINGS, LLC; 2430AUT1 TRUST, BBFC TRUST, EMF TRUST, NX TRUST,
INC.; APPLIED PRINCIPLES, THE ROOFING COMPANY, SUCCESS PROGRAMS
UNLIMITED, LLC; LIFE LEARNING, INC. (NV); WORLD AUDIENCE
PRODUCTIONS, INC.; WOLRD AUDIENCE PRODUCTIONS, INC.; ITS ENDEAVORS,
INC.; MALLARD WEB CORPORATION; SWEET P'S, INC.; 7 SEVEN, LC, FRANKLIN,
LLC; ACK KNOWLEDGE, LLC; ALOUSCH, LLC; COALITION OF ETHICISTS, LLC;
DEVELOPMENT TRAINERS, LLC; ESSENCE INTERACTIVE, INC.; ETHICAL
HUMANITARIAN FOUNDATION; EVENTS FOR HUMANITY, INC.; ETHELETICS,
LLC; HOUSE OF EQUUS, LLC; IMPRESSIONATES, LLC; OCCAMS RAZOR, LLC;
OUR EVOLUTION, LLC; RCG CORP LLC; RCG KIDS INTERNATIONAL, LLC;
RETURN TO NATURE, LLC; RHYTHMS OF INFLUENCE, LLC; SPIRIT @ 19, INC.;
THE RANIERE INITIATIVE, LLC; TRUTH, LLC; VEINTE-SEIZ, LLC; VILLAGE
HALL LLC; WISDOM SYSTEMS, LLC; WORLDWIDE NODES LLC; ACK
MANAGEMENT PTE LTD; NXIVN MEXICO SA DE CV; ACK WAKAYA HOLDINGS
LLC and any subsidiaries or predecessor companies.   Defense counsel will consult with the
government if they have any question regarding application of this paragraph.

10.     Nothing in paragraphs 6 or 9 prevents defense counsel from disclosing or discussing unredacted Discovery Materials to or with a potential witness or potential witness's counsel any documents or communications to which the potential witness was a sender or recipient.   In no case, however, may defense counsel or defense staff allow potential witnesses or their counsel to maintain a physical or electronic copy of any such unredacted Discovery Materials outside the presence of defense counsel or defense staff;

11.     Defense counsel and defense staff may disclose or discuss all of the unredacted Discovery Materials to or with their clients.   Moreover, each defendant may possess one copy of the Discovery Materials, subject to the following limitations.   Each defendant may possess one copy of PII Material, if the PII material has been redacted.   Each defendant may possess one copy of the Victim Discovery Material, if the Victim Discovery Material has been redacted to remove (1) any Highly Sensitive Material and (2) any victim identifying information.   If defense counsel does not wish to make any of these redactions, defense counsel must obtain the government's consent to make such disclosure or must make an application to the Court for authorization to make such a disclosure, and either (i) notify the government sufficiently in advance of the contemplated disclosure to permit briefing and argument on the propriety of such disclosure; or (ii) inform the Court in writing why it should decide the application ex parte without notice to the government;

12.     No Highly Sensitive Material, or copies thereof, may be taken into any jail facility or possessed in any such facility, except to the extent it may be taken into a jail facility by defense counsel for the sole purpose of reviewing the Highly Sensitive Material

with a defendant or potential witness in that defense counsel's presence and will not leave that defense counsel's sight or custody;

13.    No other material that is the type of material that likely would have been designated Highly Sensitive Material had it been produced by the government, or copies thereof, may be taken into any jail facility or possessed in any such facility, except to the extent it may be taken into a jail facility by defense counsel for the sole purpose of reviewing that material with a defendant or potential witness in that defense counsel's presence and will not leave that defense counsel's sight or custody;

14.    No victim identifying information of any alleged victim or potential victim shall be included in any public filings made with the Court absent consent of the government or further order of the Court.   Such information may be provided to the Court under seal;

15.    In the event any defendant, defense counsel or defense staff wishes to attach any Highly Sensitive Information to public filings with the Court, defense counsel must obtain consent of the government, or if such consent is not granted make an application to the Court for authorization to make such disclosure, and either (i) notify the government sufficiently in advance of the contemplated disclosure to permit briefing and argument on the propriety of such disclosure; or (ii) inform the Court in writing why it should decide the application ex parte without notice to the government;

