# EXHIBIT C

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

------------------------------ x

UNITED STATES

              Appellee,

v.

KEITH RANIERE,

       Defendant-Appellant.

------------------------------ x

DECLARATION IN OPPOSITION
TO MOTION TO STAY

Docket Nos. 20-3520-cr(L);
            20-3789-cr(CON)

KEVIN TROWEL hereby declares the following under 28 U.S.C. § 1746:

1. I am an Assistant United States Attorney in the Eastern District of New York. I submit this declaration in opposition to the defendant Keith Raniere's motion to stay. ("Mot.").

2. As an initial matter, before Raniere filed his motion to stay, the government made clear to Raniere's counsel that it opposed his proposed motion. Nevertheless, Raniere's motion incorrectly states that his motion is "unopposed." For the avoidance of doubt, the government strongly opposes his motion to stay his appeal.

001

2

3. Indeed, there is no legal or factual basis to stay the appeal, much less to stay it just two business days before oral argument. Raniere's assertion of government "malfeasance" is frivolous, and the government will address that assertion on the merits at such time as Raniere makes the motion in the appropriate forum, and the government is directed to respond to it. The crux of Raniere's argument appears to be that the Federal Bureau of Investigation manipulated "computer images and photographs" of Raniere's victim Camila "to make it appear that these photographs were taken in 2005," i.e., when Camila was a minor. (Mot. ¶¶ 9-10). But, as noted in the government's brief on appeal, Camila appeared at Raniere's sentencing and herself confirmed that "in September 2005, 'when she was still fifteen, [Raniere] took naked pictures of [her]." (Br. 55 n.12).

4. In any event, during the pendency of this appeal, the government respectfully submits that the appropriate forum for Raniere's motion is the district court, and the appropriate mechanism by which Raniere may seek relief is Federal Rule of Criminal Procedure 37. If Raniere files his motion in the district court, Rule 37 provides that the district court may defer the motion, deny the motion or "state either that

it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). Further, even if the district court were to issue an "indicative ruling" under Rule 37, this Court "may" — not "must" — remand for further proceedings while retaining jurisdiction. Fed. R. App. 12.1(b). The Court should reject Raniere's effort to bypass these procedural mechanisms and thereby defer resolution of the issues that the parties are prepared to argue before the Court on May 3, 2022.

     5.    The cases Raniere cites do not support his request for a stay. (Mot. 4). In United States v. Madonna, 20-2479 (2d Cir.), no briefs had been filed at the time of the motion to stay and the government consented to the stay. And in United States v. Stillwell, this Court's remand was occasioned by a "rather extraordinary notice to this Court" from the Narcotic and Dangerous Drug Section of the Department of Justice ("NDDS") that "the District Court had entered a sealed protective order upon an ex parte motion by the NDDS, which barred prosecutors in the U.S. Attorney's Office for the Southern District of New York and defense counsel from reviewing certain documents." 986 F.3d 196, 197–98 (2d Cir. 2021). No comparable circumstances exist here, and there is

4

therefore no basis to delay resolution of the issues Raniere has raised on appeal.

WHEREFORE, it is respectfully requested that Raniere's motion to stay be denied.

I declare under penalty of perjury that the foregoing is true and correct.

/s/
KEVIN TROWEL
Assistant U.S. Attorney

Executed on April 28, 2022
Brooklyn, New York