# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------X

UNITED STATES OF AMERICA

- against -                                         Criminal Docket No. 18-204 (NGG)

KEITH RANIERE, *et al.*,

        Defendants.

------------------X

## DECLARATION OF CAMILA ▌

I, Camila ▌, submit this Declaration under penalty of perjury and hereby state the following:

1. I am a citizen and resident of Mexico. I was identified as Jane Doe 2 in the Second Superseding Indictment in the above-captioned criminal proceeding, referred to as "Camila" during the trial of defendant Keith Raniere, and was the victim of three predicate racketeering acts for which Raniere was convicted: two acts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), and one act of possession of child pornography, in violation of 18 U.S.C. § 2252(a).

2. As I stated in my victim statement provided in connection with Raniere's sentencing, Keith Raniere took sexually explicit photographs of me in 2005, when I was fifteen years old.

3. I was contacted by an FBI agent in March 2019, who wanted to meet with me to interview me. He also told me that an FBI victim specialist was with him, and she was also available to meet with me. I wanted to meet with the FBI, but I was unsure how to handle it, so I called someone for advice. I was put in touch with Raniere's counsel who told me it would be a good idea for me to have my own attorney, and that she could make recommendations and ensure that the attorney would not charge me. I retained an attorney recommended by Raniere's counsel and told that attorney that I wanted to meet with the FBI investigator and the FBI victim specialist. My attorney, however, strongly advised me not to meet with either of them, so I did not meet with them. During the next several months leading up to Raniere's criminal trial, I told my lawyer several times that I wished to speak with the FBI, and each time she would discourage me from doing so. As I confirmed later, my lawyer was regularly communicating with Raniere's counsel about me. I firmly believe that my lawyer at the time, in coordination with Raniere's counsel, intentionally prevented me from having an opportunity to be a witness and have a voice in Raniere's criminal trial.

{00229355 }

4. I understand that Raniere is now challenging the photographic evidence against him that supported the child exploitation and pornography charges. I voluntarily chose to travel to the U.S. to meet with a prosecutor and an FBI agent in this case because I wanted an opportunity to review the government's exhibits so that I could determine for myself whether those exhibits were in fact the sexually explicit photographs Raniere took of me when I was fifteen.

5. On June 6, 2022, I met at the U.S. Attorney's Office for the Eastern District of New York with Assistant U.S. Attorney Tanya Hajjar and FBI Special Agent Delise Jeffrey. Also present were my attorney, Neil L. Glazer, and FBI Victim Specialist Laura Riso. During the meeting, I was presented with a binder containing photographs that were marked GX 518-A through GX 518-U. After reviewing the exhibits, I can state with certainty that I am the subject in each photograph, which were taken in 2005 by Keith Raniere, in the loft at Raniere's so-called "Executive Library," which was located at 8 Hale Drive in Clifton Park, New York.

6. On September 18, 2005, Raniere first had sexual intercourse with me. I know the date of that event because he told me that it would be our "anniversary," which he required me to observe every year.

7. After September 18, 2005, Raniere would regularly instruct me to go to 8 Hale Drive, or sometimes to other homes where the residents were away, remove my clothes and wait for him. Sometimes I had to wait hours for him to arrive. When he arrived, he would have sex with me.

8. During one of those meetings, no more than 2-3 months after September 18, 2005, I was on the bed in the loft with him at 8 Hale Drive and I was naked. I vividly recall him reaching over a ledge next to the bed and grabbing a camera. He then proceeded to position my body and photograph me. I was shocked and confused, and expressed my discomfort, but he did it anyways. It was an unforgettably humiliating and degrading experience.

9. Each exhibit, GX 518-A to GX 518-U, is a photograph of me. I recognize my body, and I recall one of the poses he placed me in and where he was with the camera in relation to my body. I recognize the surroundings, and I remember the feelings of shame and confusion, not understanding why he was doing that to me.

{00229355}

10. I am certain the photographs were taken in 2005 because it was the only time he took photographs of me like that.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Camila

Executed on 6th day of June, 2022
3

{00229355}