

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

MKM:TH
F. #2017R01840

December 15, 2023

By ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Keith Raniere
             Criminal Docket No. 18-204 (S-2) (NGG)

Dear Judge Garaufis:

      The government respectfully submits this response to the defendant Keith Raniere's motion for reconsideration of the Court's denial of Raniere's motion to compel. The Court's Memorandum and Order concluded that Raniere had no "legal justification for his argument that he has a post-conviction right to access the evidence he requests." Mem. and Order at 5, ECF Docket No. 1224. Raniere now moves for reconsideration of the Court's order.

      Raniere's motion for reconsideration fails to identify any "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The burden is on Raniere to demonstrate that the Court "overlooked controlling decisions or material facts that were before it on the original motion and that might materially have influenced its earlier decision." United States v. Morillo-Vidal, No. 10 CR. 222, 2011 WL 4072173, at *2 (S.D.N.Y. Sept. 13, 2011) (internal quotation marks omitted), aff'd, 547 F. App'x 29 (2d Cir. 2013). A party seeking reconsideration "may neither repeat arguments already briefed, considered and decided, nor advance new facts, issues or arguments not previously presented to the Court." Id. (internal quotation marks omitted); see generally Local Civil Rule 6.3.

      Raniere argues that the Court overlooked "two critical pieces of data," which are "the government's use of 'secret evidence' in current proceedings," and his claim that the conclusions of Federal Bureau of Investigation ("FBI") Senior Computer Scientist David Loveall II are "incorrect and unsubstantiated and the government's representations regarding

so-called corroborating trial evidence are insignificant and unsubstantial." Mot. at 1-2. In doing so, Raniere "does not argue that the Court overlooked controlling precedent, but instead attempts to relitigate issues already presented to and decided by the Court." United States v. Basciano, No. 05-CR-060 (NGG), 2009 WL 8673013, at *2 (E.D.N.Y. Jan. 20, 2009) (denying motion for reconsideration).

First, Raniere's complaints regarding his lack of access to so-called "secret" evidence are nonsensical and circular because that evidence is the subject of Raniere's motion to compel. His motion cites only United States v. Abuhamra, 389 F.3d 309, 332 (2d Cir. 2004), which concerns the consideration of evidence submitted ex parte and in camera in the context of bail determinations and provides no support for Raniere's motion.

Second, Raniere challenges the findings of FBI Senior Computer Scientist Loveall, recycling the same arguments he made in his motion to compel. For example, Raniere argues that the presence of additional files in one examiner's forensic report of the camera card that did not appear in another examiner's report indicates that the two reports were "different" and the card "tampered." Mot. at 3. But as Loveall already explained in his declaration, which the Court considered before issuing its Order, both reports were created using different settings and configurations of the FBI forensic processing tool, which resulted in the generation of additional files in one report. Loveall Decl. ¶ 9, ECF Docket Entry No. 1213-3.

Raniere also contends that the Court erred in finding that Raniere had access to the digital and forensic evidence prior to trial because "Raniere's trial counsel had asked for, and been denied, a severance to examine the digital evidence" related to the child exploitation counts. Mot. at 3. This claim is utterly without merit. Raniere does not appear to dispute that government made all electronic evidence available to Raniere and a defense expert for inspection prior to trial and that Raniere was offered numerous opportunities to adjourn trial to allow him additional time to conduct a forensic review of the child pornography evidence. The fact that Raniere's motion to sever was denied by the Court has no bearing whatsoever on the Court's conclusion that Raniere had full access, before and during trial, to the digital evidence, and was afforded any additional time he might need to review the evidence.

Raniere also appends several exhibits and appendices containing new reports regarding the digital evidence. Even if these exhibits were properly considered as part of a motion for reconsideration, they do not establish Raniere's claim that the child pornography evidence was fabricated. As set forth in the government's opposition, ECF Docket Entry No. 1213, it was undisputed at trial that the metadata associated with some of the digital evidence recovered in this case contained various anomalies, including, for example, a "creation date" in 2003, a "modified" date in 2005, and an "accessed" date in 2010. These anomalies are not surprising, given that the child pornography evidence was recovered from a backup folder on a hard drive that contained files from multiple computers, and some of the digital evidence appeared to have been accessed using software, including Adobe Photoshop. The digital evidence recovered in this case had remained in Raniere's control for over a decade, between

2005 and 2018, before it was recovered by law enforcement. Therefore, although Raniere repeatedly uses the terms "planted," "staged," and "manipulated," Raniere makes no claim regarding when the alleged "manipulation" of the child pornography evidence took place, and the Kiper Report states that it is "impossible" to do so—reinforcing the conclusion that they occurred while in Raniere's possession. Kiper Report, ECF Docket Entry No. 1169-1 at 204. For the reasons set forth in the government's opposition and the Court's Memorandum and Order, Raniere's claim that these anomalies in the child pornography evidence are attributable to law enforcement misconduct is baseless.[1]

As the Court has already determined, Raniere's motion to compel "cites to no cases where a court has allowed post-conviction access to digital evidence to which a defendant could have had access to prior to trial and which he could have adequately reviewed with diligence." Mem. and Order at 5. Raniere's motion for reconsideration fails to point to any controlling law or material facts that could justify reconsideration of the Court's decision, and must be denied.

            Respectfully submitted,

            BREON PEACE
            United States Attorney

By:   /s/
        Tanya Hajjar
        Assistant U.S. Attorney
        (718) 254-7000

cc: Counsel of Record (by ECF and email)

---

[1] The government is deeply troubled by Raniere's decision to publicly file personal letters from Camila, the victim he began sexually exploiting when she was a 15-year-old child. Camila has filed a sworn declaration in this case stating that the child pornography exhibits introduced at trial were of her and were taken in 2005. ECF Docket Entry No. 1213-1 at ¶¶ 8-9. The declaration also describes Camila's belief that she was dissuaded from contacting law enforcement prior to trial in an attempt to prevent her "from having an opportunity to be a witness and have a voice in Raniere's criminal trial." Id. at ¶ 3. The letters Raniere has now filed only underscore the nature and depth of his control over Camila, to which Camila referenced and detailed in her victim impact statement to the Court at sentencing. ECF Docket Entry No. 965-1.

3