# Exhibit A

**Requested Information Relating to the Photograph Technician**

1. The identity of the photograph technician, as well as official title, credentials, Federal Job Series Code, and qualifications.
2. All notes, reports, logs, and/or communications from this "photograph technician" including the tools used, tool versions, techniques, and observations.[1]
3. All communications – including emails, text messages, and voicemails – from law enforcement, or any Department of Justice employee or representative, involved in directing the photograph technician to copy the photographs from the camera card.
4. The identity of and all communications from law enforcement directing the photograph technician perform any action regarding any discovery related to this case.
5. Any information regarding why this "photograph technician" did not sign the chain of custody.
6. All notes, reports, logs, and/or communications regarding "law enforcement['s]" decision to direct the photograph technician to access the camera card.
7. The "released to" and "received from" FD-597s documenting the photograph technician's access and return of the camera card.
8. All FD-302's documenting the activity of the photograph technician.
9. All notes, reports, logs, and/or communications regarding "law enforcement" agents not believing that the "metadata of the contents of the Canon EOS 20D camera card had any evidentiary value,    " and what analysis was conducted to make this determination.
10. All notes, reports, logs, and/or communications provided to SFE Stephen Flatley, SFE Brian Booth, or FTE Virginia Donnelly about this "photograph technician."
11. All notes, reports, logs, and/or communications regarding why the existence of the "photograph technician" and the knowledge of their access of the camera card was not disclosed to the Defense until four years after trial and why such evidence was previously undisclosed to the Defense.
12. All notes, reports, logs, and/or communications regarding why the FBI waived the Digital Evidence Policy Guide (DEPG) policies in disclosing original digital evidence to a third-party <u>without it first being preserved</u> by the Computer Analysis Response Team (CART), and the identities of any DOJ employees or representatives involved in the approval of the use of the "photograph technician."
13. All notes, reports, logs, and/or communications regarding why the camera card was singled out as the <u>only</u> piece of original digital evidence that underwent this unauthorized and destructive review.
14. The identity, official title, credentials, and qualifications of any other person who had custody of and/or accessed the camera card who did not sign the chain of custody log and heretofore has been undisclosed to the Defense.
15. Defense hereby incorporates by reference above items 2-13 and repeats these same requests as pertaining to any other individual relevant under item 14.

---

[1] Someone used a forensic tool to extract the photos to create the PDF report disseminated by USAO Paralegal Specialist Teri Carby. We know this because Ms. Carby's PDF report contained deleted photos which were forensically recovered from the camera card.