

U.S. Department of Justice

United States Attorney
Eastern District of New York

MKM:TH  
F. #2017R01840

*271 Cadman Plaza East*  
*Brooklyn, New York 11201*

January 9, 2024

<u>By ECF</u>

The Honorable Nicholas G. Garaufis  
United States District Judge  
United States District Court  
225 Cadman Plaza East  
Brooklyn, New York 11201

    Re: <u>United States v. Keith Raniere</u>  
      <u>Criminal Docket No. 18-204 (S-2) (NGG)</u>

Dear Judge Garaufis:

  The government respectfully submits this response to the defendant Keith Raniere's second post-conviction motion to compel the production of evidence, ECF Docket No. 1230. The motion seeks disclosure of additional information regarding the Federal Bureau of Investigation photograph technician who copied photographs from the camera card in order to facilitate production of those photographs to defense counsel in discovery.[1]

---

[1]  On August 3, 2018, the government's discovery letter to all defendants indicated that it was in possession of, among other things, "electronic devices obtained through the execution of a search warrant executed at 8 Hale Drive" and invited the defendants to examine any physical evidence by contacting the government. On September 25, 2018, the government provided the defendants, including Raniere, with the photographs from the camera card with the description, "Photographs from Canon Camera seized from search of 8 Hale Drive—Item 1B15." These photographs were Bates-numbered VDM_NXIVM00005028-VDM_NXIVM00005130 and produced subject to a protective order because they contained sexually explicit photographs of Raniere and other women. On October 5, 2018, the government provided the defendants, including Raniere, with a copy of the contents of the Western Digital Hard Drive, Bates-numbered DSCV_00000061, with the description, "8 Hale Drive, Western Digital storage device, 1B16." At the time the government provided the defendants with a copy of the Western Digital hard drive, law enforcement had not yet completed its review and was not yet aware that it contained child pornography.

For the same reasons that the Court denied Raniere's first motion to compel, Mem. and Order, ECF Docket No. 1224, the Court should deny Raniere's second motion to compel.

As set forth in the government's opposition to Raniere's third motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, ECF Docket No. 1213, Raniere was well aware at the time of trial that law enforcement agents had accessed the camera card of the Canon EOS 20D camera without a write blocker on September 19, 2018, prior to the discovery of child pornography on the Western Digital hard drive. Indeed, Raniere's trial counsel cross-examined Senior Forensic Examiner Booth regarding that access:

> COUNSEL: When we say "changed," it was changed while it was in the possession of the FBI?
>
> SFE BOOTH: If I'm taking the dates on when we received it, it would appear so.

ECF Docket No. 1213, Exhibit B-020-021. Raniere's trial counsel then asked Examiner Booth whether he was aware of the identity of the law enforcement agent that had accessed the camera card. Id. But Raniere's counsel did not raise this issue further, nor did he attempt to question any law enforcement agents regarding the access, including the case agent who testified after Examiner Booth. As is apparent from the trial transcript, Raniere's trial counsel made the strategic decision not to present any argument, in summation or otherwise, that the child pornography evidence had been fabricated or tampered with by law enforcement.

Raniere's claims that such evidence was "inaccessible to the defense" and "could not have been discovered with due diligence before or during trial," Mot. at 12-13, are entirely meritless, and his motion to compel should be denied.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/
Tanya Hajjar
Assistant U.S. Attorney
(718) 254-7000

cc: Counsel of Record (by ECF and email)

2