LAW OFFICES OF

# Aidala, Bertuna & Kamins, P.C.

ARTHUR L. AIDALA*
MARIANNE E. BERTUNA*
HON. BARRY KAMINS (RET.)
HON. JOHN M. LEVENTHAL (RET.)
HON. DAVID L. LEWIS (RET.)
JOHN S. ESPOSITO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
DIANA FABI SAMSON**
ANDREA M. ARRIGO*
MICHAEL F. DIBENEDETTO*
LINO J. DE MASI
DAVID M. SCHWARTZ+

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN CONNECTICUT
+ALSO ADMITTED IN D.C.

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (917) 261-4832
WWW.AIDALALAW.COM

8118 - 13TH AVENUE
BROOKLYN, NEW YORK
11228 TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH
SIGURD SORENSON

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

January 25, 2024

**By ECF**

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Keith Raniere, et al.
Criminal Docket No. 18-204 (S-2) (NGG) (VMS)

While the Court ordered the Defense to not respond to the government's reply to Defense's Motion to Reconsider, (See, Order Nov. 21, 2023) we do not believe the Court issued such an order regarding Defense's Separate Non-Statutory Motion to Compel Post-Judgment Material & Exculpatory Discovery Regarding Newly Disclosed Photograph Technician. (See, Order Dec. 21, 2023). Respectfully, the Defense submits this brief reply to the government's response. (ECF 1231).

The government's response sidesteps the key issue, which is their withholding of information, particularly the identity and actions taken by the newly disclosed photograph technician, whose existence was concealed from the Defense until July 21, 2023, not the fact that trial counsel knew that the card was accessed without a write-blocker. (ECF 1231 at 2). In their response, the government highlights that "Raniere's trial counsel cross-examined Forensic Examiner Booth regarding the access, and that trial counsel chose to strategically avoid the issue any further." (ECF 1231 at 2). Indeed, they stress that "Raniere's trial counsel asked Examiner Booth whether he was aware of the identity of the law enforcement agent that had accessed the camera card." (Id.). This is unsurprising, as this was certainly information that would be, and continues to be, sought by the Defense. However, the government overlooks that during their own examination of Examiner Booth, the identity and position of the person who accessed the card was withheld:

> **AUSA Hajjar:** Do you know the name of the person who accessed the SD or media card, Exhibit 524, on September 19, 2018?
> **Booth**: No, I do not.
> **AUSA Hajjar:** Do you have any record in any piece of evidence or notes that reflects the

accessing of Government Exhibit 524 by any representative of the FBI on September 19, 2018?
**Booth**: No, I do not.

(Trial T. 4973:19-25)

In hindsight, and because the government recently disclosed the identity of the person who accessed and altered the media card as a "Federal Bureau of Investigation photograph technician," the eliciting of this testimony was, at best, extremely misleading. (ECF 1231 at 1). As was recently disclosed for the first time, the government *does know* who accessed the camera card, and the above questioning reveals that the government concealed and withheld the identity, existence, and actions of this person from the defendant. So, when the government argues that trial counsel "did not raise this issue further, nor did he attempt to [further] question any law enforcement agents regarding the access," they fail to note that such a "strategic decision" was based on the improper suppression of crucial evidence by the government and government witnesses. Indeed, had counsel been told the identity and specific actions of the photo technician, who we have previously demonstrated did more than just "copy" the photos, he likely would have pursued a different strategy.

The government concealed this information until disclosing it in its consolidated opposition to the Defense motions, four years after trial, to claim that the alteration of the camera card while in FBI custody was not due to intentional tampering. (ECF 1213 at 11, n.6). Non-disclosure of the identity, actions, and communications of the photograph technician prevents the Defense from having an opportunity to fairly and competently reply to the opposition to his Rule 33 motion. As such, the Defense respectfully requests that the Court compel disclosure of the requested evidence.

Dated: January 25, 2024

Respectfully submitted,

/s/ Arthur L. Aidala
/s/ Michael Jaccarino
Aidala, Bertuna & Kamins, P.C.
546 5th Avenue, 6th Floor
New York, New York 10036
*Attorneys for Keith Raniere*

/s/ Joseph M. Tully
Tully & Weiss Attorneys at Law
713 Main Street
Martinez, California 94553
*Attorney for Keith Raniere*