UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

KEITH RANIERE,

                Defendant.

MEMORANDUM & ORDER
18-CR-204 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Keith Raniere seeks a certificate granting him leave to appeal this court's denial of his motions (1) for reconsideration of the court's order denying his first request to compel the production of evidence and (2) his second request to compel production of evidence. (*See* Mot. to Certify Order for Interlocutory Appeal & Stay of Rule 33 Proceedings ("Mot.") (Dkt. 1240); *see also* Mem. and Order dated March 6, 2024 (Dkt. 1238).)

Mr. Raniere appears to request a certificate of appealability under 28 U.S.C. § 1292(b).[1] Because that provision applies only to orders in "civil action[s]," it is inapplicable here. *Id.*; *see also* 16 Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3929 (3d ed. 2023) ("Section 1292(b) is limited by its terms to civil actions in a district court. It is not available in criminal cases, nor with respect to grand jury proceedings, but seems to be available in habeas corpus proceedings.") This request is therefore DENIED.

Mr. Raniere also requests that this court stay its ruling on Mr. Raniere's Rule 33 motion for a new trial "pending appeal." (Mot.

---

[1] Because Mr. Raniere submits his request *pro se*, the court will liberally construe his submissions to "raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted).

1

at 11.) Whether to stay proceedings is within the district court's discretion, and factors relevant in deciding whether to grant or deny a stay pending appeal include whether the applicant has made a strong showing they are likely to succeed on the merits, whether the party seeking a stay would face irreparable injury in the absence of a stay, and the public interest. *Carroll v. Trump*, 635 F. Supp. 3d 229, 235 (S.D.N.Y. 2022).

Here, a stay is not warranted because Mr. Raniere's appeal is unlikely to succeed, he would not face irreparable injury, and the stay would simply create undue delay in the resolution of the Defendant's long-outstanding Rule 33 motion.

Mr. Raniere cannot show that the order he seeks to appeal meets the strict requirements for review under the collateral order doctrine. Generally, litigants may only appeal final orders. *United States v. Culbertson*, 598 F.3d 40, 45–46 (2d Cir. 2010). And under the collateral order doctrine, a defendant may appeal an order before judgment only if the trial court's order meets, "at a minimum," three requirements. *Flanagan v. United States*, 465 U.S. 259, 265 (1984). "First, it must conclusively determine the disputed question; second, it must resolve an important issue completely separate from the merits of the action; third, it must be effectively unreviewable on appeal from a final judgment." *Id.* (internal quotation marks omitted). In the criminal context, these requirements are interpreted "with the utmost strictness," *id.*, even when defendants seek to appeal orders implicating important rights, *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108-09 (2009).

The court's order does not fit within those limited categories recognized as falling within the collateral order doctrine.[2] Mr.

---

[2] The Supreme Court has applied this doctrine to only three categories of cases: orders denying a motion to reduce bail pending trial and orders denying motions to dismiss an indictment on Double Jeopardy or Speech

Raniere does not demonstrate that the order is separate from the merits of his Rule 33 motion given the motion focuses on the purported discovery of new evidence. And the order is not unreviewable because in the event of an adverse ruling on the Rule 33 motion, the Second Circuit may vacate the subsequent order and remand, the "standard way to remedy erroneous rulings." *In re ALBA Petroleos de El Salvador S.E.M. de C.V.*, 82 F.4th 105, 112 (2d Cir. 2023) (citing *Mohawk Indus.*, 558 U.S. at 109). Thus, Mr. Raniere is unlikely to succeed on his appeal or face irreparable injury from the stay's denial. Any stay pending appeal would simply unduly delay the resolution of Mr. Raniere's *third* Rule 33 motion which has been outstanding almost two years for a conviction that was entered almost five years ago. *See Mohawk Indus.*, 558 U.S. at 112.[3]

---

and Debate Clause grounds. *Flanagan*, 465 U.S. at 266 (internal quotation marks omitted).

[3] The final order on this motion has been delayed multiple times while Mr. Raniere has filed a series of motions that have been denied by this court and the Second Circuit. (*See* Mem. and Order dated March 6, 2024 at 6-7; *see also* Dkt. 1185 (mandate from Second Circuit with order denying petition for writ of mandamus).)

In sum, Mr. Raniere's appeal has no merit and any potential prejudice from denial of a stay pending this appeal is "outweighed by an interest in the finality of his conviction." (Mem. and Order dated March 6, 2024 at 7.) The court therefore DENIES Mr. Raniere's request for a certificate of appealability and request for a stay. The Defendant's submission of his Reply in support of his pending Rule 33 motion remains April 22, 2024. (*See* Mem. and Order dated March 6, 2024 at 6-7.)

SO ORDERED.

Dated: Brooklyn, New York
March 28, 2024

s/NICHOLAS G. GARAUFIS
NICHOLAS G. GARAUFIS
United States District Judge

4