# EXHIBIT 11

# APPENDIX

**Example of Analysis for the Claim of Ineffective Assistance of Counsel for Failure to File a Rule 29 Motion for Acquittal**

Mr. Raniere was convicted and sentenced to 120 years for seven counts, with certain sentences running concurrently. This section provides an element-by-element analysis of the trial evidence for each charge. As demonstrated below, the evidence presented at trial fails to meet the legal standards required for conviction on any of the counts.

| Table 1: Breakdown of the Charges | | | |
|---|---|---|---|
| # | Charge | Alleged Conduct | Sentence |
| 1 | Racketeering Conspiracy | See the predicate acts for Count 2. | 40 years |
| 2 | Racketeering | See the predicate acts listed below. | 40 years |
|  | Act 1: Conspiracy to Commit Identity Theft and/or Conspiracy to Unlawfully Possess Identification Document | In December 2004, Daniela, then 19, illegally crossed the US-Canada border using a fake ID under the name "Ashana Chenoa." The fake ID's birth date corresponded to that of a deceased individual, Lisa Chenoa. Daniela alleged that Mr. Raniere was involved in planning this act. | |
|  | Act 2: Sexual Exploitation of a Child | Taking nude photographs of Camila on or around November 2, 2005, when she would was 15. | |
|  | Act 3: Sexual Exploitation of a Child | Taking nude photographs of Camila on or around November 24, 2005, when she was 15. | |
|  | Act 4: Possession of Child Pornography | Knowingly possessing the nude photographs of Camila on a Western Digital hard drive. | |
|  | Act 5: Conspiracy to Commit Identity Theft | Between 2005 and 2006, Daniela unsuccessfully attempted to hack the email accounts of Kim Snyder and Joe O'Hara without success. Using a technique called "keylogging," she successfully accessed the email accounts of Edgar Bronfman and James Loperfido. Daniela testified that these acts were directed by Mr. Raniere. | |
|  | Act 6: Conspiracy to Alter Records for Use in an Official Proceeding | In 2008, Mr. Raniere, along with Mark Vicente, Kristin Keeffe, Nancy Salzman, and others, altered videotapes to remove health claims made in educational videos. These edited tapes were used in a civil case against Stephanie Franco. | |
|  | Act 7: Conspiracy to Commit Identity Theft | In 2008, Daniela used keylogging to hack into the email and Facebook accounts of Marianna, Mr. | |

| | | Raniere's partner. Daniela testified that this act was directed by Mr. Raniere. | |
| --- | --- | --- | --- |
| | Act 8: Trafficking of Daniela for Forced Labor and Document Servitude | In 2010, Mr. Raniere, along with Lauren Salzman and Daniela's parents, allegedly coerced Daniela, then 22, into confinement in an unlocked room in her parents' home until she completed a book report. This coercion involved withholding her identification documents. Daniela remained in the room for 22 months until her father and Kristin Keeffe drove her to Texas to cross the border into Mexico. | |
| | Act 9: State Law Extortion | Some members of DOS were required to provide additional "collateral" after joining. This was deemed extortionate due to the existence and use of collateral as a condition of membership in DOS. | |
| | Act 10A: Sex Trafficking | Nicole, a then-29-year-old member of DOS participated in a single act of oral sex, performed on her by another woman, which was directed by Mr. Raniere. This was alleged to be coercive due to the existence of collateral. | |
| | Act 10B: Forced Labor | Nicole transcribed several hours of video for Pam Cafritz's memorial, reviewed and rated 55 articles written by Mr. Raniere, and performed "acts of care" for Allison Mack, such as helping with groceries and brainstorming activity ideas for her trips to New York City. The alleged coercion was the same as in Act 10A. | |
| | Act 11: Identity Theft | Mr. Raniere and others used the American Express card of Pam Cafritz, his life partner, for approximately 14 months after her death in November 2016. The balance was paid by Clare Bronfman. This was allegedly done to evade taxes. | |
| 3 | Forced Labor Conspiracy | Same conduct as Racketeering Act 10B | 20 years |
| 4 | Wire Fraud Conspiracy | Women provided collateral to join DOS, without being told of Mr. Raniere's involvement. This lack of disclosure formed the basis for alleging the collateral was fraudulently obtained. | 20 years |
| 5 | Sex Trafficking Conspiracy | Same conduct as Racketeering Act 10A | 40 years |
| 6 | Sex Trafficking of Nicole | Same conduct as Racketeering Act 10A | 40 years |
| 7 | Attempted Sex Trafficking of Jay | Jay, a member of DOS, was given an assignment to have a nude photograph taken by Mr. Raniere, which she did not complete. | 40 years |

As to the requirement element of commercial sex for the Sex Trafficking of Nicole (Count 6) and the Attempted Sex Trafficking of Jay (Count 7), the prosecution argued that Allison Mack received the commercial value by "maintaining a spot in the first line [of DOS] and receiving … benefits … [by] keeping the defendant happy." This theory relies entirely on Allison's state of mind, requiring proof that she knowingly acted to keep "the defendant happy" with the intent to maintain her position and gain alleged commercial benefits. However, Allison did not cooperate or provide information to the government until after the trial indictment (Second Superseding Indictment). Incorporating her state of mind into the prosecution's commercial sex theory, which was not presented to the grand jury, effectively constitutes a constructive amendment of the indictment, rendering this element unmet.

Trial counsel failed to make an argument such as the above.