16.    In the event any defendant, defense counsel or defense staff wishes to attach any other material that is the type of material that likely would have been designated

9

Highly Sensitive Information had it been produced by the government to public filings with the Court, defense counsel must obtain consent of the government, or if such consent is not granted make an application to the Court for authorization to make such disclosure, and either (i) notify the government sufficiently in advance of the contemplated disclosure to permit briefing and argument on the propriety of such disclosure; or (ii) inform the Court in writing why it should decide the application ex parte without notice to the government;

17.     In the event that any defendant seeks to file PII Material with the Court or otherwise use PII Material during a court proceeding, each such defendant and the defendant's counsel will comply with Rule 49.1(a) of the Federal Rules of Criminal Procedure, will ensure that court transcripts are appropriately redacted to protect PII and financial information, and will seek permission form the Court to offer the redacted versions of Discovery Materials into evidence unless it is necessary to offer the unredacted version;

18.     None of the Discovery Materials or any copies, notes, transcripts, documents or other information derived or prepared from the Discovery Materials shall be disclosed to the media directly or indirectly in any form;

19.     Nothing in this Stipulation and Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding;

20.     Nothing in this Stipulation and Order releases counsel for the government or defense counsel or defense staff from their obligations to comply with the

10

"Free Press—Fair Trial Directives" of Local Rule 23 of the Local Criminal Rules of the Eastern District of New York;

21.     Nothing in this Stipulation and Order shall preclude the government from seeking a further Stipulation and Order pursuant to Rule 16(d) as to particular items of the Discovery Materials, nor shall it preclude the defendants or defense counsel from seeking modification of the Stipulation and Order.   Defense counsel consents to entry of this Stipulation and Order solely to facilitate and expedite the production of the Discovery Materials and does so without prejudice to its ability to, at a later stage and with the benefit of the materials themselves, request that the government consent to lifting or amending the protections of this Stipulation and Order as to specifically intended documents, or move the Court to do so;

22.     If any of the defendants obtains substitute counsel or elects to represent himself or herself pro se, the undersigned defense counsel will not transfer any portion of the Discovery Materials or any copies, notes, transcripts, documents or other information derived or prepared from such discovery material unless and until substitute counsel or the pro se defendant enters into this Stipulation and Order or obtains an Order from the Court exempting counsel or the pro se defendant from, or modifying the provisions of, the Stipulation and Order; and

23.     The defendants and defense counsel will destroy or return to the government the Discovery Materials and all copies thereof, whether in the possession of the defendants or defense counsel (or his or her legal staff) who has signed this Stipulation and

11

Order, at the conclusion of the trial if the defendants are acquitted on all counts or, in the

case of convictions either at trial or by guilty plea, upon completion of any sentencing,

appeal or collateral attack on the convictions made by the defendants in this matter, with the

exception

that each defense counsel may retain one copy set for its records provided the defendants are

not given access to that copy set.

Dated:      Brooklyn, New York
            July 25, 2018

                                   RICHARD P. DONOGHUE
                                   United States Attorney
                                   Eastern District of New York

                        By:        _____

                                   Moira Kim Penza
                                   Tanya Hajjar
                                   Karin Orenstein
                                   Assistant U.S. Attorneys

                                   _____
                                   Marc Agnifilo, Esq.
                                   Teny Geragos, Esq.
                                   Jacob Kaplan, Esq.
                                   Paul DerOhannesian, Esq.
                                   Danielle Smith, Esq.
                                   Attorneys for Keith Raniere


                                   _____
                                   William McGovern, Esq.
                                   Sean Buckley, Esq.
                                   Attorneys for Allison Mack


Submitted to the Court                          August 1, 2018      So Ordered
this ____ day of July, 2018.

SO ORDERED.                                                 /s/ LDH

_____                          _____
                                                   LaShann DeArcy Hall
UNITED STATES DISTRICT JUDGE                       United States District Judge
EASTERN DISTRICT OF NEW YORK

13

that each defense counsel may retain one copy set for its records provided the defendants are

not given access to that copy set.

Dated:      Brooklyn, New York
            July 25, 2018

                                    RICHARD P. DONOGHUE
                                    United States Attorney
                                    Eastern District of New York

               By:     _____

                                      Moira Kim Penza
                                    Tanya Hajjar
                                    Karin Orenstein
                                    Assistant U.S. Attorneys

                                    _____

                                    Marc Agnifilo, Esq.
                                    Teny Geragos, Esq.
                                    Jacob Kaplan, Esq.
                                    Paul DerOhannesian, Esq.
                                    Danielle Smith, Esq.
                                    Attorneys for Keith Raniere

                                    _____

                                    William McGovern, Esq.
                                    Sean Buckley, Esq.
                                    Attorneys for Allison Mack

Submitted to the Court
this ____ day of July, 2018.

SO ORDERED.

August 1, 2018

So Ordered

/s/ LDH

LaShann DeArcy Hall
United States District Judge

_____
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

13

that each defense counsel may retain one copy set for its records provided the defendants are

not given access to that copy set.

Dated:      Brooklyn, New York
            July 27, 2018

                                              RICHARD P. DONOGHUE
                                              United States Attorney
                                              Eastern District of New York

                                      By:     _____
                                              Moira Kim Penza
                                              Tanya Hajjar
                                              Karin Orenstein
                                              Assistant U.S. Attorneys

Agreed to by:

_____                       _____
Hector Diaz, Esq.                             Susan Necheles, Esq.
James L. Burke, Esq.                          Kathleen E. Cassidy, Esq.
Attorneys for Lauren Salzman                  Attorneys for Clare Bronfman



_____                       _____
William P. Fanciullo, Esq.                    David Stern, Esq.
Attorney for Kathy Russell                    Attorney for Nancy Salzman



Submitted to the Court
this ____ day of July, 2018.                  August 1, 2018      So Ordered

SO ORDERED.                                              /s/ LDH

                                                      LaShann DeArcy Hall
_____                               United States District Judge
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

                                  13

that each defense counsel may retain one copy set for its records provided the defendants are

not given access to that copy set.

Dated:      Brooklyn, New York
            July 27, 2018

                                                RICHARD P. DONOGHUE
                                                United States Attorney
                                                Eastern District of New York

                                        By:     _____
                                                Moira Kim Penza
                                                Tanya Hajjar
                                                Karin Orenstein
                                                Assistant U.S. Attorneys


Agreed to by:

_____                        _____
Hector Diaz, Esq.                               Susan Necheles, Esq.
James L. Burke, Esq.                            Kathleen E. Cassidy, Esq.
Attorneys for Lauren Salzman                    Attorneys for Clare Bronfman


_____                        _____
William P. Fanciullo, Esq.                      David Stern, Esq.
Attorney for Kathy Russell                      Attorney for Nancy Salzman


Submitted to the Court
this ____ day of July, 2018.                                        So Ordered

SO ORDERED.                         August 1, 2018
                                                                    /s/ LDH

_____                                LaShann DeArcy Hall
UNITED STATES DISTRICT JUDGE                            United States District Judge
EASTERN DISTRICT OF NEW YORK


                                    13

that each defense counsel may retain one copy set for its records provided the defendants are

not given access to that copy set.

Dated:      Brooklyn, New York
            July 27, 2018

                                    RICHARD P. DONOGHUE
                                    United States Attorney
                                    Eastern District of New York

                         By:        _____
                                    Moira Kim Penza
                                    Tanya Hajjar
                                    Karin Orenstein
                                    Assistant U.S. Attorneys


Agreed to by:


_____             _____
Hector Diaz, Esq.                   Susan Necheles, Esq.
James L. Burke, Esq.                Kathleen E. Cassidy, Esq.
Attorneys for Lauren Salzman        Attorneys for Clare Bronfman


_____             _____
William P. Fanciullo, Esq.          David Stern, Esq.
Attorney for Kathy Russell          Attorney for Nancy Salzman


Submitted to the Court
this ____ day of July, 2018.

SO ORDERED.                         August 1, 2018 So Ordered


_____             /s/ LDH
UNITED STATES DISTRICT JUDGE        LaShann DeArcy Hall
EASTERN DISTRICT OF NEW YORK        United States District Judge


                                   13

Attachment A to Protective Order
Regarding Discovery in U.S. v. Raniere, et al., 18 CR 204 (NGG)

| Printed Name | Signature | Date |
|---|---|---|
| Jennifer Bonjean | | 1 / 6 / 2021 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

14